JUDGE ENGELMAYER   11 CIV 7750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION ) 
 CORPORATION, )
 )  Civil Action No.
 Plaintiff-Applicant, )
 )
 v. )
 )
MF GLOBAL INC., )
 )
 Defendant. )
---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/11

## ORDER

On the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

I.   ORDERED, ADJUDGED and DECREED that the customers of the Defendant, MF Global Inc., are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA," 15 U.S.C. §78aaa *et seq.*).

II.   ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), James W. Giddens is appointed trustee for the liquidation of the business of the Defendant with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Hughes Hubbard & Reed LLP is appointed counsel for the trustee. The trustee shall file a fidelity bond satisfactory to the Court in the amount of $50,000.

III.   ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A.  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

B.  the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

C.  any act to obtain possession of property of the estate or property from the estate;

D.  any act to create, perfect or enforce any lien against property of the estate;

E.  any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F.  any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

G.  the setoff of any debt owing to the Defendant that arose before the commencement of this proceeding against any claim against the Defendant; and

H.  the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

IV.  ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or

property owned, controlled or in the possession of the Defendant, including but not limited to denying access to, charging for access to, or refusing to cooperate with requests for access to, the books and records and computer and information systems, stock record and other information of or pertaining to the Defendant and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the trustee.

V.   ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property, is stayed.

VI.  ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee.

VII. ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent

under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

    VIII.    ORDERED that the stays set forth above shall not apply to:

    A    any suit, action or proceeding brought or to be brought by the United States Securities and Exchange Commission ("Commission"), the Commodity Futures Trading Commission ("CFTC") or any self-regulatory organization of which the Defendant is now a member or was a member within the past six months; or provided that notice and prompt and periodic accountings are provided to the trustee; or

    B.    the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements; or

    C.    the exercise of a contractual right of any securities clearing agency ("SCA") to cause the liquidation of a securities contract as defined in 11 U.S.C. §741(7) and the contractual right of any derivatives clearing organization to cause the liquidation of a commodity contract as defined in 11 U.S.C. §761(4); or

    D.    the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

    E.    the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which

61565840        -4-

the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.  any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C.§78q-1(b), *any DCO registered under the Commodity Exchange Act ("CEA"),* or by any person acting under instructions from and on behalf of such a securities clearing agency *or DCO*; or

G.  any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the trustee; or

H.  any transfer or delivery to a securities clearing agency *or DCO* by a bank or other depository, pursuant to instructions given by such clearing agency *or DCO*, of cash, securities, or other property of the Defendant held by such bank or depository subject to the instructions of such clearing agency *or DCO* and constituting a margin payment as defined in 11 U.S.C. §741(5) *or 11 U.S.C. §761(15)*; or

I.  the exercise of a contractual right, as such term is used in 11 U.S.C. § 555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as such term is used in 11 U.S.C. § 741(7), by a securities clearing bank, *or the exercise of a contractual right as such term is used in 11 U.S.C. §556 in respect of any extension of credit for the clearance or settlement of commodity contracts by a commodity broker as defined in 11 U.S.C. §101.* As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. § 101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time.

-5-

61565840

IX.    ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is removed to the United States Bankruptcy Court for the Southern District of New York.

X.    ORDERED that pursuant to 11 U.S.C. §721, the SIPA Trustee, as appointed herein, is authorized to operate the business of MF Global Inc. to: (a) conduct business in the ordinary course until 6:00 p.m. on November 3, 2011, including without limitation, the purchase and sale of securities, commodities futures and option transactions, and swaps and securities-based swaps and obtaining credit and incurring debt in relation thereto; (b) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on November 7, 2011; and (c) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

XI.    ORDERED that the Clerk of the Court is directed to immediately open the docket inthis proceeding and that this Order be entered on the docket immediately.

XII.    ORDERED that the Clerk of the Court is directed to produce seventy-five (75) copies of this Order, at the regular cost, immediately upon the Order's entry onto the docket.

XIII.    ORDERED that the Trustee shall have immediate possession of the property of Defendant, wherever located, including but not limited to the books and records, in any form, and information of and pertaining to the Defendant, , and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by the Trustee, and the Trustee may designate such of his representatives who shall be authorized to have access to such property

SO ORDERED in New York, New York this 31st day of October, 2011.

Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE