JUDGE ENGELMAYER 11 CIV 7750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION )
  CORPORATION, )
                   )
         Plaintiff-Applicant, )
                   )
         v. )
                   )
MF GLOBAL INC., )
                   )
         Defendant. )
                   )

Civil Action No.

## COMPLAINT AND APPLICATION OF
## THE SECURITIES INVESTOR PROTECTION CORPORATION

Plaintiff-Applicant Securities Investor Protection Corporation ("SIPC") applies to this Court for a decree adjudicating that the customers of the Defendant MF Global Inc., are in need of the protections afforded under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §78aaa et seq. ("SIPA"), and respectfully alleges the following:

1.     SIPC is a nonprofit membership corporation created under SIPA.

2.     The Defendant is a broker-dealer registered with the United States Securities and Exchange Commission ("Commission"), a member of the Financial Industry Regulatory Authority ("FINRA"), and a member of SIPC.

3.     The Defendant has its principal office and place of business at 717 Fifth Avenue, New York, New York 10022.

4.     This proceeding arises under SIPA, more particularly §§78eee(a)(3) and 78eee(b)(2), which confers jurisdiction over this proceeding and exclusive jurisdiction over the Defendant and its property on this Court, and upon issuance of a protective decree and

appointment of a trustee, removal of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under the Bankruptcy Code, i.e. the United States Bankruptcy Court for the Southern District of New York.

5.      Upon sufficient information, including information supplied by the Commission, SIPC has determined that the Defendant has failed or is danger of failing to meet its obligations to its customers within the meaning of SIPA §78eee(a)(3)(A), and that there exists one or more of the conditions specified in SIPA §78eee(b)(1). Specifically, the Defendant is unable to meet its obligations as they mature.

6.      Because of the above, the customers of the Defendant are in need of the protection provided by SIPA, and this Court should issue a protective decree pursuant to SIPA §78eee(b)(1).

7.      SIPA §78eee(b)(3) provides that upon issuance of a protective decree, the court shall forthwith appoint as trustee for the liquidation of the business of the debtor and as counsel for the trustee, such persons as SIPC, in its sole discretion, designates.  Pursuant to this authority, SIPC hereby designates James W. Giddens as Trustee, and Hughes Hubbard & Reed LLP as counsel for the Trustee, and requests that the Court make appointments to these positions in accordance with these designations.

8.      The filing of this Complaint and Application operates, pursuant to 11 U.S.C. ("Bankruptcy Code") §362(a), as an automatic stay with respect to actions enumerated in that section. Notice of the applicability of the automatic stay should be part of the Order for relief.

9.      SIPA §78eee(b)(2)(B)(i) provides that the Court "shall stay any pending bankruptcy, mortgage foreclosure, equity receivership, or other proceeding to reorganize,

conserve, or liquidate the debtor or its property and any other suit against any receiver, conservator, or trustee of the debtor or its property. . . ." Such actions are also stayed by operation of Bankruptcy Code §362(a).

10.     Pursuant to SIPA §78eee(b)(2)(B)(ii), the Court is empowered to stay "any proceeding to enforce a lien against property of the debtor or any other suit against the debtor." SIPA §78eee(b)(2)(B)(iii) provides that the Court may stay "enforcement of . . . but shall not abrogate any right of setoff, except to the extent such right may be affected under section 553 of title 11, and shall not abrogate the right to enforce a valid, nonpreferential lien or pledge against the property of the debtor." SIPA §78eee(b)(2)(C)(ii) provides that notwithstanding section 78eee(b)(2)(C)(i), the application by SIPC or any order or decree thereon "may operate as a stay of the foreclosure on, or disposition of, securities collateral pledged by the debtor, whether or not with respect to one or more of such contracts or agreements, securities sold by the debtor under a repurchase agreement, or securities lent under a securities lending agreement."

