**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MF GLOBAL INC.,

          Debtor.

Case No. 11-02790 (MG) (SIPA)

**ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF THE DEBTOR'S CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS**

Upon the motion (the "Motion")[1] of James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of MF Global Inc. ("MF Global"), pursuant to § 78fff-1(d) of the Securities Investor Protection Act ("SIPA") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Trustee to issue subpoenas for the production of documents and the examination of the current and former officers, directors, employees, and affiliates of MF Global, and other persons or entities with relevant information including, without limitation, MF Global's lenders, investors, and other financial transaction counterparties to certain transactions with MF Global (collectively, the "Witnesses"); and the Court finding that adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

    ORDERED that the Motion is GRANTED; and it is further

    ORDERED, that the Trustee is authorized, pursuant to SIPA § 78fff-1(d) and Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

documents and the testimony of Witnesses in connection with his investigation of MF Global; and it is further

ORDERED, that the Trustee shall serve each subpoena and a copy of the order entered pursuant to this Motion on (i) the target of the subpoena, (ii) SIPC, (iii) the SEC, (iv) the CFTC, (v) the IRS, and (vi) the United States Attorney for the Southern District of New York; and it is further

ORDERED, that the Trustee shall file with the Court an affidavit or declaration or service for each subpoena he serves; and it is further

ORDERED, that Witnesses are directed to produce, on a rolling basis, all responsive documents described in the Trustee's subpoena such that all responsive documents are received by the Trustee within ten (10) days of the service of a subpoena upon such Witness (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege; and it is further

ORDERED, that if a Witness withholds the production of any documents to the Trustee based upon a claim of privilege, such Witness is directed to provide counsel for the Trustee with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon the Witnesses (unless otherwise agreed by the Trustee); and it is further

ORDERED, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon such Witness; and it is further

ORDERED, that nothing herein shall limit the rights of any Witness or any other party under applicable law to object to or oppose any subpoena the Trustee may serve upon such Witness; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED, that in the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions; and it is further

ORDERED, that in accordance with SIPA § 78fff-1(d) and Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed but otherwise in blank, as requested by the Trustee; and it is further

ORDERED, that this Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to SIPA § 78fff-1(d) and Bankruptcy Rule 2004(a) or any other applicable Bankruptcy Rules.

Dated:   November 4, 2011
         New York, New York

                                                /s/Martin Glenn
                                                MARTIN GLENN
                                    United States Bankruptcy Judge