**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | |
| MF GLOBAL INC., | Case No. 11-2790 (MG) SIPA |
| Debtor. | |

**MEMORANDUM OPINION GRANTING SIPIC TRUSTEE'S MOTION FOR AN**
**ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION**
**OF DOCUMENTS AND THE EXAMINATION OF THE DEBTOR'S CURRENT AND**
**FORMER OFFICERS, DIRECTORS, AND EMPLOYEES AND OTHER PERSONS**

Pending before the Court is the SIPIC Trustee's motion seeking to establish procedures for the issuance of subpoenas for document production and depositions in connection with the Trustee's independent investigation into the business and affairs of MF Global Inc. ("MGIF"). (ECF Doc. #26).  The proposed procedures would limit access to documents produced by the witnesses and attendance at examinations to the Trustee and his professionals.  The procedures would also authorize access to the discovery by the Securities Investor Protection Corporation ("SIPC"), the U.S. Commodities and Futures Trading Commission ("CFTC") and the Securities and Exchange Commission ("SEC"), provided those agencies execute a confidentiality agreement.

MF Global Holdings Ltd. and MF Global Finance USA (together, the "Chapter 11 Debtors") have filed a limited response to the Trustee's motion.  The Chapter 11 Debtors request that the proposed procedures be modified to provide that the Chapter 11 Debtors' counsel be provided with notice of the discovery undertaken by the Trustee, copies of all documents produced to the Trustee in response to his discovery, and the right to attend any depositions taken by the Trustee.

The Trustee must be permitted to conduct his investigation without being required to divulge his investigatory steps or the discovery obtained to any other party-in-interest, including the Chapter 11 Debtors.  When the Trustee completes his investigation, he must prepare a "statement of his investigation" as provided by statute.

The Trustee derives his powers here both under the Bankruptcy Code and under SIPA. SIPA provides in part as follows:

> (d) Investigations.  The Trustee shall –
>
> (1) as soon as practicable, investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the court;
>
> (2) examine, by deposition or otherwise, the directors and officers of the debtor and any other witnesses concerning any of the matters referred to in paragraph (1);
>
> (3) report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate; and
>
> (4) as soon as practicable, prepare and submit, to SIPC and such other persons as the court designates and in such form and manner as the court directs, a statement of his investigation of matters referred to in paragraph (1).

15 U.S.C. § 78fff-1(d).

An investigation as contemplated by the statute cannot be performed effectively if the Trustee is required to reveal his investigatory methodology or documents or information discovered, at least until the investigation is complete and the statement of his investigation is disseminated to SIPIC and "such other persons as the court designates . . . ." *Id*. § 78fff-1(d)(4). The Trustee is also required to "report to the court any facts ascertained by the trustee with

respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate . . . ."  *Id*. § 78fff-1(d)(3).

In this case, there have already been serious allegations of potential misconduct at MFGI. On October 31, 2011, the General Counsel of MFGI advised the CFTC and SEC of a substantial shortage in segregated collateral belonging to customers.  (ECF Doc. #19 & Ex. A).  Whether management of MFGI or the Debtors was involved in misconduct is clearly a proper subject for investigation.  The Trustee must be able to investigate these allegations without interference from any party-in-interest.

The Chapter 11 Debtors argue that the books and records of MFGI are now in the Trustee's control and the Chapter 11 Debtors need access to this information for the efficient conduct of the chapter 11 case.  That may well be true; the Court expects that the Trustee will cooperate with the Chapter 11 Debtors in providing access to information needed in the chapter 11 case.

In the event of any dispute regarding discovery or access to information, the Court is available on short notice to resolve such issues.

A separate order will issue regarding the Trustee's motion.


Dated: November 4, 2011
        New York, New York


                                    **_/s/Martin Glenn_**
                                    MARTIN GLENN
                            United States Bankruptcy Judge