| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

In re:

MF GLOBAL INC.,

Debtor.

Case No. 11-2790 (MG) SIPA

**MEMORANDUM OPINION AND ORDER GRANTING TRUSTEE'S MOTION TO ASSUME AND ASSIGN AN UNEXPIRED LEASE OF REAL PROPERTY**

*A P P E A R A N C E S:*

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    Anson Frelinghuysen, Esq.
         James B. Kobak, Jr., Esq.
         Christopher K. Kiplok, Esq.
         Jeffrey S. Margolin, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

James W. Giddens ("Giddens" or the "Trustee"), the liquidation trustee of MF Global Inc. ("MFGI"), has filed the *Trustee's Motion Pursuant to SIPA Section 78fff(a)(4), Section 365 of the Bankruptcy Code, as Made Applicable by SIPA Sections 78fff(b) and 78fff-1(a), and the MFGI Liquidation Order, for Entry of an Order Assuming and Assigning an Unexpired Lease of Real Property* (ECF Doc. #644) (the "Motion").   No opposition has been filed.  For the reasons stated below, the Court GRANTS the Motion.

## BACKGROUND

On October 31, 2011 (the "Filing Date"), the Honorable Paul A. Englemayer, United States District Court for the Southern District of New York, entered the Order Commencing

Liquidation of MFGI (the "MFGI Liquidation Order"), pursuant to the provisions of the Securities Investor Protection Act ("SIPA") in the case captioned *Securities Investor Protection Corp. v. MF Global Inc.*, No. 11-CIV-7750.

The MFGI Liquidation Order (i) appointed the Trustee for the liquidation of the business of MFGI pursuant to section 78eee(b)(3) of SIPA and (ii) removed the case to this Court as required for SIPA cases by section 78eee(b)(4) of SIPA (the "SIPA Proceedings").

On November 28, 2011, the Court entered the *Order Pursuant to SIPA § 78fff(a)(4), Sections 105, 365, and 554(a) of the Bankruptcy Code, as Made Applicable by SIPA §§ 78fff(b) and 78fff-1(a), and the MFGI Liquidation Order, To Establish Procedures for the Rejection of Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property and Abandonment of Related Personal Property* (the "Rejection Procedures Order") (ECF Doc. #467). Among other things, the Rejection Procedures Order provides procedures for the rejection of executory contracts and unexpired leases during the sixty (60) day period, until December 30, 2011, after the Filing Date. In a separate Application also heard today, the Trustee requested that the Court extend the Trustee's time to assume or reject executory contracts and unexpired lease by four months (120 days), to and including April 30, 2012. The Court granted that Application.

## DISCUSSION

**A. Trustee's Motion To Assume and Assign Unexpired Lease of Real Property**

On September 13, 2002, The Foundry Georgetown LLC and Charles Schwab & Co. ("Charles Schwab") entered into a lease agreement (subsequently amended on October 29, 2004) (the "Washington, D.C. Lease"), for premises including the fourth floor of The Foundry Building at 1055 Thomas Jefferson Street, N.W., Washington, D.C. (the "Premises"). Charles Schwab

2

subsequently subleased the Premises to Concept Capital (the "Washington, D.C. Sublease"). On November 2, 2010, Concept Capital assigned all of its right, title, and interest in the Washington, D.C. Sublease to MFGI under an Asset Purchase Agreement dated October 26, 2010.

Initially, on November 11, 2011, the Trustee moved to reject the Washington, D.C. Sublease, but after filing the motion, Guggenheim Securities LLC ("Guggenheim") contacted the Trustee regarding the Washington, D.C. Sublease. The Trustee now moves to assume and assign the sublease to Guggenheim. Guggenheim has hired some former MFGI employees who were working at that location. The terms of the proposed assignment provide that Guggenheim will pay the MFGI estate (i) $250,000, the current security deposit held by Charles Schwab under the Washington, D.C. Sublease, less any post-Filing Date amounts due under the Sublease (including cure of November 2011 rent totaling $38,356.14); and (ii) $20,000 (net of any sales tax) for the furniture and fixtures located within the Premises.

The Trustee states that "Guggenheim is currently conducting operations as a going concern. Given Guggenheim's financial health as compared to that of MFGI, the Trustee submits that Charles Schwab and Concept Capital, to the extent required, have received 'adequate assurance of future performance' within the meaning of section 365(f) of the Bankruptcy Code." Motion ¶ 18. Both Charles Schwab and Concept Capital were served with copies of the motion seeking to assume and assign the sublease, and no objections have been filed.

A trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). However,

> [i]f there has been a default in an executor contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

3

>> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>> (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Additionally,

> [t]he trustee may assign an executory contract or unexpired lease of the debtor only if—
> (A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and
> (B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

*Id.* § 365(f)(2).

The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume [or reject] it."). The Trustee has appropriately exercised business judgment in deciding to assume and assign the Washington, D.C. Sublease on the stated terms.

## CONCLUSION

For the reasons explained above, the Trustee's Motion to assume and assign the Washington, D.C. Sublease to Guggenheim is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 20, 2011
New York, New York.

      /s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge