UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          NOT FOR PUBLICATION

In re:

          MF GLOBAL INC.,          Case No. 11-2790 (MG) SIPA

                          Debtor.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL
DISCOVERY OF THE MF GLOBAL ADJUNCT LETTERS, FROM JAMES W.
GIDDENS, TRUSTEE, REGARDING WIRE TRANSFERS, ADDRESSED IN THOMAS
BAXTER'S CONGRESSIONAL TESTIMONY**

*A P P E A R A N C E S:*

PAUL HAMANN
*Pro Se*
511 Beverly
Lake Forest, Illinois 60045

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    James B. Kobak, Esq.
           Jeffrey S. Margolin, Esq.
           Josiah S. Trager, Esq.
           Dina R. Hoffer, Esq.


**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

       Paul Hamann ("Hamann"), *pro se*, filed a *Motion To Compel Discovery of the MF Global*

*Adjunct Letters, From James W. Giddens, Trustee, Regarding Wire Transfers, Addressed in*

*Thomas Baxter's Congressional Testimony* (the "Motion"). (ECF Doc. #916.) James W.

Giddens, Trustee for the liquidation of MF Global Inc. ("MFGI"), (the "Trustee"), filed an

opposition to the Motion. (ECF Doc. #948.) For the reasons explained below, the Court denies the Motion.

## BACKGROUND

The background of this case has already been discussed in numerous opinions of this Court and will not be repeated here. On November 4, 2011, the Court granted the Trustee the authority to issue subpoenas for the production of documents and the examination of MFGI's current and former officers, directors, employees and other related persons to facilitate its investigation into the alleged shortfall in customer-segregated property. (ECF Doc. #34.) In the Memorandum Opinion supporting that Order, (ECF Doc. #36), the Court stated that "[t]he Trustee must be permitted to conduct his investigation without being required to divulge his investigatory steps or the discovery obtained to any other party-in-interest," and that "[a]n investigation as contemplated by [SIPA] cannot be performed effectively if the Trustee is required to reveal his investigatory methodology or documents or information discovered . . . ." Memorandum Opinion, at 2.

On February 6, 2012, the Trustee filed his *Preliminary Report on Status of His Investigation and Interim Status Report on Claims Process and Account Transfers* (the "Preliminary Report"). (ECF Doc. #896.) The Trustee made available the Preliminary Report on his Web site. The Preliminary Report outlined the investigatory conclusions thus far made by the Trustee and his professionals without compromising the integrity of the ongoing investigation.

## DISCUSSION

In his Motion, Hamann requests discovery related to alleged wire transfers of segregated customer funds to the New York Federal Reserve Bank, JP Morgan Chase, CitiGroup, and Bank

2

of America during August, September, and October 2011, as well as "all relevant documents relating to the MF Global letters, regarding wire transfers, addressed in Thomas Baxter's Congressional Testimony." Motion, at 2. Hamann apparently "believes that the requested documents will show that the Chief Council for the Federal Reserve Bank In NEW YORK, had a reasonable belief that customer segregated funds were being swept from MF Global to the NEW YORK FEDERAL RESERVE immediately before the MF Global bankruptcy filing." Id. at 1. Hamann offers no legal basis for his request.

In denying another party's request for Rule 2004 discovery in the chapter 11 proceedings for MF Global Holdings Ltd., this Court stated:

> Permitting private-party discovery at this time, either under Rule 2004 or the discovery rules applicable to contested matters, is unnecessary and would hinder the ongoing investigations. Under 15 U.S.C. § 78fff-1(d), "the SIPA Trustee has a duty to investigate the circumstances surrounding the failure of MFGI and report to the Court 'any facts with respect to fraud, misconduct, mismanagement, and irregularities,' as well as 'any causes of action available to the estate.'" The Court has already granted the SIPA Trustee the authority to conduct an independent investigation on missing customer property and all possible sources for recovery. If the SIPA Trustee finds improper transactions involving customer property between the Chapter 11 Debtors and MFGI, the SIPA Trustee can bring a number of causes of action under the Bankruptcy Code to recover missing funds. The SIPA Trustee is also investigating other transactions and conduct, including potential claims and causes of action against the Chapter 11 Debtors, their principals, and affiliates. Additionally, the Court directed the Chapter 11 Trustee "to undertake a limited investigation and thereafter report to the Court on the narrow issue whether the funds on deposit in the [MF Global Finance USA Inc.] account at [JPMorgan Chase Bank, N.A.], as of the petition date, included 'customer property,' and if so, how much." There may well be a time when private-party discovery is appropriate, but now is clearly not that time.

*In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 280984, at *5 (Bankr. S.D.N.Y. Feb. 1, 2012) (internal citations omitted).

## CONCLUSION

For the reasons stated in this Court's February 1, 2012 order in the MF Global Holdings, Ltd. chapter 11 proceedings, the Motion is DENIED.

Dated: March 7, 2012
      New York, New York.

                                                               **/s/Martin Glenn**
                                                                MARTIN GLENN
                                          United States Bankruptcy Judge