UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          NOT FOR PUBLICATION

In re:

           MF GLOBAL INC.,              Case No. 11-2790 (MG) SIPA

                          Debtor.

**MEMORANDUM OPINION AND ORDER DENYING MOTION OF SANGANI FAMILY LP FOR EXTENSION OF BAR DATE (FOR CAUSE) PURSUANT TO BANKRUPTCY RULE 3003(C)**

*A P P E A R A N C E S:*

MARK SCHLACHET
*Counsel for Sangani Family LP*
3637 South Green Road, 2d Floor
Cleveland, Ohio  44122
Lake Forest, Illinois 60045
By:    Mark Schlachet, Esq.

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    James B. Kobak, Esq.
       Jeffrey S. Margolin, Esq.
       Josiah S. Trager, Esq.
       Dina R. Hoffer, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the *Motion of Sangani Family LP for Extension of Bar Date (For Cause) Pursuant to Bankruptcy Rule 3003(c).*  (ECF Doc. #861) (the "Motion").  The Motion seeks an extension of the January 31, 2012 Bar Date for all former MF Global Inc. ("MFGI") commodities futures customers and former MFGI securities futures customers to file their respective claims.  The Motion proposes that the Bar Date be extended to forty-five days

following the SIPA Trustee's compliance with section 107(a) of the Bankruptcy Code, which requires that filed papers in a bankruptcy case be publicly available.  James W. Giddens, Trustee for the liquidation of MFGI, (the "Trustee"), filed an opposition to the Motion.  (ECF Doc. #925.)  For the reasons explained below, the Court denies the Motion.

## BACKGROUND

The background of this case has already been discussed in numerous opinions of this Court and will not be repeated here.  On November 23, 2011, the Court issued an order establishing parallel claims processes for customers' commodity futures claims and securities claims, which, among other things, established the Bar Date of January 31, 2012, to submit claims for former MFGI commodities and securities futures customers.[1]  (ECF Doc. #423) ("Bar Date Order").

## DISCUSSION

In its Motion, the Sangani Family LP ("Sangani") complains that the Trustee has not as of yet supplied public access to a claims register in these proceedings.  The Motion states that "[t]he Trustee of the MF Global, Inc. estate has hired EPIQ Systems as claims agent for the Bankruptcy Court such that, unlike most Bankruptcy Cases, claims are filed through EPIQ Systems and are not available at the Bankruptcy Court for parties to examine."  Motion, at 3.[2]

---

[1] The Bar Date for general unsecured claims and all other claims is June 2, 2012.

[2] In support of its Motion, Sangani liberally interprets the language in the Court's case management order (ECF Doc. #418), as "strongly impl[ying] . . . that all filed papers would be publicly available absent an Order per Section 107(b) of the Code," which provides protection for trade secrets and commercial information.  Motion, at 3. The Court's case management order addresses filing and notice procedures for pleadings on the Court's docket and does not address the claims register; however, the exact language of the order states:

> Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research development, or

(Footnote continued on next page)

2

Sangani states that "[i]t is important to many of the customers in this case that they have access to the claims filed by similarly situated creditors of the Debtor," because "[t]his case . . . presents unusual challenges to the creditor, whose claims arose from exotic financial products and the alleged misdeeds of persons known and unknown."  Motion, at 4.  Although the Motion doesn't expressly state the reasons why it believes that access to a claims register is important, it states that "[t]he claims filed to date contain the information of creditors with varying knowledge levels and sensitivities to the claims process and its nuances," *id*, and the Motion seems to suggest that certain customers, but not necessarily Sangani, are having difficulty completing their own claim forms for lack of access to others' claim forms.  *See* Motion, at 6 ("The number of Commodities Futures Customers who are misinformed, uninformed, and otherwise unprepared to file their claims by January 31, 2012 cannot be estimated.  To enforce a 90-day Bar Date when claimants have been deprived of the statutory protections of Section 107(a) is unfair.").  The Motion requests an extension of the Bar Date pursuant to Rule 3003(c) of the Federal Rules of Bankruptcy Procedure.

     Rule 3003(c) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  The language of Rule 3003 clearly states that the rule is only applicable to cases under chapters 9 and 11 of the Bankruptcy Code.  *See* FED. R. BANKR. P. 3003(a).

---

      (Footnote continued from prior page)
          commercial information, or to protect a person with respect to scandalous or defamatory matter contained in a paper filed in this case.

Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief, ¶ 10.

Pursuant to section 78fff(b) of the Securities Investor Protection Act ("SIPA"), "to the extent consistent with the provisions of [SIPA], a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3 and 5 of subchapters I and II of chapter 7 of title 11." 15 U.S.C. § 78fff(b). The Trustee's duties include liquidating the commodities broker arm of MFGI to the extent not inconsistent with SIPA. *Id.* § 78fff-1(b). Liquidation of joint brokers under SIPA does not incorporate the provisions of chapters 9 and 11 of the Bankruptcy Code; thus, liquidation proceedings under SIPA exclude application of Rule 3003.

Under SIPA, the Bar Date for securities net equity claims to be filed is sixty days after the publication of notice of the commencement of liquidation proceedings. *See id.* § 78fff-2(a)(3). The Court directed the publication of the Notice of Commencement of liquidation proceedings to be completed no later than December 2, 2011 and set the Bar Date for the filing of securities futures customer claims at January 31, 2012. *See* Bar Date Order, at 2, 6.[3] The Court may only extend the bar date for securities claims for "the filing of a claim by the United States, by a State or political subdivision thereof, or by an infant or incompetent person without a guardian." 15 U.S.C. § 78fff-2(a)(3).

To the extent not inconsistent with SIPA and in compliance with section 78fff(b) of SIPA, the Trustee's liquidation of the commodities broker arm of MFGI is governed by subchapter IV of chapter 7 of the Bankruptcy Code (the "Commodity Broker Liquidation Provisions"), as supplemented by the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, and the regulations promulgated by the Commodities Futures Trading Commission thereunder, 17 C.F.R.

---

[3]     SIPA mandates that all other claims of creditors be filed within six months after the publication of the Notice of Commencement. *See* 15 U.S.C. § 78fff-2(a)(3). In compliance with this provision, the Court set the Bar Date at May 28, 2012. *See* Bar Date Order, at 6.

§§ 190.01–190.10 (the "Part 190 Regulations").  The Part 190 Regulations direct the Trustee to set forth a bar date for commodities futures customer claims.  *See* 17 C.F.R. § 190.02(d).  To avoid confusion, the Trustee requested, and this Court set, the same bar date of January 31, 2012 for commodities futures customers as securities futures customers.  *See* Bar Date Order, at 6.

Unlike chapter 11 cases in which Rule 3003(c) allows a court to extend the bar date, there is no provision in the Part 190 Regulations for the Court to extend the Bar Date, and Bankruptcy Rule 3002 allows the Court to extend the Bar Date in chapter 7 cases only for "infants or incompetent persons or the representative of either," but only "[i]n the interests of justice and if it will not unduly delay the administration of the case."  FED. R. BANKR. P. 3003(c)(2).  Because SIPA liquidations only incorporate chapters 1, 3, 5, and the Commodity Broker Liquidation Provisions of the Bankruptcy Code, Sangani has no legal basis upon which to request this Court to extend the Bar Date.[4]

## CONCLUSION

For the reasons stated above, the Motion is DENIED.

Dated: March 7, 2012
New York, New York.

                                                                     **/s/Martin Glenn**
                                                                    MARTIN GLENN
                                                United States Bankruptcy Judge

---

[4] The Court notes that Sangani has suffered no injury-in-fact, as it timely submitted and then amended its own proofs of claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Sangani cannot claim third-party standing to request relief on the part of other MFGI customers; nor has it demonstrated evidence that other MFGI customers have been hindered in any way from protecting their own interests.  *See Powers v. Ohio*, 499 U.S. 400, 411 (1991).