UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re:

    MF GLOBAL INC.,

Debtor.

Case No. 11-2790 (MG) SIPA

**MEMORANDUM OPINION AND ORDER UPHOLDING THE DETERMINATION OF CLAIMS FILED BY ANGELA DOZIER-CARTER, EXPUNGING THE OBJECTION THERETO, AND BARRING APPEAL *IN FORMA PAUPERIS***

*A P P E A R A N C E S:*

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York 10004
By:    Gregory Farrell, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

      Before the Court is James W. Giddens' (the "Trustee") *Motion for an Order Upholding the Determination of Claims Filed by Angela Dozier-Carter, Expunging the Objection Thereto, and Barring Appeal In Forma Pauperis* (the "Motion"). (ECF Doc. #1785.) In support of the Motion, the Trustee filed the Affidavit of Kirk Blair (the "Blair Affidavit"). (ECF Doc. #1786.) Mr. Blair is a financial consultant to the Trustee and is employed by Deloitte and Touche LLP. Angela Dozier-Carter ("Dozier-Carter") initially filed an objection (the "Objection") (ECF Doc. #1507) to the Trustee's determination of the claim she filed against the estate of MF Global, Inc. ("MFGI"). On June 13, 2012, the Trustee received a late-filed objection by Dozier-Carter to the Trustee's Motion (the "Second Objection") in which she reiterated some of the claims made in her original Objection. (ECF Doc. # 2024.)

For the following reasons, the Court grants the Trustee's motion upholding the claim determination, expunging the Objection, and barring appeal *in forma pauperis*.

## BACKGROUND

On November 23, 2011, the Court issued an *Order Granting Trustee's Expedited Application Establishing Parallel Customer Claims Processes and Related Relief* (the "Claims Process Order"). (ECF Doc. #423.) The Claims Process Order approved the procedures for filing, determining, and adjudicating claims and also established January 31, 2012 as the bar date for filing commodities futures customer claims.

On March 29, 2012, Dozier-Carter filed two customer claims seeking return of property from MFGI: (i) a commodities futures customer claim under claim number 900021791, alleging an account balance at market of "$150 Trillion(+)" as of October 31, 2011 (the "Commodity Claim," attached as Exhibit A to the Blair Affidavit) and (ii) a securities customer claim under claim number 700000472, seeking the return of $49.103 billion in customer property (the "Securities Claim," attached as Exhibit B to the Blair Affidavit).

Pursuant to the Claims Process Order, the Trustee's professionals reviewed the books and records of MFGI to reconcile them against Dozier-Carter's claims; that review revealed that Dozier-Carter never had any accounts with MFGI. *See* Blair Aff. ¶ 4. On April 20, 2012, the Trustee issued a determination notice denying Dozier-Carter's Securities Claim, stating that the claim did not sufficiently demonstrate that she was a securities customer of MFGI and that

MFGI had no record of an account in her name or social security number.[1]  On April 30, 2012, Dozier-Carter filed an objection to the Trustee's claim determination letter.  (ECF Doc. #1507.)

On May 4, 2012, the Trustee issued a determination notice denying Dozier-Carter's Commodities Claim, stating that the claim did not sufficiently demonstrate that she was a commodities customer of MFGI, that MFGI had no record of an account in her name or social security number, and that the claim was filed untimely, as it was submitted after the Bar Date.  The deadline for Dozier-Carter's objection to the determination of the Commodities Claim was June 3, 2012.  On June 13, 2012, the Trustee received and filed on the Court's docket Dozier-Carter's Second Objection.  While the Second Objection was filed well after the June 3, 2012 objection deadline, the Court has considered it and for the reasons stated below it is overruled.

## DISCUSSION

### A.  Legal Standard for Definition of "Customer"

MFGI was a "joint broker-dealer," meaning that it was both a futures commission merchant ("FCM") and a securities broker-dealer.  Liquidation of an FCM is subject to two separate regulatory regimes: the Securities Investor Protection Act ("SIPA") and the Commodities Exchange Act (the "CEA").  Under both regimes, customers are entitled to a *pro rata* share of the applicable pools of customer property from separate customer account classes.  Within the context of a SIPA liquidation, determining the claims of, and allocating customer property to, former MFGI commodity customers incorporates the interplay of subchapter IV of title 11 of the Bankruptcy Code, the CEA, and 17 C.F.R. Part 190.

---

[1]    The Trustee issued a second determination letter on May 4, 2012 denying her Securities Claim, correcting the account number.

Under the Bankruptcy Code, a "customer" for purposes of the liquidation of an FCM is an entity that claims "a commodity contract made, received, acquired, or held by or through such futures commission merchant in the ordinary course of such futures commission merchant's business" or cash, security, or property deposited or paid for or to margin such commodity contracts. 11 U.S.C. § 761(9). The Part 190 regulations provide that "[c]ustomer shall have the same meaning as that set forth in section 761(9) of the Bankruptcy Code." 17 C.F.R. § 190.01.

SIPA defines a "customer" as one who

> has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral, security, or for purposes of effecting transfer.

SIPA § 78*lll*(2).

A "customer" may also include a person whose claim is based on cash deposited with the debtor "for the purpose of purchasing securities." *Id*.

### B. Dozier-Carter Has Not Established Any Customer Claims

After reviewing MFGI's books and records, the Trustee's professionals determined that Dozier-Carter had no relationship with MFGI as a securities or a commodities customer. Dozier-Carter has presented no evidence to the contrary, but instead requests that MFGI's books and records be subpoenaed and considered at an evidentiary hearing. *See* Objection, at 1-2.

Not only does Dozier-Carter have no relationship to MFGI, but her claims do not allege a realistic entrustment of property or cash to MFGI. It appears that Dozier-Carter has a long history of filing frivolous and vexatious litigation. *See* Motion, n.3. Additionally, the Commodities Claim, as well as her objection to the Trustee's Motion, was filed untimely. Therefore, the Court **OVERRULES** Dozier-Carter's Second Objection and **GRANTS** the

4

Motion, confirming the Trustee's determination denying Dozier-Carter's claim, prohibiting her from filing any other claims or pleadings in these proceedings, and barring Dozier-Carter from filing any appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: June 14, 2012
      New York, New York.

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                          United States Bankruptcy Judge