UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re:

    MF GLOBAL INC.,

                          Debtor.

Case No. 11-2790 (MG) SIPA

## MEMORANDUM OPINION APPROVING THE TRUSTEE'S SUPPLEMENT TO STIPULATION, AGREEMENT, AND ORDER REGARDING THE REJECTION OF LEASE AT 440 S. LASALLE STREET

*A P P E A R A N C E S:*

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    Jeffrey Margolin, Esq.

PAUL HAMANN
*Pro Se*
511 Beverly
Lake Forest, Illinois 60045

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

       Pending before the Court is the Trustee's *Supplement to Stipulation, Agreement, and Order Regarding the Rejection of Lease at 440 South LaSalle Street* (the "Supplement").  (ECF Doc. # 1556.)  This matter was originally filed on notice of presentment with a presentment date and time of May 10, 2012 and an objection deadline of May 9, 2012.  Due to an unresolved objection, it was calendared for the June 14, 2012 omnibus hearing date.  For the following reasons, the objection is overruled and the supplement will be approved.

## DISCUSSION

Through the Supplement, the One Financial Place Property (the "Landlord") agreed to allow the Trustee to continue to occupy the rejected leasehold space contained in the 24th floor of 440 South LaSalle Street, Chicago, Illinois (the "Premises") to May 30, 2012 in exchange for certain additional consideration as further described in the Supplement.

Paul Hamman objects to the supplement. Hamman takes issue with "the fact that [the Landlord] is allowed to keep their title rights to their property" while Hamman alleges he lost the title rights to his property. (ECF Doc. # 1896; Hamman Obj. at 1.) As the Trustee's response states, "Hamann apparently analogizes the nonresidential real property to warehouse receipts and requests that the Lease and underlying Premises be treated in accordance with the commodity broker liquidation provisions of chapter 7 of the Bankruptcy . . . and 17 C.F.R. §§ 190.01– 190.10 . . . ." (ECF Doc. # 1955; Trustee's Resp. ¶ 5.)

Hamman's objection is meritless. In an earlier opinion, the Court ruled that under 17 C.F.R. § 190 Hamman's property was eligible for distribution to MFGI creditors. *See In re MF Global, Inc.*, 467 B.R. 726, 733 (Bankr. S.D.N.Y. 2012). Based on the earlier ruling Hamman argues that because the Premises were under the control of MFGI pursuant to the terms of the lease, the Premises should likewise be eligible for distribution to MFGI's creditors.

Hamman's arguments fail: the lease was not a "commodity contract" and the Premises were never "customer property" within the meaning of chapter 7 of the Bankruptcy Code or 17 C.F.R. § 190. Accordingly, the Premises are ineligible for distribution to creditors of MFGI. Rather, the lease covering the Premises is governed by section 365(d)(4) of the Code, made applicable to this proceeding by SIPA §§ 78*ffff*(b) & 78*fff*-1(a). Section 365(d)(4) required the Trustee to surrender the Premises to the Landlord if the Trustee did not assume or reject the lease

by May 29, 2012.  The stipulation and order regarding the rejection of the Premises embodies a negotiated resolution between the Trustee and the Landlord allowing MFGI to occupy the Premises through May 30, 2012, an entirely permissible outcome.

## CONCLUSION

For the reasons stated above, Hamman's Objection is overruled.  A separate order approving the Supplement will be entered.

Dated:    June 14, 2012
          New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                              United States Bankruptcy Judge