**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MF GLOBAL INC.,<br><br>        Debtor. | )<br>)<br>)   Case No. 11-2790 (MG)<br>)<br>)<br>)<br>) |

**OPPOSITION OF CONOCOPHILLIPS COMPANY AND CONOCOPHILLIPS
CANADA TO THE TRUSTEE'S DETERMINATION OF CLAIMS**

 

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

June 22, 2012        *Attorneys for ConocoPhillips Company and
ConocoPhillips Canada Marketing & Trading ULC*

**Summary Overview**

ConocoPhillips Company and ConocoPhillips Canada Marketing & Trading ULC (together, "ConocoPhillips") object to the Trustee's determination of their claims. The Trustee has miscalculated those claims by including the face value of letters of credit provided by ConocoPhillips to MF Global Inc. ("MF Global") both in the allowed amounts of the claims and in the amounts supposedly "distributed" to ConocoPhillips on account of the claims. As a result of the Trustee's flawed approach, ConocoPhillips Company has not received distributions of Section 4d Property and Rule 30.7 Property to which it is entitled, and Conoco Phillips Canada has not received distributions of Rule 30.7 Property to which it is entitled. Instead, the Trustee has credited the face amounts of undrawn letters of credit against distributions owed to ConocoPhillips, as if those letters of credit had been drawn in full and their proceeds were being held by the Trustee.

The Trustee has erred in his treatment of the letters of credit. Under applicable state law and the parties' agreements, MF Global was at no time entitled to draw upon any of the letters of credit absent a default on the part of ConocoPhillips. Likewise, as successor to MF Global, the Trustee's only interest in the letters of credit — and the only "property of the estate" under section 541(a) of the Bankruptcy Code — was a right to draw upon the letters in the event of such a default.

Neither MF Global nor the Trustee, however, has ever declared a default on the part of ConocoPhillps — nor could they, because ConocoPhillips does not have any obligations to or open positions at MF Global. As a result, the Trustee has had no legal authority to present the letters of credit for payment, and their hypothetical proceeds never became estate or customer property subject to the claims process. ConocoPhillips, accordingly, was not required to make a

claim against the estate to recover the letter-of-credit amounts, and the Trustee has in no sense distributed those amounts to ConocoPhillips on account of its claims.

In addition, the Trustee permitted certain of the letters of credit to expire without presenting them and without any agreement in place that would excuse him from doing so prior to their expiration. Having failed to present those letters of credit prior to their expiration, the Trustee has no rights under the expired letters. Under well-settled law, the Trustee's rights under the letters of credit are necessarily limited to those of MF Global, and MF Global was strictly required to present the letters it received within a fixed time period.

## Background

**A.     ConocoPhillips Company**

On June 18, 2001, ConocoPhillips Company entered into a customer agreement with MF Global (the "Customer Agreement"). Ex. A. In connection with the Customer Agreement, ConocoPhillips Company provided MF Global with two letters of credit — which expired on November 23, 2011 — as collateral to support commodity contract trading by ConocoPhillips Company on certain foreign exchanges (the "Expired 30.7 Letters of Credit"). As a prerequisite to presentment, each of the Expired 30.7 Letters of Credit required an authorized representative of MF Global to certify that ConocoPhillips Company "has defaulted in accordance with the terms and conditions of the [parties'] agreement." The Expired 30.7 Letters of Credit include:

- Irrevocable Standby Letter of Credit No. 083400-793 issued by Intesa Sanpaolo S.p.A. in an amount (as amended) of $15 million. Ex. B.

- Irrevocable Standby Letter of Credit No. 083399-793 issued by Intesa Sanpaolo S.p.A. in an amount (as amended) of $45 million. Ex. C.

-3-

ConocoPhillips Company also obtained three letters of credit for the joint benefit of MF Global and Chicago Mercantile Exchange, Inc. These three letters of credit were due to expire on March 30, 2012, and were provided by ConocoPhillips Company to MF Global as collateral for commodity contract trading on certain domestic exchanges (the "Section 4d Letters of Credit"). The Section 4d Letters of Credit include:

- Irrevocable Standby Letter of Credit No. S11038, issued by Svenska Handelsbanken, New York Branch, in an amount (as amended) of $15 million. Ex. D.

- Irrevocable Standby Letter of Credit No. S11037, issued by Svenska Handelsbanken, New York Branch, in an amount of $50 million. Ex. E.

- Irrevocable Standby Letter of Credit No. 777-52-0101408-L, issued by Standard Chartered Bank, in an amount of $70 million. Ex. F.

The Customer Agreement between ConocoPhillips Company and MF Global requires an event of default on the part of ConocoPhillips before MF Global can dispose of collateral or exercise remedies. *See, e.g.*, Ex. A §§ 4–5. Neither MF Global nor the Trustee has ever claimed that any event of default has occurred under the Customer Agreement. Prior to MF Global's bankruptcy filing, ConocoPhillips Company directed that all of its commodities contracts at MF Global be transferred to other futures commission merchants. ConocoPhillips Company does not owe any amounts to MF Global and has no open positions at MF Global.

B.     ConocoPhillips Canada

On October 23, 2008, ConocoPhillips Canada Marketing and Trading ULC ("ConocoPhillips Canada") entered into a Customer Agreement with MF Global (the "Canada

Customer Agreement"). Ex. G. In connection with the Canada Customer Agreement, ConocoPhillips Canada provided MF Global with the following letter of credit:

- Irrevocable Standby Letter of Credit No. S06229, issued by Svenska Handelsbanken, New York Branch, in a face amount (as amended) of $10 million (the "Canada Letter of Credit"). Ex. H.

The Canada Letter of Credit is due to expire on July 25, 2012 and, prior to presentment, requires an authorized representative of MF Global to certify that ConocoPhillips Canada "has defaulted in accordance with the terms and conditions of the contracting party's agreement."

The Canada Customer Agreement permits MF Global to exercise remedies with respect to property of ConocoPhillips Canada if certain specified events occur. *E.g.*, Ex. G § 4. Neither MF Global nor the Trustee has ever claimed that any of those events has occurred. Prior to MF Global's bankruptcy filing, ConocoPhillips Canada directed that all of its commodities contracts at MF Global be transferred to other futures commission merchants. ConocoPhillips Canada does not owe any amounts to MF Global and has no open positions at MF Global.

**C.      The Expiration of the 30.7 Letters of Credit**

On November 23, 2011, the Expired 30.7 Letters of Credit expired by their terms without being drawn. At that time, the Trustee and ConocoPhillips had not entered into any agreement staying the effect of such expiration or otherwise reserving the Trustee's rights.

**D.      The Interim Agreement**

In advance of the expiration of the Section 4d Letters of Credit on March 30, 2012, the parties engaged in discussions regarding an arrangement that would avoid the need for litigation regarding the Section 4d Letters of Credit in advance of their expiration. On March 26,

2012, the Trustee and ConocoPhillips entered into an Interim Agreement. Ex. I. Among other things, the Interim Agreement provided for the return to ConocoPhillips of all letters of credit, including both expired and unexpired letters of credit, and reserved without prejudice all of the parties' claims, positions, and defenses as of that time. *Id*. ¶¶ 1, 6.

### E.     The Trustee's Determination of ConocoPhillips' Claims

On December 16, 2011, ConocoPhillips Company filed customer claims against the MF Global estate, which were assigned the claim numbers 900005800 and 900005801. Ex. J. Also on December 16, 2011, ConocoPhillips Canada filed customer claims, which were assigned the claim numbers 900005357, 900005358, 900005364 and 900005365. Ex. K. ConocoPhillips expressly reserved its position that the letters of credit provided to MF Global should not be treated as estate or customer property and were not required to be included in the amounts claimed by ConocoPhillips.

On May 22, 2012, ConocoPhillips received the Trustee's determination of its claims. The Trustee determined that ConocoPhillips Company has an allowed claim to Section 4d property totaling $175,790,952 and that ConocoPhillips Company has already received $135,000,000 in satisfaction of that claim. Ex. L. Included in both the allowed claim amount and the amount supposedly received by ConocoPhillips Company is the face value of the Section 4d Letters of Credit (totaling $135,000,000).

The Trustee also determined that ConocoPhillips Company has an allowed claim to Rule 30.7 property totaling $85,755,528 and that ConocoPhillips Company has already

-6-

received $60,000,000 of that amount. Included in both of those calculations is the face value of the Expired 30.7 Letters of Credit (totaling $60,000,000).[1]

In addition, the Trustee determined that ConocoPhillips Canada has an allowed claim to Rule 30.7 property totaling $34,866,553 and that ConocoPhillips Canada has already received $10,000,000 in respect of that claim. Ex. M. Included in both of the Trustee's calculations is the face value of the Canada Letter of Credit ($10,000,000).[2]

### Objections

The Trustee has erred by including the face value of letters of credit in the calculation of ConocoPhillips' claims and in the calculation of the amounts distributed on account of those claims.

1. <u>All Letters of Credit</u>. Under the Customer Agreement and the Canada Customer Agreement, the Trustee, as successor to MF Global, had and has no right to present the standby letters of credit referenced above absent events of default on the part of the applicant. No such default has occurred and none has been alleged. As a result, any presentation of the letters of credit by the Trustee would violate the parties' agreements.

In addition, under applicable law, including U.C.C. §§ 5-109 and 5-110, the Trustee, as successor to MF Global, would commit both "material fraud" and breach of warranty if he had or were to present the letters of credit. Section 5-109(b) of the Uniform Commercial Code provides that "a court of competent jurisdiction may temporarily or permanently enjoin the

---

[1] The Trustee further determined that ConocoPhillips Company has an allowed claim to Rule 190.05 property totaling $5,869,080, in respect of which it has not received any distributions. ConocoPhillips Company does not dispute that determination.

[2] The Trustee further determined that ConocoPhillips Canada has an allowed claim to Section 4d property totaling $1,546,818, in respect of which it has received $1,113,709. ConocoPhillips Canada does not dispute that determination.

issuer from honoring a presentation or grant similar relief against the issuer or other persons" if "an applicant claims that a required document is forged or materially fraudulent or that honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant." Section 5-110(a)(2) of the Uniform Commercial Code further provides that if a letter of credit "is honored," then "the beneficiary warrants … [t]o the applicant that the drawing does not violate any agreement between the applicant and beneficiary." Presentation of a letter of credit constitutes material fraud and breach of warranty "[w]here the circumstances plainly show that the underlying contract forbids the beneficiary to call a letter of credit" or "where they show that the contract deprives the beneficiary of even a colorable right to do so." *Ground Air Transfer, Inc.* v. *Westates Airlines, Inc.*, 899 F.2d 1269, 1272 (1st Cir. 1990) (Breyer, J.) (emphasis and internal quotation marks omitted); *accord, e.g.*, U.C.C. § 5-109 cmt. 1.

        The Trustee's inability under state law to draw on the letters of credit on behalf of MF Global is fatal to his determinations of ConocoPhillips' claims. It is axiomatic that, as the statutory successor to MF Global, the Trustee has no greater rights under letters of credit than MF Global itself. As discussed above, the relevant letters of credit gave MF Global, and thus the Trustee, the right to draw on the letters *only* if certain conditions were met. That conditional contract right — and nothing else — became property of MF Global's estate under section 541 of the Bankruptcy Code and state law. By contrast, the hypothetical proceeds of the letters of credit *never* became estate or customer property, because the conditions for drawing upon those letters did not occur. ConocoPhillips was not required to make a claim for letter-of-credit proceeds that did not become part of any estate. The Trustee, moreover, has never distributed any such proceeds to ConocoPhillips in satisfaction of its claims.

2. <u>Expired 30.7 Letters of Credit</u>. In addition to the reasons stated above, the Trustee has no right to draw upon the Expired 30.7 Letters of Credit because they expired on November 23, 2011. At that point in time, no agreement or law operated to relieve MF Global of the effect of said expiration. Moreover, the Expired 30.7 Letters of Credit explicitly require a duly authorized representative of MF Global to certify that ConocoPhillips "has defaulted in accordance with the terms and conditions of the contracting party's agreement." The Trustee did not, and could not, lawfully provide any such certification. Under the Bankruptcy Code and state law, the Trustee has no greater contract rights than his predecessor MF Global: since MF Global could not lawfully obtain the proceeds of the Expired 30.7 Letters of Credit following their expiration and absent a certification of default, the Trustee has no legal basis to treat those hypothetical proceeds as estate property claimed by and distributed to ConocoPhillips Company.

3. <u>Canada Letter of Credit</u>. In addition to the reasons stated above, the Trustee has no right to draw upon the Canada Letter of Credit because it explicitly requires a duly authorized representative of MF Global to certify that ConocoPhillips "has defaulted in accordance with the terms and conditions of the contracting party's agreement." The Trustee did not, and could not, lawfully provide any such certification. Again, the Trustee has no greater rights than his predecessor MF Global, and may not treat letter-of-credit proceeds to which he had no entitlement as property claimed by and distributed to ConocoPhillips Canada.

\*      \*      \*

For all of these reasons, the Trustee has erred in treating the face value of the letters of credit procured by ConocoPhillips for the benefit of MF Global as a part of ConocoPhillips' claims and as customer property that the Trustee has allocated to ConocoPhillips. Since the Trustee was and is not legally entitled to present any of the letters of

credit for payment, the hypothetical proceeds of those letters of credit could not lawfully have been realized, never became estate property to which ConocoPhillips was required to make a claim, and have in no sense been distributed by the Trustee to ConocoPhillips in satisfaction of its claims. Rather, the letters of credit have expired or, to the extent they have not expired, they have not been, and may not be, lawfully presented for honor. Had the Trustee sought to present the letters of credit for honor, which he never did, ConocoPhillips would have been entitled to injunctive relief or, in the alternative, an administrative claim for damages on account of the Trustee's post-petition conduct including breach of warranty.

ConocoPhillips expects that the Trustee may rely on CFTC regulations or related commentary to support his position. However, as will be demonstrated further in response to any motion to confirm filed by the Trustee, nothing in the applicable CFTC regulations permits the Trustee to draw on the letters of credit provided by ConocoPhillips, when to do so would, among other things, require the Trustee to provide false warranties, commit "material fraud," or otherwise violate applicable contracts and state law. CFTC Regulation 190.08 provides that "customer property" encompasses "[t]he full proceeds of a letter of credit if such letter of credit was received, acquired or held to margin, guarantee, secure, purchase or sell a commodity contract." 17 C.F.R. § 190.08(a)(1)(i)(E). The Regulation, however, in no way authorizes the Trustee to present letters of credit — thus creating such "proceeds" — based on false warranties, "material fraud," or other violations of uniform state law, nor does it operate to stay the expiration of letters of credit. The CFTC lacks authority to enact a regulation that would so deviate from state letter-of-credit law, and has not done so.

Moreover, the Trustee cannot rely upon the "Supplementary Information" relating to CFTC Regulation 190.08, in which the CFTC belatedly stated its view that a trustee of a

-10-

bankrupt futures commission merchant is "required to draw the full value of a letter of credit posted as margin and treat the funds received as customer property, irrespective of the margin obligation secured thereby." *See* 48 Fed. Reg. 8716, 8718 (Mar. 1, 1983). The language in the Supplementary Information is not controlling or authoritative, does not purport to preempt state law and could not do so, and, if treated as authoritative as to the scope or effect of the Regulation, would, among other things, exceed the authority of the CFTC, conflict with numerous provisions of the Bankruptcy Code (including, *inter alia*, sections 541(a), 766(f), and 365(c)), and subvert a rulemaking process that did not yield any regulation with the force of law that authorizes a trustee to draw upon letters of credit based on false warranties, "material fraud," or other violations of contracts and state law.

ConocoPhillips intends to supplement and elaborate on this opposition in response to any motion in which the Trustee sets forth the bases for his claim determinations. The filing of this opposition does not constitute: (a) a consent by ConocoPhillips to the jurisdiction of the Bankruptcy Court or to the treatment of any non-core claim as a core claim; (b) a waiver of the right to move to withdraw the reference; (c) a waiver of any jury right or any right to have any claims constitutionally required to be determined by the District Court determined there; (d) a waiver of any right to the subordination, in favor of ConocoPhillips, of indebtedness or liens by other customers or creditors of MF Global; or (e) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable.

| | |
|---|---|
| Dated: June 22, 2012<br>New York, New York | Respectfully submitted,<br><br>WACHTELL, LIPTON, ROSEN & KATZ |
| George T. Conway III<br>Emil A. Kleinhaus<br>Dana J. Brusca<br>*Of Counsel* | By: /s/ Herbert M. Wachtell<br>        Herbert M. Wachtell<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000<br>HMWachtell@WLRK.com |
| Mark C. Ellenberg<br>*Of Counsel* | CADWALADER, WICKERSHAM & TAFT LLP<br>One World Financial Center<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br><br>*Attorneys for ConocoPhillips Company and*<br>*ConocoPhillips Canada Marketing & Trading ULC* |