11.     The relief requested should be granted in order to safeguard and protect any property of the Defendant for the benefit of its customers and other creditors, and in the interest of an orderly liquidation of the Defendant's business.

12.     Pursuant to SIPA §78eee(b)(4), upon issuance of a protective decree, the Court shall order the removal of the entire liquidation proceeding to the court of the United States in this judicial district having jurisdiction over cases under the Bankruptcy Code, i.e., the United States Bankruptcy Court for the Southern District of New York.

13.     SIPC has made no previous application to any Court for the relief requested.

**WHEREFORE**, SIPC respectfully requests entry of an order substantially in the form of Exhibit A attached hereto.

DATED: October 31, 2011                     Respectfully submitted,

                                            SECURITIES INVESTOR PROTECTION
                                             CORPORATION
                                            805 Fifteenth Street, N.W., Suite 800
                                            Washington, DC 20005
                                            Telephone: (202) 371-8300
                                            Facsimile: (202) 371-6728

                                            JOSEPHINE WANG
                                            General Counsel
                                            E-mail: jwang@sipc.org

                                            _____
                                            KENNETH J. CAPUTO
                                            Senior Associate General Counsel
                                            E-mail: kcaputo@sipc.org

-4-

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, )<br><br>Plaintiff-Applicant, )<br><br>v. )<br><br>MF GLOBAL INC., )<br><br>Defendant. ) | Civil Action No. |

## <u>ORDER</u>

On the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

I.    ORDERED, ADJUDGED and DECREED that the customers of the Defendant, MF Global Inc., are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA," 15 U.S.C. §78aaa *et seq.*).

II.    ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), James W. Giddens is appointed trustee for the liquidation of the business of the Defendant with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Hughes Hubbard and Reed is appointed counsel for the trustee.  The trustee shall file a fidelity bond satisfactory to the Court in the amount of $_____.

III.    ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A.   the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

B.   the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

C.   any act to obtain possession of property of the estate or property from the estate;

D.   any act to create, perfect or enforce any lien against property of the estate;

E.   any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F.   any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

G.   the setoff of any debt owing to the Defendant that arose before the commencement of this proceeding against any claim against the Defendant; and

H.   the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

IV.   ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or

property owned, controlled or in the possession of the Defendant, including but not limited to the books and records of the Defendant, and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the trustee.

V.    ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property, is stayed.

VI.    ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC, as trustee and in its corporate capacity.

VII.    ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC, as trustee and in its corporate capacity.

VIII.    ORDERED that the stays set forth above shall not apply to:

A        .any suit, action or proceeding brought or to be brought by the United States Securities and Exchange Commission ("Commission") or any self-regulatory organization of which the Defendant is now a member or was a member within the past six months; or

B.        the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements; or

C.        the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in 11 U.S.C. §741(7); or

D.        the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E.        the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.      any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C.§78q-1(b), or by any person acting under instructions from and on behalf of such a securities clearing agency; or

G.      any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the trustee; or

H.      any transfer or delivery to a securities clearing agency by a bank or other depository, pursuant to instructions given by such clearing agency, of cash, securities, or other property of the Defendant held by such bank or depository subject to the instructions of such clearing agency and constituting a margin payment as defined in 11 U.S.C. §741(5); or

I.      the exercise of a contractual right, as such term is used in 11 U.S.C. § 555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as such term is used in 11 U.S.C. § 741(7), by a securities clearing bank. As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. § 101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time.

IX.     ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is removed to the United States Bankruptcy Court for the Southern District of New York.

X.     ORDERED that pursuant to 11 U.S.C. §721, the SIPA Trustee, as appointed herein, is authorized to operate the business of MF Global Inc. to: (a) conduct business in the ordinary course until 6:00 p.m. on November 3, 2011, including without limitation, the purchase and sale of securities, commodities futures and option transactions, and obtaining credit and incurring debt in relation thereto; (b) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on November 7, 2011; and (c) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

SO ORDERED in New York, New York this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE