# EXHIBIT G

## APPLICATION AND CUSTOMER AGREEMENT BETWEEN CONOCOPHILLIPS CANADA AND MF GLOBAL INC.



# Application and Customer Agreement

Corporations, LLCs, Partnerships, LLPs,
Trusts and Pension Plans



# INSTRUCTIONS

All information requested must be in the English language or accompanied by a certified English translation.

**If you are not submitting online, please return this booklet with the applicable pages completed:**

Page 1-6:    Customer Account Application – Please provide all requested information, sign and date on page 6.

Page 7-12:    Customer Agreement – Please read carefully.

Page 11-12:    Customer Acknowledgments/Signature Page – Please read carefully, sign and date all required acknowledgments and consents on page 12.

Page 13:    Member Information Sheet (if applicable).

Page 14:    Internal Revenue Code Substitute Form W-9 - Please sign and date.

## CORPORATE ACCOUNTS ONLY

Page 15-16: Corporate Resolutions – Please provide all requested information, sign and date on page 16. Please provide Corporate Charter, Articles of Incorporation or Good Standing Certificate. Secretary must affix corporate seal if any. For off-shore accounts, enclose a copy of the Articles and Memorandum of Association and Certificate of Incorporation.

## PARTNERSHIP, LLC OR LLP ACCOUNTS ONLY

Page 17:    LLC Resolution - Please provide all requested information, sign and date. Enclose a copy of the Operating Agreement and organizational documents if appropriate.

Page 18:    Partnership or LLP Authorization – Please provide all requested information, sign and date. Each General Partner or Managing Member must provide all requested information. For Partnership or LLP Accounts, enclose a copy of the Partnership Agreement and organizational documents if appropriate.

## TRUST ACCOUNTS ONLY

Page 19:    Fiduciary Certification – Please provide all requested information, sign and date. Please provide copy of entire Trust Agreement.

## PENSION PLAN ACCOUNTS ONLY

Page 19:    Fiduciary Certification – Please provide all requested information, sign and date. Please provide copy of entire Pension Plan and Adoption Agreement.

## DISCRETIONARY ACCOUNTS ONLY

Page 20:    Discretionary Trading Authorization/Power of Attorney – Please provide the requested information, sign and date.

Page 21:    Letter of Automatic Termination – Please sign and date.

Page 22-23: Advisor's Agreement – Please have your trading advisor provide the requested information, sign and date on page 23. You must also sign and date on page 23.

## HEDGE ACCOUNTS ONLY

Page 24:    Hedge Account Agreement and Instructions – Please provide all requested information, sign and date.

## ACCOUNT GUARANTY

Page 25-27: Required for certain accounts. Please consult your Account Executive.

## IF YOU ARE TRANSFERRING AN EXISTING FUTURES ACCOUNT FROM ANOTHER BROKERAGE FIRM

Page 28:    Transfer Authorization – Please provide all requested information, sign and date. Please provide a copy of your most recent statement or account status report from the transferring broker.

# Instructions (Continued)

**FUNDING YOUR ACCOUNT**

**CHECKS**
Make personal or cashier's checks payable to "MF Global Inc." Issuing institution must print remitter's name on cashier's check. Money orders, traveler's checks and third party checks are not accepted.

**WIRE TRANSFERS**
Please contact your Account Executive for wire transfer instructions. Third party wires are not accepted. Please be aware that in most circumstances the name on the account originating the funds should match the account title.

**CHANGE OF ADDRESS**
All statement and notices concerning your account will be sent to the postal or email address you provide to MF Global Inc. on this account application. It is your responsibility to notify MF Global Inc. immediately should that information change.

**NOTICE TO CUSTOMERS**
To help the government fight the funding of terrorism and money laundering activites, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

# CUSTOMER ACCOUNT APPLICATION

**MF Global Inc.**
440 South LaSalle Street
20th Floor
Chicago, Illinois 60605
312 663 7500

Sales Office/Rep. Name _____

_ _ _ _ _ _ _ _ - _ _ _ _ _
Futures Account Number (Internal Use Only)

**Indicate desired account type:**

☒ Corporate          ☐ Partnership          ☐ Limited Liability Company
☐ Trust              ☐ Pension Plan         ☐ Limited Liability Partnership
☐ Other (describe) _____

| ALL APPLICABLE INFORMATION MUST BE FILLED OUT COMPLETELY – PLEASE PRINT IN ALL CAPITAL LETTERS |
|---|

1. Name of Applicant _ConocoPhillips CANADA MARKETING & TRADING ULC_

2. Account Title _____

3. Address Line 1 (PO Box insufficient) _401 - 9th AVENUE SW_

   Address Line 2 (PO Box insufficient) _____

   City _CALGARY_          State _AB_  Zip/Postal Code _T2P3C5_

   Country (do not abbreviate) _CANADA_

   Telephone _____

4. Mailing Address Line 1 (if different) _P.O. BOX 130_

   Mailing Address Line 2 _____

   City _CALGARY_          State _AB_  Zip/Postal Code _T2P2H7_

   Country (do not abbreviate) _CANADA_

   Telephone _____

5. Tax I.D. (Social Security) Number _____

6. Email Address _____

7. Nature of Business _MARKETING & TRADING OIL/GAS_

| For Corporate Accounts | | | |
|---|---|---|---|
| 8. Date of Incorporation | 9. Principal Place of Business | 10. State/Country of Incorporation | 11. Registered Agent |
| SEPT. 30/2008 | ALBERTA | ALBERTA/CANADA | CONOCOPHILLIPS CANADA LIMITED |

12. Ownership:   ☐ Public   ☒ Private

13. If a subsidiary, list ultimate parent and indicate whether public or private
    _CONOCOPHILLIPS COMPANY, PUBLIC_

14. For closely held corporations, list beneficial owners (attach additional sheet of paper listing such beneficial owners as necessary)

15. List the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer and any other officer authorized to act on behalf of the corporation.

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

**For General Partnership, Limited Partnership, Limited Liability Partnership ("LLP") or Limited Liability Company ("LLC") Accounts**

16. Type of Account:    ☐ General Partnership    ☐ Limited Partnership    ☐ LLP    ☐ LLC

17. List all General Partners, Managing Members or, if an LLP account, all Partners authorized to act on behalf of the account (attach additional sheet of paper listing such Partners or Managing Members as necessary)

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

Name and Title_____ Email Address_____
Address_____
City_____ State_____ Zip/PostalCode_____ Country_____

18. Does the applicant have an offering circular or prospectus, or otherwise solicit participation?    ☐ Yes    ☐ No
(If yes, please submit a copy of the most recent prospectus or offering circular.)

19. Is any General Partner, Managing Member or, if an LLP, Partner registered with the Commodity Futures Trading Commission as a Commodity Pool Operator?    ☐ Yes    ☐ No

20. If a Limited Partnership or LLC, how many Limited Partners or Members are there? _____

2

## For Trust Accounts

21. List all Trustees (attach additional sheet of paper listing Trustees as necessary)

Name_____ Email Address _____

Address _____

City_____ State_____ Zip/PostalCode_____ Country_____


Name_____ Email Address _____

Address _____

City_____ State_____ Zip/PostalCode_____ Country_____

## For Pension Plan Accounts

22. Type of Plan: ☐ Keogh        ☐ 401(k)        ☐ Other (specify) _____
                                                  If "Other," are there any employee contributions in the plan? ☐ Yes    ☐ No

23. Is the plan subject to ERISA? ☐ Yes    ☐ No

24. List all Trustees (attach additional sheet of paper listing Trustees as necessary)

Name_____ Email Address _____

Address _____

City_____ State_____ Zip/PostalCode_____ Country_____


Name_____ Email Address _____

Address _____

City_____ State_____ Zip/PostalCode_____ Country_____


25. Does the plan utilize a Qualified Professional Asset Manager ("QPAM") within the meaning of Prohibited Transaction Exception 84-14
    under ERISA?        ☐ Yes    ☐ No    If yes, please identify QPAM _____

## For General Partnership and LLC Accounts Only

26. General Partner / Managing Member 1

Name: _____ Date of Birth: _____

Phone: _____ Social Security #: _____

Employer: _____ Occupation: _____

Annual Income:_____ Net Worth (exclusive of residence): _____

Investment Experience (describe): _____

Futures:        ☐ Yes    ☐ No        If yes, how many years? _____

Securities:     ☐ Yes    ☐ No        If yes, how many years? _____

Options:        ☐ Yes    ☐ No        If yes, how many years? _____

Name of Previous Firm(s):_____

27. General Partner / Managing Member 2

Name: _____ Date of Birth: _____

Phone: _____ Social Security #: _____

Employer: _____ Occupation: _____

Annual Income:_____ Net Worth (exclusive of residence): _____

Investment Experience (describe):_____

Futures:        ☐ Yes    ☐ No        If yes, how many years? _____

Securities:     ☐ Yes    ☐ No        If yes, how many years? _____

Options:        ☐ Yes    ☐ No        If yes, how many years? _____

Name of Previous Firm(s): _____

3

**27. General Partner / Managing Member 3**

Name: _____   Date of Birth: _____

Phone: _____   Social Security #: _____

Employer: _____   Occupation: _____

Annual Income: _____   Net Worth (exclusive of residence): _____

Investment Experience (describe): _____

| | | | |
|---|---|---|---|
| Futures: | ☐ Yes | ☐ No | If yes, how many years? _____ |
| Securities: | ☐ Yes | ☐ No | If yes, how many years? _____ |
| Options: | ☐ Yes | ☐ No | If yes, how many years? _____ |

Name of Previous Firm(s): _____

**27. General Partner / Managing Member 4**

Name: _____   Date of Birth: _____

Phone: _____   Social Security #: _____

Employer: _____   Occupation: _____

Annual Income: _____   Net Worth (exclusive of residence): _____

Investment Experience (describe): _____

| | | | |
|---|---|---|---|
| Futures: | ☐ Yes | ☐ No | If yes, how many years? _____ |
| Securities: | ☐ Yes | ☐ No | If yes, how many years? _____ |
| Options: | ☐ Yes | ☐ No | If yes, how many years? _____ |

Name of Previous Firm(s): _____

### Confidential Customer Information (all entities must complete)

**28. Has the entity previously traded futures, options or securities? If yes, please describe:**

| | Firm | Location | Years Traded | Active? |
|---|---|---|---|---|
| Futures: | None | _____ | _____ | _____ |
| Securities: | _____ | _____ | _____ | _____ |
| Options: | _____ | _____ | _____ | _____ |

**29. Is the entity registered with the Commodity Futures Trading Commission or the Securities and Exchange Commission?**
☐ Yes  ☑ No  If yes, indicate in what capacity  ☐ FCM ☐ CPO ☐ CTA ☐ IB ☐ BD ☐ Other: _____

**30. Is the entity an NFA or FINRA member?** ☐ Yes  ☑ No

**31. Is the entity a member of any futures exchange?** ☐ Yes  ☑ No  (If yes, please fill out the Member Information Sheet on Page 13.)

**32. Has the entity or any of its principals been involved in any litigation or arbitration with a BD, FCM or IB?**

☐ Yes  ☑ No  If yes, please provide details: _____

**33. Has the entity or any of its principals ever been the subject of an investigation or proceeding by any futures or securities regulatory or self-regulatory body?**  ☐ Yes  ☑ No
If yes, please provide details: _____

**34. Please list the authorized traders for this account. If the persons listed below are not employed by the entity, please complete the "Discretionary Trading Authorization/Power of Attorney" form on Page 20.**

Martin Bagley          Vicki Poole

Jeff Gow               Steve Delf

John Greco             Shane Duthie

4

35. Do Federal or State laws or regulations or corporate policy restrict the type of trading or future contracts that may be traded by the entity? ☐ Yes ☑ No    If so, please describe limitations: _____

36. Are there investors in the entity? ☐ Yes ☑ No    If yes, how many? _____
    If yes, how many are U.S. investors? _____
    If yes, how does the entity solicit investors? _____
    If yes, does the entity conduct its business from any U.S. location? ☐ Yes ☐ No    If so, where? _____
    If so, do any of the investors operate a commodity pool or fund? _____
    If so, how many funds and how much money under management in aggregate? _____

37. Does the entity or any of its officers, directors or principal shareholders have a financial interest of ten percent (10%) or more, or control the trading, in any other trading account at MF Global Inc.? ☐ Yes ☑ No
    If yes, please provide name(s) and account number(s): _____

38. Are any of the entity's officers, directors or principal shareholders (or their relatives) associated with or employed by MF Global Inc. or any of its affiliates? ☐ Yes ☑ No    If yes, please provide details: _____

39. Have any of the entity's officers, directors or principal shareholders been employed by an exchange, NFA, FINRA or a member firm of any of those entities within the last three years?    ☐ Yes ☑ No    If yes, please provide details: _____

40. Are any of the entity's officers, directors or principal shareholders a "control" person of a public company as defined in SEC Rule 144?
    ☐ Yes ☑ No    If yes, trading symbol _____ Company _____

41. Entity's trading objective: ☐ Speculation ☑ Hedging (If hedging, please complete the "Hedge Account Agreement" form on Page 24.)

42. Banking Relationships:
    (a) Bank/Institution _Bank of Nova Scotia_
        Address _2000, 700 - 2nd St. S.W., Calgary, AB_ Type of Account _____
        Contact Phone _____
        _AFTER NOV. 1/08_
    (b) Bank/Institution _JP Morgan Chase_ _South Tower, Toronto, ON_
        Address _200 Bay St., Suite 180, Royal Bank Plaza_ Type of Account _____
        Contact Phone _416-981-9200_

43. Please provide:  Entity's annual income: _____ Entity's estimated liquid net worth: _____
    *NOTE: PLEASE REVIEW FINANCIAL STATEMENTS
          AVAILABLE ONLINE AT
          WWW. CONOCO PHILLIPS. COM
          (for parent company)

**[ CONTINUED ON NEXT PAGE ]**

5

## Assets

**Current Assets**

| | |
|---|---|
| Cash | $_____ |
| Marketable securities | _____ |
| Accounts receivable | _____ |
| Inventories | _____ |
| Prepaid expense | _____ |
| Other | _____ |

| | |
|---|---|
| TOTAL CURRENT ASSETS | $_____ |
| | |
| Net property, plant & equipment | _____ |
| Other intangibles | _____ |
| Investments | _____ |
| Other assets | _____ |
| | |
| **TOTAL ASSETS** | $_____ |

## Liabilities and Stockholders' Equity

**Current Liabilities**

| | |
|---|---|
| Accounts payable | $_____ |
| Notes payable | _____ |
| Current maturities of LT debt | _____ |
| Accrued liabilities | _____ |
| Other liabilities | _____ |

| | |
|---|---|
| TOTAL CURRENT LIABILITIES | $_____ |
| Deferred income taxes | _____ |
| Long-term debt | _____ |
| Other LT liabilities | _____ |
| | |
| **TOTAL LIABILITIES** | $_____ |

**Stockholder's Equity**

| | |
|---|---|
| | _____ |
| Common stock | _____ |
| Retained earnings | _____ |
| Total stockholder's equity | _____ |
| | |
| **TOTAL LIABILITIES &** | |
| **STOCKHOLDER'S EQUITY** | $_____ |

## Income Statement

| | |
|---|---|
| Revenues | _____ |
| Cost and expenses | _____ |
| Operating income | _____ |
| Other income | _____ |
| Net interest | _____ |
| Income taxes | _____ |
| **NET INCOME (PROFIT/LOSS)** | $_____ |

**Note:** In lieu of completing this worksheet, a prepared financial statement may be attached if one is available.

45. Do you wish to apply for authorization to trade security futures in the Account? ☒ Yes ☐ No

   If yes, provide the following information and complete the SFP Addendum.

   Previous investing experience with respect to:   Security Futures? ☐ Yes ☒ No  If yes, how many years? _____

   Listed Options?  ☐ Yes ☒ No  If yes, how many years? _____

## Customer Representations/Signature

Customer represents that the foregoing information (including, as applicable, any attachments) is true and correct, and that Customer will notify MF Global Inc. ("Company") of any material changes in writing. The Company reserves the right, but has no duty, to verify the accuracy of information provided and to contact such bankers, brokers and others as it deems necessary. Customer expressly consents to such verification.

Signature _____ Printed DAVID A. NICKS  Title VICE PRESIDENT, GAS & POWER MARKETING  Date Oct. 23/08

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

If a partnership account, each General Partner must sign; if a corporate account, an authorized Officer must sign; if an LLC account, each Managing Member must sign; if an LLP account, an authorized Partner must sign; if a trust account, each Trustee must sign.

# CUSTOMER AGREEMENT

This agreement ("Agreement") sets forth the terms and conditions under which MF Global Inc. and its affiliates ("we" or "us") (collectively "MF Global") will open and maintain one or more accounts (collectively, the "Account") in your name and on your behalf and otherwise transact business in cash commodities, commodity futures, security futures, options and forward contracts thereon, and interests therein (including, but not limited to, exchange-for-physical ("EFP"), exchange-for-swap ("EFS"), exchange-for-options ("EFO") and exchange-for-risk ("EFR") transactions), securities, foreign futures and options and foreign currencies (collectively, "Contracts") with you. If this Account has been introduced to us, all references to us in this Agreement shall include your broker, and your broker shall enjoy all benefits and rights hereunder.

## 1. APPLICABLE LAW; TRANSACTION FACILITIES

Each Account and all Contracts, transactions and agreements in respect of each Account shall be subject, as applicable, to: (i) the Commodity Exchange Act ("CEA") and all rules and interpretations of the Commodity Futures Trading Commission ("CFTC") and the National Futures Association ("NFA"); (ii) the constitution, by-laws, rules, regulations, policies, procedures, interpretations and customs of any applicable U.S. or non-U.S. board of trade, exchange, contract market, trading facility or execution facility, including, without limitation, an electronic trading system, facility or service, or clearing organization (each, a "Transaction Facility") or of any clearing firm or self-regulatory agency or organization; and (iii) any other laws, rules, interpretations, customs or usage of the trade applicable to your trading of Contracts. All such laws, by-laws, rules, regulations, policies, procedures, interpretations, customs and usage, as in force from time to time, are hereinafter collectively referred to as "Applicable Law."

This paragraph is solely for MF Global's protection and MF Global's failure to comply with any such statute, rule or regulation shall not be a breach of this agreement or otherwise a liability upon MF Global to Customer nor relieve Customer of any obligations under this Agreement.

## 2. MARGINS

You agree to maintain, without demand from us, such margin, cash or other acceptable collateral as we in our sole discretion may require from time to time, the amount of which may, in our sole discretion, exceed any amount that may be required by Applicable Law. Customer shall provide to and maintain with MF Global margin in such amounts and in such form as MF Global, in its sole discretion, from time to time may determine. Such margin requirements established by MF Global may exceed the margin required of MF Global by an exchange. MF Global may change margin requirements in its sole discretion at any time. If MF Global determines that additional margin is required, Customer agrees to deposit with MF Global such additional margin when and as required and demanded by MF Global, and will promptly meet all margin calls in such manner as MF Global shall designate in its sole discretion. Notwithstanding any demand for additional margin, MF Global at any time may proceed in accordance with Paragraph 5 below, and any failure to proceed shall not be deemed a waiver of any rights by MF Global. No previous margin call shall establish any precedent. MF Global shall not be liable to Customer for the loss of any margin deposits which is the direct or indirect result of the bankruptcy, insolvency, liquidation, receivership, custodianship, or assignment for the benefit of creditors of any bank, another clearing broker, exchange, clearing organization, or similar entity.

## 3. SECURITY INTEREST AND LIEN

As security for the payment of all of your obligations and liabilities to us, we shall have a general lien and continuing perfected first security interest in, and lien upon, all property in which you have an interest held by or through us including, but not limited to, all Contracts, margin, collateral, performance bond, premium, funds, securities, currencies, credit balances, foreign exchange contracts, commercial paper, monies, any other property and all rights you may have against us (collectively, "Collateral"). In addition, in order to satisfy any outstanding liabilities or obligations you may have to us including, without limitation, any margin call, we may, at any time and without prior notice to you, sell, purchase, use, apply or transfer any of such Collateral interchangeably (including cash and fully paid securities). In the event of a breach or default under this Agreement or any other agreement you may have with us, we shall have all rights and remedies available to a secured creditor under Applicable Law, in addition to the rights and remedies provided herein.

## 4. LIQUIDATION OF ACCOUNTS

In the event of: (a) the death or judicial declaration of incompetency of Customer; (b) the filing of a petition in bankruptcy, or a petition for the appointment of a receiver, by or against Customer, or any one of the Customers if this is a joint account; (c) the filing of an attachment against any of the Customer's accounts carried by MF Global; (d) insufficient margin as determined by MF Global in its sole discretion, or MF Global's determination that any collateral deposited to protect one or more accounts of Customer is inadequate, regardless of current market quotations, to secure the account; or (e) any other circumstances or developments that MF Global deems to require action necessary for its protection, MF Global is hereby authorized, according to its judgment and in its sole discretion, to take one or more or any portion of the following actions: (1) satisfy any obligation Customer may have to MF Global, either directly or by way of guaranty or suretyship, out of any of Customer's funds or property in the custody or control of MF Global; (2) sell any or all futures Contracts, commodities, or securities held or carried for Customer or purchase any or all futures Contracts, commodities or securities held or carried as a short position for Customer; and (3) cancel any or all outstanding orders, Contracts, or any other commitments made on behalf of Customer. Any of the above actions may be taken without demand for margin or additional margin, without prior notice of sale or purchase or other notice or advertisement to Customer, his personal representatives, heirs, executors, administrators, legatees, or assigns, and regardless of whether the ownership interest shall be solely Customer's or held jointly with others. In liquidating Customer's long or short position, MF Global, in its sole discretion may sell or purchase in the same contract month or initiate new long or short positions in order to establish a spread or straddle which in MF Global's judgment may be necessary or advisable to protect existing positions in Customer's account, including by means of an EFP, EFS, EFO or EFR transaction (whether we act as broker for you or as principal opposite you in such EFP, EFS, EFO or EFR transactions). Any sales or purchases hereunder may be made according to MF Global judgment and at its discretion on any exchange or other market where such business is then usually transacted or at public auction or at private sale, and MF Global may purchase the whole or any part thereof free from any right of redemption. It is understood that, in all cases, a prior demand, call, or notice of the time and place of a sale or purchase shall not be considered a waiver of MF Global's right to sell or buy without demand or notice as herein provided. Customer at all times shall be liable for the payment of any debit balance upon demand by MF Global, and shall be liable for any deficiency remaining in Customer's account(s) in the event of the liquidation thereof in whole or in part by MF Global or by Customer. In addition,

7

MF Global shall have the right to set off and apply any amount owing from us to you against any indebtedness in your Account, whether matured or unmatured. In the event the proceeds realized pursuant to this authorization are insufficient for the payment of all liabilities of Customer due to MF Global, Customer promptly shall pay, upon demand, the deficit and all unpaid liabilities, together with interest thereon and all costs of collection including reasonable attorneys' fees. Customer agrees to pay all expenses, including attorneys' fees, incurred by MF Global to collect any debit balances in Customer's account or to defend any unsuccessful claim Customer may bring against MF Global.

## 5. FEES AND CHARGES
You understand and agree that we will charge commissions and other fees for clearing, execution, give-up, custody, storage, delivery, reports, quotes, processing, inactive Accounts, Account maintenance or any other service furnished to you, and you agree to pay such commissions, fees and interest on monies owed to us at our then-prevailing rates. You understand and agree further that such commissions, fees and interest rates may be changed from time to time. You also agree to pay any and all regulatory fees, any taxes imposed on transactions for your Account by any competent taxing authority and any other charges that may be imposed on such transactions. You will also be charged a fee for positions transferred to another broker. You understand that we may act as principal in certain transactions with you, including, but not limited to, cash market transactions, forward contracts, or EFP, EFS, EFO or EFR transactions.

## 6. FREE CREDIT BALANCES; TRANSFER ARRANGEMENTS
You authorize us to transfer funds, securities or other property to, between or among any of your futures Accounts and any other Account(s) held by us, when in our sole judgment a transfer of any excess funds in such Account(s) may be necessary to satisfy margin calls or to satisfy or reduce any debit balances or deficit in any such Account. We agree to confirm any such transfer to you in writing, and such confirmation shall be deemed reasonable notice. All such transfers shall be made in compliance with the CEA, the Exchange Act and the applicable regulations promulgated thereunder.

## 7. CONSENT TO LOAN OR PLEDGE
You hereby grant us the right, in accordance with Applicable Law, to borrow, pledge, repledge, transfer, hypothecate, rehypothecate, loan or invest any of the Collateral, including, without limitation, utilizing the Collateral to purchase or sell securities pursuant to repurchase agreements or reverse repurchase agreements with any party, in each case without notice to you, and we shall have no obligation to retain a like amount of similar Collateral in our possession and control.

## 8. STATEMENTS AND CONFIRMATIONS
You acknowledge that you are bound to the actual executions of transactions on the exchanges and understand that all reports of execution price quotations and other market information are subject to change and errors as well as delays in reporting. You agree that you rely upon such information at your own risk.

Confirmations of trades and any other similar notices, including but not limited to purchase and sale statements, sent to you shall be conclusive and binding unless you notify us to the contrary, (i) where a report is made orally, at the time delivered to Customer, or (ii) where a report or notice is in writing, prior to the opening of trading on the next day following delivery of the report on which the relevant Transaction Facility is open for business. Your account statement shall be conclusive and binding unless you notify us to the contrary immediately upon delivery to you. ANY OBJECTION TO A TRADE CONFIRMATION OR SIMILAR NOTICE OR A MONTHLY STATEMENT

MUST BE MADE IN WRITING AND DIRECTED TO OUR COMPLIANCE DEPARTMENT ADDRESSED TO 440 SOUTH LASALLE STREET, 20TH FLOOR, CHICAGO, IL 60605 ATTENTION: COMPLIANCE 42, OR VIA FACSIMILE TRANSMITTED TO (312) 902-6169, WITHIN THE TIME PERIOD SET FORTH ABOVE. YOUR FAILURE TO PROVIDE SUCH TIMELY WRITTEN OBJECTION IN THE MANNER SPECIFIED SHALL CONSTITUTE RATIFICATION OF ALL ACTIONS TAKEN BY US OR OUR AGENTS.

## 9. INDEMNIFICATION; COSTS OF COLLECTION
You agree to indemnify and hold harmless each of us and our respective shareholders, directors, officers, employees, successors and assigns and agents from and against any liability, damage, cost or expense (including, without limitation, legal fees and expenses, amounts paid in settlement of any claims, interest and any fines or penalties imposed by any Transaction Facility, self-regulatory agency or organization or governmental agency) incurred as a result of your violation of any of your representations, agreements or obligations under this Agreement. You agree to pay and authorize us to charge you for any direct or indirect costs of collection, defense and enforcing any of our rights under this Agreement including, but not limited to, interest, legal fees, court costs and other expenses.

## 10. LIMITATION OF LIABILITY
You shall have no claim against us for any loss, damage, liability, cost, charge, expense, penalty, fine or tax caused directly or indirectly by: (a) any order transmitted by fax, electronic mail, instant messaging or other medium for execution which is accepted on a "not held" basis, that is you agree that we shall not be held liable for any failure regarding proper execution unless it is due to our fraudulent activity; (b) any Applicable Law, or any order of any court, governmental agency or other regulatory body; (c) suspension or termination of trading; (d) restrictions, exchange or market halts or rulings, acts of terrorism, riot, sovereign conduct or other acts of state, war or civil or labor disturbance; (e) any delays or inaccuracies in the transmission or reporting of orders or other information due to a breakdown or failure of any Transaction Facility or any other transmission or communication facilities for any reason; (f) failure or delay for any reason of any broker, bank, depository, Transaction Facility or custodian to fulfill its obligations or to pay in full any amounts owed to us or to you; (g) failure or delay by any entity which, consistent with Applicable Law, is holding customer segregated Collateral, to pay or deliver same to us; or (h) any other causes beyond our control.

In executing transactions on a Transaction Facility, we may use floor brokers (who may or may not be our employees or other agents of ours), but we will not be responsible to you for negligence or misconduct of an independent floor broker if, at the time the floor broker was selected, the floor broker was authorized to act as such under the rules of the relevant Transaction Facility and the appropriate regulatory agency. You also agree that we shall not be liable to you for any losses, costs, expenses or other damages sustained by you in the event of any failure or delay by any Transaction Facility, bank or other depository institution where any of your Collateral is maintained, or a failure or delay by any member, bank or agent of any of the foregoing to enforce its rules, to fulfill its obligations or to make any payment, for any reason whatsoever. You waive any claim, cause of action or right as against us, our directors, officers, employees or agents that may arise or occur as a result thereof. In no event will we be liable to you for any consequential, incidental or special damages under or relating to this Agreement. We will not be responsible to you in the event of error, failure, negligence or misconduct on the part of any intermediary, trading advisor, or other person acting on your behalf and, without limitation, we have no obligation to investigate the facts surrounding any transaction in your account which is introduced by such intermediary, trading advisor, or other person. In addition to any other agreement to indemnify us or any other party set forth in this

Agreement or in any other agreement, you agree to indemnify us and hold us harmless from and against any and all liabilities, penalties, losses and expenses, including legal expenses and attorneys' fees, incurred by us as a result of any error, failure, negligence or misconduct on the part of any such intermediary, trading advisor or other person acting on your behalf. We shall only be liable for actions or inactions by us which amount to gross negligence or willful misconduct.

## 11. TELEPHONE CONVERSATIONS

For the protection of both you and us, and as a way of correcting misunderstandings, you hereby authorize us, at our discretion and without prior notice to you, to monitor and/or record (with or without tone warning devices) any or all telephone conversations between you and any of our employees or agents. You waive any right you may have to object to the admissibility of such recording into evidence in any legal proceeding between us or in any other proceeding to which we are a party and our records are subpoenaed.

## 12. MAKING DELIVERY; LIQUIDATION INSTRUCTIONS

(a) You must give us liquidating instructions on open positions maturing in a current delivery month at least five (5) business days prior to the first notice day in the case of long positions and, in the case of short positions, at least five (5) business days prior to the last trading day. Alternatively, you must deliver to us sufficient funds to take delivery or the necessary delivery documents within the same periods described above. If we receive neither instructions, funds nor documents, we, without notice, may either liquidate your position or make or receive delivery on your behalf upon such terms and by such methods which we deem reasonable.

(b) If at any time you fail to deliver to us any property previously sold by us on your behalf or fail to deliver property, securities or financial instruments in compliance with futures contracts, or we shall deem it necessary (whether by reason of the requirements of any exchange, clearing house or otherwise to replace any securities, financial instruments, or other property previously delivered by us for your account with other property of like or equivalent kind or amount, you authorize us in our judgment to borrow or to buy any property necessary to make delivery thereof or to replace any such property previously delivered and to deliver the same to such other party to whom delivery is to be made. We may repay subsequently any borrowing thereof with property purchased or otherwise acquired for your Account. You shall pay us for any cost, loss and damage form the foregoing (including consequential damages, penalties and fines) which we may be required to incur or which we may sustain from our inability to borrow or buy any such property.

(c) Absent customer instructions to the contrary, expiring at or in-the-money long options will be exercised or abandoned pursuant to applicable Transaction Facility rules, and short options will be assigned futures positions pursuant to applicable Transaction Facility practices. You should not assume that an expiring out-of-the-money short option will be abandoned, as it is the buyer's right to exercise at any level. Notwithstanding the foregoing, we shall not have any obligation to exercise any long option contract unless you have furnished us with timely exercise instructions and sufficient initial margin with respect to each underlying contract. If we sell any property at your direction and you fail for any reasons to supply us with such property, we may (but shall not be obligated to) borrow or buy for you any property necessary to make such delivery. Under no circumstances shall we be obliged to make any payment or delivery to you except against prior receipt of payment or delivery by you of monies or other property requested by us. You shall be

## 13. GOVERNING LAW; JURISDICTION AND VENUE; SERVICE OF PROCESS; LIMITATION ON ACTIONS;WAIVER OF JURY TRIAL

In order to induce us to accept this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, you hereby agree to the following:

(a) This Agreement is made, upon acceptance by us, in the State of Illinois, and shall be governed by, and the rights and liabilities of the parties, except as otherwise expressly stated herein, shall be determined in accordance with, the laws of the State of Illinois, without regard to any of its conflicts of laws principles or rules, by the laws of the United States and, where appropriate, by other Applicable Law.

(b) All actions or proceedings, whether initiated by you or us, with respect to any controversy arising out of or related to this Agreement, shall be litigated only in courts whose situs is in the State of Illinois. You hereby submit to the jurisdiction of the United States District Court of the Northern District of Illinois, Eastern Division, and any other court of competent jurisdiction whose situs is in Chicago, Illinois. If you bring any arbitration (including, but not limited to, NFA arbitration), administrative or reparations proceedings against us, you hereby authorize and direct such arbitrators, administrative law judges, or judgment officers to hold any such proceedings in Chicago, Illinois. You hereby waive any right you may have to transfer or to change the venue of any litigation you may bring against us, or to move that such litigation is brought in an inconvenient forum or that forum is improper.

(c) You agree to accept court service of process by registered or certified mail addressed to you at the address you provided in your Customer Account Application, or to such other addresses as you have supplied to us in writing, and such service shall constitute personal service of process, subject to the provisions of CFTC Regulation 15.05 with respect to non-United States persons.

(d) **You shall not bring any action, regardless of form, arising out of or relating to this agreement or transactions hereunder more than one year after the cause of action arose, provided, however, that any action brought under the provisions of Section 14 of the Commodity Exchange Act may be brought at any time within two years after the cause of action accrues.**

(e) **You hereby waive any right you may have to a trial by jury.**

## 14. WAIVER, ASSIGNMENT AND NOTICES

Neither our failure to insist at any time upon strict compliance with this Agreement or with any of the terms hereof nor any continued course of such conduct on our part shall constitute or be considered a waiver by us of any of our rights or privileges hereunder. We may assign this Agreement and your Account upon notice to you. Any assignment of your rights and obligations hereunder or interest in any Collateral held by or through us without obtaining the prior written consent of an authorized representative of ours shall be null and void. Notices or other communications, including margin calls, delivered or mailed, including by facsimile or electronic transmission, to the address provided by you, shall, until we have received notice in writing of a different address, be deemed to have been personally delivered to you as of the date and time of transmission. Notices

or other communications shall be provided to us in writing at the address set forth in Section 8 of this Agreement.

## 15. CLEARANCE ACCOUNTS; GIVE UPS

If your Account has been introduced to us by another broker, that broker is acting as your agent and that broker in this relationship is not an agent of or affiliated with us. You agree that your broker and its employees are third-party beneficiaries of this Agreement. Unless we receive from you prior written notice to the contrary, we may accept from such other broker, without any inquiry or investigation: (a) orders for the purchase or sale of Contracts, on margin or otherwise; and (b) any other instructions concerning your Account or the Collateral therein. **You understand and agree that by agreement with your broker we may pay a substantial portion of the brokerage commissions charged to your Account to your broker in consideration of introducing and servicing your Account. You further understand and agree that our role is limited to execution, clearing and bookkeeping for transactions made pursuant to instructions from you or your broker, and we generally will not inquire into the circumstances surrounding any transaction for your Account. We are not responsible for any acts or omissions of any independent introducing broker, including, but not limited to, sales practices, trading practices or recommendations. You agree to look solely to your independent introducing broker for redress of any loss or damage arising out of circumstances other than our own gross negligence or willful misconduct in the execution, clearance or bookkeeping of transactions for your Account.**

Absent a separate written agreement with you with respect to give-ups, we, in our discretion, may, but shall not be obligated to, accept from other brokers Contracts executed by such brokers for you and to be given up to us for clearance or carrying in an Account.

## 16. RESTRICTIONS

You understand that we may decline to accept any order, or restrict or prohibit trading in, or close, your Account for any reason whatsoever. **Without limiting the foregoing, we may, in our sole discretion, refuse to allow you to make or take delivery in your Account.** You acknowledge that we may, from time to time, place an Account in which there is no trading on inactive status and you agree to provide whatever information we may require upon your request to reactivate any such inactive Account.

## 17. CREDIT INFORMATION AND INVESTIGATION

You authorize us and, if applicable, your broker, to make and obtain reports concerning your identity, credit standing and business conduct.

## 18. LEGALLY BINDING

This Agreement shall be binding upon the parties hereto and their respective successors and assigns, and supersedes any prior agreements between the parties with respect to the subject matter hereof. You further agree that all purchases and sales shall be exclusively for your Account in accordance with your oral or written instructions or those of any party authorized to enter orders on your behalf. You hereby waive any and all defenses that any such instruction was not in writing as may be required by the statute of frauds or any similar law, rule or regulation.

## 19. AMENDMENT

You agree that we may modify the terms of this Agreement at any time upon notice to you, including notice by electronic means, provided you trade through us electronically or have agreed to receive confirmations and statements from us electronically. If you trade through us electronically or have agreed to receive confirmations and statements from us electronically, you further

agree that any communications concerning your Accounts or services provided by us, including legal notices and agreements, may be sent to you via electronic mail. By continuing to trade through us, you signify your acceptance of the terms of such communication. If you do not accept the terms of such communication, you must notify us thereof in writing as provided in Section 8 above (including by electronic means, if applicable) and your Account may then be terminated, but you will still be liable thereafter to us for all remaining liabilities and obligations. Otherwise, this Agreement may not be waived or modified absent a written instrument signed by an authorized representative of ours. No oral agreements or instructions purporting to amend this Agreement will be recognized or enforceable.

## 20. SEVERABILITY

If any provision hereof is or should become or be deemed to be inconsistent with any present or future law, rule or regulation of any court, arbitral body, sovereign government or regulatory body having jurisdiction over the subject matter of this Agreement, such provision shall be deemed to be rescinded or modified in accordance with any such law, rule or regulation. In all other respects, this Agreement shall continue to remain in full force and effect.

## 21. ADDITIONAL RIGHTS AND REMEDIES

The rights and remedies granted herein to us are in addition to any other rights and remedies provided to us in any other agreement you may have with us, and you hereby appoint us as your agent to take any action necessary to perfect ourselves with respect to the security interest granted to us in this Agreement.

## 22. AUTHORITY

You represent that this Agreement has been duly authorized and executed by you, and that you have full power and authority to trade the Contracts. You further represent to us that, if you are employed in the financial services industry or by any Transaction Facility or self-regulatory agency or organization, you will obtain or have obtained all necessary consents to open this Account and will provide us with written proof of such consent.

## 23. CUSTOMER'S REPRESENTATIONS AND WARRANTIES

You represent to us that all information supplied by you in connection with the opening of your Account is accurate and complete and that we are legally entitled to rely on such information, and you agree to report immediately to us any material change in such information. In particular, you understand that all transactions effected for your Account are at your risk, and that you are solely liable therefor under all circumstances. You agree to inform us immediately if you cease to be willing or financially able to sustain such losses. You further represent, warrant and covenant to us that: (i) transactions entered into pursuant to this Agreement will not violate any Applicable Law, judgment, order or agreement to which you or your property is subject or by which you or your property are bound; (ii) except as disclosed in writing to us, you are acting solely as principal and not as agent for any other party and no other person or entity has any interest in the Account; and (iii) you have reviewed the registration requirements of the CEA, CFTC and NFA relating to commodity pool operators and commodity trading advisors and have determined that you and any person that has trading authority or control over your Account are in compliance with such requirements. In entering into this Agreement and opening the Account, we are relying on your representations, warranties and covenants contained in this Agreement and you will immediately notify us of any material changes to the accuracy thereof.

## 24. CURRENCY EXCHANGE RISK; NON-U.S. FUNDS

You shall bear all risk and cost in respect of the conversion of currencies incident to transactions effected on behalf of you pursuant hereto. Unless otherwise specified in the reports sent to you with respect to your Contracts and Accounts, all margin deposits in connection with any Contracts, and any debits or credits to your Account(s), shall be stated in U.S. Dollars. By placing an order in a Contract settled in a particular currency (the "Contract Currency"), you agree to convert to the Contract Currency funds sufficient to meet the applicable margin requirement. Any conversions of currency shall be at a rate of exchange determined by us in our sole discretion based on prevailing money market rates of exchange for such currencies.

## 25. INFORMATION AND POSITIONS

Any information on the market or on matters incidental to the operation of any of your Accounts or the nature of any of the Contracts provided by us is solely incidental to the conduct of our business as an FCM. We make no representation as to the accuracy, completeness or reliability of any such information. We and our directors, officers and employees may take, hold or liquidate positions in, or provide such information to other customers with respect to, Contracts that are the subject of such information furnished by us to you, and such other positions and/or information may be inconsistent with the positions held by you or information given to you.

## 26. CFTC REGULATIONS

You acknowledge that you are aware that CFTC Regulation 1.35(a-2)(2) requires you to create, retain and produce upon the request of the CFTC, the United States Department of Justice and the applicable Transaction Facility, documentation of cash transactions underlying EFP, EFS, EFR or EFO transactions and, if you effect any such exchange of futures, you will comply with Regulation 1.35 (a-2)(2). If you are a non-United States person, you acknowledge that: (a) CFTC Regulation 15.05 designates us as the agent of foreign brokers, customers of foreign brokers, and foreign traders for certain purposes; and (b) CFTC Regulation 21.03 authorizes the CFTC to request, when unusual market circumstances exist, certain Account information from us as well as foreign brokers and traders, and you agree to provide such information upon such request.

## 27. ONLINE SERVICES; ELECTRONIC STATEMENTS; ELECTRONIC SIGNATURES

If we provide you with access to online brokerage service facilities, you must agree to the terms of the "Electronic Order Entry and Account Access Agreement," provided under separate cover, the terms and conditions of which are incorporated in this Agreement as if set forth herein.

## 28. CONSENT TO CROSS TRANSACTIONS

This consent is being provided in order to comply with exchange rules regarding cross trade procedures and the execution of trades in which a floor broker or brokerage firm may be directly or indirectly involved as a principal to a transaction on any exchange that, from time to time, adopts rules requiring customer consent for these transactions. Customer hereby consents that MF Global, its agents, or floor brokers handling MF Global orders, may, without prior notice, execute Customer's orders in which MF Global, its directors, officers, employees, agents, or the floor broker, may directly or indirectly, become the buyer to Customer's sell order or the seller to Customer's buy order, provided that such executions are made in accordance with exchange rules and any applicable provisions of the Commodity Exchange Act or regulations of the Commodity Futures Trading Commission. This consent shall be continuous and remain in effect until revoked in writing by Customer.

## 29. HEADINGS

The headings of the sections hereof are for descriptive purposes only and shall not modify or qualify any of the rights or obligations set forth in such sections, or in any way limit the applicability of or affect the meaning of any such provisions.

## 30. U.S. FUTURES EXCHANGE

You should be aware that the Company's parent company has an ownership interest in U.S. Futures Exchange and that the company salespeople receive additional compensation for transactions executed on U.S. Futures Exchange. This additional compensation does not result in any charge to your account.

## 31. CUSTOMER ACKNOWLEDGMENTS; PLEASE INITIAL APPROPRIATE CLAUSE(S) BELOW:

(a) **RISK DISCLOSURE ACKNOWLEDGMENT:**
Customer hereby acknowledges that Customer has received the Disclosure Statement prescribed by the CFTC and furnished herewith. Customer understands that we are relying on Customer to familiarize itself with any disclosure in MF Global's booklet(s) that is or may become applicable to Customer's trading.

‾‾‾‾‾     ‾‾‾‾‾
Initial     Initial

(b) **CONSENT TO ELECTRONIC TRANSMISSION OF ACCOUNT STATEMENTS (OPTIONAL):**
Customer hereby consents to our sending to Customer daily and monthly confirmation and purchase and sale statements ("Statements") relating to Customer's Account(s) by electronic media rather than by hard copy mailing. Customer understands that if Customer does not elect to receive statements electronically, Customer will be charged for receiving statements by hard copy mail. Customer may revoke this consent at any time upon written notice to us.

‾‾‾‾‾     ‾‾‾‾‾
Initial     Initial

Customer wishes to receive electronic transmission of Customer's Statements via email at:

_____    _____
_____    _____

(c) **ELECTRONIC ORDER ENTRY AND ACCOUNT ACCESS AGREEMENT:** Customer hereby agrees to be bound by the terms of the Electronic Order Entry and Account Access Agreement provided under separate cover.

_____  _____
Initial  Initial

Location of terminals:
_401- 9th Avenue S.W._
_Calgary, AB  T2P 2H7_

Customer acknowledges that this is a contractual agreement. Customer has read it carefully and, by signing, agrees to be bound by every term and condition, including the consents relating to jurisdiction, venue, service and limitations on actions set forth in Section 13 hereof. No modification of this Agreement is valid unless accepted by us in writing as provided in Section 19 hereof.

Signature _____ Printed _DAVID A - NICKS_ Title _VICE PRESIDENT, GAS & POWER MARKETING_ Date _Oct 23/08_

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Unless you have included a document designating an authorized signatory, then
- IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN.
- IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

If Customer has downloaded a full set of the Account documents from our website and is submitting a paper copy to us, Customer represents to us that Customer has not made any alterations or deletions to this Agreement or any such documents from the original forms posted on our website, and Customer acknowledges that in the event of any discrepancies, said original forms shall govern Customer's Account relationship with us.

*PLEASE BE CERTAIN YOU HAVE INITIALED OR CHECKED ALL APPROPRIATE ELECTIONS ABOVE AND THAT YOU HAVE FULLY COMPLETED THE ABOVE SIGNATURE BLOCK.*

# MEMBER INFORMATION SHEET

**INDIVIDUAL EXCHANGE MEMBER**

If the customer is an individual exchange member, the following information should be provided for each exchange to which the customer belongs:

1. Name of Exchange _____

2. Type of Membership _____

3. User ID (if known) _____

4. Auto Trading System _____

5. Tag 50 ID (CME) _____

**FIRM MEMBER**

If the customer is an entity, the following information must be provided for each individual trader that the entity will authorize to trade on its behalf:

1. Name of Exchange _____

2. Type of Membership _____

3. User ID (if known) _____

4. Auto Trading System _____

5. Tag 50 ID (CME) _____

6. Trader's Name _____

7. Trader's DOB _____

8. Trader's SS# _____

9. Trader's Location (U.S. or non) _____

    (Add additional sheet if necessary)

# INTERNAL REVENUE CODE SUBSTITUTE FORM W-9

Social Security Number _ _ _ - _ _ - _ _ _ _          Federal Employer ID Number _ _ - _ _ _ _ _ _ _

Legal Account Name: _CONOCOPHILLIPS CANADA MARKETING & TRADING ULC_

If you have NOT furnished MF Global with your taxpayer identification number (usually your Social Security number) and do NOT sign below, MF Global must generally withhold 20% of certain income from your account. I hereby certify under penalties of perjury that I am not subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code.

Signature: _[signature]_          Date: _Oct. 23|08_

**Please note that all required regulatory information reporting applicable to activity within this account (including Internal Revenue Service reporting) will be submitted with the legal name and Federal Tax Identification Number stated above.**

The U.S. Internal Revenue Service (IRS) requires that all non-U.S. clients complete IRS Form W-8 certifying their non-U.S. status. You may access the IRS Forms on our secure website by typing the following web address in the Internet address window at the top of your computer screen: **HTTPS://TAXFORMS.MFGLOBAL.COM.** (As this site is for the exclusive use of MF Global customers, a search engine, such as Google, will not find this address.)

# CORPORATE RESOLUTIONS

I,_____

do hereby certify that I am the duly elected and acting Secretary of_____(the "Corporation"), a corporation duly organized and validly existing under the laws of _____, and I do further certify that the following resolutions were duly adopted by the Board of Directors of the Corporation in accordance with applicable statutes and the Corporation's charter and by-laws, and that such resolutions have not been amended, rescinded, or revoked, and are now in full force and effect.

**WHEREAS**, the Corporation has full corporate power and authority under its charter, by-laws and the laws of its domicile to enter into contracts for the purchase, receipt, sale (including short sale) and delivery of, whether directly or indirectly through investments in managed investment products or otherwise, cash commodities, commodity futures, security futures, options and forward contracts thereon and interests therein (including, but not limited to, exchange-for-physical, exchange-for-swap, exchange-for-risk and exchange-for-option transactions), foreign futures and options, securities, and foreign currencies (collectively "Contracts").

**NOW, THEREFORE, IT IS RESOLVED AS FOLLOWS:**

**RESOLVED**, that it is in the best interest of this Corporation to engage in trading and otherwise dealing in Contracts; and it is

**FURTHER RESOLVED**, that the Corporation is hereby authorized to open and maintain, on margin or otherwise, one or more accounts (the "Account") with MF Global Inc. and its affiliates (collectively the "Company"); and it is

**FURTHER RESOLVED**, that any Agent (as described below) be, and hereby is, authorized and empowered to give written or verbal instructions to the Company to buy or sell (including the power to sell "short") Contracts, and at all times shall have the authority to bind and obligate the Corporation with respect to any matter which is, in any way, related to the establishment and maintenance of the Account, including, but not limited to, the authority to settle, compromise, adjust and give releases; and it is

**FURTHER RESOLVED**, that, in order to induce the Company to act as broker on behalf of the Corporation, the opening and maintenance of the Account with the Company and its successors and assigns and the execution and delivery of the Risk Disclosure Statement Acknowledgments, Customer Agreement and any other document related to the opening or maintenance of the Account (collectively "Agreements") is hereby authorized and the President or any Vice President of the Corporation or_____ (collectively, the "Agents") is hereby directed to execute such Agreements, and any amendments thereto, by and on behalf of the Corporation and to deliver the same to the Company, the Corporation hereby ratifying all action of any of the Agents taken with regard to the Account; and it is

**FURTHER RESOLVED**, that the Company is authorized to register any securities in the Account in street name or in such other name as the Company or any of the Agents should deem advisable and to receive for the Account any and all cash, checks, securities or other property delivered to it by any person, firm or corporation for the Account of the Corporation; and it is

**FURTHER RESOLVED**, that the Agents be and each of them hereby is authorized and empowered to withdraw any and all monies, securities, or other property from time to time carried in any Accounts of the Corporation or to direct the delivery or payment thereof to any person, firm or corporation designated by any of the Agents, and the Company is hereby authorized to follow any and all instructions from each of the Agents as to the transfer and/or delivery of any such money, securities or other property and with respect to any transaction on behalf of the Account; and it is

**FURTHER RESOLVED**, that it is the intention of the Corporation to give the Agents, and each of them, the broadest possible power with respect to the Accounts; and the Corporation agrees to hold the Company harmless against any and all claims, liabilities or expenses (including attorney's fees) that may arise by reason of its following any directions, instructions and orders given to it by any of the Agents in respect of the Account; and it is

**FURTHER RESOLVED**, that all confirmations of transactions for the Accounts and all notices shall be delivered by the Company in writing or verbally to _____, his successor or any other person designated in his stead, and such person is or will be someone other than a person authorized to purchase or sell Contracts for or in the name of the Corporation.

In addition, in order to induce the Company to accept the Account in the name of this Corporation, this Corporation represents, warrants and agrees as follows:

(a) In the event the foregoing resolutions are rescinded or amended at any time, or any of the representations and warranties in the Customer Agreement cease to be true and correct at any time, the Corporation will promptly notify the Company at the address for notices set forth in the Customer Agreement.

(b) The Corporation has not and will not solicit or accept any monies or other property of any kind or nature whatsoever from any person or entity for speculating or trading in Contracts.

(c) The Corporation agrees to indemnify and hold the Company, its successors and assigns harmless against and from any loss, expense, damage or liability incurred because any of the above representations or warranties shall, at any time, not be true and correct or the above Agreements shall not have been fully performed by the Corporation.

**[ SIGNATURES ON NEXT PAGE ]**

15

I hereby certify that each of the following officers has been duly elected and authorized to execute this Agreement on behalf of the Corporation and that the signatures below are genuine signatures.

**President**
Full Name _____
Signature _____

**Vice President**
Full Name _____
Signature _____

**Title** _____
Full Name _____
Signature _____

**Title** _____
Full Name _____
Signature _____

I, in my capacity as _____ Secretary of the Corporation, hereby certify that the foregoing is a full, true and correct copy of the resolutions duly adopted by the Board of Directors of the Corporation in accordance with applicable statutes and the Corporation's charter and by-laws; that said resolutions appear in the records of the Corporation; and that such resolutions have not been rescinded or modified and are now in full force and effect.

Secretary's Signature _____ Date_____

(AFFIX CORPORATE SEAL)

# LIMITED LIABILITY COMPANY RESOLUTIONS

The undersigned being the manager (or managing members) of _____, a limited liability company formed under the laws of the State of _____ ("Company"), do hereby certify that the following resolutions were, or hereby are, duly adopted in accordance with the procedures set forth in the limited liability agreement of the Company and that said resolutions have not been amended, rescinded or revoked, and are in no way in conflict with any of the provisions of the Company's limited liability agreement.

**RESOLVED:** That _____,
name and title
and/or _____
name and title
and/or _____
name and title
of this Company be and is hereby authorized to trade and effect transactions in Futures Contracts ("Contracts") for the account and risk of this Company, including without limitation the power to do any and all of the following:

a)  To buy, sell, sell short, and trade in Contracts on margin or otherwise (this includes transactions on the Foreign Interbank Market);

b)  To deposit and withdraw from MF Global Inc. ("MF Global"), money, commodities, contracts for the purchase or sale of Contracts, checks and other negotiable instruments, securities and other property of this Company;

c)  To receive and acquiesce in the correctness of notices, confirmations, requests, demands and communications of every kind;

d)  To enter into a Customer Agreement (and all related account documents) with the aforesaid firms;

e)  To settle, compromise, adjust and give releases with respect to any and all claims, demands, disputes and controversies; and

f)  To make agreements and take any other action relating to any of the foregoing matters.

This enumeration of specific authority shall not in any way limit or affect any other authority, which the named officials might otherwise have.

**RESOLVED:** That any and all past transactions of any kind herein authorized, which may have been heretofore had on behalf of this Company through or with MF Global be, and hereby are, ratified;

**RESOLVED:** That MF Global is authorized to act upon the authority of these resolutions until receipt by MF Global of a writing showing revision or modification thereof signed by the manager (or managing members) that MF Global is also authorized to recognize and deal with the representatives of this Company whose names are set forth in a writing signed by the manager (or managing members) of this Company, until receipt by MF Global of a further certificate setting forth the names of another person or persons as such officers;

**RESOLVED:** That the above named representatives shall specifically have the authority to enter into a third-party Power of Attorney, if desired; and

**RESOLVED:** That confirmations of transactions entered into pursuant to this authorization shall be sent to the following persons at the business address of this Company.

Insert name of person other than person(s) authorized above, (unless there is no other such person) _____

I further certify that the Company is duly organized and existing and, pursuant to its certificate of formation and limited liability company agreement, has the power to effect the transactions and to take all actions as recited in these resolutions. Furthermore, MF Global may rely on this certification in establishing and maintaining accounts for the Company.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name on behalf of the Company.

X _____            _____
Signature of Manager (or managing members)            Date

X _____            _____
Signature of Manager (or managing members)            Date

X _____            _____
Signature of Manager (or managing members)            Date

# PARTNERSHIP OR LLP AUTHORIZATION

In consideration of MF Global Inc. and its affiliates (the "Company") carrying one or more accounts (the "Account") in the name of _____(the "Customer") which is a duly organized (a) partnership of which each of the undersigned is a general partner or (b) limited liability partnership ("LLP") of which each of the undersigned is an authorized partner, the undersigned jointly and severally agree that each of the following named persons, to wit, _____, _____, _____, _____ , shall have authority on behalf of the Customer Account to enter into contracts for the purchase, receipt, sale (including short sale) and delivery of, whether directly or indirectly through investments in managed investment products or otherwise, cash commodities, commodity futures, security futures, options and forward contracts thereon and interests therein (including, but not limited to, exchange-for-physical, exchange-for-swap, exchange-for-risk and exchange-for-option transactions), foreign futures and options, securities and foreign currencies (collectively "Contracts") on margin or otherwise; to receive on behalf of the Customer Account demands, notices, confirmations, reports, statements of Account and communications of every kind, money, securities and property of every kind, and to dispose of the same; to make on behalf of the Customer Account agreements relating to any of the foregoing matters and to terminate or modify the same or waive any of the provisions thereof; and to deal generally with the Company on behalf of the Customer Account as fully and completely as if he/she alone were interested in said Account. The foregoing enumeration of authority shall not in any way limit or affect any other authority which any partner may have.

The undersigned shall be jointly and severally liable to the Company for any and all obligations arising out of transactions herein authorized and shall immediately indemnify and hold harmless the Company from and against any and all claims, losses and liabilities which may arise in connection with the Customer's Account, and any and all liability the Company may incur as a result of acting in accordance with the instructions of the undersigned, including attorneys' fees and costs, and agree (1) that any individual property of any of the undersigned that is held by the Company is subject to a security interest in the Company's favor to secure any amounts owing in the Customer's Account and (2) that the Company has the right, but not the obligation, to liquidate and apply the proceeds of such other property to the Customer's Account.

The undersigned further authorize the Company in the event of death or retirement of any of the undersigned or the termination of the Customer, to take such proceedings, require such papers, retain such portion of or restrict transactions in said Account as the Company in its sole discretion may deem advisable to protect it against any liability, penalty or loss. The Customer further agrees that in the event of the death or retirement of any of the undersigned, the remaining general partners or partners, as the case may be, will immediately cause the Company to be notified of such fact.

The authority herein granted is in addition to any other authority given to the Company by any or all of the undersigned and is a continuing one and shall remain in full force and effect until the Company shall receive at its offices written notice of revocation or modification hereof. The Company may terminate this agreement by written notice to any of the undersigned.

In the case of a general partnership or LLP, no partners will be added to or deleted from the partnership unless the Company is notified at least ten (10) days in advance of such addition or deletion. Additionally, the undersigned agree and are fully aware that in the event a new partner is admitted to the partnership, then such new partner shall not appear on the books and records of the Company as having any interest in the Account of the partnership, nor shall such partner acquire any interest in the Account of the partnership until all Account forms that the Company requests to be executed by such new partner are executed, received and approved by the Company. In the case of a limited partnership not registered as a commodity pool with the CFTC, the undersigned 1) agree that no new general partners shall be admitted or acquire any interest in the partnership without prior written notice to the Company; and 2) represent and warrant that no money or other property has been or will be solicited from any third party for trading in the Account without prior written consent from the Company.

Neither the Company nor any of its employees have engaged in the formation or operation of the Customer nor shall the Company or any of its employees be held in any way responsible for the operation or management of the Customer's activity other than acting solely as the broker for its Account as set forth in the terms of the Customer Agreement. Each partner of the Customer is aware of and understands the substantial risks associated with trading and investing in Contracts. Each of the undersigned affirms that each of the partners have been fully apprised of the risks of trading Contracts.

Each of the undersigned represents and warrants that the Customer has full power and authority under its constitutive documents to engage in the trading activities anticipated by the Customer under this agreement. Each of the undersigned shall regularly review transaction statements and month-end statements so as to carefully monitor the activity and status of the Customer's Account, and each of the undersigned shall regularly provide such reports to its respective partners or members. Each of the undersigned will promptly notify the Company in writing of any change of the Customer's status, material or otherwise.

_____    _____
General Partner or LLP Partner                                    Date

_____    _____
General Partner or LLP Partner                                    Date

_____    _____
General Partner or LLP Partner                                    Date

_____    _____
General Partner or LLP Partner                                    Date

# FIDUCIARY CERTIFICATION
**(For Trusts, Pension Plans, Profit Sharing Plans, IRAs and Other Accounts with Fiduciaries)**

In consideration of MF Global Inc. and its affiliates (the "Company") carrying one or more accounts (the "Account") in the name of the below referenced client (the "Customer"), which is a trust, pension or profit sharing plan ("Plan"), estate, individual retirement account ("IRA") or other entity for which the undersigned has fiduciary powers, the undersigned fiduciary or fiduciaries, jointly and severally, certify to the Company as follows:

1. There are no fiduciaries with authority or control over management or disposition of the Customer's assets that are invested in the Account, other than the persons named below. If only one person is named below, this certification constitutes a representation that the person named is the sole fiduciary of the Customer with authority or control over management or disposition of the Customer's assets that are invested in the Account.

2. The undersigned has the authority, on behalf of the Customer, to make investment and trading decisions contemplated by the Company's Customer Agreement ("Customer Agreement"), and, in making such investment and trading decisions, is not relying upon any advice from the Company.

3. The undersigned has read the Customer Agreement and represents and warrants that the Customer has full power and authority under the constitutive and operating documents of the Customer and under applicable law to engage in the transactions anticipated under the Customer Agreement, and has full power under the operating documents of the Customer to cause Customer to enter into the transactions anticipated under the Customer Agreement.

4. The Company (i) has no authority to exercise, and has not exercised, any investment discretion or control with respect to Customer's decision to open the Account or enter into transactions anticipated under the Customer Agreement and (ii) has no authority or responsibility to give, and has not given, individualized investment advice with respect to Customer's decision to open the Account or enter into transactions anticipated under the Customer Agreement.

5. The undersigned, on behalf of the Customer, has investigated the risk of trading Contracts (as that term is defined in the Customer Agreement) and other transactions anticipated under the Customer Agreement, and the undersigned and the Customer fully understand the fees, tax and other legal considerations of such transactions and that such transactions may have a high degree of risk.

6. If the Customer is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), the undersigned has considered the obligations and requirements of ERISA, including prudence and diversification, with respect to trading Contracts and the other transactions anticipated under the Customer Agreement, and if the Customer is not subject to ERISA, the undersigned has considered the obligations and requirements of any applicable law governing the investment of the Customer's assets with respect to trading Contracts and the other transactions anticipated under the Customer Agreement.

7. The Customer's opening of the Account will not result in or constitute a "prohibited transaction" under Section 406 of ERISA or Section 4975 of the Code or any similar provision of applicable law, for which an exemption is not available, and the undersigned will not enter into any transaction using assets of the Account that will result in or constitute a "prohibited transaction" under Section 406 of ERISA or Section 4975 of the Code or any similar provision of applicable law, for which an exemption is not available.

8. If the Customer is an IRA, the undersigned acknowledges and agrees that the Account does not constitute an IRA custodial account for purposes of Section 408 of the Code, and the undersigned must maintain a qualifying IRA custodial account for any IRA assets held in the Account, and any transfer of IRA assets to the Account may result in a taxable distribution to the IRA owner (and any applicable fines or penalties) if a qualifying IRA custodial account is not so maintained.

In no event shall the Company have any responsibility or authority to make, or to advise the Customer or the undersigned, as to any of the above representations.

By signing this Agreement, the undersigned agrees, on behalf of the undersigned and all current and future beneficiaries of the Customer, jointly and severally, to indemnify, protect and hold harmless the Company and its directors, officers, shareholders, employees and affiliates for any liability which may be imposed on us, including, but not limited to, under Section 409 of ERISA or Section 4975 of the Code or other applicable law by reason of any breach of any representation or warranty under this Certification, or failure of any such acknowledgment, agreement or understanding to be true and correct, including all costs and expense (including attorneys' fees) incurred by us in defending against the foregoing.

The undersigned agrees to inform the Company in writing of any amendments to the operating documents of the Customer or any changes in fiduciaries or any other event which could alter any certification, representation or warranty made herein. Subject to any such notice, the Company may conclusively rely upon the certifications, representations and warranties made herein.

Name of Customer: _____ Date: _____

By: _____

(all fiduciaries must sign) _____

_____

Administrator or Custodian: _____

# DISCRETIONARY TRADING AUTHORIZATION / POWER OF ATTORNEY

The undersigned hereby authorizes_____
as the undersigned's agent and attorney-in-fact (the "Advisor"), and revokes all prior powers of attorney relating to the undersigned's account at MF Global Inc., with full power and authority to enter into contracts for the purchase, receipt, sale (including short sale) and delivery of, whether directly or indirectly through investments in managed investment products or otherwise, cash commodities, commodity futures, security futures, options and forward contracts thereon, and interests therein (including, but not limited to, exchange-for-physical, exchange-for-swap, exchange-for-options and exchange-for-risk transactions), securities, foreign futures and options and foreign currencies (collectively, "Contracts") on margin or otherwise, in one or more accounts (collectively, the "Account") opened by and maintained with MF Global Inc. and its affiliates (the "Company") in the undersigned's name and on the undersigned's behalf.

In all such transactions, as well as management decisions relating to the Account, the Company is hereby authorized to follow the instructions of the Advisor; the Advisor is authorized to act on behalf of the undersigned in the same manner and with the same force and effect as the undersigned might or could act with respect to such transactions and the making and taking of deliveries, as well as and with respect to all other things necessary or incidental to the furtherance and/or conduct of the Account.

The Company shall have no liability for following the instructions of the Advisor, including but not limited to any instruction to aggregate (or bunch) orders of the undersigned with orders for or on behalf of the Advisor's other clients, and the undersigned shall never attempt to hold the Company liable for the Advisor's actions or inactions. The undersigned understands that the Company does not, by implication or otherwise, endorse the operating methods of such Advisor. The undersigned hereby releases the Company from any and all liability to the undersigned or to anyone claiming through the undersigned with respect to any damages, losses or lost profits sustained or alleged to have been sustained as a result of the Company following the Advisor's instructions or for any matter arising out of the relationship between the Advisor and the undersigned and shall, in addition to any other indemnity provided to the Company by the undersigned, indemnify the Company from any and all losses, damages, liabilities and expenses, of any kind or nature whatsoever, arising therefrom. The undersigned also agrees to hold the Company harmless and to indemnify it as to any expense, damage or liability (including attorneys' fees) sustained by it with respect to any and all acts and practices of the Advisor and attorney-in-fact regarding this Account, including all losses arising therefrom and debit balance(s) due thereof.

This authorization is a continuing one and shall remain in full force and effect until revoked by the undersigned, or by an authorized person on his/her/its behalf, by written notice given to the Company to the attention of the Compliance Department. Such revocation shall become effective only upon the actual receipt thereof by the Company but shall not affect any liability in any way resulting from transactions initiated prior to its receipt. This authorization shall inure to the benefit of the Company, its successors and assigns. The provisions hereof shall be in addition to and in no way shall it limit or restrict any right that the Company may have under any agreement with the undersigned.

All statements, notices, correspondence and the like generated in this Account shall be sent or given to the Advisor at the address shown for this Account and to the undersigned at the address indicated in the Customer's Account documents, and to such other person or address as the undersigned may hereafter designate in writing. The undersigned represents that the undersigned has been provided with a disclosure document concerning the Advisor's advice (if the delivery of such document is required by law), including any options trading advice or strategies, which the undersigned has read and understands, or the Advisor has furnished to the undersigned a written statement, receipt of which the undersigned acknowledges, and which the undersigned has read and understands and a copy of which has been furnished to the Company, explaining the Advisor's exemption from registration and disclosure document requirements of the United States Commodity Futures Trading Commission and National Futures Association.

The undersigned understands that there are many strategies that can be used in trading futures and options, some of which have unlimited risk of loss and could result in the undersigned sustaining a total loss of all funds in the Account and that the undersigned is liable for any deficit in the Account resulting therefrom. Customer acknowledges that Customer has had the opportunity to discuss with the Advisor the nature and risks of the strategy to be used in connection with futures and options to be traded for the undersigned's Account.Each of the undersigned hereby agrees to the terms and conditions as set forth in this Discretionary Trading Authorization/Power of Attorney.

Signature _____ Printed_____ Title_____ Date_____

Signature _____ Printed_____ Title_____ Date_____

Signature _____ Printed_____ Title_____ Date_____

Signature _____ Printed_____ Title_____ Date_____

IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN; IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP ACCOUNT, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

# LETTER OF AUTOMATIC TERMINATION

In the event my Account(s) with the Company are closed for any reason, the Company is authorized to consider this my letter of revocation of the Discretionary Trading Authorization/Power of Attorney required by the rules of the various contract markets.

Each of the undersigned hereby agrees to the terms and conditions as set forth in this Letter of Automatic Termination.

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN; IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP ACCOUNT, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

## FEE AUTHORIZATION

In addition, the Company is further authorized and directed to deduct from the undersigned's Account and pay the Advisor the amount of all management fees, incentive fees, advisory fees, referral fees, and/or brokerage commissions to be paid to the Advisor upon the Company's receipt of invoices from the Advisor. The undersigned understands that the Advisor is solely responsible for the calculation of such fees and commissions and that the Company has no responsibility or obligation to determine or verify the amount or accuracy of such fees and commissions. In addition, the undersigned acknowledges that it is responsible for the administrative give-up fees incurred in connection with the execution of orders by various independent floor brokers or executing brokers engaged by the Advisor and the undersigned authorizes the Company to deduct such fees from the undersigned's Account and pay such fees to the appropriate floor brokers or executing brokers upon receipt of their invoices. The undersigned hereby agrees to indemnify and hold harmless the Company and its affiliates and employees from any loss, damage or dispute arising out of or relating to the calculation and payment of such fees and commissions.

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN; IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP ACCOUNT, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

## AUTHORIZATION TO SEND DUPLICATE STATEMENTS TO SERVICE PROVIDERS OF THE ADVISOR (Optional)

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

# ADVISOR'S AGREEMENT

The undersigned ("Advisor"), named in the foregoing Discretionary Trading Authorization/Power of Attorney, has read the Customer Agreement between MF Global Inc. and its affiliates (the "Company") and _____ as Customer and agrees to abide by all the applicable terms and conditions set forth therein and further agrees to comply with all applicable law, rules and regulations.

Advisor acknowledges that it has been designated as Customer's agent and attorney-in-fact pursuant to the Discretionary Trading Authorization set forth above. In this regard, Advisor hereby represents and warrants to the Company that Advisor has reviewed the registration requirements, as amended from time to time, of the CEA, the CFTC, and the NFA relating to commodity trading advisors and is either appropriately registered with the CFTC and a member of the NFA or exempt or excluded from CFTC registration requirements for the reason indicated immediately below:

_____a) Advisor has provided advice to 15 or fewer persons during the past 12 months and does not hold itself out generally to the public as a CTA.

_____b) Advisor is a (1) dealer, processor, broker, or seller in cash market transactions or (2) nonprofit, voluntary membership, trade association, or farm organization, that provides advice on the sale or purchase of commodities, and any trading advice is solely incidental to the conduct of its business as such.

_____c) Advisor is registered as an associated person of the Company or of the Customer's introducing broker and provides advice solely in connection with Advisor's employment as an associated person.

_____d) Advisor is a relative of the Customer. Advisor's relationship to the Customer is _____.

_____e) Advisor is a foreign-based entity, located outside the United States, and Advisor only solicits or exercises discretionary trading authority over the accounts of non-U.S. persons.

_____i) Advisor is operating pursuant to the following exemption under CFTC Rule 4.14 (a)(8) (please provide a copy of the claim for relief filed with NFA pursuant to CFTC Rule 4.14(a)(8)(iii)).

_____j) Other (describe): _____

Advisor agrees promptly to give the Company written notice if any of the representations or warranties set forth above become inaccurate or in any way cease to be true, complete and correct.

Please check the applicable statement: Advisor
☐ has
☐ has not

furnished Customer with a disclosure document or brochure (whether required by applicable rules and regulations of the CFTC and NFA or otherwise). If Advisor has provided Customer with a disclosure document or brochure, Advisor must furnish a copy to the Company. If a disclosure document or brochure has not been furnished to Customer, please indicate below the reasons why. (If Advisor has claimed an exemption from providing a disclosure document pursuant to CFTC Rule 4.7, please provide a copy of the letter filed with NFA pursuant to CFTC Rule 4.7(d)).

If Advisor is a corporation, partnership or other type of association, attached is a list of all individuals of such Advisor who may exercise discretion over the Account.

_____          _____

_____          _____

_____          _____

_____          _____

The Company may rely on all instructions, whether verbal or written, received by it from such individuals with respect to any of the transactions referred to above without further inquiry until it receives written notice of a change from Advisor or Customer. Advisor hereby agrees to indemnify and hold the Company harmless from and to pay the Company promptly on demand any and all losses, damages, costs, injuries and expenses arising out of or in relation to any action taken or not taken by the Company in reliance upon any instruction, notice or communication given by Advisor or any agent of Advisor prior to receipt by the Company of written notice from Advisor that such agent is no longer so authorized.

Advisor's Name: (please print)_____

Advisor's Signature: _____Date:_____Tax ID or SS#_____

Street Address: _____

City:_____State:_____Zip:_____Phone Number:_____

Current Employer:_____Title:_____

Nature of Business:_____

Signature of Customer:_____

Signature of Customer:_____

**ELECTRONIC FILING NOT ACCEPTABLE;**
**ORIGINALLY EXECUTED DOCUMENT MUST BE SUBMITTED TO MF GLOBAL INC.**

# HEDGE ACCOUNT AGREEMENT AND INSTRUCTIONS

This notification is a continuing one and shall remain in force until canceled in writing by the undersigned ("Customer").

Customer hereby certifies that, except with prior notice to the contrary by Customer to MF Global Inc. ("MF Global"), all orders placed by Customer for the Account will represent bona fide hedging transactions as defined in CFTC Regulation §1.3(z). Customer agrees that prior to placing any order which is not a hedging transaction, Customer shall notify MF Global in writing and shall keep such contracts margined in accordance with the requirements of the Transaction Facility on or through which the orders are placed or as required by MF Global.

Customer should note that CFTC Regulation §190.06 permits Customer to specify whether, in the unlikely event of MF Global's bankruptcy, Customer prefers the bankruptcy trustee to liquidate all positions in the Account. Accordingly, Customer hereby elects as follows **(please check one):**

Liquidate ☑               Not Liquidate ☐

**If neither alternative is selected, Customer will be deemed to have elected to have all positions liquidated. This election may be changed at any time by written notice.**

Positions and transactions carried for this Account in the following commodities or products are for bona fide hedging positions:

(1) _natural gas_ ___    (2) _____

(3) _____    (4) _____

(5) _____    (6) _____

Each of the undersigned hereby agrees to the terms and conditions as set forth in this Hedge Account Agreement.

Signature _____ Printed _DAVID A. NICKS_ Title_VICE PRESIDENT,_ Date _Oct. 23/08_
GAS & POWER MARKETING

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN; IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

# GUARANTY AGREEMENT

This Guaranty Agreement (the "Guaranty") is made by _____, a ☐ natural person  or a
_____ ☐ trust  ☐ partnership  ☐ corporation  ☐ LLC  (the "Guarantor"), in favor of MF Global Inc, a Delaware
corporation (the "Secured Party").

**WHEREAS**, Secured Party has entered into a Customer Agreement for the purpose of_____, a
☐ natural person or a _____ ☐ trust  ☐ partnership  ☐ corporation  ☐ LLC  (the "Debtor"), engaging in transactions in
domestic and foreign futures contracts, physical commodities, exchanges for physical commodities, options on domestic and foreign futures
contracts and physical commodities, and foreign exchange instruments and contracts (the "Agreement"); and

**WHEREAS**, it is a condition to Debtor's trading, continued trading or enhanced trading under the Agreement and otherwise, that Guarantor
shall execute and deliver this Guaranty to Secured Party in a form acceptable to Secured Party.

**NOW, THEREFORE**, in consideration of the promises and other good and valuable consideration, the adequacy, receipt, and sufficiency of
which are hereby acknowledged, Guarantor hereby agrees as follows:

1.  **Guaranty.** Guarantor hereby unconditionally and absolutely guarantees the punctual payment when due, by acceleration or
    otherwise, of Debtor's payment obligations arising under the Agreement, or any other transactions, and any and all reasonable
    legal fees, costs, and other expenses incurred by Secured Party in enforcing such payment obligations under the Agreement,
    under this Guaranty or otherwise (the "Obligations"). This Guaranty is a guaranty of payment, and not of collection, and Secured
    Party may exercise its rights hereunder against Guarantor without first having to take any action against Debtor.  Upon failure
    of Debtor to punctually pay any such Obligations, and upon written demand by Secured Party to Guarantor at the address
    set forth herein, Guarantor agrees to pay promptly or cause to be paid promptly (and in no event later than the fifth calendar day
    after demand) such Obligations; provided that delay by Secured Party in giving such demand shall, in no event, affect Guarantor's
    obligations under this Guaranty.  This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any
    time any payment made in full or partial satisfaction of the Obligations is rescinded or must otherwise be returned by Secured Party
    upon the insolvency, bankruptcy or reorganization of Debtor or otherwise, all as though such payment had not been made. Guarantor
    acknowledges and represents that it has received a copy of the Agreement.

2.  **Waiver.** Guarantor hereby waives:

    (a)    notice of acceptance of this Guaranty, of the creation and/or existence of any of the Obligations, and of any action by
           Secured Party in reliance hereon or in connection herewith;

    (b)    presentment, demand for payment, notice of dishonor or nonpayment, protest and notice of protest with respect to the
           Obligations;

    (c)    any requirement that suit be brought against, or any other action by Secured Party be taken against, or any notice of default
           or other notice be given to, or any demand be made on, Debtor or any other person, or that any other action be taken or not
           taken as a condition to Guarantor's Obligations under this Guaranty or as a condition to enforcement of this Guaranty
           against Guarantor; and

    (d)    any other event, occurrence or circumstance which otherwise may constitute a legal or equitable defense of a guarantor or
           surety (except for the defense of payment or performance).

3.  **Subrogation.** Guarantor shall be subrogated to all rights of Secured Party against Debtor in respect of any amounts paid by Guarantor
    pursuant to the Guaranty, provided that Guarantor shall be entitled to enforce or to receive any payment arising out of or based upon
    any such right of subrogation, only to the extent that it has paid all of the Obligations.

4.  **Amendments.** No amendment of this Guaranty shall be effective unless signed by Guarantor and Secured Party.  No waiver of
    any provision of the Guaranty, nor consent to any departure by Guarantor therefrom, shall in any event be effective unless the same
    shall be in writing and signed by Secured Party, and then such waiver or consent shall be effective only in the specific instance and
    for the specific purpose for which given.

*\* Please see form of guarantee attached.*

5.   **Addresses for Notices.** All notices and other communications provided for hereunder shall, unless otherwise specifically provided herein, (a) be in writing and shall be sent to the parties at their respective addresses, set forth below, or at such other address as shall be designated in a written notice to the other parties, and (b) be effective upon delivery, when mailed by U.S. Mail, registered or certified, return receipt requested, postage prepaid, or personally delivered to the following addresses:

If to Guarantor:

_____     If to Secured Party:

_____     Attention: Credit Department
                                                     MF Global Inc.
_____     717 Fifth Avenue
                                                     9th Floor
Attention: _____              New York, New York 10022-8101

6.   **Effect of Certain Events.** Guarantor agrees that its liability hereunder will not be released, reduced, or impaired by the occurrence of any one or more of the following events:

(a)   the insolvency, bankruptcy, reorganization, release, receivership or discharge of Debtor;

(b)   the renewal, consolidation, extension, modification or amendment from time to time of the Agreement;

(c)   the failure, delay, waiver or refusal by Secured Party to exercise, in whole or in part, any right or remedy held by Secured Party with respect to the Agreement;

(d)   the nonexistence, invalidity, unenforceability or nonperfection of any collateral for the Obligations, or the failure of Secured Party to foreclose upon, or take any other action with respect to, such collateral;

(e)   lack of consideration or any other deficiency in the formation of the Agreement and any and all amendments and modifications thereof; or

(f)   lack of corporate power or authority of Guarantor or Debtor.

7.   **Term.** This Guaranty shall remain in full force and effect until the Termination Effective Date (as defined below). Guarantor may terminate this Guaranty by providing written notice of such termination to Secured Party and upon the effectiveness of such termination, Guarantor shall have no further liability hereunder, except as provided in the last sentence of this Section 7. No such termination shall be effective until ten (10) days after receipt by Secured Party of such termination notice (the "Termination Effective Date"). A return receipt for certified or registered mail shall be conclusive evidence of receipt of notice of cancellation. Any payments made after receipt of notice of such cancellation shall be applied first to the indebtedness of Debtor, which is subject to this Guaranty. No such termination shall affect Guarantor's liability with respect to any rights, liabilities or obligations already in existence at the time such written notice is received.

8.   **Authority, Etc.** The undersigned represents and warrants that it has full power and authority to give this Guaranty, the execution, delivery and performance of this Guaranty will not violate any law, ordinance, charter, bylaw or rule applicable to the undersigned or any agreement by which the undersigned is bound, and that the execution, delivery and performance of this Guaranty by it have been duly authorized by any necessary corporate or other action.

9.   **Enforceable Obligation.** This Guaranty constitutes the legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms, subject to bankruptcy, insolvency, reorganization, and other laws of general applicability relating to or affecting creditors' rights and general equity principles.

10.   **No Waiver; Cumulative Rights.** No failure on the part of Secured Party to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by Secured Party of any right, remedy or power hereunder preclude any other or future exercise of any right, remedy or power. Each and every right, remedy and power hereby granted to Secured Party or allowed it by law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by Secured Party from time to time.

11.   **Successor and Assigns.** Neither party may assign its rights hereunder without the written consent of the other parties, such consent not to be unreasonably withheld. Any purported assignment in violation of this Section 11 shall be null and void. Subject to the foregoing, this Guaranty shall be binding upon and inure to the benefit of the parties and their respective successors, permitted assigns and legal representatives.

12.   **Governing Law.** This Guaranty shall be exclusively governed by, and construed in accordance with, the laws of the State of Illinois, without regard to principles of choice of law.

13.    **Headings.** The headings used herein are for purposes of convenience only and shall not be used in construing the provisions hereof.

14.    **Limitation by Law.** All rights, remedies and powers provided in this Guaranty may be exercised only to the extent that the exercise thereof does not violate any applicable provision of law, and all the provisions of this Guaranty are intended to be subject to all applicable mandatory provisions of law which may be controlling and to be limited to the extent necessary so that they will not render this Guaranty invalid, unenforceable, in whole or in part, or not entitled to be recorded, registered or filed under the provisions of any applicable law.

**IN WITNESS WHEREOF,** Guarantor has caused this Guaranty to be duly executed and delivered by its duly authorized officer effective as of this _____ day of _____, _____.

Signature of Guarantor: _____

Print Guarantor's Name: _____

Guarantor's Title: _____

Guarantor's Address: _____

_____

_____

Guarantor's Phone Number: _____

Guarantor's SS # or Tax ID: _____

# TRANSFER AUTHORIZATION

If you are transferring your Account from another brokerage firm, you should complete this document.

Instruction to Transfer Account to MF Global Inc. ("MF Global")

Account Number(s) at Delivering Broker: _____

Delivering Broker: _____

Main Office Address: _____

(I) (We) direct the transfer of the above Account(s) to MF Global subject to its approval and to compliance with applicable law and regulation. The Delivering Broker shall deliver to MF Global all open positions and securities held for the above Account(s), pay MF Global any net credit balance, and cancel any outstanding open orders. MF Global shall notify the Delivering Broker promptly if the transfer is not approved for any reason. If the transfer is approved, MF Global shall pay the Delivering Broker any net debit balance. All parties must sign.

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

Signature _____ Printed _____ Title _____ Date _____

IF A PARTNERSHIP ACCOUNT, EACH GENERAL PARTNER MUST SIGN; IF A CORPORATE ACCOUNT, AN AUTHORIZED OFFICER MUST SIGN; IF AN LLC ACCOUNT, EACH MANAGING MEMBER MUST SIGN; IF AN LLP, AN AUTHORIZED PARTNER MUST SIGN; IF A TRUST ACCOUNT, EACH TRUSTEE MUST SIGN.

MF Global Account Number(s): _____

Customer Name: _____

Address: _____

_____

**NOTE:** Please attach a copy of your most recent statement or account status report from the transferring broker.

# FOR INTERNAL USE ONLY - TO BE COMPLETED BY BROKER

Name of Account Executive: _____

Introducing Broker (if applicable): _____

Broker Address: _____

_____

_____

Office Number: _____ Sales Code: _____ Account #_____

Account Name: _____

Account Email Address: _____

Customer's Occupation (Please specify in English): _____

**Commissions & Fees**
(Please enter all round-turn rates)

☐ Office Level   ☐ Salesman Level   Salesman # _____   ☐ Account Level

| | Day | Overnight | Spreads | Options |
|---|---|---|---|---|
| 1. All Exchanges | _____ | _____ | _____ | _____ |
| 2. Chicago Exchanges | _____ | _____ | _____ | _____ |
| 3. NY Exchanges | _____ | _____ | _____ | _____ |
| 4. Overseas Exchanges | _____ | _____ | _____ | _____ |
| 5. Other | _____ | _____ | _____ | _____ |
| 6. _____ | _____ | _____ | _____ | _____ |
| 7. _____ | _____ | _____ | _____ | _____ |
| 8. _____ | _____ | _____ | _____ | _____ |

9. Futures Commission to be charged   ☐ Half In/Half Out   OR   ☐ Round-Turn (indicate one)

10. Options Commission to be charged   ☐ Half In/Half Out   OR   ☐ Up-Front (indicate one)

**Fees:** (Indicate fees to charge) _____

☐ NFA Only _____

☐ NFA, Clearing, Exchange & Brokerage _____

☐ NFA, Clearing & Exchange _____

☐ Plus per side transaction fee of $ _____

☐ All Inclusive

Do you anticipate original margin requirements
in excess of US $300,000?   ☐ Yes   ☐ No

**Margins:**   ☐ Spec   ☐ Hedge

Signature of Account Executive: _____

Account Approval: _____
               (Signature of IB or FIB Principal)

               _____
               (Signature of Branch Manager)

**NO TRADING PERMITTED UNTIL THE ACCOUNT IS APPROVED BY MF GLOBAL INC.**

# FOR INTERNAL USE ONLY - TO BE COMPLETED BY BROKER

## ACCOUNT TYPE DESIGNATION

(please circle the appropriate number category)

1.  **Private Client:***

    Individual, joint, and IRA accounts - for speculating or hedging

    Individuals setting up trading corporations, LLC, LLP for speculation or hedging

    High net worth individuals

    Co-ops and grain elevators

    Any of the above accounts being managed by a third party

    AP or IB error accounts should be categorized as Private Client

2.  **Professional Traders:**

    Local traders/floor brokers

    Proprietary trading firms/exchange members

    Market makers

3.  **Instiutional Clients:**

    Banks

    Corporations - not trading vehicle

    Omnibus

4.  **Funds: Hedge Funds/CPO*:**

    Account of asset managers and hedge funds

*Private Clients managed by CTA or third party should be categorized as Private Client.



**MF Global Inc.**
440 South LaSalle Street
20th Floor
Chicago, IL 60605
312-669-7500

©2008   MF Global Inc.   US 042008

www.mfglobal.com

# EXHIBIT H

## IRREVOCABLE STANDBY LETTER OF CREDIT NO. S06229

## Svenska Handelsbanken

New York Branch

## AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

| | |
|---|---|
| Amount: | USD 10,000,000.00 |
| Amendment Date: | July 12, 2011 |
| Issuance Date: | August 2, 2006 |
| New Expiry Date: | July 25, 2012 |
| Applicant: | ConocoPhillips Company<br>On behalf of:<br>ConocoPhillips Canada Marketing & Trading<br>600 N. Dairy Ashford, Room ML 3082<br>Houston, Texas 77079 |
| Beneficiary: | MF Global Inc.<br>717 Fifth Avenue, 9th Floor<br>New York, New York 10022-8101<br>Attention: Credit Department |

### AMENDMENT NO. 7

Gentlemen:

The above-referenced instrument, including any previous amendments, is amended as follows:

**New Expiry Date:  July 25, 2012**

All other terms and conditions remain unchanged.

This Amendment forms an integral part of the original Letter of Credit and should be attached thereto.

Very truly yours,

_____
Authorized Signature

_____
Authorized Signature

S06229ext.amd6

# Svenska Handelsbanken

### New York Branch

## AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

**Amount:**              USD 10,000,000.00

**Amendment Date:**  July 9, 2010

Issuance Date:         August 2, 2006

**New Expiry Date:**  July 25, 2011

**Applicant:**           ConocoPhillips Company
                         On behalf of:
                         ConocoPhillips Canada Marketing & Trading
                         600 N. Dairy Ashford, Room ML 3082
                         Houston, Texas  77079

**Beneficiary:**         MF Global Inc.
                         717 Fifth Avenue, 9th Floor
                         New York, New York 10022-8101
                         Attention:  Credit Department

### AMENDMENT NO. 6

Gentlemen:

The above-referenced instrument, including any previous amendments, is amended as follows:

-   **New Expiry Date:  July 25, 2011**

All other terms and conditions remain unchanged.

This Amendment forms an integral part of the original Letter of Credit and should be attached thereto.

Very truly yours,

Authorized Signature                          Authorized Signature

S06229extiamd6

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142              Telefax: (212) 326-2725

## Svenska Handelsbanken
### New York Branch

### AMENDMENT TO STANDBY LETTER OF CREDIT NO.S06229

Amount:                USD 10,000,000.00

Amendment Date:        July 14, 2009  Effective July 25, 2009

Issuance Date:         August 2, 2006

New Expiry Date:       July 25, 2010

Applicant:             ConocoPhillips Company
                       On behalf of:
                       ConocoPhillips Canada Marketing & Trading
                       600 N. Dairy Ashford, Room ML 3082
                       Houston, Texas 77079

Beneficiary:           MF Global Inc.
                       717 Fifth Avenue, 9th Floor
                       New York, New York 10022-8101
                       Attn: Credit Department

### AMENDMENT NO. 5

Dear Sirs:

The above-mentioned instrument, including any previous amendments, is amended as follows:

- **New Expiry Date:  July 25, 2010**

All other terms and conditions remain unchanged.

This amendment forms an integral part of the original credit and should be attached thereto.

Very truly yours,

_Authorized Signature_                    _Authorized Signature_

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142              Telefax: (212) 326-2725

# Svenska Handelsbanken

### New York Branch

## AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

New Amount:  $10,000,000.00

Amendment Date:  December 17, 2008

Issuance Date:  August 2, 2006

Expiry Date:  July 25, 2009

Beneficiary:  MF Global Inc.
717 Fifth Avenue, 9th Floor
New York, New York 10022-8101
Attention: Credit Department

Applicant:  ConocoPhillips Company
On behalf of:
ConocoPhillips Canada Marketing & Trading
600 N. Dairy Ashford, Room ML 3082
Houston, Texas  77079

## AMENDMENT NO. 4

Gentlemen:

The above-mentioned instrument, including any previous amendments, is amended as follows:

-  L/C amount increased by $5,000,000.00 to a new amount of $10,000,000.00.

All other terms and conditions remain unchanged.

This amendment forms an integral part of the original Letter of Credit and should be attached thereto.

Very truly yours,

Authorized Signature                    Authorized Signature

S06229.amd4

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142        Telefax: (212) 326-2725

DEPARTMENT COPY

#281-293-102a

For Kyle                                    FX - I

## Svenska Handelsbanken
### New York Branch

### AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

| | |
|---|---|
| Amount: | USD 5,000,000.00 |
| Amendment Date: | October 7, 2008 |
| Issuance Date: | August 2, 2006 |
| Expiry Date: | July 25, 2009 |
| Beneficiary: | MF Global Inc.<br>717 Fifth Avenue, 9th Floor<br>New York, New York 10022-8101<br>Attention: Credit Department |
| Applicant: | ConocoPhillips Company<br>On behalf of:<br>ConocoPhillips Canada Marketing & Trading<br>600 N. Dairy Ashford, Room ML 3082<br>Houston, Texas 77079 |

*The Approval Arrived*

### AMENDMENT NO. 3

Gentlemen:

Subject to your approval, the above-referenced instrument, including any previous amendments, is amended as follows:

- Applicant's Name updated as follows:

| | |
|---|---|
| Delete: | ConocoPhillips Company<br>On behalf of:<br>ConocoPhillips Canada Limited |
| Insert: | ConocoPhillips Company<br>On behalf of:<br>ConocoPhillips Canada Marketing & Trading |

All other terms and conditions remain unchanged.

This Amendment forms an integral part of the original Letter of Credit and should be attached thereto.

Very truly yours,

Authorized Signature

S06229Name.amd

Amendment Accepted By:

Authorized Signature

Authorized Signature
Name & Title: David Scheller
Sr. Customer Rep

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142        Telefax: (212) 326-2725

DEPARTMENT COPY

07/11/2008 FRI 18:08 FAX 212 326 2725   Svenska Handelsbnkn, NY   @003

# Svenska Handelsbanken

## New York Branch

## AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

Amount:  USD 5,000,000.00

Amendment Date: July 11, 2008

Issuance Date: August 2, 2006

New Expiry Date: July 25, 2009

Applicant: ConocoPhillips Company
On behalf of:
ConocoPhillips Canada Limited
600 N. Dairy Ashford, Room ML 3082
Houston, Texas 77079

Beneficiary: Man Financial Inc.
717 Fifth Avenue, 9th Floor
New York, New York 10022-8101
Attention: Credit Department

## AMENDMENT NO. 2

Gentlemen:

The above-referenced instrument, including any previous amendments, is amended as follows:

- **New Expiry Date:** July 25, 2009

All other terms and conditions remain unchanged.

This Amendment forms an integral part of the original Letter of Credit and should be attached thereto.

Very truly yours,

Authorized Signature                    Authorized Signature

S06229Ext.amd

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142                    Telefax: (212) 326-2725

# Svenska Handelsbanken

### New York Branch

## AMENDMENT TO STANDBY LETTER OF CREDIT NO. S06229

| | |
|---|---|
| Amount: | USD 5,000,000.00 |
| **Amendment Date:** | **July 13, 2007** |
| Issuance Date: | August 2, 2006 |
| **New Expiry Date:** | **July 25, 2008** |
| Applicant: | ConocoPhillips Company<br>On behalf of:<br>ConocoPhillips Canada Limited<br>600 N. Dairy Ashford, Room ML 3082<br>Houston, Texas 77079 |
| Beneficiary: | Man Financial Inc.<br>717 Fifth Avenue, 9th Floor<br>New York, New York 10022-8101<br>Attn: Credit Department |

### AMENDMENT NO. 1

Dear Sirs:

The above-mentioned instrument, including any previous amendments, is amended as follows:

- **New Expiry Date:  July 25, 2008**

All other terms and conditions remain unchanged.

This amendment forms an integral part of the original credit and should be attached thereto.

Very truly yours,

_____          _____
Authorized Signature                    Authorized Signature

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142        Telefax: (212) 326-2725

ACKNOWLEDGEMENT

08/02/2000 WED 13:17 FAX 212 326 2725        Svenska Handelsbankn, NY

# Svenska Handelsbanken

### New York Branch

Letter of Credit No. S06229
Page Two
August 2, 2006

Kindly address all communications concerning this Letter of Credit to the attention of our Letter of Credit Department at our above-mentioned address making reference to our Standby Letter of Credit No. S06229.

Except so far as otherwise expressly stated herein, this Letter of Credit is subject to the Uniform Customs and Practice for Documentary Credits (1993 Revision), International Chamber of Commerce Publication No. 500.

Very truly yours,

Authorized Signature                                   Authorized Signature

S06229.lss

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142                    Telefax: (212) 326-2725

# Svenska Handelsbanken
### New York Branch

## IRREVOCABLE STANDBY LETTER OF CREDIT NO. S06229

Beneficiary:    Man Financial Inc.
717 Fifth Avenue, 9th Floor
New York, New York 10022-8101
Attention: Credit Department

Applicant:    ConocoPhillips Company
on behalf of:
ConocoPhillips Canada Limited
600 N. Dairy Ashford, Room ML 3082
Houston, Texas 77079

Amount:    $5,000,000.00 (United States Dollars Five Million and 00/100)

Issue Date:    August 2, 2006

Expiry Date:    July 25, 2007

Gentlemen:

At the request of our client, ConocoPhillips Company on behalf of ConocoPhillips Canada Limited, 600 N. Dairy Ashford, Room ML 3082, Houston, Texas 77079 ("Applicant"), we hereby establish our Irrevocable Standby Letter of Credit No. S06229 in favor of Man Financial Inc., 717 Fifth Avenue, 9th Floor, New York, New York 10022-8101 ("Beneficiary") for the aggregate amount of $5,000,000.00 (United States Dollars Five Million and 00/100). This Letter of Credit is effective immediately and expires at our office located at 875 Third Avenue, 4th Floor, New York, New York 10022-7218, with our close of business on July 25, 2007.

Funds under this Standby Letter of Credit are available to the Beneficiary against their draft(s) drawn on Svenska Handelsbanken, New York Branch, 875 Third Avenue, 4th Floor, New York, New York 10022-7218, at sight, mentioning thereon our Letter of Credit No. S06229 when accompanied by the original of this Letter of Credit and the following document:

-    **The Beneficiary's written statement purportedly signed by one of its duly authorized representatives stating that:**

"Applicant has defaulted in accordance with the terms and conditions of the contracting party's agreement as revised from time to time as executed among Applicant and Beneficiary and as a result of such default, Beneficiary is drawing upon Standby Letter of Credit No. S06229 dated August 2, 2006."

Partial drawings are permitted. The amount of this Letter of Credit shall be automatically reduced by the amount of any drawing paid hereunder.

This Irrevocable Standby Letter of Credit sets forth in full the terms of our undertaking. This undertaking shall not in any way be modified, amended, or amplified by reference to any documents or contract referred to herein.

We hereby agree with the drawer of all draft(s) drawn under and in compliance with the terms of this Standby Letter of Credit, that such draft(s) will be duly honored upon presentation to the drawee on or before July 25, 2007.

875 Third Avenue, New York, NY 10022-7218
Telephone: (212) 326-5142    Telefax: (212) 326-2725

# EXHIBIT I

## INTERIM AGREEMENT BETWEEN JAMES W. GIDDENS, TRUSTEE FOR THE LIQUIDATION OF MF GLOBAL INC. AND CONOCOPHILLIPS REGARDING LETTERS OF CREDIT

**Interim Agreement Between James W. Giddens, Trustee for the Liquidation of
MF Global Inc. and ConocoPhillips Regarding Letters of Credit**

This Interim Agreement (the "Agreement"), dated as of March 26, 2012, is
entered into by and among (i) James W. Giddens, Trustee for the liquidation of MF Global Inc.
(the "Trustee"); (ii) ConocoPhillips Company; and (iii) ConocoPhillips Canada Marketing &
Trading ULC ("ConocoPhillips Canada," together with ConocoPhillips Company,
"ConocoPhillips") (each of the Trustee, ConocoPhillips Company, and ConocoPhillips Canada, a
"Party" and, together, the "Parties").

WHEREAS, on October 31, 2011, (the "Filing Date") the Honorable Paul A.
Engelmayer of the United States District Court for the Southern District of New York, entered an
Order commencing the liquidation of MF Global Inc. (the "MFGI Liquidation Order") pursuant
to the provisions of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq*
("SIPA");

WHEREAS, the MFGI Liquidation Order, *inter alia*, (i) appointed the Trustee as
trustee for the liquidation of MF Global Inc. ("MFGI"); and (ii) removed the liquidation
proceeding to the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court") for all purposes as required for SIPA proceedings by 15 U.S.C. §
78eee(b)(4);

**ConocoPhillips Company**

WHEREAS, on June 18, 2001, Conoco Inc., a predecessor of ConocoPhillips
Company, entered into a Customer Agreement with E. D. & F. Man International Futures Inc., a
predecessor of MFGI;

WHEREAS, prior to the Filing Date, ConocoPhillips Company maintained with MFGI two active accounts, numbered E 64 240 04840 and E 64 240 04842, and two inactive accounts, numbered E 64 240 04847 and E 64 240 04844;

WHEREAS, prior to the Filing Date, ConocoPhillips Company obtained three letters of credit for the benefit of MFGI and Chicago Mercantile Exchange, Inc. that are due to expire on March 30, 2012 and provided them as collateral to support commodity contract trading on domestic exchanges (the "Unexpired Letters of Credit"):

    (i)    Applicant ConocoPhillips Company obtained, for the joint benefit of MFGI and Chicago Mercantile Exchange, Inc., Irrevocable Standby Letter of Credit No. S11038 issued by Svenska Handelsbanken in an amount (as amended) of $15 million,

    (ii)    Applicant ConocoPhillips Company obtained, for the joint benefit of MFGI and Chicago Mercantile Exchange, Inc., Irrevocable Standby Letter of Credit No. S11037 issued by Svenska Handelsbanken in an amount (as amended) of $50 million, and

    (iii)    Applicant ConocoPhillips Company obtained, for the joint benefit of MFGI and Chicago Mercantile Exchange, Inc., Irrevocable Standby Letter of Credit No. 777-52-0101408-L issued by Standard Chartered Bank in an amount of $70 million;

WHEREAS, prior to the Filing Date, ConocoPhillips Company also obtained two letters of credit for the benefit of MFGI that expired on November 23, 2011 and provided them

as collateral to support commodity contract trading on foreign exchanges (the "Expired Letters of Credit"):

    (i)    Applicant ConocoPhillips Company obtained, for the benefit of MFGI, Irrevocable Standby Letter of Credit No. 083400-793 issued by Intesa Sanpaolo in an amount (as amended) of $15 million, and

    (ii)    Applicant ConocoPhillips Company obtained, for the benefit of MFGI, Irrevocable Standby Letter of Credit No. 083399-793 issued by Intesa Sanpaolo in an amount (as amended) of $45 million;

WHEREAS, on December 16, 2011, ConocoPhillips Company filed a Customer Claim Form for each of its accounts maintained at MFGI (Claim Nos. 900005800 and 900005801), and on February 24, 2012, ConocoPhillips Company filed an amendment to Claim No. 900005800;

### ConocoPhillips Canada

WHEREAS, on October 23, 2008, ConocoPhillips Canada Marketing & Trading ULC entered into a Customer Agreement with MFGI;

WHEREAS, ConocoPhillips Canada maintained with MFGI accounts numbered 64-1087-04845 and 64-1087-04846;

WHEREAS, prior to the Filing Date, ConocoPhillips Canada obtained a letter of credit for the benefit of MFGI that is due to expire on July 25, 2012 and posted it as margin collateral to support commodity contract trading on foreign exchanges (the "Unexpired Canada Letter of Credit"):

3

(i)     Applicant ConocoPhillips Company on behalf of ConocoPhillips Canada

Marketing & Trading ULC obtained Standby Letter of Credit No. S06229

issued by Svenska Handelsbanken in an amount (as amended) of $10

million;

WHEREAS, on December 16, 2011, ConocoPhillips Canada filed a Customer

Claim Form for each of its accounts maintained at MFGI (Claim Nos. 900005357, 900005358,

900005364 and 900005365);

WHEREAS, the Parties currently have outstanding disputes relating to the

Unexpired Letters of Credit, the Expired Letters of Credit, and the Unexpired Canada Letter of

Credit (the "Disputes");

NOW, THEREFORE, in consideration of the foregoing and the covenants and

agreements set forth herein, the Parties hereto agree as follows:

1.     **Return of the Letters of Credit**.  The Trustee shall return the Unexpired

Letters of Credit and the Expired Letters of Credit to ConocoPhillips Company within five (5)

business days of the date hereof having not made any attempt to present or draw upon the

Unexpired Letters of Credit or the Expired Letters of Credit.  With respect to the Unexpired

Canada Letter of Credit, the Trustee has not been able to locate an original copy thereof.  The

Trustee will not make any attempt to present or draw upon the Unexpired Canada Letter of

Credit.  If the Unexpired Canada Letter of Credit is located, the Trustee will return it to

ConocoPhillips immediately having not made any attempt to present or draw upon it.

2.    **Escrow**.[1]    (a)  In the event that an escrow arrangement is necessary, ConocoPhillips Company shall place the Escrow Amount into an escrow account (the "Escrow Account").  The Escrow Account shall be subject to an escrow agreement, with terms consistent with this Agreement, which shall be executed no later than April 23, 2012.  The Escrow Amount shall be $8,430,515.  The Trustee calculates this amount to be the excess of (a) the $135 million distribution that the Trustee claims he is making to ConocoPhillips Company by returning the Unexpired Letters of Credit over (b) 72% of ConocoPhillips Company's accounts' Section 4d Property[2] net equity, which the Trustee has determined to be $175,790,952.  By agreeing to use the Trustee's calculation of the Escrow Amount, ConocoPhillips Company does not waive, and fully reserves, all rights to challenge the determinations underlying that calculation, including the Trustee's premise that return of the Unexpired Letters of Credit constitutes a distribution of property to ConocoPhillips Company and Trustee's determination of the amount of the ConocoPhillips Company's accounts' Section 4d Property net equity.

(b)    The Escrow Amount shall remain in the Escrow Account until such time as: (i) the Trustee and ConocoPhillips Company enter into an agreement providing for the release of the Escrow Amount and such agreement is approved by entry of a final judgment (if court approval is deemed required by the Trustee in his sole discretion) and such order either is not

---

1.    The escrow arrangement provided for in this Section 2 shall be necessary only if the Bankruptcy Court denies the Trustee's Motion to Approve First Interim Distribution for Allowed Commodity Futures Claims (ECF No. 1086).  Should an Order approving this motion not be entered by the Bankruptcy Court on or before April 23, 2012 (or such other date as the Parties agree), ConocoPhillips shall promptly transfer the Escrow Amount into the Escrow Account.

2.    "Section 4d Property" is property that was or should have been segregated by MFGI pursuant to Section 4d of the Commodity Exchange Act, 7 U.S.C. § 6d.

appealed or otherwise becomes a final order; (ii) a final judgment is entered that determines the

Parties' rights with respect to the Escrow Amount; or (iii) the Trustee makes further distributions

of Section 4d Property to eligible customers, in which case the Escrow Amount shall be returned

to ConocoPhillips Company as provided in Section 3 hereof.

3.    **Additional Distributions**.  (a)  If the Trustee makes distributions to

customers of Section 4d Property above the seventy-two percent (72%) distributed to date, the

Escrow Amount shall be reduced by payment of cash from the Escrow Account to

ConocoPhillips Company to provide ConocoPhillips Company with the same percentage

recovery as other customers with claims to Section 4d Property.  For purposes of this paragraph,

ConocoPhillips Company's recovery of Section 4d Property shall be calculated to include the

face value of the Unexpired Letters of Credit, with the same reservation of rights set forth in

Paragraph 2(a).  Nothing in this Agreement shall have any effect on further distributions of

Section 4d Property to ConocoPhillips Canada on account of its customer claim to such property.

(b)    Pending determination of the Parties' rights with respect to the Disputes,

by agreement or final order, the Trustee shall consider, when making further distributions of

Section 4d Property or Rule 30.7 Property,[3] possible distributions to ConocoPhillips for the *pro

rata* share of its accounts' net equity, whether of Section 4d Property or Rule 30.7 Property.

Pending resolution of the Disputes, the Trustee shall withhold from distributions of Section 4d

Property or Section 30.7 Property amounts believed to be sufficient to enable the Trustee to

---

3.   "Rule 30.7 Property" is property that was or should have been secured by MFGI pursuant to CFTC Regulation
30.7, 17 C.F.R. § 30.7.

distribute to ConocoPhillips the *pro rata* share of its accounts' net equity, as calculated excluding the value of letters of credit.

4. **Dispute Resolution**. (a) The Trustee shall promptly issue determination notices regarding the claims submitted by ConocoPhillips Company and ConocoPhillips Canada. ConocoPhillips Company and ConocoPhillips Canada may object to the Trustee's claim determinations, and the Trustee may move to uphold his determination of the claims pursuant to the Order specifying the procedures for the determination and adjudication of customer claims (ECF No. 423). The Trustee's determination notices shall be sent to outside counsel for ConocoPhillips (Herbert M. Wachtell, Esq., HMWachtell@wlrk.com) and counsel for ConocoPhillips (Candace S. Schiffman, Esq., Candace.Schiffman@conocophillips.com) in addition to the individuals named on the customer claim forms submitted by ConocoPhillips.

(b) Nothing in this Agreement, this Section or its reference to any order of the Bankruptcy Court shall be deemed a waiver of, or have any effect on, any Party's rights with respect to positions it may take or motions or arguments it may make with respect to jurisdiction or the proper forum for resolution of the Disputes.

5. **Representations Regarding Financial Statements and Creditworthiness**. Prior to entry into this Agreement, ConocoPhillips has provided to the Trustee true and correct copies of the financial statements of ConocoPhillips Company and ConocoPhillips Canada. Each of ConocoPhillips Company and ConocoPhillips Canada represents and warrants (on its own behalf) that each is of sufficient financial strength that no collateral or bond need be posted by either in connection with a potential obligation by either entity to refund the estate for any value received from it (whether contested or not) and that each

7

will at all times have sufficient funds readily available for prompt transfer to Trustee should the

resolution of the Disputes require payment by either entity to the Trustee.  Each of

ConocoPhillips Company and ConocoPhillips Canada will advise the Trustee of any material

changes to its respective financial condition, and, in the event of an adverse and material change,

the Trustee reserves the right to move the Bankruptcy Court for protective relief by requiring

ConocoPhillips Company or ConocoPhillips Canada to deposit further cash in escrow, or post a

bond, or apply for a letter of credit for the Trustee's benefit; and ConocoPhillips reserves its right

to oppose any such motion.

6.      **Reservation of Rights**.  (a) The return by the Trustee of the aforesaid

letters of credit and his forbearance from drawing on them, and the deposit by ConocoPhillips

Company of the Escrow Amount into the Escrow Account are in both cases entirely without

prejudice to the claims, positions, and defenses of the Parties, all of which are expressly

reserved.

(b)      Nothing in this Agreement or any negotiations or proceedings in

connection therewith shall constitute or be claimed to be evidence of an admission by any Party

of any merit, or lack of merit, of any claim, argument or defense of any Party in any action or

proceeding.  Neither this Agreement nor any negotiations relating to the Agreement may be used

in any action or proceeding for any purpose except the effectuation and enforcement of this

Agreement.

7.      **Amendments**.  This Agreement may not be terminated, amended, or

modified in any way except in a writing signed by all of the Parties hereto.

8

8.      **Assignees; Successors**.  This Agreement is and shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns, including any trustee or other legal representative.

9.      **Counterparts**.  This Agreement may be executed in counterparts, in which case this Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement

to be executed by one of its duly authorized representatives.

**ConocoPhillips Company**

By: _Frances M Vallejo_   _CB_

    Name:    Frances M. Vallejo

    Title:    Vice President and Treasurer

**James W. Giddens, Trustee for the Liquidation of MF Global Inc.**

By: _____

    Name:

    Title:

**ConocoPhillips Canada Marketing & Trading ULC**

By: _____

    Name:    Mike A. Baker

    Title:    Vice President

[Signature page to Interim Agreement]

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement

to be executed by one of its duly authorized representatives.

**ConocoPhillips Company**

By: _____

      Name:    Frances M. Vallejo
      Title:     Vice President and Treasurer

**James W. Giddens, Trustee for the
Liquidation of MF Global Inc.**

By: _____

      Name:
      Title:


**ConocoPhillips Canada Marketing &
Trading ULC**

By: _____

      Name:    Mike A. Baker
      Title:     Vice President

[Signature page to Interim Agreement]

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement

to be executed by one of its duly authorized representatives.

**ConocoPhillips Company**

By: _____

     Name:    Frances M. Vallejo
     Title:     Vice President and Treasurer

**James W. Giddens, Trustee for the
Liquidation of MF Global Inc.**

By: _____

     Name:    James B. Kobak, Jr.
     Title:     Authorized Signatory

**ConocoPhillips Canada Marketing &
Trading ULC**

By: _____

     Name:    Mike A. Baker
     Title:     Vice President

[Signature page to Interim Agreement]

# EXHIBIT J

# CONOCOPHILLIPS COMPANY
# CUSTOMER CLAIM FORMS

## COMMODITY FUTURES
## CUSTOMER CLAIM FORM
## MF GLOBAL, INC.

Account Name: ConocoPhillips Company

Account Number: E 64 240 04842

Address: 600 N. Dairy Ashford

       Houston, TX 77079

Contact Person: Natacha Buchanan

Daytime Phone: 281-293-3455

Email: Natacha.buchanan@conocophillips.com

Taxpayer I.D. Number

(Social Security No.): 73-0400345

# PLEASE NOTE
## THIS CLAIM FORM SHOULD BE USED IF YOU ARE A CUSTOMER OF MF GLOBAL INC. AND YOU HAVE A CUSTOMER CLAIM BASED ON A COMMODITY FUTURES ACCOUNT

- A SEPARATE CLAIM FORM MUST BE FILED FOR EACH COMMODITY FUTURES ACCOUNT. IF YOUR ACCOUNT IS A "MASTER ACCOUNT" CONSISTING OF SUB-ACCOUNTS, YOU SHOULD CLAIM THE SUB-ACCOUNTS ON A CONSOLIDATED BASIS AND SUBMIT ONE CLAIM FORM FOR THE "MASTER ACCOUNT" BUT NOTE THE EXISTENCE OF THE SUB-ACCOUNTS IN THE INFORMATION REGARDING "RELATED ACCOUNTS" IN ITEM (III.F).

- THE DEADLINE FOR FILING ALL COMMODITY FUTURES CUSTOMER CLAIMS IS JANUARY 31, 2012. NO COMMODITY FUTURES CUSTOMER CLAIM WILL BE ALLOWED IF IT IS RECEIVED AFTER THAT DATE (UNLESS EXTENDED, FOR GOOD CAUSE ONLY). THE JANUARY 31, 2012 DEADLINE FOR FILING A COMMODITY FUTURES CUSTOMER CLAIM CANNOT BE EXTENDED BEYOND JUNE 2, 2012, EVEN FOR GOOD CAUSE. IF RECEIVED BY THE TRUSTEE AFTER JANUARY 31, 2012, BUT ON OR BEFORE JUNE 2, 2012, A COMMODITY FUTURES CUSTOMER CLAIM MAY BE AFFORDED GENERAL CREDITOR STATUS.

- ALL CLAIMS ARE DATED AS OF THE DATE RECEIVED BY THE TRUSTEE. CLAIMS THAT ARE FILED ELECTRONICALLY MUST BE RECEIVED BY 11:59 P.M. (PREVAILING EASTERN TIME) ON THE BAR DATE TO BE CONSIDERED TIMELY.

- YOU MAY FILE YOUR CLAIM ELECTRONICALLY ONLINE AT WWW.MFGLOBALTRUSTEE.COM OR SEND YOUR COMPLETED AND SIGNED CLAIM FORM TO THE TRUSTEE VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE APPROPRIATE ADDRESS BELOW.

- IF YOU REQUIRE ADDITIONAL SPACE TO ANSWER ANY QUESTION, PLEASE ATTACH SEPARATE PIECES OF PAPER AND LABEL THE ANSWERS TO THE CORRESPONDING QUESTIONS FOR THIS CLAIMS FORM. ALL ATTACHMENTS MUST BE SIGNED BY YOU.

- YOU MAY ESTIMATE ANY VALUES/AMOUNTS ASSOCIATED WITH YOUR CLAIM. ANSWER ALL QUESTIONS AS FULLY AS POSSIBLE, TO THE EXTENT YOU KNOW OR CAN ESTIMATE THE INFORMATION REQUESTED.  IF YOU ARE

PROVIDING AN ESTIMATE, YOU MUST SO INDICATE.

- **IF SOME OR ALL OF THE TRADE EQUITY OR CASH, CASH EQUIVALENTS OR OTHER PROPERTY IN YOUR COMMODITY FUTURES ACCOUNTS HAS BEEN TRANSFERRED TO ANOTHER FUTURES COMMISSION MERCHANT, BUT YOU BELIEVE YOU HAVE A CLAIM FOR MONEY OR PROPERTY OWED TO YOU BY MF GLOBAL INC., YOU MUST FILE A CLAIM TO PROTECT YOUR RIGHTS.**

- **MF GLOBAL INC. IS THE ONLY MF GLOBAL ENTITY THAT IS A DEBTOR IN THIS SIPA LIQUIDATION PROCEEDING. THIS COMMODITY FUTURES CUSTOMER CLAIM FORM APPLIES ONLY TO MF GLOBAL INC. AND DOES NOT APPLY TO ANY OTHER MF GLOBAL ENTITY, INCLUDING ANY ENTITY IN A PROCEEDING UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE, SUCH AS MF GLOBAL HOLDINGS LTD. OR MF GLOBAL FINANCE USA INC.**

This claim form must be completed electronically online at www.mfglobaltrustee.com or mailed promptly, together with supporting documentation, to the following:

| *If by first class mail:* | *If by overnight mail:* |
|---|---|
| MF Global Inc. Claims Processing Center | MF Global Inc. Claims Processing Center |
| c/o Epi q Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| P.O. Box 3656 | 10300 SW Allen Blvd. |
| Portland, OR 97208-3656 | Beaverton, OR 97005 |

I.  **ACCOUNT BALANCE AS OF OCTOBER 31, 2011**

NOTE:    *If needed, please provide a detailed description on a signed attachment of the basis for your answers below, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

A.    Please state your beginning and ending account balance as of October 31, 2011, including (i) cash, cash equivalents, or other property (including margin), and (ii) open trade equity:

> Are these estimated amounts?    YES ☐    NO ✓

> Beginning balance: $72,023,006.39  **[See attachment #2-A]**

> Ending balance: $75,524,729.97   **[See attachment #3-A]**

> Account value at market: **$210,524,729.97\* [See attachment #3-B]**

1.    Please state the amount of cash, cash equivalents, or other property (including margin) in the account, as of October 31, 2011:

> $231,629,821.11   **[See attachment #3-C]**

\*Per the attached MF Global statement, including Letter of Credit for NYMEX valued at $120,000,00.00 and for ICE valued at $15,000,000.00. **[See Addendum 1.A]**

**Addendum 1.A**

Although the "Account Value At Market" includes the value of a letter of credit, nothing in the claim form shall constitute an admission that such letters of credit, or the proceeds thereof, constitute "customer property" or "property of the estate" for purposes of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, 17 C.F.R. §§ 190.01-190.10, or any other related statutes, rules or regulations, and CP reserves all rights with respect thereto.



## II. ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31,2011

MF Global (Account E 64 240 04842)

Beginning Account Balance 10/31/2011 (Total Equity)



|  |  |  |  |  |
|---|---|---|---|---|
| | | | 72,023,006.11 | A |
| Total Equity 10/31/2011 – 11/30/2011 | | (1,249,383.70) | | |
| Total Equity 10/28/2011 | 72,023,006.39 | | (1,249,383.70) | B *(See Note below)* |
| Total Equity 11/30/2011 | 70,773,622.69  1,2 | | | *(See Notes below)* |
| | (1,249,383.70) | | | |
| Open trade equity related to liquidated Jan WBS trades | | (2,580,000.00) | (2,580,000.00) | D |

Changes to Total Equity 10/31/2011-11/30/2011
Comm & Fees on Trades

|  |  |  |
|---|---|---|
| Per MF Global Stmt 11/3/2011 | (396,046.62) | E |
| Per MF Global Stmt 11/04/2011 | (174.00) | F |
| Per MF Global Stmt 11/07/2011 | (847,883.06) | G |

Interest Charged for Oct 2011

|  |  |  |
|---|---|---|
| Per MF Global Stmt 11/29/2011 | (7,902.67) | H |

Floor Broker fees due MF Global (not on MF Global Statement)

|  |  |  |
|---|---|---|
| September Invoice (due October) | (3,550.00) | I |
| October Invoice (due November) | (625.00) | J |
| | | (4,175.00) |

Balance due COP from MF Global                                                                68,189,447.41  K

*Notes:*

B    **Change in Equity Value**

|  |  |  |
|---|---|---|
| Total Equity Balance Per MF Global Stmt 10/28/11 | A | 72,023,006.11 |
| Total Equity Balance Per MF Global Stmt 11/30/11 | C | 70,773,622.69 |
| | | (1,249,383.42) |

1    Trades were transferred at settle price.  Equity value transferred was -0- on 11/3/2011.
2    No margin was transferred.

*Andrew Wagner*
Andrew Wagner
Manager, Derivatives Accounting
ConocoPhillips Company

```
                                        ACCOUNT NUMBER: E  64   240 04842
                                        STATEMENT DATE: OCT 28, 2011




          CONOCOPHILLIPS COMPANY - CRUDE
          ATTN SEAN O'HARE     (E/S)
          PO BOX 2197 CH 3120
          HOUSTON TX 77252


                          INSTRUCT ACCOUNT


                                                       PAGE    1307
```

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|-------|----|--------------|
| 8/17/1 | | F2 | 5 | | SEP 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 22,575.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| 10/18/1 | | F2 | 25 | | SEP 12 ICE CONWAYPPSW | 19 | 1.20750 | US | 31,500.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 30* | | | CLOSE | 1.23750 | | 8,925.00 |
| | | | | | AVERAGE LONG:     1.230 | | | | |
| 8/17/1 | | F2 | 5 | | OCT 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 19,950.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.25000 | | 19,950.00DR |
| | | | | | AVERAGE LONG:     1.345 | | | | |
| 8/17/1 | | F2 | 5 | | NOV 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 16,800.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.26500 | | 16,800.00DR |
| | | | | | AVERAGE LONG:     1.345 | | | | |
| 8/17/1 | | F2 | 5 | | DEC 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 13,650.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.28000 | | 13,650.00DR |
| | | | | | AVERAGE LONG:     1.345 | | | | |
| 10/03/1 | | F2 | | 25 | OCT 11 ICE PPNMBLDHD4 | 19 | 1.48500 | US | 13,324.50 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 25* | | CLOSE | 1.47231 | | 13,324.50 |
| | | | | | AVERAGE SHORT:     1.485 | | | | |
| 5/29/9 | | F2 | 15 MIL | | LOC DUE 11/23/11 | | | US | 15,000,000.00 |
| | | | | | CONOCO WITH INTESA SANPAOLO | | | | |
| | | | 15 MIL* | | 083400793    MAT-11/23/11  S.P.  100.00 | | | | |

```
                              * USD-SEG 1.25(F1)*   * USD-SECURED(F2) *   * USD-NON-REG(FD) *   ** CONVERTED TOTAL *
BEGINNING BALANCE                     98,204,183.38         47,477,716.48                 .00       145,681,899.86
CLEARING/PROCESSING FEES                   4,967.50DR                .00                 .00             4,967.50DR
BROKERAGE FEES                               281.25DR                .00                 .00               281.25DR
TRANSACTION FEES                             369.00DR                .00                 .00               369.00DR
NFA FEES                                      41.00DR                .00                 .00                41.00DR
     TOTAL FEES                            5,658.75DR                .00                 .00             5,658.75DR
PREMIUM / GROSS AMT                      984,500.00                  .00                 .00           984,500.00
    NET PROFIT/LOSS FROM TRADES          978,841.25                  .00                 .00           978,841.25
CASH AMOUNTS                          61,061,000.00         18,039,000.00       5,869,080.00        84,969,080.00
ENDING BALANCE                       160,244,024.63         65,516,716.48       5,869,080.00       231,629,821.11

OPEN TRADE EQUITY                    121,425,926.82DR       38,180,887.90DR                .00       159,606,814.72DR
TOTAL EQUITY                          38,818,097.81         27,335,828.58       5,869,080.00        72,023,006.39
NET MARKET VALUE OF OPTIONS            3,631,000.00DR                .00                 .00         3,631,000.00DR
SHORT OPTION PROCEEDS                 25,952,390.00                  .00                 .00        25,952,390.00
SETTLED MKT VALUE / SEC ON DEP       120,000,000.00         15,000,000.00                 .00       135,000,000.00
ACCOUNT VALUE AT MARKET              155,187,097.81         42,335,828.58       5,869,080.00       203,392,006.39
```

ACCOUNT NUMBER: E 64  240 04842
STATEMENT DATE: NOV 30, 2011

CONOCOPHILLIPS COMPANY - CRUDE
ATTN SEAN O'HARE    (E/S)
PO BOX 2197 CH 3120
HOUSTON TX 77252

INSTRUCT ACCOUNT

```
*   *   *   *   *   *   *   *    O P E N    P O S I T I O N S    *   *   *    *   *   *   *   *   *
TRADE   SETTL  AT   LONG         SHORT       CONTRACT DESCRIPTION          EX    PRICE    CC   DEBIT/CREDIT
------- ------ --  ------------- ----------- ------------------------------ -- ---------- --  --------------------
3/28/1         F1   25 MIL                   LOC CONOCOPHILLIPS PASS THRU           US    25,000,000.00
4/18/1         F1   25 MIL                   LOC CONOCOPHILLIPS PASS THRU           US    25,000,000.00
                                             CME- SVENSKA DUE 3/30/2012
                    50 MIL*                  S011037      MAT- 3/30/12  S.P.  100.00
5/29/9         F1   70 MIL                   LOC CONOCOPHILLIPS PASS THRU           US    70,000,000.00
                                             CME STANDCHART DUE 3/30/2012
                    70 MIL*                  520076132    MAT- 3/30/12  S.P.  100.00
11/03/1        F2   400                      JAN 12 ICE WTILSCRUDE          19   93.91   US     2,580,000.00
                    400*                                                  CLOSE 100.36          2,580,000.00
                                             AVERAGE LONG:     93.910
5/29/9         F2   15 MIL                   LOC DUE 11/23/11                       US              .00
                                             CONOCO WITH INTESA SANPAOLO
                    15 MIL*                  083400793    MAT-11/23/11  S.P.   0
```

|                                  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | * USD-NON-REG(FD) * | ** CONVERTED TOTAL * |
|----------------------------------|--------------------:|--------------------:|--------------------:|---------------------:|
| BEGINNING BALANCE                |       39,323,807.64 |       23,000,735.05 |        5,869,080.00 |        68,193,622.69 |
| ENDING BALANCE                   |       39,323,807.64 |       23,000,735.05 |        5,869,080.00 |        68,193,622.69 |
| OPEN TRADE EQUITY                |                 .00 |        2,580,000.00 |                 .00 |         2,580,000.00 |
| TOTAL EQUITY                     |       39,323,807.64 |       25,580,735.05 |        5,869,080.00 |        70,773,622.69 |
| SETTLED MKT VALUE / SEC ON DEP   |      120,000,000.00 |                 .00 |                 .00 |       120,000,000.00 |
| ACCOUNT VALUE AT MARKET          |      159,323,807.64 |       25,580,735.05 |        5,869,080.00 |       190,773,622.69 |
| INITIAL MARGIN REQUIREMENT       |                 .00 |        2,400,000.00 |                 .00 |         2,400,000.00 |
| MAINTENANCE MARGIN REQUIREMENT   |                 .00 |        2,400,000.00 |                 .00 |         2,400,000.00 |
| EXCESS EQUITY                    |      159,323,807.64 |       23,180,735.05 |        5,869,080.00 |       188,373,622.69 |

```
                              TODAY'S AMOUNT
                              ----------------
F1 COMMISSIONS                     937.30-
F1 CLEARING FEES               246,316.50-
F1 EXCHANGE FEES                   455.00-
F1 NFA FEES                      3,206.15-
F1 BROKERAGE FEES               28,612.75-
F1 TRANSACTION FEES             28,994.31-
F1 FUTURES PROFIT & LOSS     40,514,965.02

F2 COMMISSIONS                     277.34-
F2 CLEARING FEES                 9,463.26-
F2 EXCHANGE FEES                53,519.63-
F2 NFA FEES                        739.28-
F2 BROKERAGE FEES               11,173.00-
F2 TRANSACTION FEES             12,352.10-
F2 FUTURES PROFIT & LOSS      2,735,029.50
```



```
 64   240 R4842-CONOCOPHILLIPS COMPANY - CRUDE   (RC) 11/03/11  US (T-E I-I) RELATED MASTER      MT-0                          LDA: 11/03/11
D -   64 04842  F1                     NOV 11 CBT ETHANOL                     S US                       4,263.00
                  *         *                        CLOSE PRICE     2.790        **                     4,263.00  *
D -   64 04842  F1                     DEC 11 CBT ETHANOL                     S US                      40,687.00
                  *         *                        CLOSE PRICE     2.691        **                    40,687.00  *
D -   64 04842  F1                     NOV 11 CBT ETHANL FW                     US                     331,180.00DR
                  *         *                        CLOSE PRICE     2.6884       **                   331,180.00DR*
D -   64 04842  F1                     DEC 11 CBT ETHANL FW                     US                     188,500.00
                  *         *                        CLOSE PRICE     2.4900       **                   188,500.00  *
D -   64 04842  F1                     JAN 12 CBT ETHANL FW                   X US                      62,712.50DR
                  *         *                        CLOSE PRICE     2.4070       **                    62,712.50DR*
D -   64 04842  F1                     FEB 12 CBT ETHANL FW                   X US                      63,437.50DR
                  *         *                        CLOSE PRICE     2.4150       **                    63,437.50DR*
D -   64 04842  F1                     MAR 12 CBT ETHANL FW                   X US                      64,887.50DR
                  *         *                        CLOSE PRICE     2.4220       **                    64,887.50DR*
D -   64 04842  F1                     APR 12 CBT ETHANL FW                   X US                     314,287.50DR
                  *         *                        CLOSE PRICE     2.4400       **                   314,287.50DR*
D -   64 04842  F1                     MAY 12 CBT ETHANL FW                   X US                     309,212.50DR
                  *         *                        CLOSE PRICE     2.4500       **                   309,212.50DR*
D -   64 04842  F1                     JUN 12 CBT ETHANL FW                   X US                     305,225.00DR
                  *         *                        CLOSE PRICE     2.4650       **                   305,225.00DR*
D -   64 04842  F1                     JUL 12 CBT ETHANL FW                     US                      77,575.00DR
                  *         *                        CLOSE PRICE     2.4390       **                    77,575.00DR*
D -   64 04842  F1                     AUG 12 CBT ETHANL FW                     US                      77,575.00DR
                  *         *                        CLOSE PRICE     2.3730       **                    77,575.00DR*
D -   64 04842  F1                     SEP 12 CBT ETHANL FW                     US                      77,575.00DR
                  *         *                        CLOSE PRICE     2.2930       **                    77,575.00DR*
D -   64 04842  F1                     NOV 11 NYM MBBUTNLDH                   X US                      54,075.00DR
                  *         *                        CLOSE PRICE     1.79649      **                     54,075.00DR*
D -   64 04842  F1                     DEC 11 NYM MBBUTNLDH                   X US                      53,726.40DR
                  *         *                        CLOSE PRICE     1.77625      **                     53,726.40DR*
D -   64 04842  F1                     NOV 11 NYM GCFO/EUFO                   X US                      49,344.00
                  *         *                        CLOSE PRICE      .018        **                     49,344.00  *
D -   64 04842  F1                     DEC 11 NYM GCFO/EUFO                   X US                      11,840.00
                  *         *                        CLOSE PRICE     -.002        **                     11,840.00  *
D -   64 04842  F1                     NOV 11 NYM NYPO/EUFO                   X US                      82,440.00DR
                  *         *                        CLOSE PRICE    -1.326        **                     82,440.00DR*
```

```
F2 USD-SECURED      68,164,221.37  ACB    49,106,489.34DR OTE    15,000,000.00  MV   19,057,732.03  LV   19,057,732.03  TE
                     4,440,696.97DR M/D            .00  WF             .00  TC            .00  LOV            .00  SOV
                            .00  LIM            .00  SIM             .00  NIM   38,498,429.00  FIR   38,498,429.00  FMR
                            .00  ULV            .00  USV    68,164,221.37  TB            .00  EIR            .00  EMR
                                         277.34DR COM             .00  SRL     1.00000000  FCV   68,164,221.37  PBL

CONVERSION TO US   274,522,306.21  ACB   209,770,660.78DR OTE   135,000,000.00  MV   64,751,645.43  LV   64,751,645.43  TE
                   161,253,216.43  M/E    45,693,913.40  WF             .00  TC   27,008,500.00  LOV   27,008,500.00DR SOV
                   101,915,000.00  LIM   101,915,000.00DR SIM             .00  NIM   38,498,429.00  FIR   38,498,429.00  FMR
                            .00  ULV            .00  USV   274,522,306.21  TB            .00  EIR            .00  EMR
                                       1,214.64DR COM             .00  SRL                          274,483,773.01  PBL
```

TODAY'S AMOUNT
----------------

| | |
|---|---|
| F1 CLEARING FEES | 162.00- |
| F1 NFA FEES | 1.20- |
| F1 TRANSACTION FEES | 10.80- |
| F1 FUTURES PROFIT & LOSS | 38,707.20 |

```
--------------------------------------------------------------------------------------------------------------------
 64  240 R4842-CONOCOPHILLIPS COMPANY - CRUDE  (RC) 11/04/11  US (T-E I-I) RELATED MASTER    MT-0           LDA: 11/04/11
D -  64 04842  F1           NOV 11 CBT ETHANOL                    S US                  4,263.00
                   *      *                    CLOSE PRICE   2.790     **                4,263.00 *
D -  64 04842  F1           DEC 11 CBT ETHANOL                    S US                 40,687.00
                   *      *                    CLOSE PRICE   2.674     **               40,687.00 *
D -  64 04842  F1           NOV 11 CBT ETHANL FW                  US                  331,180.00
                   *      *                    CLOSE PRICE   2.6738    **              331,180.00DR*
D -  64 04842  F1           DEC 11 CBT ETHANL FW                  US                  188,500.00
                   *      *                    CLOSE PRICE   2.4810    **              188,500.00 *
D -  64 04842  F1           JAN 12 CBT ETHANL FW                X US                   62,712.50DR
                   *      *                    CLOSE PRICE   2.4060    **               62,712.50DR*
D -  64 04842  F1           FEB 12 CBT ETHANL FW                X US                   63,437.50DR
                   *      *                    CLOSE PRICE   2.4110    **               63,437.50DR*
D -  64 04842  F1           MAR 12 CBT ETHANL FW                X US                   64,887.50DR
                   *      *                    CLOSE PRICE   2.4160    **               64,887.50DR*
D -  64 04842  F1           APR 12 CBT ETHANL FW                X US                  314,287.50DR
                   *      *                    CLOSE PRICE   2.4340    **              314,287.50DR*
D -  64 04842  F1           MAY 12 CBT ETHANL FW                X US                  309,212.50DR
                   *      *                    CLOSE PRICE   2.4540    **              309,212.50DR*
D -  64 04842  F1           JUN 12 CBT ETHANL FW                X US                  305,225.00DR
                   *      *                    CLOSE PRICE   2.4630    **              305,225.00DR*
D -  64 04842  F1           JUL 12 CBT ETHANL FW                  US                   77,575.00DR
                   *      *                    CLOSE PRICE   2.4400    **               77,575.00DR*
D -  64 04842  F1           AUG 12 CBT ETHANL FW                  US                   77,575.00DR
                   *      *                    CLOSE PRICE   2.3750    **               77,575.00DR*
D -  64 04842  F1           SEP 12 CBT ETHANL FW                  US                   77,575.00DR
                   *      *                    CLOSE PRICE   2.2950    **               77,575.00DR*
D -  64 04842  F1           NOV 11 NYM MBBUTNLDH                X US                   54,075.00DR
                   *      *                    CLOSE PRICE   1.80633   **               54,075.00DR*
D -  64 04842  F1           DEC 11 NYM MBBUTNLDH                X US                   53,726.40DR
                   *      *                    CLOSE PRICE   1.76875   **               53,726.40DR*
D -  64 04842  F1           NOV 11 NYM GCFO/EUFO                X US                   49,344.00
                   *      *                    CLOSE PRICE    .133     **               49,344.00 *
D -  64 04842  F1           DEC 11 NYM GCFO/EUFO                X US                   11,840.00
                   *      *                    CLOSE PRICE    .072     **               11,840.00 *
D -  64 04842  F1           NOV 11 NYM NYFO/EUFO                X US                   82,440.00DR
```

```
              F2                                            EXCHANGE FEES US                     62.50DR
              F2                                            TRANSACTION FEES US                    1.80DR
              F2                                            GROSS PROFIT OR LOSS US             23,625.00DR
              F2                                    NET PROFIT OR LOSS FROM TRADES US          23,696.80DR
  8/17/11     F2     5              P&S DEC 12 ICE CONWAYPPSW      1.34500  US
                                   BLOCK TRANSACTION
 11/03/11     F2          5        P&S DEC 12 ICE CONWAYPPSW      1.24750  US
              F2     5 *    5 *                             CLEARING/PROCESSING FEES US           7.50DR
              F2                                            EXCHANGE FEES US                     62.50DR
              F2                                            TRANSACTION FEES US                    1.80DR
              F2     .                                     GROSS PROFIT OR LOSS US             20,475.00DR
              F2                                    NET PROFIT OR LOSS FROM TRADES US          20,546.80DR
 * * * * * * * *  * * * * * * * * *    O P E N    P O S I T I O N S     * * * * * * * * * * * * * * * * * * *
  3/28/11     F1   25,000,000       LOC CONOCOPHILLIPS PASS THRU    X         US          25,000,000.00   25,000,000.00
  4/18/11     F1   25,000,000       LOC CONOCOPHILLIPS PASS THRU    X         US          25,000,000.00   25,000,000.00
                                   CME- SVENSKA DUE 3/30/2012
                  50,000,000 *      S011037       MAT  3/30/30  100.00                    50,000,000.00  *50,000,000.00  *
  5/29/09     F1   70,000,000       LOC CONOCOPHILLIPS PASS THRU    X         US          70,000,000.00   70,000,000.00
                                   CME STANDCHART DUE 3/30/2012
                  70,000,000 *      520076132     MAT  3/30/2012  100.00                  70,000,000.00  *70,000,000.00  *
 11/03/11     F2   400              JAN 12 ICE WTILSCRUDE         93.91       US             616,000.00
                  400 *       *                   CLOSE PRICE    95.45       **              616,000.00  *
                                   AVG LONG     93.91
                                                                         NET FUT:    400.0
  5/29/09     F2   15,000,000       LOC DUE 11/23/11                X         US          15,000,000.00   15,000,000.00
                                   CONOCO WITH INTESA SANPAOLO
                  15,000,000 *      083400793     MAT 11/23/11  100.00                    15,000,000.00  *15,000,000.00  *
 FD USD-NON-REG    5,869,080.00 ACB          .00 OTE           .00 MV     5,869,080.00 LV    5,869,080.00 TE
                   5,869,080.00 M/E  5,869,080.00 WF           .00 TC            .00 LOV            .00 SOV
                            .00 ULV          .00 USV  5,869,080.00 TB            .00 EIR            .00 EMR
                                             .00 COM           .00 SRL    1.00000000 FCV    5,869,080.00 PBL

 F1 USD-SEG 1.25   39,331,710.31 ACB          .00 OTE  120,000,000.00 MV   39,331,710.31 LV   39,331,710.31 TE
                  159,331,710.31 M/E 39,331,710.31 WF           .00 TC            .00 LOV            .00 SOV
                            .00 ULV          .00 USV 39,331,710.31 TB            .00 EIR            .00 EMR
                                    3,306.10DR COM           .00 SRL    1.00000000 FCV  200,489,004.84 PBL

 F2 USD-SECURED    23,000,735.05 ACB   616,000.00 OTE   15,000,000.00 MV   23,616,735.05 LV   23,616,735.05 TE
                   36,216,735.05 M/E 23,616,735.05 WF           .00 TC            .00 LOV            .00 SOV
                            .00 LIM          .00 SIM           .00 NIM    2,400,000.00 FIR    2,400,000.00 FMR
                            .00 ULV          .00 USV 23,000,735.05 TB            .00 EIR            .00 EMR
                                      832.02DR COM           .00 SRL    1.00000000 FCV   68,164,221.37 PBL

 CONVERSION TO US  68,201,525.36 ACB   616,000.00 OTE  135,000,000.00 MV   68,817,525.36 LV   68,817,525.36 TE
                  201,417,525.36 M/E 68,817,525.36 WF           .00 TC            .00 LOV            .00 SOV
                            .00 LIM          .00 SIM           .00 NIM    2,400,000.00 FIR    2,400,000.00 FMR
                            .00 ULV          .00 USV 68,201,525.36 TB            .00 EIR            .00 EMR
                                    4,138.12DR COM           .00 SRL                       274,522,306.21 PBL
```

```
                        TODAY'S AMOUNT
                        ----------------
 F1 COMMISSIONS              2,368.80-
 F1 CLEARING FEES          407,102.55-
 F1 EXCHANGE FEES            5,372.50-
 F1 NPA FEES                 5,135.26-
 F1 BROKERAGE FEES          22,292.50-
```

```
F1 TRANSACTION FEES              50,851.48-
F1 FUTURES PROFIT & LOSS     160,664,171.44-

F2 COMMISSIONS                      554.68-
F2 CLEARING FEES                 32,819.94-          (G)
F2 EXCHANGE FEES                260,306.78-
F2 NFA FEES                       1,678.32-
F2 BROKERAGE FEES                24,214.00-
F2 TRANSACTION FEES              35,186.24-
F2 FUTURES PROFIT & LOSS         44,808,726.36-
-------------------------------------------------------------------------------------------------
 64    240 R4842-CONOCOPHILLIPS COMPANY - CRUDE   (RC) 11/07/11  US (T-E I-I) RELATED MASTER      MT-0              LDA: 11/07/11
D -    64 04842  F1    50,000,000          LOC CONOCOPHILLIPS PASS THRU     X            US            50,000,000.00   50,000,000.00
                                           CME- SVENSKA DUE 3/30/2012
                       50,000,000 *        S011037            MAT 3/30/12    100.00                    50,000,000.00  *50,000,000.00 *
D -    64 04842  F1    70,000,000          LOC CONOCOPHILLIPS PASS THRU     X            US            70,000,000.00   70,000,000.00
                                           CME STANDCHART DUE 3/30/2012
                       70,000,000 *        520076132          MAT 3/30/12    100.00                    70,000,000.00  *70,000,000.00 *
D -    64 04842  F2    400                 JAN 12 ICE WTILSCRUDE                         US               616,000.00
                       400 *      *                           CLOSE PRICE    95.45       **              616,000.00  *
                                                                                 NET FUT:    400.0
D -    64 04842  F2    15,000,000          LOC DUE 11/23/11                 X            US            15,000,000.00   15,000,000.00
                                           CONOCO WITH INTESA SANPAOLO
                       15,000,000 *        083400793          MAT 11/23/11   100.00                    15,000,000.00  *15,000,000.00 *
FD USD-NON-REG      5,869,080.00   ACB            .00   OTE            .00   MV     5,869,080.00   LV    5,869,080.00   TE
                    5,869,080.00   M/E   5,869,080.00   WF             .00   TC             .00   LOV            .00   SOV
                             .00   ULV           .00   USV     5,869,080.00   TB            .00   EIR            .00   EMR
                                                 .00   COM            .00   SRL     1.00000000   FCV    5,869,080.00   PBL

F1 USD-SEG 1.25    39,331,710.31   ACB            .00   OTE    120,000,000.00   MV    39,331,710.31   LV   39,331,710.31   TE
                  159,331,710.31   M/E  39,331,710.31   WF             .00   TC             .00   LOV            .00   SOV
                             .00   ULV           .00   USV    39,331,710.31   TB            .00   EIR            .00   EMR
                                        3,306.10DR COM            .00   SRL     1.00000000   FCV  200,489,004.84   PBL

F2 USD-SECURED     23,000,735.05   ACB      616,000.00   OTE    15,000,000.00   MV    23,616,735.05   LV   23,616,735.05   TE
                   36,216,735.05   M/E  23,616,735.05   WF             .00   TC             .00   LOV            .00   SOV
                             .00   LIM           .00   SIM            .00   NIM     2,400,000.00   FIR    2,400,000.00   FMR
                             .00   ULV           .00   USV    23,000,735.05   TB            .00   EIR            .00   EMR
                                          832.02DR COM            .00   SRL     1.00000000   FCV   68,164,221.37   PBL

CONVERSION TO US   68,201,525.36   ACB      616,000.00   OTE   135,000,000.00   MV    68,817,525.36   LV   68,817,525.36   TE
                  201,417,525.36   M/E  68,817,525.36   WF             .00   TC             .00   LOV            .00   SOV
                             .00   LIM           .00   SIM            .00   NIM     2,400,000.00   FIR    2,400,000.00   FMR
                             .00   ULV           .00   USV    68,201,525.36   TB            .00   EIR            .00   EMR
                                        4,138.12DR COM            .00   SRL                       FCV  274,522,306.21   PBL
-------------------------------------------------------------------------------------------------
```

ACCOUNT NUMBER: E  64   240 04842
STATEMENT DATE: NOV 29, 2011

CONOCOPHILLIPS COMPANY - CRUDE
ATTN SEAN O'HARE      (E/S)
PO BOX 2197 CH 3120
HOUSTON TX  77252

INSTRUCT ACCOUNT

*  *   *   *   *   *   *   *   *   *   C O N F I R M A T I O N   *   *   *   *   *   *   *   *   *   *
THE FOLLOWING JOURNAL ENTRIES HAVE BEEN POSTED TO YOUR ACCOUNT.

| TRADE | SETTL | AT | JOURNAL DESCRIPTION | CC | DEBIT/CREDIT |
|-------|-------|----|--------------------|----|--------------|
| 11/29/1 | 11/01/1 | F1 | INTEREST - MTH ENDING 10/31/11 | US | 7,902.67DR |

*  *   *   *   *   *   *   *   *   O P E N   P O S I T I O N S   *   *   *   *   *   *   *   *   *

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|-------|----|--------------|
| 3/28/1 | | F1 | 25 MIL | | LOC CONOCOPHILLIPS PASS THRU | | | US | 25,000,000.00 |
| 4/18/1 | | F1 | 25 MIL | | LOC CONOCOPHILLIPS PASS THRU | | | US | 25,000,000.00 |
| | | | | | CME- SVENSKA DUE 3/30/2012 | | | | |
| | | | 50 MIL* | | S011037     MAT- 3/30/12 | S.P. | 100.00 | | |
| 5/29/9 | | F1 | 70 MIL | | LOC CONOCOPHILLIPS PASS THRU | | | US | 70,000,000.00 |
| | | | | | CME STANDCHART DUE 3/30/2012 | | | | |
| | | | 70 MIL* | | 520076132    MAT- 3/30/12 | S.P. | 100.00 | | |
| 11/03/1 | | F2 | 400 | | JAN 12 ICE WTILSCRUDE | 19 | 93.91 | US | 2,352,000.00 |
| | | | 400* | | | CLOSE | 99.79 | | 2,352,000.00 |
| | | | | | AVERAGE LONG:   93.910 | | | | |
| 5/29/9 | | F2 | 15 MIL | | LOC DUE 11/23/11 | | | US | .00 |
| | | | | | CONOCO WITH INTESA SANPAOLO | | | | |
| | | | 15 MIL* | | 083400793   MAT-11/23/11 | S.P. | 0 | | |

| | * USD-SEG 1.25(P1)* | * USD-SECURED(F2) * | * USD-NON-REG(FD) * | ** CONVERTED TOTAL * |
|--|---------------------|---------------------|---------------------|----------------------|
| BEGINNING BALANCE | 39,331,710.31 | 23,000,735.05 | 5,869,080.00 | 68,201,525.36 |
| CASH AMOUNTS | 7,902.67DR | .00 | | 7,902.67DR |
| ENDING BALANCE | 39,323,807.64 | 23,000,735.05 | 5,869,080.00 | 68,193,622.69 |
| | | | | |
| OPEN TRADE EQUITY | .00 | 2,352,000.00 | .00 | 2,352,000.00 |
| TOTAL EQUITY | 39,323,807.64 | 25,352,735.05 | 5,869,080.00 | 70,545,622.69 |
| SETTLED MKT VALUE / SEC ON DEP | 120,000,000.00 | .00 | .00 | 120,000,000.00 |
| ACCOUNT VALUE AT MARKET | 159,323,807.64 | 25,352,735.05 | 5,869,080.00 | 190,545,622.69 |
| | | | | |
| INITIAL MARGIN REQUIREMENT | .00 | 2,400,000.00 | .00 | 2,400,000.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 2,400,000.00 | .00 | 2,400,000.00 |
| EXCESS EQUITY | 159,323,807.64 | 22,952,735.05 | 5,869,080.00 | 188,145,622.69 |

Monthly Invoice

Conoco Phillips Co.



**REVISED**

Attn:

10/6/2011

MF Global Capital LLC
Attn: Dina Nee
440 South LaSalle Street, 20th Floor
Chicago, IL 60605
Tel: (312) 663-7670
Fax: (312) 902-6673
dnee@mfglobal.com

| Date | Trade ID | Trader | Deal | Option | Leg | Price | Premium | Volume | Start | End | Counterparty | Cleared | Location | Rate | Commission |
|------|----------|--------|------|--------|-----|-------|---------|--------|-------|-----|--------------|---------|----------|------|------------|
| **Crude Oil WTI** | | | | | | | | | | | | | | | |
| 09/21/11 | 092111-00017 | Jerad Cassalla | CSO | Call | S | 0.150 | -0.30 | 200,000 | 11/1/2011 | 11/30/2011 | NEXEN Marketing | NYMEX | | 0.00500 | $1,000.00 |
| 09/21/11 | 092111-00018 | Jerad Cassalla | CSO | Put | S | 0.150 | -0.30 | 200,000 | 11/1/2011 | 11/30/2011 | NEXEN Marketing | NYMEX | | 0.00000 | $0.00 |
| 09/21/11 | 092111-00019 | Jerad Cassalla | CSO | Call | S | 0.150 | -0.30 | 500,000 | 11/1/2011 | 11/30/2011 | Plains Marketing LP | NYMEX | | 0.00500 | $2,500.00 |
| 09/21/11 | 092111-00020 | Jerad Cassalla | CSO | Put | S | 0.150 | -0.30 | 500,000 | 11/1/2011 | 11/30/2011 | Plains Marketing LP | NYMEX | | 0.00000 | $0.00 |
| **Jerad Cassalla - Trades: 4** | | | | | | | | **1,400,000.00** | | | | | | | **$3,500.00** |
| 09/30/11 | 093011-00030 | Phil Damjanovic | American | Put | B | 9,200 | 87.50 | 10,000 | 11/1/2011 | 11/30/2011 | Levante Capital, LLC | NYMEX | | 0.00500 | $50.00 |
| **Phil Damjanovic - Trades: 1** | | | | | | | | **10,000.00** | | | | | | | **$50.00** |
| **Phil Damjanovic - Trades: 5** | | | | | | | | **1,410,000.00** | | | | | | | **$3,550.00** |

Wiring Instructions:    To Chase Manhattan Bank, ABA# 021000021
For: MF Global Capital LLC
Account #910-2-754372
Make checks payable to: MF Global Capital
440 S LaSalle 24th floor

Monthly Invoice

**Conoco Phillips Co.**



**REVISED**

11/3/2011

MF Global Capital LLC
Attn: Dina Nee
440 South LaSalle Street, 20th Floor
Chicago, IL 60605
Tel: (312) 663-7670
Fax: (312) 902-6673
dnee@mfglobal.com

Attn:

| Date | Trade ID | Trader | Deal | Option | Leg | Price | Premium | Volume | Start | End | Counterparty | Cleared | Location | Rate | Commission |
|------|----------|--------|------|--------|-----|-------|---------|--------|-------|-----|--------------|---------|----------|------|------------|
| **Crude Oil WTI** | | | | | | | | | | | | | | | |
| 10/24/11 | 102411-00077 | Dakin Christenson | American | Put | S | 3.500 | 90.00 | 25,000 | 12/1/2011 | 12/30/2011 | Levante Capital, LLC | NYMEX | | 0.00500 | $125.00 |
| **Dakin Christenson - Trades: 1** | | | | | | | | 25,000.00 | | | | | | | $125.00 |
| 10/04/11 | 100411-00068 | Jerad Cassalia | American | Call | B | 2.400 | 85.00 | 200,000 | 12/1/2011 | 12/30/2011 | Todd Kramer | NYMEX | | 0.00000 | $0.00 |
| 10/04/11 | 100411-00069 | Jerad Cassalia | American | Call | S | 2.400 | 80.00 | 100,000 | 12/1/2011 | 12/30/2011 | Todd Kramer | NYMEX | | 0.00500 | $500.00 |
| **Jerad Cassalia - Trades: 2** | | | | | | | | 300,000.00 | | | | | | | $500.00 |
| 10/24/11 | 102411-00078 | Phil Damjanovic | American | Put | B | 2.550 | 87.50 | 50,000 | 12/1/2011 | 12/30/2011 | Levante Capital, LLC | NYMEX | | 0.00000 | $0.00 |
| **Phil Damjanovic - Trades: 1** | | | | | | | | 50,000.00 | | | | | | | $0.00 |
| **Phil Damjanovic - Trades: 4** | | | | | | | | 375,000.00 | | | | | | | $625.00 |



Wiring Instructions:    To Chase Manhattan Bank, ABA# 021000021
For: MF Global Capital LLC
Account #910-2-754372
Make checks payable to: MF Global Capital
440 S LaSalle 24th floor

---

Monthly Invoice for:    Conoco Phillips Co.

*Physical Delivery Invoice*

# MF GLOBAL INC.
55 East 52nd Street
New York, NY  10055

Date:   10/28/2011

To:     ConocoPhillips
Attn:   Rick Tibbetts
From :  Ben Schirripa

Delivery Month:   Oct-11                    Buyer:    **Valero**
Commodity:        Heating Oil               Seller:   **ConocoPhillips**
Settlement Price:     **2.7948**

| TN # | **BARRELS** | DELIVERY METHOD | BARGE, BATCH OR TANK # | DELIVERY DATE | AMOUNT DUE |
|------|-------------|-----------------|------------------------|---------------|------------|
| 916 | 50,000.00 | Pipeline | VAL-77-553 | 27-Oct-11 | $ 5,869,080.00 |
|  |  |  |  |  | $ - |
|  |  |  |  |  | $ - |
|  |  |  |  |  | $ - |
|  |  |  |  |  | $ - |
|  |  |  |  |  | $ - |
|  |  |  |  |  | $ - |
| **TOTAL** | 50,000.00 |  |  |  |  |

| **TOTAL DUE** | **ConocoPhillips** | $ 5,869,080.00 |
|---------------|--------------------|-----------------|

The above amount will be     CREDITED     to your trading account today.

Attachment #3

ACCOUNT NUMBER: E 64  240 04842
STATEMENT DATE: OCT 31, 2011

CONOCOPHILLIPS COMPANY - CRUDE
ATTN SEAN O'HARE   (E/S)
PO BOX 2197 CH 3120
HOUSTON TX 77252

INSTRUCT ACCOUNT

PAGE   1342

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|----|-----|--------------|
| 8/17/1 | | F2 | 5 | | SEP 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 22,837.50DR |
| | | | | | BLOCK TRANSACTION | | | | |
| 10/18/1 | | F2 | 25 | | SEP 12 ICE CONWAYPPSW | 19 | 1.20750 | US | 30,187.50 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 30* | | | CLOSE | 1.23625 | | 7,350.00 |
| | | | | | AVERAGE LONG:    1.230 | | | | |
| 8/17/1 | | F2 | 5 | | OCT 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 20,212.50DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.24875 | | 20,212.50DR |
| | | | | | AVERAGE LONG:    1.345 | | | | |
| 8/17/1 | | F2 | 5 | | NOV 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 17,062.50DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.26375 | | 17,062.50DR |
| | | | | | AVERAGE LONG:    1.345 | | | | |
| 8/17/1 | | F2 | 5 | | DEC 12 ICE CONWAYPPSW | 19 | 1.34500 | US | 13,912.50DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 5* | | | CLOSE | 1.27875 | | 13,912.50DR |
| | | | | | AVERAGE LONG:    1.345 | | | | |
| 10/03/1 | | F2 | | 25 | OCT 11 ICE PPNMBLDHD4 | 19 | 1.48500 | US | 14,007.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 25* | | CLOSE | 1.47166 | | 14,007.00 |
| | | | | | AVERAGE SHORT:    1.485 | | | | |
| 5/29/9 | | F2 | 15 MIL | | LOC DUE 11/23/11 | | | US | 15,000,000.00 |
| | | | | | CONOCO WITH INTESA SANPAOLO | | | | |
| | | | 15 MIL* | | 083400793    MAT-11/23/11   S.P.  100.00 | | | | |

| | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | * USD-NON-REG(FD) * | ** CONVERTED TOTAL * |
|---|---|---|---|---|
| BEGINNING BALANCE | 160,244,024.63 | 65,516,716.48 | 5,869,080.00 | 231,629,821.11 |
| ENDING BALANCE | 160,244,024.63 | 65,516,716.48 | 5,869,080.00 | 231,629,821.11 — C |
| | | | | |
| OPEN TRADE EQUITY | 120,110,495.22DR | 35,994,595.92DR | .00 | 156,105,091.14DR — D A |
| TOTAL EQUITY | 40,133,529.41 | 29,522,120.56 | 5,869,080.00 | 75,524,729.97 — A |
| SHORT OPTION PROCEEDS | 25,952,390.00 | .00 | .00 | 25,952,390.00 |
| SETTLED MKT VALUE / SEC ON DEP | 120,000,000.00 | 15,000,000.00 | .00 | 135,000,000.00 |
| ACCOUNT VALUE AT MARKET | 160,133,529.41 | 44,522,120.56 | 5,869,080.00 | 210,524,729.97 — B |
| | | | | |
| INITIAL MARGIN REQUIREMENT | .00 | 38,245,967.00 | .00 | 38,245,967.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 38,245,967.00 | .00 | 38,245,967.00 |
| EXCESS EQUITY | 160,133,529.41 | 6,276,153.56 | 5,869,080.00 | 172,278,762.97 |

2.    Please state the open trade equity in the account, as of October 31, 2011: <u>($156,105,091.10)  See attachment #3-D]</u>    .

B.    If your account contained NO open trade equity or cash, cash equivalents, or other property associated with the margining of Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States), you may skip the rest of this question. OTHERWISE:

    1.    If, on October 31, 2011, your account contained open trade equity of—or cash, cash equivalents, or other property (including margin) associated with—Foreign Futures (*i.e.*, **futures or options on futures traded on an exchange located outside of the United States**), please identify the amounts of equity and cash, cash equivalents, or other property (and specify the currency and/or convert to USD) for each (use additional paper, as needed):

        **Are these estimated amounts?**    YES ✓        NO ☐

        Foreign Futures open trade equity: <u>($24,655,215.00) [See attachment #6]</u> .

        Foreign Futures cash, cash equivalents, or other property:<u>       </u>

        <u>**$24,655,215.00–Due to trade activity on both ICE US Cleared and ICE Futures we are unable to determine exact margin/span attributed to only the foreign futures but know it is at least equivalent to the open trade equity**</u>.

## II.    <u>ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31, 2011</u>

<u>**THE FOLLOWING QUESTIONS ADDRESS ACCOUNT ACTIVITY—EITHER INITIATED BY YOU OR OTHERWISE—THAT AFFECTED YOUR ACCOUNT ON OR AFTER OCTOBER 31, 2011.**</u>

    A.    If your account had any open commodity contracts as of October 31, 2011, were any of your open commodity contracts transferred to one or more transferee futures commission merchants after October 31, 2011?

        **Check one:**    YES ✓

                **OR**

    ☐    "No open commodity contracts were transferred from my account to a transferee futures commission merchant after October 31, 2011"

    *NOTE:*    *If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

    1.    Identify the name(s) of the transferee futures commission merchant(s);

    **Newedge USA, LLC [See attachment #4]**

**ConocoPhillips**                                        Attachment 6
**Foreign Futures Open trade equity as of 10/31/2011**

10/31/2011                    ICE Futures              (24,655,215.00)

|  | Data | |
| --- | --- | --- |
| COM CODE | Sum of MARKET VALUE | Sum of NET LOTS |
| ECC | 71,299.20 | (60.00) |
| ETE | 10,233,209.70 | 1,554.00 |
| IBC | (70,085.40) | (60.00) |
| LCO | (12,657,280.00) | (3,172.00) |
| LGO | 3,503,625.00 | (875.00) |
| NBI | (4,990,088.88) | 1,026.00 |
| NBR | (1,274,962.50) | (195.00) |
| NGC | 8,662.50 | 5.00 |
| NGE | 6,697,480.44 | 321.00 |
| PRC | 487,566.24 | 181.00 |
| PRL | (23,372,490.12) | 461.00 |
| PRM | 14,007.00 | (25.00) |
| PRN | 856,020.90 | 325.00 |
| WBS | (15,501,560.00) | (2,239.00) |
| (blank) | | |
| Grand Total | (35,994,595.92) | (2,753.00) |

Attachment #4

ICE CLEAR EUROPE

Customer Position Transfer Request Form – ICE Clear Europe Limited
("ICE Clear Europe")

MF Global UK Limited ("MF Global")

Capitalised terms used but not defined in this Customer Position Transfer Request Form ("Form") have the same meaning as in ICE Clear Europe's Clearing Rules ("Rules"). This Form should only be completed by an appropriate employee of a Customer of MF Global. MF Global is a Clearing Member of ICE Clear Europe and has been declared by ICE Clear Europe to be a Defaulter pursuant to Part 9 of the Rules. The Form, when completed by a Customer, comprises an application to transfer all Contracts relating to the Customer held by MF Global with ICE Clear Europe to a Transferee Clearing Member. By completing the Form the Customer represents that it has correctly stated the entirety of the positions relating to it which are held by MF Global with ICE Clear Europe.

Details of all positions requested for transfer should be provided in the attached Position Transfer Template.

The Customer must send the Form, when completed, together with the completed Position Transfer Template to the Transferee Clearing Member for countersignature of the Form and request that the Transferee Clearing Member send the completed documentation to ICE Clear Europe at *iceeuops@theice.com*. The Clearing House will only act upon a Form that has been so countersigned by the Transferee Clearing Member accompanied by a completed Position Transfer Template.

Customers must ensure that they complete this Form as fully and accurately as possible. Pursuant to the Rules, ICE Clear Europe has no liability or duty of care to any Customer. Without limitation or prejudice to the generality of the provisions of the Rules, in completing this form, the Customer and Transferee Clearing Member agree and acknowledge that neither ICE Clear Europe nor any of its Affiliates will be liable to any Customer, Transferee Clearing Member or third party for: (i) acting upon any error of the Customer or Transferee Clearing Member in completing this Form; or (ii) any difference between the value at which a Contract is terminated (or a replacement Contract re-established) on the one hand and any claim that the Customer may have or realise in respect of any Customer Account, client money pool or otherwise as against MF Global in its administration or otherwise on the other hand. All transfers based upon a completed Form will take place pursuant to a termination of a Contract between ICE Clear Europe and MF Global and the establishment of a new Contract between the ICE Clear Europe and the Transferee Clearing Member, pursuant to Rule 902(n). This Form is governed by and shall be construed in accordance with English law and in accordance with the Rules and the interpretative provisions thereof.

**Part 1: To be completed by Customer**

| | |
|---|---|
| 1) Date this form is completed by Customer: | November 1, 2011 |
| 2) Customer's full legal name: | ConocoPhillips Company |
| 3) Jurisdiction of establishment of Customer: | State of Delaware, USA |
| 4) Principal place of business of Customer (if different from 3): | Houston, TX, USA |
| 5) Jurisdiction of any branch through which Customer acts in relation to cleared Contracts (if different from 3): | Houston, TX USA |

ICE Clear Europe Ltd, a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No. 06219884



ICE CLEAR EUROPE

| | |
|---|---|
| 6) Full address of Customer: | 600 North Dairy Ashford, Houston, TX 77079-1175 |
| 7) Names of any agents or intermediaries:<br><br>*[If known, please insert the full legal names of any agents or intermediaries that stand between the Customer and the Defaulter, e.g. brokers, fund managers.]* | n/a |
| 8) Current Clearing Member (Defaulter): | MF Global UK Limited |
| 9) All reference numbers or account numbers of accounts held by Customer with Defaulter related to cleared Contracts:<br><br>*[Please insert details of all known account numbers and other details of accounts which the Customer holds with the Defaulter or with any intermediaries the Customer used to trade through the Defaulter, related to cleared Contracts.]* | E 64 240 04842 |
| 10) Customer segregation agreement with Defaulter (segregated / non-segregated):<br><br>*[Please specify whether customer assets were agreed to be treated by MF Global as segregated (e.g. client money rules) or non-segregated.]* | Non-Segregated |
| 11) Clearing House account type (Customer / Proprietary)<br><br>*[Please specify if trades done by the Defaulter for the Customer were recorded in the Customer Account or Proprietary Account of the Defaulter.]* | Customer Account |
| 12) Contact name of employee at Customer responsible for completing and dealing with any queries on this Form: | Natacha Buchanan |
| 13) Customer's contact's telephone number | 281-293-3466 |
| 14) Customer's contact's email address | natacha.buchanan@conocophillips.com |
| 15) Transferee Clearing Member's full legal name (A list of Energy Clearing Members can be found at https://www.theice.com/publicdocs/clear_europe/ICE_Clear_Europe_Clearing_Member_List.pdf.): | Newedge UK Financial LTD. |
| 16) Contact name of employee of Transferee Clearing Member that Customer has dealt with in connection with this Form. | Neil Day |

ICE Clear Europe Ltd, a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No. 6219884

2

ice CLEAR EUROPE

| 17) Telephone number of Transferee Clearing Member's contact | 44-207-676-8139 |
|---|---|
| 18) E-mail address of Transferee Clearing Member contact: | neil.day@newedge.com |

The above details are accurate and I agree to the terms on which this Form is submitted.

Signed by:

Authorised Signatory
Customer

**Part II: to be completed by Transferee Clearing Member:**

| 1) Date this Form is completed by Transferee Clearing Member: | 02 / 11 / 2011 |
|---|---|
| 2) Transferee Clearing Member's full legal name: | Newedge Uk Financial Ltd. |
| 3) Whether new Contracts for Customer are to be recorded in Customer Account or Proprietary Account of Transferee Clearing Member:<br><br>*[Customer Account / Proprietary Account]* | Customer |
| 4) Contact name, telephone number and email address of Transferee Clearing Member (if different from those specified in Part A of this Form): | Neil Day<br>+44 207676 8139<br>neil.day@newedge.com |
| 5) Contact name, telephone number and email address of Customer (if different from those specified in Part A of this Form): | |

The above details are accurate and I agree to the terms on which this Form is submitted.

Signed by:      Neil Day

Authorised Signatory
Transferee Clearing Member

ICE Clear Europe Ltd, a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No. 06219884

3

Customer Position Transfer Request Form – ICE Clear Europe Limited ("ICE Clear Europe")

MF Global UK Limited ("MF Global")

Additional provisions for U.S. clients of MF Global Inc.

The following additional provisions apply to any client ("Client") of MF Global Inc. ("MF Global US") in circumstances where MF Global US used MF Global for the clearing of Contracts on behalf of its clients at ICE Clear Europe. Where the person who completes a Customer Position Transfer Request Form is a Client, the term 'Customer' as used throughout the relevant Customer Position Transfer Request Form will be treated as referring to the Client and no other person. Without prejudice and in addition to the exclusions of liability set out in the relevant Customer Position Transfer Request Form, neither ICE Clear Europe nor any of its Affiliates will be liable to any Client, Transferee Clearing Member or third party for any difference between the value at which a Contract is terminated (or a replacement Contract reestablished) on the one hand and any claim that the Client or MF Global US may have or realise in respect of any Customer Account, client money pool, or otherwise as against MF Global in its administration or otherwise, or any claim that the Client may have or realise as against MF Global US in bankruptcy or similar proceedings, in respect of customer property or otherwise on the other hand. The Client (and not the Clearing House) is responsible for dealing with the consequences of: (i) the Client having any contract with MF Global US; or (ii) any relationship between MF Global and MF Global US, which, in either case, may have any affect on the Client. These additional provisions are governed by and shall be construed in accordance with English law and in accordance with the Rules and the interpretative provisions thereof.

Signed by:

Authorised Signatory

Client

Signed by:

Authorised Signatory

Transferee Clearing Member

1

2.   Summarize the commodity contracts (including futures and options on futures) that were transferred (to each transferee, if more than one); and **[See attachment #5]**

3.   Specify the amount of margin (*i.e.*, cash, cash equivalents, or other property), in U.S. dollars, that was transferred along with such commodity contracts, if any.
**None [See attachment #2-2]**

4.   Please state the open trade equity based on the commodity contracts that were transferred from the account:

(i)   As of the date of the transfer; and
**($41,707,882.36) [See attachment #9-A]**

(ii)   As the commodity contracts existed in the account on October 31, 2011. **($37,420,545.00) [See attachment #8-A]**

**Are these estimated amounts?**      YES ☐      NO ✓

B.   Did you liquidate any open commodity contracts on or after October 31, 2011?

**Check one:**      YES ✓      NO ☐

*NOTE:   If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.   Summarize the commodity contracts (including futures and options on futures) that you liquidated.  **(741) Lots of Nov LGO and (400) Lots of Jan WBS [See attachment #8-B]**

2.   In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the commodity contracts that you liquidated:

(i)   As of the date of the liquidation; **($13,051,390.00) [See attachment #9-B] Exact liquidation price unknown; KPMG will notify of liquidation price**

(ii)   As the commodity contracts existed in the account on October 31, 2011. **($12,311,840.00) [See attachment #8-B]**

**Are these estimated amounts?**      YES ✓      NO ☐

3.   Please indicate whether any of the open commodity contracts you liquidated on or after October 31, 2011 were Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

**Check one:**      YES ✓      NO ☐

Attachment #5

| From Member | From Pos Acct | From Acct | From User Txt | To Mem ber | To Pos Acct | To Acct | To User Txt | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | N | | | FIM | S | 569 20310 | | B | 201112 | | | S | 1388 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | B | 201201 | | | S | 2834 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | B | 201202 | | | L | 1060 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201110 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201111 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201112 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201201 | | | L | 195 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201202 | | | L | 195 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201203 | | | L | 195 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201204 | | | S | 80 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201205 | | | S | 80 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201206 | | | S | 80 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201207 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201208 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201209 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201210 | | | S | 30 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201211 | | | S | 30 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ECC | 201212 | | | S | 30 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201110 | | | L | 490 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201111 | | | L | 335 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201112 | | | L | 85 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201201 | | | S | 77 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201202 | | | S | 67 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201203 | | | S | 67 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201204 | | | S | 25 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201205 | | | S | 25 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201206 | | | S | 25 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201207 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201208 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201209 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201210 | | | L | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201211 | | | L | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201212 | | | L | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201301 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201302 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201303 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201304 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201305 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201306 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201307 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201308 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201309 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201310 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201311 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | ETE | 201312 | | | L | 60 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | G | 201111 | | | S | 737 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | G | 201201 | | | S | 134 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | IBC | 201110 | | | L | 2 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | IBC | 201111 | | | S | 23 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | IBC | 201112 | | | S | 9 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | IBC | 201201 | | | S | 15 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | IBC | 201202 | | | S | 15 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201110 | | | L | 117 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201111 | | | L | 142 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201112 | | | L | 132 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201201 | | | L | 115 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201202 | | | L | 115 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201203 | | | L | 120 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201204 | | | L | 40 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201205 | | | L | 90 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201206 | | | L | 65 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201207 | | | L | 45 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201208 | | | L | 45 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201209 | | | L | 45 | 20111102 |
| MAN | N | | | FIM | S | 569 20310 | | NBI | 201210 | | | S | 15 | 20111102 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | N | | | FIM | S | 669 20310 | NBI | 201211 | | | S | 15 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NBI | 201212 | | | S | 15 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NBR | 201110 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NBR | 201111 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NBR | 201112 | | | S | 65 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGC | 201111 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201110 | | | L | 157 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201111 | | | L | 132 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201112 | | | L | 152 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201201 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201202 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201203 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201204 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201205 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201206 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201207 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201208 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201209 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201210 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201211 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | NGE | 201212 | | | L | 20 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201110 | | | S | 46 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201111 | | | S | 63 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201112 | | | S | 130 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201201 | | | L | 145 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201202 | | | L | 81 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201203 | | | L | 104 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201204 | | | S | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201205 | | | S | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201206 | | | S | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201207 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201208 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201209 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201210 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201211 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRC | 201212 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201110 | | | L | 486 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201111 | | | L | 424 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201112 | | | S | 548 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201201 | | | S | 86 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201202 | | | S | 391 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201203 | | | L | 191 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201204 | | | L | 160 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201205 | | | S | 40 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201206 | | | L | 160 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201207 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201208 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201209 | | | L | 30 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201210 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201211 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRL | 201212 | | | L | 5 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201110 | | | L | 80 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201111 | | | L | 95 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201112 | | | L | 95 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201201 | | | L | 10 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201202 | | | L | 10 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | PRN | 201203 | | | L | 10 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | T | 201112 | | | S | 789 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | T | 201201 | | | S | 400 | 20111102 |
| MAN | N | | | FIM | S | 669 20310 | T | 201202 | | | S | 1060 | 20111102 |

ConocoPhillips                                        Attachment 8
Open trade equity of trades transferred as of 10/31/2011

| | | | |
|---|---|---|---|
| 10/31/2011 | ICE Trades Open Equity Total | (35,994,595.92) | |
| 10/31/2011 | ICE Trades Transferred | (37,420,545.00) | A |
| 10/31/2011 | ICE Trades NOT Transferred | 1,425,949.08 | |

| | | Data | | |
|---|---|---|---|---|
| COM CODE | CON DAY | Sum of MARKET VALUE | Sum of NET LOTS | |
| ECC | 10/1/2011 | 163,699.20 | (40.00) | Trade month rolled off-Not Transferred |
| | 11/1/2011 | 159,600.00 | (40.00) | |
| | 12/1/2011 | 33,600.00 | (40.00) | |
| | 1/1/2012 | 154,612.50 | 195.00 | |
| | 2/1/2012 | 103,425.00 | 195.00 | |
| | 3/1/2012 | 52,237.50 | 195.00 | |
| | 4/1/2012 | (85,050.00) | (80.00) | |
| | 5/1/2012 | (85,050.00) | (80.00) | |
| | 6/1/2012 | (80,850.00) | (80.00) | |
| | 7/1/2012 | (72,450.00) | (65.00) | |
| | 8/1/2012 | (86,100.00) | (65.00) | |
| | 9/1/2012 | (99,750.00) | (65.00) | |
| | 10/1/2012 | (28,250.00) | (30.00) | |
| | 11/1/2012 | (27,825.00) | (30.00) | |
| | 12/1/2012 | (32,550.00) | (30.00) | |
| ECC Total | | 71,299.20 | (60.00) | |
| ETE | 10/1/2011 | 2,963,377.20 | 490.00 | Trade month rolled off-Not Transferred |
| | 11/1/2011 | 2,531,287.50 | 335.00 | |
| | 12/1/2011 | 1,646,400.00 | 85.00 | |
| | 1/1/2012 | (52,920.00) | (77.00) | |
| | 2/1/2012 | 103,057.50 | (67.00) | |
| | 3/1/2012 | 190,995.00 | (67.00) | |
| | 4/1/2012 | (37,800.00) | (25.00) | |
| | 5/1/2012 | (14,175.00) | (25.00) | |
| | 6/1/2012 | 10,762.50 | (25.00) | |
| | 7/1/2012 | (22,575.00) | 5.00 | |
| | 8/1/2012 | (26,250.00) | 5.00 | |
| | 9/1/2012 | (29,925.00) | 5.00 | |
| | 10/1/2012 | 261,975.00 | 65.00 | |
| | 11/1/2012 | 231,262.50 | 65.00 | |
| | 12/1/2012 | 197,137.50 | 65.00 | |
| | 1/1/2013 | 259,350.00 | 60.00 | |
| | 2/1/2013 | 246,750.00 | 60.00 | |
| | 3/1/2013 | 234,150.00 | 60.00 | |
| | 4/1/2013 | 221,550.00 | 60.00 | |
| | 5/1/2013 | 208,950.00 | 60.00 | |
| | 6/1/2013 | 196,350.00 | 60.00 | |
| | 7/1/2013 | 183,750.00 | 60.00 | |
| | 8/1/2013 | 171,150.00 | 60.00 | |
| | 9/1/2013 | 158,550.00 | 60.00 | |
| | 10/1/2013 | 145,950.00 | 60.00 | |
| | 11/1/2013 | 133,350.00 | 60.00 | |
| | 12/1/2013 | 120,750.00 | 60.00 | |
| ETE Total | | 10,233,209.70 | 1,554.00 | |
| IBC | 10/1/2011 | (8,765.40) | 2.00 | Trade month rolled off-Not Transferred |
| | 11/1/2011 | (2,415.00) | (23.00) | |
| | 12/1/2011 | (16,380.00) | (9.00) | |
| | 1/1/2012 | (28,350.00) | (15.00) | |
| | 2/1/2012 | (14,175.00) | (15.00) | |
| IBC Total | | (70,085.40) | (60.00) | |
| LCO | 11/1/2011 | (4,860,950.00) | | Flat Position-Not Transferred |
| | 12/1/2011 | 46,406,480.00 | (1,388.00) | |
| | 1/1/2012 | (49,068,960.00) | (2,834.00) | |
| | 2/1/2012 | (5,133,850.00) | 1,050.00 | |
| LCO Total | | (12,657,280.00) | (3,172.00) | |
| LGO | 10/1/2011 | 2,797,750.00 | | Trade month rolled off-Not Transferred |
| | 11/1/2011 | (10,070,300.00) | (741.00) | B-Liquidated per ICE |
| | 12/1/2011 | 10,291,500.00 | | Flat Position-Not Transferred |
| | 1/1/2012 | (225,850.00) | (134.00) | |
| | 6/1/2012 | 710,525.00 | | Flat Position-Not Transferred |
| LGO Total | | 3,503,625.00 | (875.00) | |

| | | | | |
|---|---|---|---|---|
| NBI | 10/1/2011 | (446,738.88) | 117.00 | Trade month rolled off-Not Transferred |
| | 11/1/2011 | (765,712.50) | 142.00 | |
| | 12/1/2011 | (223,125.00) | 132.00 | |
| | 1/1/2012 | (402,412.50) | 115.00 | |
| | 2/1/2012 | (455,962.50) | 115.00 | |
| | 3/1/2012 | (856,800.00) | 120.00 | |
| | 4/1/2012 | (105,000.00) | 40.00 | |
| | 5/1/2012 | (563,325.00) | 90.00 | |
| | 6/1/2012 | (389,025.00) | 65.00 | |
| | 7/1/2012 | (379,575.00) | 45.00 | |
| | 8/1/2012 | (377,212.50) | 45.00 | |
| | 9/1/2012 | (370,125.00) | 45.00 | |
| | 10/1/2012 | 117,862.50 | (15.00) | |
| | 11/1/2012 | 114,712.50 | (15.00) | |
| | 12/1/2012 | 112,350.00 | (15.00) | |
| NBI Total | | (4,990,088.88) | 1,026.00 | |
| NBR | 10/1/2011 | (397,687.50) | (65.00) | Trade month rolled off-Not Transferred |
| | 11/1/2011 | (424,987.50) | (65.00) | |
| | 12/1/2011 | (452,287.50) | (65.00) | |
| NBR Total | | (1,274,962.50) | (195.00) | |
| NGC | 11/1/2011 | 8,662.50 | 5.00 | |
| NGC Total | | 8,662.50 | 5.00 | |
| NGE | 10/1/2011 | 2,547,105.44 | 157.00 | Trade month rolled off-Not Transferred |
| | 11/1/2011 | 2,398,410.00 | 132.00 | |
| | 12/1/2011 | 2,400,877.50 | 152.00 | |
| | 1/1/2012 | (898,537.50) | 20.00 | |
| | 2/1/2012 | (906,937.50) | 20.00 | |
| | 3/1/2012 | (919,537.50) | 20.00 | |
| | 4/1/2012 | 538,650.00 | (40.00) | |
| | 5/1/2012 | 561,750.00 | (40.00) | |
| | 6/1/2012 | 582,750.00 | (40.00) | |
| | 7/1/2012 | 170,100.00 | (40.00) | |
| | 8/1/2012 | 178,500.00 | (40.00) | |
| | 9/1/2012 | 180,600.00 | (40.00) | |
| | 10/1/2012 | (78,750.00) | 20.00 | |
| | 11/1/2012 | (78,750.00) | 20.00 | |
| | 12/1/2012 | (78,750.00) | 20.00 | |
| NGE Total | | 6,697,480.44 | 321.00 | |
| PRC | 10/1/2011 | (601,753.74) | (46.00) | Trade month rolled off-Not Transferred |
| | 11/1/2011 | 697,725.00 | (63.00) | |
| | 12/1/2011 | 958,020.00 | (130.00) | |
| | 1/1/2012 | (580,230.00) | 145.00 | |
| | 2/1/2012 | (256,200.00) | 81.00 | |
| | 3/1/2012 | (828,765.00) | 104.00 | |
| | 4/1/2012 | (10,762.50) | (5.00) | |
| | 5/1/2012 | (9,450.00) | (5.00) | |
| | 6/1/2012 | (9,712.50) | (5.00) | |
| | 7/1/2012 | (21,000.00) | 30.00 | |
| | 8/1/2012 | (9,975.00) | 30.00 | |
| | 9/1/2012 | 7,350.00 | 30.00 | |
| | 10/1/2012 | (20,212.50) | 5.00 | |
| | 11/1/2012 | (17,062.50) | 5.00 | |
| | 12/1/2012 | (13,912.50) | 5.00 | |
| PRC Total | | 487,566.24 | 181.00 | |
| PRL | 10/1/2011 | (8,008,942.62) | 486.00 | Trade month rolled off-Not Transferred |
| | 11/1/2011 | (6,814,132.50) | 424.00 | |
| | 12/1/2011 | (5,530,402.50) | (548.00) | |
| | 1/1/2012 | (756,052.50) | (86.00) | |
| | 2/1/2012 | (1,489,005.00) | (391.00) | |
| | 3/1/2012 | (1,840,992.50) | 191.00 | |
| | 4/1/2012 | 566,212.50 | 160.00 | |
| | 5/1/2012 | (84,787.50) | (40.00) | |
| | 6/1/2012 | (202,387.50) | 160.00 | |
| | 7/1/2012 | 71,400.00 | 30.00 | |
| | 8/1/2012 | 77,700.00 | 30.00 | |
| | 9/1/2012 | 84,000.00 | 30.00 | |
| | 10/1/2012 | 116,550.00 | 5.00 | |
| | 11/1/2012 | 118,125.00 | 5.00 | |
| | 12/1/2012 | 120,225.00 | 5.00 | |
| PRL Total | | (23,372,490.12) | 461.00 | |
| PRM | 10/1/2011 | 14,007.00 | (25.00) | Trade month rolled off-Not Transferred |
| PRM Total | | 14,007.00 | (25.00) | |

| PRN | | 10/1/2011 | 814,745.90 | 105.00 | Trade month rolled off-Not Transferred |
| | | 11/1/2011 | 356,212.50 | 95.00 | |
| | | 12/1/2011 | 366,187.50 | 95.00 | |
| | | 1/1/2012 | (42,000.00) | 10.00 | |
| | | 2/1/2012 | (49,350.00) | 10.00 | |
| | | 3/1/2012 | (89,775.00) | 10.00 | |
| PRN Total | | | 856,020.90 | 325.00 | |
| WBS | | 11/1/2011 | 6,956,410.00 | | Flat Position-Not Transferred |
| | | 12/1/2011 | (16,186,310.00) | (789.00) | |
| | | 1/1/2012 | (2,241,540.00) | (400.00) | B-Liquidated per ICE |
| | | 2/1/2012 | (4,030,120.00) | (1,050.00) | |
| WBS Total | | | (16,501,560.00) | (2,239.00) | |
| (blank) | (blank) | | | | |
| (blank) Total | | | | | |
| Grand Total | | | (35,994,595.92) | (2,753.00) | |

**ConocoPhillips**                                    Attachment 9
**Open trade equity of trades transferred as of 10/31/2011**

| 11/3/2011 | ICE Trades Open Equity-Total | (43,757,247.36) | |
|---|---|---|---|
| 11/3/2011 | ICE Trades Transferred | (41,707,882.36) | A |
| 11/3/2011 | ICE Trades NOT Transferred | (2,049,365.00) | |

| | | Data | |
|---|---|---|---|
| COM CODE | CON DAY | Sum of MARKET VALUE | Sum of NET LOTS |
| ECC | | | |
| | 11/1/2011 | 178,920.00 | (40.00) |
| | 12/1/2011 | 31,500.00 | (40.00) |
| | 1/1/2012 | 164,850.00 | 195.00 |
| | 2/1/2012 | 113,662.50 | 195.00 |
| | 3/1/2012 | 72,712.50 | 195.00 |
| | 4/1/2012 | (97,650.00) | (80.00) |
| | 5/1/2012 | (97,650.00) | (80.00) |
| | 6/1/2012 | (101,850.00) | (80.00) |
| | 7/1/2012 | (89,512.50) | (65.00) |
| | 8/1/2012 | (103,162.50) | (65.00) |
| | 9/1/2012 | (120,225.00) | (65.00) |
| | 10/1/2012 | (37,275.00) | (30.00) |
| | 11/1/2012 | (40,425.00) | (30.00) |
| | 12/1/2012 | (43,575.00) | (30.00) |
| ECC Total | | (169,680.00) | (20.00) |
| ETE | | | |
| | 11/1/2011 | 2,491,750.80 | 335.00 |
| | 12/1/2011 | 1,650,862.50 | 85.00 |
| | 1/1/2012 | (56,962.50) | (77.00) |
| | 2/1/2012 | 99,540.00 | (67.00) |
| | 3/1/2012 | 183,960.00 | (67.00) |
| | 4/1/2012 | (41,737.50) | (25.00) |
| | 5/1/2012 | (18,112.50) | (25.00) |
| | 6/1/2012 | 4,200.00 | (25.00) |
| | 7/1/2012 | (21,262.50) | 5.00 |
| | 8/1/2012 | (24,937.50) | 5.00 |
| | 9/1/2012 | (28,350.00) | 5.00 |
| | 10/1/2012 | 285,862.50 | 65.00 |
| | 11/1/2012 | 258,562.50 | 65.00 |
| | 12/1/2012 | 221,025.00 | 65.00 |
| | 1/1/2013 | 281,400.00 | 60.00 |
| | 2/1/2013 | 268,800.00 | 60.00 |
| | 3/1/2013 | 256,200.00 | 60.00 |
| | 4/1/2013 | 243,600.00 | 60.00 |
| | 5/1/2013 | 231,000.00 | 60.00 |
| | 6/1/2013 | 218,400.00 | 60.00 |
| | 7/1/2013 | 205,800.00 | 60.00 |
| | 8/1/2013 | 193,200.00 | 60.00 |
| | 9/1/2013 | 180,600.00 | 60.00 |
| | 10/1/2013 | 168,000.00 | 60.00 |
| | 11/1/2013 | 155,400.00 | 60.00 |
| | 12/1/2013 | 142,800.00 | 60.00 |
| ETE Total | | 7,549,600.80 | 1,064.00 |
| IBC | | | |
| | 11/1/2011 | (3,506.58) | (23.00) |
| | 12/1/2011 | (18,270.00) | (9.00) |
| | 1/1/2012 | (31,500.00) | (15.00) |
| | 2/1/2012 | (17,325.00) | (15.00) |
| IBC Total | | (70,601.58) | (62.00) |
| LCO | | | |
| | 12/1/2011 | 44,643,720.00 | (1,388.00) |
| | 1/1/2012 | (51,364,500.00) | (2,834.00) |
| | 2/1/2012 | (4,545,850.00) | 1,050.00 |
| LCO Total | | (11,266,630.00) | (3,172.00) |
| LGO | | | |
| | 11/1/2011 | (10,477,850.00) | (741.00) B-Liquidated per ICE |
| | 12/1/2011 | 10,291,500.00 | Flat Position-Not Transferred |
| | 1/1/2012 | (299,550.00) | (134.00) |
| | 6/1/2012 | 710,525.00 | Flat Position-Not Transferred |
| LGO Total | | 224,625.00 | (875.00) |
| NBI | | | |
| | 11/1/2011 | (827,976.66) | 142.00 |
| | 12/1/2011 | (292,425.00) | 132.00 |
| | 1/1/2012 | (444,675.00) | 115.00 |
| | 2/1/2012 | (486,150.00) | 115.00 |

| | | | |
|---|---|---|---|
| NBI | | 3/1/2012 | (781,200.00) | 120.00 |
| | | 4/1/2012 | (48,300.00) | 40.00 |
| | | 5/1/2012 | (454,650.00) | 90.00 |
| | | 6/1/2012 | (313,950.00) | 65.00 |
| | | 7/1/2012 | (327,600.00) | 45.00 |
| | | 8/1/2012 | (325,237.50) | 45.00 |
| | | 9/1/2012 | (318,150.00) | 45.00 |
| | | 10/1/2012 | 100,537.50 | (15.00) |
| | | 11/1/2012 | 97,387.50 | (15.00) |
| | | 12/1/2012 | 95,025.00 | (15.00) |
| NBI Total | | | (4,327,364.16) | 909.00 |
| NBR | | 11/1/2011 | (412,183.80) | (65.00) |
| | | 12/1/2011 | (418,162.50) | (65.00) |
| NBR Total | | | (830,346.30) | (130.00) |
| NGC | | 11/1/2011 | 12,442.50 | 5.00 |
| NGC Total | | | 12,442.50 | 5.00 |
| NGE | | 11/1/2011 | 2,562,678.72 | 132.00 |
| | | 12/1/2011 | 2,616,337.50 | 152.00 |
| | | 1/1/2012 | (870,187.50) | 20.00 |
| | | 2/1/2012 | (874,387.50) | 20.00 |
| | | 3/1/2012 | (884,887.50) | 20.00 |
| | | 4/1/2012 | 465,150.00 | (40.00) |
| | | 5/1/2012 | 481,950.00 | (40.00) |
| | | 6/1/2012 | 496,650.00 | (40.00) |
| | | 7/1/2012 | 84,000.00 | (40.00) |
| | | 8/1/2012 | 88,200.00 | (40.00) |
| | | 9/1/2012 | 90,300.00 | (40.00) |
| | | 10/1/2012 | (33,600.00) | 20.00 |
| | | 11/1/2012 | (33,600.00) | 20.00 |
| | | 12/1/2012 | (33,600.00) | 20.00 |
| NGE Total | | | 4,155,003.72 | 164.00 |
| PRC | | 11/1/2011 | 799,437.24 | (63.00) |
| | | 12/1/2011 | 1,162,770.00 | (130.00) |
| | | 1/1/2012 | (808,605.00) | 145.00 |
| | | 2/1/2012 | (383,775.00) | 81.00 |
| | | 3/1/2012 | (992,565.00) | 104.00 |
| | | 4/1/2012 | (3,937.50) | (5.00) |
| | | 5/1/2012 | (2,362.50) | (5.00) |
| | | 6/1/2012 | (2,362.50) | (5.00) |
| | | 7/1/2012 | (65,100.00) | 30.00 |
| | | 8/1/2012 | (49,350.00) | 30.00 |
| | | 9/1/2012 | (32,025.00) | 30.00 |
| | | 10/1/2012 | (26,775.00) | 5.00 |
| | | 11/1/2012 | (23,625.00) | 5.00 |
| | | 12/1/2012 | (20,475.00) | 5.00 |
| PRC Total | | | (448,750.26) | 227.00 |
| PRL | | 11/1/2011 | (7,278,208.98) | 424.00 |
| | | 12/1/2011 | (4,926,232.50) | (548.00) |
| | | 1/1/2012 | (661,237.50) | (86.00) |
| | | 2/1/2012 | (1,119,510.00) | (391.00) |
| | | 3/1/2012 | (1,640,992.50) | 191.00 |
| | | 4/1/2012 | 641,812.50 | 160.00 |
| | | 5/1/2012 | (103,687.50) | (40.00) |
| | | 6/1/2012 | (143,587.50) | 160.00 |
| | | 7/1/2012 | 82,425.00 | 30.00 |
| | | 8/1/2012 | 88,725.00 | 30.00 |
| | | 9/1/2012 | 95,025.00 | 30.00 |
| | | 10/1/2012 | 118,650.00 | 5.00 |
| | | 11/1/2012 | 120,750.00 | 5.00 |
| | | 12/1/2012 | 122,850.00 | 5.00 |
| PRL Total | | | (14,603,218.98) | (25.00) |
| PRN | | 11/1/2011 | 242,738.90 | 95.00 |
| | | 12/1/2011 | 251,475.00 | 95.00 |
| | | 1/1/2012 | (54,075.00) | 10.00 |
| | | 2/1/2012 | (59,850.00) | 10.00 |
| | | 3/1/2012 | (90,825.00) | 10.00 |
| PRN Total | | | 289,481.90 | 220.00 |
| WBS | | 12/1/2011 | (16,880,630.00) | (789.00) |
| | | 1/1/2012 | (2,573,540.00) | (400.00) B-Liquidated per ICE |
| | | 2/1/2012 | (4,817,620.00) | (1,050.00) |
| WBS Total | | | (24,271,790.00) | (2,239.00) |
| (blank) | (blank) | | | |
| (blank) Total | | | | |
| Grand Total | | | (43,757,247.36) | (3,934.00) |

*NOTE: If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

      (i)    Summarize the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated. **(741) Lots of Nov LGO and (400) Lots of Jan WBS [See attachment #8-B]**

      (ii)    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated:

          (a)    As of the date of the liquidation; **($13,051,390.00) [See attachment #9-B]-Exact liquidation price unknown; KPMG will notify of liquidation price**

             (b) As the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) existed in the account on October 31, 2011.

          **($12,311,840.00) [See attachment #8-B]**

**Are these estimated amounts?**    YES ✓    NO ☐

C.    If your account had any cash, cash equivalents, or other property as of October 31, 2011, was any cash, cash equivalents, or other property transferred from your account to one or more transferee futures commission merchants after October 31, 2011— OTHER THAN margin (*i.e.*, cash, cash equivalents, or other property) that was transferred with open commodity contracts (which you should have identified in Item (II.A), above)?

      **Check one:**        YES ☐

                **OR**

✓    "Not including any margin (*i.e.*, cash, cash equivalents, or other property) that may have transferred with open commodity positions, no other cash, cash equivalents, or other property was transferred from my account to a transferee futures commission merchant after October 31, 2011."

*NOTE:    If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.    Identify the name(s) of the transferee futures commission merchant(s); and

2.      Identify the amount of cash, cash equivalents, or other property that was transferred (to each transferee, if more than one).

**Are these estimated amounts?**      YES ☐      NO ☐

D.      In the aggregate, to the extent that you are able, please estimate what percentage of the value of your account (both open commodity positions and cash, cash equivalents, or other property), if any, was transferred to another futures    commission merchant:

         **None**

## III.    <u>DESCRIPTION OF THE ACCOUNT</u>

A.      Please specify the type of account (check all that are applicable):

     ✓   1. Futures account

     ✓   2. Foreign futures account

     ☐   3. Leverage account

     ✓   4. Option account—exchange-traded

     ☐   5. Option account—dealer

     ☐   6. Delivery account*

     ✓   7. Cleared OTC derivatives account

*A "delivery" account is one which contains only documents of title, commodities, cash, or other property identified to you and deposited for the purposes of making or taking delivery on a commodity underlying a commodity contract or for payment of the strike price upon exercise of an option.

B.      Please specify the capacity in which you hold the account (check all that are applicable):

     ☐   1. Individual capacity

     ☐   2. As guardian, custodian, or conservator for the benefit of a ward or a minor under the Uniform Gift to Minors Act

     ☐   3. As executor or administrator of an estate

     ☐   4. As trustee for the trust beneficiary

     ✓   5. In the name of a corporation, partnership, or unincorporated association

☐ 6. As an omnibus customer account of the undersigned futures commission merchant

☐ 7. As part owner of a joint account

☐ 8. In the name of a plan which, on October 31, 2011, had in effect a registration statement in accordance with the requirements of § 1031 of the Employee Retirement Income Security Act of 1974 and the regulations thereunder

☐ 9. As agent or nominee for a principle or beneficial owner (and not described in Items (III.B.1-8))

☐ 10. In any other capacity not described above in Items (III.B.1-9) (please specify the capacity):

C.    Is any person (including a general partnership, limited partnership, corporation, or other type of association) on whose behalf the account is held one of the following persons <u>or</u> does one of the following persons, alone or jointly, hold 10% or more of the account? (Check all that are applicable):

☐ 1. MF Global Inc.

☐ 2. Director of MF Global Inc.

☐ 3. Officer of MF Global Inc.

☐ 4. Person in control of MF Global Inc.

☐ 5. Partnership in which MF Global Inc. is a general partner

☐ 6. Owner of ten percent or more of the capital stock of MF Global Inc.

☐ 7. Employee of MF Global Inc. whose duties include (a) the management of the business of MF Global Inc. or any part thereof; (b) the handling of the trades or customer funds of customers of MF Global Inc.; (c) the keeping of records pertaining to the trades or funds of customers of MF Global Inc.; or (d) the signing or cosigning of checks or drafts on behalf of MF Global Inc.

☐ 8. Managing agent of MF Global Inc.

☐ 9. A spouse or minor dependent living in the same household of ANY OF THE FOREGOING PERSONS (listed in Items (III.C.1-8), above), or any other relative, regardless of residency, defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship with such degree.

☐   10. "Affiliate" of MF Global Inc.*

☐   11. Any of the persons listed in Items (III.C.1-8), above, if such person is
         associated with an affiliate of MF Global Inc. as if the affiliate were MF
         Global Inc.

*"Affiliate" of MF Global Inc. is defined as:

- An entity that directly or indirectly owns, controls, or holds with power to vote, 20% or
  more of the outstanding voting securities of MF Global Inc., other than an entity that holds
  such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote
  such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such
  power to vote;

- A corporation 20% or more of whose outstanding voting securities are directly or indirectly
  owned, controlled, or held with power to vote, by MF Global Inc., or by an entity that
  directly or indirectly owns, controls, or holds with power to vote, 20% or more of the
  outstanding voting securities of MF Global Inc., other than an entity that holds such
  securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such
  securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power
  to vote;

- A person whose business is operated under a lease or operating agreement by MF Global
  Inc., or person substantially all of whose property is operated under an operating agreement
  with MF Global Inc.;

- An entity that otherwise, directly or indirectly, is controlled by or is under common control
  with MF Global Inc.;

- An entity that operates the business of all or substantially all of the property of MF Global
  Inc. under a lease or operating agreement; or

- An entity that otherwise, directly or indirectly, controls MF Global Inc.

D.    Is this a discretionary account?

         **Check one:**          YES ☐               NO ✓

*NOTE:  If you selected "YES," specify who has the general authority to buy or sell
orders or effectuate transactions for your account:_____.*

E.    Is this a joint account?

         **Check one:**          YES ☐               NO ✓

*NOTE:  If you selected "YES," specify the amount of your percentage interest in
the account, and whether all participants in a joint account are claiming jointly.*

1. My percentage interest in the account is: _____ %

2. Participants in a joint account    (Check one)
   are claiming:

                                                 FULLY
              ☐   SEPARATELY   ☐   JOINTLY

F.     Do you have any related accounts?

       **Check one:**     YES   ✓     NO   ☐

       *NOTE: If you selected "YES," specify the account numbers of your related accounts.*
                   *YOU MUST FILE A SEPARATE CLAIM FOR EACH ACCOUNT.*

       ConocoPhillips Company E 64 240 04847 (not active)

       ConocoPhillips Company E 64 240 04840; & E 64 240 04844  (not active)

G.     Is your claim based on securities futures products?

       **Check one:**   YES   ☐          NO   ✓

       *NOTE:*        *If you selected "YES," are these securities futures products held in a*
       *futures account or a securities account?*

       **Check one:**   SECURITIES       ☐      FUTURES         ☐
                    ACCOUNT                     ACCOUNT

## IV.    DETAILS OF YOUR CLAIM

A.     Does MF Global Inc. have any claims against you not already included in your
statement of account balance provided in Item (I.A) above?

       **Check one:**   YES   ✓          NO   ☐

       *NOTE: If you selected "YES," please provide a detailed description in a signed*
             *attachment of any such claim or claims, and attach any supporting*
             *documentation you have. If you do not provide sufficient details, you may be*
             *sent a deficiency letter seeking additional information.*
             **Broker commissions [See attachment 2-I and J]**

B.     If your statement of account balance provided in Item (I.A) above does <u>NOT</u> include
any cash, cash equivalents or other property held by or for MF Global Inc. from or for
your account, select this box and skip the rest of this question.

       ☐      "I am not claiming any cash, cash equivalents, or other property
                held by or for MF Global Inc. from or for my account."

*OTHERWISE, please indicate whether any cash, cash equivalents, or other property consists of one of the following (check all that are applicable), and if you check any one or more of the following, please provide a detailed explanation on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

☐   1. Any security deposited as margin which, as of October 31, 2011, was securing an open commodity contract and is (i) registered in your name;

(ii) not transferable by delivery; and (iii) not a short-term obligation.

☐   2. Any fully-paid, non-exempt security held for your account in which there were no open contracts as of October 31, 2011.

☐   3. Any warehouse receipt, bill of lading or other document of title deposited as margin which, as of October 31, 2011, was securing an open commodity contract and can be identified in MF Global Inc.'s records as being held for your account, and is neither in bearer form nor otherwise transferable by delivery.

☐   4. Any warehouse receipt, bill of lading or other document of title, or any commodity received, acquired or held by or for MF Global Inc. to make or take physical delivery or exercise from or for your account and which can be identified in MF Global Inc.'s records as received from or for your account as held specifically for the purpose of delivery or exercise.

✓   5. Any open commodity contract (except as provided in Item (IV.B.7), below) which, as of October 31, 2011, is identified in MF Global Inc.'s records as being held for your account, is a bona fide hedging position or transaction as defined in CFTC Rule 1.3(z) or is a commodity option transaction which has been determined by the exchange to be economically appropriate to the reduction of risks in the conduct and management of a commercial enterprise pursuant to exchange rules, and is in an account designated in MF Global Inc.'s records as a hedging account.

✓   6. Any cash or other property deposited or cash price tendered for any property deposited, prior to October 31, 2011, for the specifically noted purpose of taking or making physical delivery on an options or futures contract, which cash or other property is identified on MF Global Inc.'s records as received from or for your account within three or less days of the notice date or three or less days of the exercise date. **NOTE: If you check this box, the Trustee's Office will contact you to request that you provide specific additional information regarding this type of property.**

☐   7. Open commodity contracts transferred to another futures commission merchant by the Trustee.

**OR**

    ☐    My claim is not based on any of the types of cash, cash equivalents, or other property listed in Items (IV.B.1-7), above.

C.    If you checked any boxes in (IV.B.1-7), above, did you separately identify any such potentially "Specifically Identifiable Property" to the Trustee by written or electronic mail on or before November 15, 2011?

        **Check one:**    YES ☐    NO ✓

D.    If you are claiming securities for this account, do you wish to receive payment in kind, to the extent possible?

        **Check one:**    YES ☐    NO ☐

## WHEN COMPLETING THE ABOVE PLEASE KEEP IN MIND:

- If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.
- Proper documentation can speed the review, allowance, and satisfaction of your claim.
- Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.
- If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Please list the full name, address, phone number, and email address of anyone assisting you in the preparation of this claim form:**

Full name:  Natacha S. Buchananan

Address:  600 North Dairy Ashford  Houston, TX 77079

Phone number:  281-293-3455

Email address:  Natacha.buchanan@ConocoPhillips.com

If more than one person is assisting you, attach additional pages providing the information in the exact format above.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF UP TO $50,000 OR IMPRISONMENT OF UP TO FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date _Dec. 16, 2011_____    Signature _Frances M Vallys_  *cbs*
                                         VP Treasurer
Date _____    Signature _ConocoPhillips Company_

(If ownership of the account is shared (*i.e.*, there is more than one name on the account), all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, agent, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

## COMMODITY FUTURES
## CUSTOMER CLAIM FORM
## MF GLOBAL, INC.

Account Name: _Conoco Phillips Company_           Daytime Phone: __281-293-4131__
Account Number: __E64 240 04840__                 Email: _Roxie.A.Legendre@ConocoPhillips.com_
Address: _P.O. Box 2197_
_____Houston, TX 77252_                          Taxpayer I.D. Number
Contact Person: _Roxie Legendre___                (Social Security No.): __73-0400345__

# PLEASE NOTE
## THIS CLAIM FORM SHOULD BE USED IF YOU ARE A CUSTOMER OF MF GLOBAL INC. AND YOU HAVE A CUSTOMER CLAIM BASED ON A COMMODITY FUTURES ACCOUNT

- A SEPARATE CLAIM FORM MUST BE FILED FOR EACH COMMODITY FUTURES ACCOUNT. IF YOUR ACCOUNT IS A "MASTER ACCOUNT" CONSISTING OF SUB-ACCOUNTS, YOU SHOULD CLAIM THE SUB-ACCOUNTS ON A CONSOLIDATED BASIS AND SUBMIT ONE CLAIM FORM FOR THE "MASTER ACCOUNT" BUT NOTE THE EXISTENCE OF THE SUB-ACCOUNTS IN THE INFORMATION REGARDING "RELATED ACCOUNTS" IN ITEM (III.F).

- THE DEADLINE FOR FILING ALL COMMODITY FUTURES CUSTOMER CLAIMS IS JANUARY 31, 2012. NO COMMODITY FUTURES CUSTOMER CLAIM WILL BE ALLOWED IF IT IS RECEIVED AFTER THAT DATE (UNLESS EXTENDED, FOR GOOD CAUSE ONLY). THE JANUARY 31, 2012 DEADLINE FOR FILING A COMMODITY FUTURES CUSTOMER CLAIM CANNOT BE EXTENDED BEYOND JUNE 2, 2012, EVEN FOR GOOD CAUSE. IF RECEIVED BY THE TRUSTEE AFTER JANUARY 31, 2012, BUT ON OR BEFORE JUNE 2, 2012, A COMMODITY FUTURES CUSTOMER CLAIM MAY BE AFFORDED GENERAL CREDITOR STATUS.

- ALL CLAIMS ARE DATED AS OF THE DATE RECEIVED BY THE TRUSTEE. CLAIMS THAT ARE FILED ELECTRONICALLY MUST BE RECEIVED BY 11:59 P.M. (PREVAILING EASTERN TIME) ON THE BAR DATE TO BE CONSIDERED TIMELY.

- YOU MAY FILE YOUR CLAIM ELECTRONICALLY ONLINE AT WWW.MFGLOBALTRUSTEE.COM OR SEND YOUR COMPLETED AND SIGNED CLAIM FORM TO THE TRUSTEE VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE APPROPRIATE ADDRESS BELOW.

- IF YOU REQUIRE ADDITIONAL SPACE TO ANSWER ANY QUESTION, PLEASE ATTACH SEPARATE PIECES OF PAPER AND LABEL THE ANSWERS TO THE CORRESPONDING QUESTIONS FOR THIS CLAIMS FORM. ALL ATTACHMENTS MUST BE SIGNED BY YOU.

- YOU MAY ESTIMATE ANY VALUES/AMOUNTS ASSOCIATED WITH YOUR CLAIM. ANSWER ALL QUESTIONS AS FULLY AS POSSIBLE, TO THE EXTENT

1

YOU KNOW OR CAN ESTIMATE THE INFORMATION REQUESTED. IF YOU ARE PROVIDING AN ESTIMATE, YOU MUST SO INDICATE.

- IF SOME OR ALL OF THE TRADE EQUITY OR CASH, CASH EQUIVALENTS OR OTHER PROPERTY IN YOUR COMMODITY FUTURES ACCOUNTS HAS BEEN TRANSFERRED TO ANOTHER FUTURES COMMISSION MERCHANT, BUT YOU BELIEVE YOU HAVE A CLAIM FOR MONEY OR PROPERTY OWED TO YOU BY MF GLOBAL INC., YOU MUST FILE A CLAIM TO PROTECT YOUR RIGHTS.

- MF GLOBAL INC. IS THE ONLY MF GLOBAL ENTITY THAT IS A DEBTOR IN THIS SIPA LIQUIDATION PROCEEDING. THIS COMMODITY FUTURES CUSTOMER CLAIM FORM APPLIES ONLY TO MF GLOBAL INC. AND DOES NOT APPLY TO ANY OTHER MF GLOBAL ENTITY, INCLUDING ANY ENTITY IN A PROCEEDING UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE, SUCH AS MF GLOBAL HOLDINGS LTD. OR MF GLOBAL FINANCE USA INC.

This claim form must be completed electronically online at www.mfglobaltrustee.com or mailed promptly, together with supporting documentation, to the following:

*If by first class mail:*
MF Global Inc. Claims Processing Center
c/o Epi q Bankruptcy Solutions, LLC
P.O. Box 3656
Portland, OR 97208-3656

*If by overnight mail:*
MF Global Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

I.    ACCOUNT BALANCE AS OF OCTOBER 31, 2011

NOTE:    *If needed, please provide a detailed description on a signed attachment of the basis for your answers below, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

A.    Please state your beginning and ending account balance as of October 31, 2011, including (i) cash, cash equivalents, or other property (including margin), and (ii) open trade equity:

**Are these estimated amounts?**    YES ☐        NO ☒

**(See Attachment #3)**

Beginning balance:   $4,654,376.05

Ending balance:   $4,872,899.55

Account value at market:  $64,872,899.55  *

1.    Please state the amount of cash, cash equivalents, or other property (including margin) in the account, as of October 31, 2011:

($820,236.45)

\* Includes $60,000,000 for NYMEX (15,000,000) and ICE (45,000,000) Letters of Credit (see Addendum 1.A).

2

2.    Please state the open trade equity in the account, as of October 31, 2011:
_____$5,693,136.00_____.

B.    If your account contained NO open trade equity or cash, cash equivalents, or other
property associated with the margining of Foreign Futures (*i.e.*, futures or options on
futures traded on an exchange located outside of the United States), you may skip the
rest of this question. OTHERWISE:

1.    If, on October 31, 2011, your account contained open trade equity of—or
cash, cash equivalents, or other property (including margin) associated
with—Foreign Futures (*i.e.*, futures or options on futures traded on an
exchange located outside of the United States), please identify the amounts
of equity and cash, cash equivalents, or other property (and specify the
currency and/or convert to USD) for each (use additional paper, as needed):

**Are these**          YES ☐                    NO ☐
**estimated**
**amounts?**

Foreign Futures open trade equity:_____.

Foreign Futures cash, cash equivalents, or other property:_____

_____.

## II.    ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31, 2011

**THE FOLLOWING QUESTIONS ADDRESS ACCOUNT ACTIVITY—EITHER INITIATED
BY YOU OR OTHERWISE—THAT AFFECTED YOUR ACCOUNT ON OR AFTER
OCTOBER 31, 2011.**

A.    If your account had any open commodity contracts as of October 31, 2011, were
any of your open commodity contracts transferred to one or more transferee futures
commission merchants after October 31, 2011?

**Check one:**    YES ☒

**OR**

☐        "No open commodity contracts were transferred from my
account to a transferee futures commission merchant after
October 31, 2011"

*NOTE:    If you selected "YES," please provide the following information in detail on
a signed attachment, and attach any supporting documentation you have. If
you do not provide sufficient details, you may be sent a deficiency letter
seeking additional information.*

1.    Identify the name(s) of the transferee futures commission merchant(s);
**(See Attachment 1)**

3

2.    Summarize the commodity contracts (including futures and options on futures) that were transferred (to each transferee, if more than one); and

        **(See Attachment 2)**

3.    Specify the amount of margin (*i.e.*, cash, cash equivalents, or other property), in U.S. dollars, that was transferred along with such commodity contracts, if any.

        **(See Attachment 3)**

4.    Please state the open trade equity based on the commodity contracts that were transferred from the account:

        **(See Attachment 3)**

(i)    As of the date of the transfer; and

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☒

B.    Did you liquidate any open commodity contracts on or after October 31, 2011?

        **Check one:**    YES ☐    NO ☒

*NOTE:   If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.    Summarize the commodity contracts (including futures and options on futures) that you liquidated.

2.    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the commodity contracts that you liquidated:

(i)    As of the date of the liquidation;

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☐

3.    Please indicate whether any of the open commodity contracts you liquidated on or after October 31, 2011 were Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

        **Check one:**    YES ☐    NO ☐

*NOTE: If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

(i)     Summarize the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated.

(ii)     In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated:

      (a)     As of the date of the liquidation;

      (b)     As the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) existed in the account on October 31, 2011.

**Are these estimated amounts?**     YES ☐       NO ☐

C.     If your account had any cash, cash equivalents, or other property as of October 31, 2011, was any cash, cash equivalents, or other property transferred from your account to one or more transferee futures commission merchants after October 31, 2011— OTHER THAN margin (*i.e.*, cash, cash equivalents, or other property) that was transferred with open commodity contracts (which you should have identified in Item (II.A), above)?

**Check one:**        YES ☐

**OR**

☒    "Not including any margin (*i.e.*, cash, cash equivalents, or other property) that may have transferred with open commodity positions, no other cash, cash equivalents, or other property was transferred from my account to a transferee futures commission merchant after October 31, 2011."

*NOTE:    If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.     Identify the name(s) of the transferee futures commission merchant(s); and

2. Identify the amount of cash, cash equivalents, or other property that was transferred (to each transferee, if more than one).

**Are these estimated amounts?**     YES ☐     NO ☐

D. In the aggregate, to the extent that you are able, please estimate what percentage of the value of your account (both open commodity positions and cash, cash equivalents, or other property), if any, was transferred to another futures commission merchant: _____-0-_____.

## III. DESCRIPTION OF THE ACCOUNT

A. Please specify the type of account (check all that are applicable):

☒ 1. Futures account

☐ 2. Foreign futures account

☐ 3. Leverage account

☒ 4. Option account—exchange-traded

☐ 5. Option account—dealer

☐ 6. Delivery account*

☒ 7. Cleared OTC derivatives account

*A "delivery" account is one which contains only documents of title, commodities, cash, or other property identified to you and deposited for the purposes of making or taking delivery on a commodity underlying a commodity contract or for payment of the strike price upon exercise of an option.

B. Please specify the capacity in which you hold the account (check all that are applicable):

☐ 1. Individual capacity

☐ 2. As guardian, custodian, or conservator for the benefit of a ward or a minor under the Uniform Gift to Minors Act

☐ 3. As executor or administrator of an estate

☐ 4. As trustee for the trust beneficiary

☒ 5. In the name of a corporation, partnership, or unincorporated association

☐ 6. As an omnibus customer account of the undersigned futures commission merchant

☐ 7. As part owner of a joint account

☐ 8. In the name of a plan which, on October 31, 2011, had in effect a registration statement in accordance with the requirements of § 1031 of the Employee Retirement Income Security Act of 1974 and the regulations thereunder

☐ 9. As agent or nominee for a principle or beneficial owner (and not described in Items (III.B.1-8))

☐ 10. In any other capacity not described above in Items (III.B.1-9) (please specify the capacity):

C.  Is any person (including a general partnership, limited partnership, corporation, or other type of association) on whose behalf the account is held one of the following persons <u>or</u> does one of the following persons, alone or jointly, hold 10% or more of the account? (Check all that are applicable):

☐ 1. MF Global Inc.

☐ 2. Director of MF Global Inc.

☐ 3. Officer of MF Global Inc.

☐ 4. Person in control of MF Global Inc.

☐ 5. Partnership in which MF Global Inc. is a general partner

☐ 6. Owner of ten percent or more of the capital stock of MF Global Inc.

☐ 7. Employee of MF Global Inc. whose duties include (a) the management of the business of MF Global Inc. or any part thereof;
(b) the handling of the trades or customer funds of customers of MF Global Inc.; (c) the keeping of records pertaining to the trades or funds of customers of MF Global Inc.; or (d) the signing or cosigning of checks or drafts on behalf of MF Global Inc.

☐ 8. Managing agent of MF Global Inc.

☐ 9. A spouse or minor dependent living in the same household of ANY OF THE FOREGOING PERSONS (listed in Items (III.C.1-8), above), or any other relative, regardless of residency, defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship with such degree.

☐    10. "Affiliate" of MF Global Inc.*

☐    11. Any of the persons listed in Items (III.C.1-8), above, if such person is associated with an affiliate of MF Global Inc. as if the affiliate were MF Global Inc.

*"Affiliate" of MF Global Inc. is defined as:

- An entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by MF Global Inc., or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A person whose business is operated under a lease or operating agreement by MF Global Inc., or person substantially all of whose property is operated under an operating agreement with MF Global Inc.;

- An entity that otherwise, directly or indirectly, is controlled by or is under common control with MF Global Inc.;

- An entity that operates the business of all or substantially all of the property of MF Global Inc. under a lease or operating agreement; or

- An entity that otherwise, directly or indirectly, controls MF Global Inc.

D.    Is this a discretionary account?

**Check one:**          YES ☐                    NO ☒

*NOTE:  If you selected "YES," specify who has the general authority to buy or sell orders or effectuate transactions for your account:_____.*

E.    Is this a joint account?

**Check one:**          YES ☐                    NO ☒

*NOTE:  If you selected "YES," specify the amount of your percentage interest in the account, and whether all participants in a joint account are claiming jointly.*

1. My percentage interest in the account is: _____ %

8

2. Participants in a joint account      (Check one)
   are claiming:                                                     FULLY
                                         ☐  SEPARATELY   ☐  JOINTLY

F.      Do you have any related accounts?

    **Check one:**        YES  ☒      NO  ☐

*NOTE:  If you selected "YES," specify the account numbers of your related accounts.*
*YOU MUST FILE A SEPARATE CLAIM FOR EACH ACCOUNT.*

    E64 240 04842, E64 240 04844 *, and E64 240 04847*

    * denotes accounts on which there is no activity.

G.      Is your claim based on securities futures products?

    **Check one:**    YES  ☐          NO  ☒

*NOTE:*        *If you selected "YES," are these securities futures products held in a*
*futures account or a securities account?*

    **Check one:**    SECURITIES      ☐        FUTURES        ☐
                ACCOUNT                    ACCOUNT

## IV.    <u>DETAILS OF YOUR CLAIM</u>

A.      Does MF Global Inc. have any claims against you not already included in your
statement of account balance provided in Item (I.A) above?

    **Check one:**    YES  ☐          NO  ☒

*NOTE:  If you selected "YES," please provide a detailed description in a signed*
*attachment of any such claim or claims, and attach any supporting*
*documentation you have. If you do not provide sufficient details, you may be*
*sent a deficiency letter seeking additional information.*

B.      If your statement of account balance provided in Item (I.A) above does <u>NOT</u> include
any cash, cash equivalents or other property held by or for MF Global Inc. from or for
your account, select this box and skip the rest of this question.

    ☐      "I am not claiming any cash, cash equivalents, or other property
                held by or for MF Global Inc. from or for my account."

*OTHERWISE, please indicate whether any cash, cash equivalents, or other property consists of one of the following (check all that are applicable), and if you check any one or more of the following, please provide a detailed explanation on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

☐ 1. Any security deposited as margin which, as of October 31, 2011, was securing an open commodity contract and is (i) registered in your name; (ii) not transferable by delivery; and (iii) not a short-term obligation.

☐ 2. Any fully-paid, non-exempt security held for your account in which there were no open contracts as of October 31, 2011.

☐ 3. Any warehouse receipt, bill of lading or other document of title deposited as margin which, as of October 31, 2011, was securing an open commodity contract and can be identified in MF Global Inc.'s records as being held for your account, and is neither in bearer form nor otherwise transferable by delivery.

☐ 4. Any warehouse receipt, bill of lading or other document of title, or any commodity received, acquired or held by or for MF Global Inc. to make or take physical delivery or exercise from or for your account and which can be identified in MF Global Inc.'s records as received from or for your account as held specifically for the purpose of delivery or exercise.

☒ 5. Any open commodity contract (except as provided in Item (IV.B.7), below) which, as of October 31, 2011, is identified in MF Global Inc.'s records as being held for your account, is a bona fide hedging position or transaction as defined in CFTC Rule 1.3(z) or is a commodity option transaction which has been determined by the exchange to be economically appropriate to the reduction of risks in the conduct and management of a commercial enterprise pursuant to exchange rules, and is in an account designated in MF Global Inc.'s records as a hedging account.

☐ 6. Any cash or other property deposited or cash price tendered for any property deposited, prior to October 31, 2011, for the specifically noted purpose of taking or making physical delivery on an options or futures contract, which cash or other property is identified on MF Global Inc.'s records as received from or for your account within three or less days of the notice date or three or less days of the exercise date. **NOTE: If you check this box, the Trustee's Office will contact you to request that you provide specific additional information regarding this type of property.**

☐ 7. Open commodity contracts transferred to another futures commission merchant by the Trustee.

10

**OR**

☐    My claim is not based on any of the types of cash, cash equivalents, or other property listed in Items (IV.B.1-7), above.

C.    If you checked any boxes in (IV.B.1-7), above, did you separately identify any such potentially "Specifically Identifiable Property" to the Trustee by written or electronic mail on or before November 15, 2011?

**Check one:**        YES  ☐        NO  ☒

D.    If you are claiming securities for this account, do you wish to receive payment in kind, to the extent possible?

**Check one:**        YES  ☐        NO  ☐

## WHEN COMPLETING THE ABOVE PLEASE KEEP IN MIND:

- If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.
- Proper documentation can speed the review, allowance, and satisfaction of your claim.
- Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.
- If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Please list the full name, address, phone number, and email address of anyone assisting you in the preparation of this claim form:**

Full name:    Roxie Legendre

Address:    P.O. Box 2197

Houston, TX 77252-2197

Phone number:    281-293-4131

Email address:    Roxie.A.Legendre@ConocoPhillips.com

If more than one person is assisting you, attach additional pages providing the information in the exact format above.

11

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF UP TO $50,000 OR IMPRISONMENT OF UP TO FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _Dec. 16, 2011_      Signature _Frances M Vallejo_
                                     *VP Treasurer*
                                     *ConocoPhillips Company*

Date _____      Signature _____

(If ownership of the account is shared (*i.e.*, there is more than one name on the account), all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, agent, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

*Attachment  #1*

**ICe** CLEAR EUROPE

### Customer Position Transfer Request Form – ICE Clear Europe Limited
### ("ICE Clear Europe")

### MF Global UK Limited ("MF Global")

Capitalised terms used but not defined in this Customer Position Transfer Request Form ("Form") have the same meaning as in ICE Clear Europe's Clearing Rules ("Rules"). This Form should only be completed by an appropriate employee of a Customer of MF Global. MF Global is a Clearing Member of ICE Clear Europe and has been declared by ICE Clear Europe to be a Defaulter pursuant to Part 9 of the Rules. The Form, when completed by a Customer, comprises an application to transfer all Contracts relating to the Customer held by MF Global with ICE Clear Europe to a Transferee Clearing Member. By completing the Form the Customer represents that it has correctly stated the entirety of the positions relating to it which are held by MF Global with ICE Clear Europe.

Details of all positions requested for transfer should be provided in the attached Position Transfer Template.

The Customer must send the Form, when completed, together with the completed Position Transfer Template to the Transferee Clearing Member for countersignature of the Form and request that the Transferee Clearing Member send the completed documentation to ICE Clear Europe at *iceuops@theice.com*. The Clearing House will only act upon a Form that has been so countersigned by the Transferee Clearing Member accompanied by a completed Position Transfer Template.

Customers must ensure that they complete this Form as fully and accurately as possible. Pursuant to the Rules, ICE Clear Europe has no liability or duty of care to any Customer. Without limitation or prejudice to the generality of the provisions of the Rules, in completing this form, the Customer and Transferee Clearing Member agree and acknowledge that neither ICE Clear Europe nor any of its Affiliates will be liable to any Customer, Transferee Clearing Member or third party for: (i) acting upon any error of the Customer or Transferee Clearing Member in completing this Form; or (ii) any difference between the value at which a Contract is terminated (or a replacement Contract re-established) on the one hand and any claim that the Customer may have or realise in respect of any Customer Account, client money pool or otherwise as against MF Global in its administration or otherwise on the other hand. All transfers based upon a completed Form will take place pursuant to a termination of a Contract between ICE Clear Europe and MF Global and the establishment of a new Contract between the ICE Clear Europe and the Transferee Clearing Member, pursuant to Rule 902(a). This Form is governed by and shall be construed in accordance with English law and in accordance with the Rules and the interpretative provisions thereof.

### Part 1: To be completed by Customer

| | |
|---|---|
| 1) Date this form is completed by Customer: | 11/01/2011 |
| 2) Customer's full legal name: | ConocoPhillips Company |
| 3) Jurisdiction of establishment of Customer: | State of Delaware, USA |
| 4) Principal place of business of Customer (if different from 3): | Houston, Texas, USA |
| 5) Jurisdiction of any branch through which Customer acts in relation to cleared Contracts (if different from 3): | Houston, Texas, USA |

ICE Clear Europe Ltd, a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No. 6219884

1

ICE CLEAR EUROPE

| | |
|---|---|
| 6) Full address of Customer: | 600 North Dairy Ashford, Houston, TX  77079-1175 |
| 7) Names of any agents or intermediaries:<br><br>*[If known, please insert the full legal names of any agents or intermediaries that stand between the Customer and the Defaulter, e.g. brokers, fund managers.]* | n/a |
| 8) Current Clearing Member (Defaulter): | MF Global UK Limited |
| 9) All reference numbers or account numbers of accounts held by Customer with Defaulter related to cleared Contracts:<br><br>*[Please insert details of all known account numbers and other details of accounts which the Customer holds with the Defaulter or with any intermediaries the Customer used to trade through the Defaulter, related to cleared Contracts.]* | E84 240 04840 |
| 10) Customer segregation agreement with Defaulter (segregated / non-segregated):<br><br>*[Please specify whether customer assets were agreed to be treated by MF Global as segregated (e.g. client money rules) or non-segregated.]* | Non-Segregated |
| 11) Clearing House account type (Customer / Proprietary)<br><br>*[Please specify if trades done by the Defaulter for the Customer were recorded in the Customer Account or Proprietary Account of the Defaulter.]* | Customer Account |
| 12) Contact name of employee at Customer responsible for completing and dealing with any queries on this Form: | Roxie Legendre |
| 13) Customer's contact's telephone number | 281-293-4131 |
| 14) Customer's contact's email address | Roxie.A.Legendre@ConocoPhillips.com |
| 15) Transferee Clearing Member's full legal name (A list of Energy Clearing Members can be found at https://www.theice.com/publicdocs/clear_europe/ICE_Clear_Europe_Clearing_Member_List.pdf.): | Citigroup Global Markets Limited |
| 16) Contact name of employee of Transferee Clearing Member that Customer has dealt with in connection with this Form. | Gerard Sanfilippo |

ICE Clear Europe Ltd, a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No. 6219884

2

**ICE** CLEAR EUROPE

| 17) Telephone number of Transferee Clearing Member's contact | 212-723-7284 |
|---|---|
| 18) E-mail address of Transferee Clearing Member contact: | gerard.a.aanfillppo@citi.com |

The above details are accurate and I agree to the terms on which this Form is submitted.

Signed by: *[signature]*

Authorised Signatory
Customer

**Part II; to be completed by Transferee Clearing Member:**

| 1) Date this Form is completed by Transferee Clearing Member: | 1 November 2011 |
|---|---|
| 2) Transferee Clearing Member's full legal name: | Citigroup Global Markets Inc. |
| 3) Whether new Contracts for Customer are to be recorded in Customer Account or Proprietary Account of Transferee Clearing Member: *[Customer Account / Proprietary Account]* | Customer account |
| 4) Contact name, telephone number and email address of Transferee Clearing Member (if different from those specified in Part A of this Form): | |
| 5) Contact name, telephone number and email address of Customer (if different from those specified in Part A of this Form): | |

The above details are accurate and I agree to the terms on which this Form is submitted.

Signed by:

Authorised Signatory
Transferee Clearing Member

**Shelley D. Ullman**
**Managing Director**

ICE Clear Europe Ltd. a Recognised Clearing House under the Financial Services & Markets Act 2000
Registered in England & Wales with Registered Office at Milton Gate, 60 Chiswell Street, London EC1Y 4SA
Company Registration No 6219884

3

| From Member | From Pos Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Conf Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCI | 201111 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201204 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201208 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201207 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201206 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201205 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201210 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TGB | 201209 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TPB | 201112 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TPB | 201202 | | | S | 58 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TPB | 201201 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TPB | 201203 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201204 | | | S | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201208 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201112 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201212 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201202 | | | S | 58 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201201 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201207 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201206 | | | S | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201203 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201205 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201111 | | | S | 960 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201211 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201210 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MTI | 201209 | | | S | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSI | 201111 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201204 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201208 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201112 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201202 | | | S | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201201 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201207 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201206 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201203 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201205 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201210 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | FTZ | 201209 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201204 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201208 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201112 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201202 | | | L | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201201 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201207 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201206 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201203 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201205 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201210 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TFL | 201209 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201204 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201208 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201112 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201202 | | | L | 232 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201201 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201207 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201206 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201203 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201205 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201210 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NSX | 201209 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201204 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201208 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201112 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201202 | | | L | 203 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201201 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201207 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201206 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201203 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201205 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201210 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CGM | 201209 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201204 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201208 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201112 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201212 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201202 | | | L | 58 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ALQ | 201302 | | | S | 56 | 20111104 |

| From Member | From Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201201 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201301 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201207 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201206 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201203 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201303 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201205 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201211 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201210 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | ALQ | | 201209 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201204 | | | L | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201208 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201212 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201202 | | | L | 174 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201201 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201207 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201206 | | | L | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201203 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201205 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201211 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201210 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | CGB | | 201209 | | | L | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | RSI | | 201111 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | WAI | | 201112 | | | L | 868 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | WAI | | 201202 | | | L | 812 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | WAI | | 201201 | | | L | 868 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | WAI | | 201203 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | WAI | | 201111 | | | L | 600 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NNI | | 201112 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NNI | | 201202 | | | S | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NNI | | 201201 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NNI | | 201203 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NNI | | 201111 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NMI | | 201111 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201204 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201208 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201112 | | | S | 589 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201212 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201202 | | | S | 377 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201302 | | | L | 84 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201201 | | | S | 589 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201301 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201207 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201206 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201203 | | | S | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201303 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201205 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201211 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | AEC | | 201209 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201204 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201304 | | | S | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201208 | | | S | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201308 | | | S | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201112 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201212 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201202 | | | L | 1512 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201302 | | | L | 252 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201201 | | | L | 1736 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201301 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201207 | | | S | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201307 | | | S | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201206 | | | S | 510 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201306 | | | S | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201203 | | | L | 1457 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201303 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201205 | | | S | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201305 | | | S | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201211 | | | L | 270 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201210 | | | S | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201310 | | | S | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201209 | | | S | 510 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DGD | | 201309 | | | S | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | TMT | | 201204 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | TMT | | 201304 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | TMT | | 201208 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | TMT | | 201308 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | TMT | | 201112 | | | S | 496 | 20111104 |

| From Member | From Pos Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201202 | | | S | 319 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201302 | | | S | 56 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201201 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201301 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201207 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201307 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201206 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201306 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201203 | | | S | 341 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201303 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201205 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201305 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201210 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201310 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201209 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TMT | 201309 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201204 | | | L | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201208 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201112 | | | L | 3379 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201212 | | | L | 558 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201202 | | | L | 725 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201201 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201207 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201206 | | | L | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201203 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201205 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201211 | | | L | 540 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201210 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HEN | 201209 | | | L | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201204 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201304 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201208 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201308 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201112 | | | L | 1054 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201212 | | | L | 403 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201312 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201202 | | | L | 986 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201302 | | | L | 420 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201201 | | | L | 1054 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201301 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201207 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201307 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201206 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201306 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201203 | | | L | 1054 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201303 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201205 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201305 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201211 | | | L | 390 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201311 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201210 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201310 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201209 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZS | 201309 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201204 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201304 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201208 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201308 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201112 | | | L | 837 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201212 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201202 | | | L | 841 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201302 | | | L | 224 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201201 | | | L | 1364 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201301 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201207 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201307 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201206 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201306 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201203 | | | L | 899 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201303 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201205 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201305 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201211 | | | L | 270 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201210 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201310 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201209 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PAN | 201309 | | | L | 120 | 20111104 |

| From Member | From Acct | From Pos Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201204 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201304 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201208 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201308 | | | S | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201112 | | | L | 1178 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201212 | | | S | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201312 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201202 | | | L | 493 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201302 | | | S | 336 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201201 | | | L | 806 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201301 | | | S | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201207 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201307 | | | S | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201206 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201306 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201203 | | | L | 806 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201303 | | | S | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201205 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201305 | | | S | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201211 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201311 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201210 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201310 | | | S | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201209 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DOM | | 201309 | | | S | 720 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201204 | | | S | 870 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201208 | | | S | 899 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201112 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201202 | | | L | 261 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201201 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201207 | | | S | 899 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201206 | | | S | 870 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201203 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201205 | | | S | 899 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201210 | | | S | 899 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | MLN | | 201209 | | | S | 870 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201204 | | | S | 370 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201208 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201207 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201206 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201203 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201205 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201210 | | | S | 89 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | H | | 201209 | | | S | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201204 | | | L | 750 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201208 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201112 | | | L | 868 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201202 | | | L | 290 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201201 | | | S | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201207 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201206 | | | L | 750 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201203 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201205 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201210 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | PGE | | 201209 | | | L | 750 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201204 | | | S | 420 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201304 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201208 | | | S | 434 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201308 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201112 | | | S | 1333 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201202 | | | S | 464 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201201 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201207 | | | S | 434 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201307 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201206 | | | S | 420 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201306 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201203 | | | S | 496 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201205 | | | S | 434 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201305 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201210 | | | S | 434 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201310 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201209 | | | S | 420 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NWR | | 201309 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SCL | | 201204 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SCL | | 201304 | | | L | 570 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SCL | | 201208 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SCL | | 201308 | | | L | 93 | 20111104 |

| From Member | From Pos Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Conf Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201112 | | | L | 806 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201212 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201202 | | | L | 3683 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201302 | | | L | 560 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201201 | | | L | 3937 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201301 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201207 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201307 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201206 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201306 | | | L | 570 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201203 | | | L | 2759 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201303 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201205 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201305 | | | L | 589 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201211 | | | L | 240 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201210 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201310 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201209 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SCL | 201309 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201204 | | | L | 450 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201208 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201112 | | | L | 1147 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201212 | | | S | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201202 | | | L | 725 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201302 | | | L | 252 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201201 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201301 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201207 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201206 | | | L | 450 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201203 | | | L | 775 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201303 | | | L | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201205 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201211 | | | S | 270 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201210 | | | L | 465 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TCO | 201209 | | | L | 450 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201204 | | | L | 1410 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201208 | | | L | 1333 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201112 | | | L | 403 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201212 | | | L | 1054 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201202 | | | L | 1073 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201302 | | | S | 112 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201201 | | | L | 1178 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201301 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201207 | | | L | 1333 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201206 | | | L | 1290 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201203 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201303 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201205 | | | L | 1457 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201211 | | | L | 1020 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201210 | | | L | 1457 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | WAH | 201209 | | | L | 1410 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201204 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201208 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201112 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201202 | | | S | 203 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201201 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201207 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201206 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201203 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201205 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201210 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PER | 201209 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HIS | 201112 | | | L | 2480 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HIS | 201111 | | | L | 2400 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201204 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201208 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201112 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201202 | | | L | 203 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201201 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201207 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201206 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201203 | | | L | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201205 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201210 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NTO | 201209 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HXS | 201204 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | HXS | 201304 | | | L | 360 | 20111104 |

| From Member | From Pos Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Cost Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201208 | | | S | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201308 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201112 | | | L | 744 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201312 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201202 | | | L | 145 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201302 | | | L | 84 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201402 | | | L | 112 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201201 | | | S | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201301 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201401 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201207 | | | S | 279 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201307 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201206 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201306 | | | L | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201203 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201303 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201403 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201205 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201305 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201311 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201210 | | | S | 217 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201310 | | | L | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201209 | | | S | 210 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | HXS | | 201309 | | | L | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201204 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201304 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201208 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201308 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201112 | | | S | 992 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201202 | | | S | 870 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201201 | | | S | 930 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201207 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201307 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201206 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201306 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201203 | | | S | 930 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201205 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201305 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201210 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201310 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201209 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | SNJ | | 201309 | | | S | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201204 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201304 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201208 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201308 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201112 | | | S | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201212 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201202 | | | S | 348 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201302 | | | S | 112 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201201 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201301 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201207 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201307 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201206 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201306 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201203 | | | S | 372 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201303 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201205 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201305 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201211 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201210 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201310 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201209 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | NVE | | 201309 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201204 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201208 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201112 | | | L | 651 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201212 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201202 | | | L | 493 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201302 | | | L | 56 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201201 | | | L | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201301 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201207 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201206 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201203 | | | L | 527 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | ICECLEAR | DEM | | 201303 | | | L | 62 | 20111104 |

| From Member | From Pos Acct | From Acct | From User Tal | To Member | To Pos Acct | To Acct | To User Tal | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DEM | 201205 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DEM | 201211 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DEM | 201210 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DEM | 201209 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201204 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201208 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201112 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201202 | | | L | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201201 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201207 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201206 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201203 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201205 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201210 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | MCO | 201209 | | | L | 150 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201204 | | | S | 360 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201404 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201208 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201408 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201112 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201212 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201412 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201202 | | | L | 29 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201302 | | | L | 84 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201402 | | | L | 28 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201201 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201301 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201401 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201207 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201407 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201206 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201406 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201203 | | | S | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201303 | | | L | 93 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201403 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201205 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201405 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201211 | | | L | 90 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201411 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201210 | | | S | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201410 | | | L | 31 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201209 | | | S | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | NMC | 201409 | | | L | 30 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SXT | 201112 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SXT | 201202 | | | S | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SXT | 201201 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SXT | 201203 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201204 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201304 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201208 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201308 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201112 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201212 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201312 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201202 | | | L | 58 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201302 | | | L | 112 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201402 | | | L | 112 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201201 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201301 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201401 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201207 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201307 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201206 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201306 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201203 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201303 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201403 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201205 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201305 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201211 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201311 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201210 | | | L | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201310 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201209 | | | L | 300 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | STA | 201309 | | | L | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201204 | | | S | 240 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201208 | | | S | 124 | 20111104 |

| From Member | From Pos Acct | From Acct | From User Txt | To Member | To Pos Acct | To Acct | To User Txt | Comm | Cont Period | Put Call | Strike | Long Short | Qty | Trade Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201112 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201202 | | | L | 232 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201201 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201207 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201206 | | | S | 240 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201203 | | | L | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201205 | | | S | 248 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201111 | | | S | 1170 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201210 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SHS | 201209 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201204 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201208 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201112 | | | L | 682 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201202 | | | L | 638 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201201 | | | L | 682 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201207 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201206 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201203 | | | L | 682 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201205 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201210 | | | L | 186 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | TZZ | 201209 | | | L | 180 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201204 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201208 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201112 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201202 | | | L | 145 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201201 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201207 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201206 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201203 | | | L | 155 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201205 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201210 | | | L | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CTP | 201209 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SNI | 201111 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ANO | 201112 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ANO | 201202 | | | L | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ANO | 201201 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | ANO | 201203 | | | L | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CON | 201112 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CON | 201202 | | | S | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CON | 201201 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CON | 201203 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | EIS | 201111 | | | L | 600 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201204 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201208 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201112 | | | S | 62 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201212 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201202 | | | S | 116 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201201 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201207 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201206 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201203 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201205 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201111 | | | L | 60 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201211 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201210 | | | S | 124 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | CIS | 201209 | | | S | 120 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | PIS | 201111 | | | S | 270 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SIS | 201112 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SIS | 201202 | | | S | 290 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SIS | 201201 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SIS | 201203 | | | S | 310 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | SIS | 201111 | | | S | 1350 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201204 | | | L | 600 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201208 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201112 | | | L | 496 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201202 | | | L | 464 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201201 | | | L | 496 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201207 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201206 | | | L | 600 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201203 | | | L | 496 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201205 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201111 | | | L | 1140 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201210 | | | L | 620 | 20111104 |
| MAN | S | 644840 | ICECLEAR | | | | ICECLEAR | DIS | 201209 | | | L | 600 | 20111104 |

# ConocoPhillips

II. ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31,2011

**MF Global (Account E 64 240 04840)**

| | | | |
|---|---|---:|---|
| Beginning Account Balance 10/31/2011 (Total Equity) | | 4,654,376.05 | A |
| | | | |
| Change in value of trades 10/31/2011 - 11/3/2011 | | (778,861.50) | B  *(See Note below)* |
| Transferred | (760,430.00) | | |
| Equity 10/28/2011 | 10,207,952.50 | | |
| Equity 11/3/2011 | 9,447,522.50  **1,2** | | *(See Notes below)* |
| Not Transferred (settled prior to transfer) | (18,431.50) | | |
| | | | |
| Comm & Fees on Trades | | (1,260,111.73) | |
| Per MF Global Stmt 11/7/2011 | (1,246,517.42) | | E |
| Per MF Global Stmt 11/11/2011 | (13,594.31) | | F |
| | | | |
| Interest Charged for Oct 2011 | | | |
| Per MF Global Stmt 11/29/2011 | | (13,994.36) | G |
| | | | |
| **Balance due COP from MF Global** | | 2,601,408.46 | H |

*Notes:*

**B**   **Change in Equity Value**

| | | |
|---|---|---:|
| Equity Balance Per MF Global Stmt 10/28/11 | C | 5,474,612.50 |
| Equity Balance Per MF Global Stmt 11/3/11 | D | 4,695,751.00 |
| | | (778,861.50) |

1   Trades were transferred at settle price,  Equity value transferred was -0- on 11/3/2011.
2   No margin was transferred.

*[signature: A.W. Wagner]*

Andrew Wagner
Manager, Derivatives Accounting
ConocoPhillips Company

*Attachment #3*

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: OCT 28, 2011

CONOCOPHILLIPS COMPANY (E/8)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON  TX  77252

INSTRUCT ACCOUNT

PAGE   488

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|-------|----|--------------|
| 3/09/1 | | F2 | 248 | | JUL 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 372 | | AUG 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 248 | | AUG 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 360 | | SEP 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 240 | | SEP 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 600* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 372 | | OCT 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 248 | | OCT 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 9/21/1 | | F2 | 279 | | OCT 11 ICE COLTCOINDX | 19 | -.0025 | US | 119,551.50DR |
| | | | | | BLOCK TRANSACTION | | | | |
| 9/23/1 | | F2 | 2,108 | | OCT 11 ICE COLTCOINDX | 19 | -.0025 | US | 903,278.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 2,387* | | CLOSE | -.1739 | | 1,022,829.50DR |
| | | | | | AVERAGE LONG:    .002- | | | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | 45,000,000.00 |
| | | | | | CONOCO  WITH INTESA SANPAOLO | | | | |
| | | | | 45 MIL* | 083399793    MAT-11/23/11  S.P.  100.00 | | | | |

| | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 4,748,830.28 | 6,169,066.73DR | 1,420,236.45DR |
| CASH AMOUNTS | 528,000.00 | 72,000.00 | 600,000.00 |
| ENDING BALANCE | 5,276,830.28 | 6,097,066.73DR | 820,236.45DR |
| | | | |
| OPEN TRADE EQUITY | 4,617,548.00DR | 10,092,160.50 | 5,474,612.50 |
| TOTAL EQUITY | 659,282.28 | 3,995,093.77 | 4,654,376.05 |
| NET MARKET VALUE OF OPTIONS | 446,350.00DR | .00 | 446,350.00 |
| SHORT OPTION PROCEEDS | 4,170,300.00 | .00 | 4,170,300.00 |
| SETTLED MKT VALUE / SEC ON DEP | 15,000,000.00 | 45,000,000.00 | 60,000,000.00 |
| ACCOUNT VALUE AT MARKET | 15,212,932.28 | 48,995,093.77 | 64,208,026.05 |
| | | | |
| INITIAL MARGIN REQUIREMENT | 6,757,117.00 | 47,611,360.00 | 54,368,477.00 |
| MAINTENANCE MARGIN REQUIREMENT | 6,757,117.00 | 47,611,360.00 | 54,368,477.00 |
| EXCESS EQUITY | 8,455,815.28 | 1,383,733.77 | 9,839,549.05 |

C & IfM Beginning Balance

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: OCT 31, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON TX 77252

INSTRUCT ACCOUNT

PAGE   521

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|-----|------|-------|----------------------|-----|---------|-----|---------------|
| 3/09/1 | | F2 | 248 | | JUL 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 372 | | AUG 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 248 | | AUG 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 360 | | SEP 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 240 | | SEP 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 600* | | CLOSE | 0 | | .00 |
| 3/01/1 | | F2 | 372 | | OCT 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 3/09/1 | | F2 | 248 | | OCT 12 ICE DOMINIDXSW | 19 | .0000 | US | .00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 620* | | CLOSE | 0 | | .00 |
| 9/21/1 | | F2 | 279 | | OCT 11 ICE COLTCOINDX | 19 | -.0025 | US | 120,318.75DR |
| | | | | | BLOCK TRANSACTION | | | | |
| 9/23/1 | | F2 | 2,108 | | OCT 11 ICE COLTCOINDX | 19 | -.0025 | US | 909,075.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 2,387* | | CLOSE | -.1750 | | 1,029,393.75DR |
| | | | | | AVERAGE LONG:    .002- | | | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | 45,000,000.00 |
| | | | | | CONOCO  WITH INTESA SANPAOLO | | | | |
| | | | | 45 MIL* | | 083399793    MAT-11/23/11   S.P.  100.00 | | | | |

| | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * | |
|---|---|---|---|---|
| BEGINNING BALANCE | 5,276,830.28 | 6,097,066.73DR | 820,236.45DR | I.A. 1 |
| ENDING BALANCE | 5,276,830.28 | 6,097,066.73DR | 820,236.45DR | |
| OPEN TRADE EQUITY | 4,617,548.00DR | 10,310,684.00 | 5,693,136.00 | I.A. 2 |
| TOTAL EQUITY | 659,282.28 | 4,213,617.27 | 4,872,899.55 | I.A. Ending Balance |
| SHORT OPTION PROCEEDS | 4,170,300.00 | .00 | 4,170,300.00 | |
| SETTLED MKT VALUE / SEC ON DEP | 15,000,000.00 | 45,000,000.00 | 60,000,000.00 | |
| ACCOUNT VALUE AT MARKET | 15,659,282.28 | 49,213,617.27 | 64,872,899.55 | I.A. Account Value at Market |
| INITIAL MARGIN REQUIREMENT | .00 | 47,211,899.00 | 47,211,899.00 | |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 47,211,899.00 | 47,211,899.00 | |
| EXCESS EQUITY | 15,659,282.28 | 2,001,718.27 | 17,661,000.55 | |

```
                                        ACCOUNT NUMBER: E  64   240 04840
                                        STATEMENT DATE: NOV 3, 2011
```

```
              CONOCOPHILLIPS COMPANY (E/S)
              ATTN NATURAL GAS DERIVATIVES
              PO BOX 2197 CH 3120
              HOUSTON  TX  77252
```

                              INSTRUCT ACCOUNT

                                                          PAGE   518

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|----|----|----|
| 9/23/1 | | F2 | 2,108 | | OCT 11 ICE COLTCOINDX | 19 | -.0025 | US | 909,075.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| 11/03/1 | | F2 | | 2,387 | OCT 11 ICE COLTCOINDX | 19 | -.1750 | US | .00 |
| | | | | | DELIVERY TRADE | | | | |
| | | | 2,387* | 2,387* | | CLOSE | -.1750 | | 1,029,393.75DR |
| | | | | | AVERAGE LONG: .002- | | | | |
| | | | | | AVERAGE SHORT: .175- | | | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | 45,000,000.00 |
| | | | | | CONOCO  WITH INTESA SANPAOLO | | | | |
| | | | 45 MIL* | | 083399793     MAT-11/23/11    S.P.  100.00 | | | | |

```
                              * USD-SEG 1.25(F1)*   * USD-SECURED(F2) *   ** CONVERTED TOTAL *
BEGINNING BALANCE                    5,276,830.28        6,097,066.73DR        820,236.45DR
ENDING BALANCE                       5,276,830.28        6,097,066.73DR        820,236.45DR

OPEN TRADE EQUITY                    4,619,408.00DR       9,315,159.00        4,695,751.00  D
TOTAL EQUITY                           657,422.28        3,218,092.27        3,875,514.55
SHORT OPTION PROCEEDS                2,906,600.00               .00          2,906,600.00
SETTLED MKT VALUE / SEC ON DEP      15,000,000.00       45,000,000.00       60,000,000.00
ACCOUNT VALUE AT MARKET             15,657,422.28       48,218,092.27       63,875,514.55

INITIAL MARGIN REQUIREMENT                  .00         36,443,635.00       36,443,635.00
MAINTENANCE MARGIN REQUIREMENT              .00         36,443,635.00       36,443,635.00
EXCESS EQUITY                       15,657,422.28       11,774,457.27       27,431,879.55
```

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: NOV 7, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON TX 77252

INSTRUCT ACCOUNT

PAGE   580

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|----|----|--------------|
| 11/03/1 | | F2 | 60 | | APR 13 ICE NYM CHCGO | 19 | .0400 | US | 750.00DR |
| | | | 60* | | | CLOSE | .0350 | | 750.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 62 | | MAY 13 ICE NYM CHCGO | 19 | .0400 | US | 775.00DR |
| | | | 62* | | | CLOSE | .0350 | | 775.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 60 | | JUN 13 ICE NYM CHCGO | 19 | .0400 | US | 750.00DR |
| | | | 60* | | | CLOSE | .0350 | | 750.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 62 | | JUL 13 ICE NYM CHCGO | 19 | .0400 | US | 775.00DR |
| | | | 62* | | | CLOSE | .0350 | | 775.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 62 | | AUG 13 ICE NYM CHCGO | 19 | .0400 | US | 775.00DR |
| | | | 62* | | | CLOSE | .0350 | | 775.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 60 | | SEP 13 ICE NYM CHCGO | 19 | .0400 | US | 750.00DR |
| | | | 60* | | | CLOSE | .0350 | | 750.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | 62 | | OCT 13 ICE NYM CHCGO | 19 | .0400 | US | 775.00DR |
| | | | 62* | | | CLOSE | .0350 | | 775.00DR |
| | | | | | AVERAGE LONG:     .040 | | | | |
| 11/03/1 | | F2 | | 420 | APR 12 ICE TETCO SWP | 19 | .2425 | US | 5,250.00 |
| | | | | 420* | | CLOSE | .2375 | | 5,250.00 |
| | | | | | AVERAGE SHORT:     .242 | | | | |
| 8/18/1 | | F2 | 30 | | APR 13 ICE TETCO SWP | 19 | .2225 | US | 750.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 11/03/1 | | F2 | 180 | | APR 13 ICE TETCO SWP | 19 | .2300 | US | 1,125.00 |
| | | | 210* | | | CLOSE | .2325 | | 1,875.00 |
| | | | | | AVERAGE LONG:     .228 | | | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | 45,000,000.00 |
| | | | | | CONOCO  WITH INTESA SANPAOLO | | | | |
| | | | 45 MIL* | | 083399793    MAT-11/23/11   S.P.  100.00 | | | | |

| | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 5,276,830.28 | 6,097,066.73DR | 820,236.45DR |
| COMMISSION | 359.52DR | 170.24DR | 529.76DR  E |
| CLEARING/PROCESSING FEES | 64,869.93DR | 1,017.04DR | 65,886.97DR |
| EXCHANGE FEES | .00 | 878,017.96DR | 878,017.96DR |
| BROKERAGE FEES | 155.00DR | .00 | 155.00DR |
| TRANSACTION FEES | 13,060.44DR | 287,328.52DR | 300,388.96DR |
| NFA FEES | 1,538.77DR | .00 | 1,538.77DR |
| TOTAL FEES | 79,624.14DR | 1,166,363.52DR | 1,245,987.66DR  E |

$$\sum_1 E = 1,246,517.42$$

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: NOV  7, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON  TX  77252

INSTRUCT ACCOUNT

PAGE   581

|  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| GROSS PROFIT OR LOSS | 4,619,408.00DR | 8,908,042.75 | 4,288,634.75 |
| NET PROFIT/LOSS FROM TRADES | 4,699,391.66DR | 7,741,508.99 | 3,042,117.33 |
| NET MEMO OPTION PREMIUM | 98,960.00 | .00 | 98,960.00 |
| ENDING BALANCE | 577,438.62 | 1,644,442.26 | 2,221,880.88 |
| OPEN TRADE EQUITY | .00 | 574,935.00 | 574,935.00 |
| TOTAL EQUITY | 577,438.62 | 2,219,377.26 | 2,796,815.88 |
| SETTLED MKT VALUE / SEC ON DEP | 15,000,000.00 | 45,000,000.00 | 60,000,000.00 |
| ACCOUNT VALUE AT MARKET | 15,577,438.62 | 47,219,377.26 | 62,796,815.88 |
| INITIAL MARGIN REQUIREMENT | .00 | 5,943,755.00 | 5,943,755.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 5,943,755.00 | 5,943,755.00 |
| EXCESS EQUITY | 15,577,438.62 | 41,275,622.26 | 56,853,060.88 |

ACCOUNT NUMBER: E 64  240 04840
STATEMENT DATE: NOV 11, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON TX 77252

INSTRUCT ACCOUNT

PAGE    7

| TRADE | SETTL | AT | BUY | SELL | CONTRACT DESCRIPTION | EX | TRADE PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|-----|------|---------------------|-----|------------|-----|--------------|
| 10/10/1 | | F2 | 28 | | FEB 13 ICE NYM CHCGO | 19 | .0875 | US | |
| 10/24/1 | | F2 | 84 | | FEB 13 ICE NYM CHCGO | 19 | .1125 | US | |
| | | | | | BLOCK TRANSACTION | | | | |
| 11/03/1 | | F2 | | 252 | FEB 13 ICE NYM CHCGO | 19 | .1250 | US | |
| | | F2 | 252* | 252* | EXCHANGE FEES | | | US | 307.44DR |
| | | F2 | | | TRANSACTION FEES | | | US | 90.72DR |
| | | F2 | | | GROSS PROFIT OR LOSS | | | US | 10,290.00 |
| | | F2 | | | NET PROFIT OR LOSS FROM TRADES | | | US | 9,891.84 |
| | | | | | | | | | |
| 9/06/1 | | F2 | 31 | | MAR 13 ICE NYM CHCGO | 19 | .1200 | US | |
| 9/09/1 | | F2 | 31 | | MAR 13 ICE NYM CHCGO | 19 | .1175 | US | |
| | | | | | BLOCK TRANSACTION | | | | |
| 10/04/1 | | F2 | 62 | | MAR 13 ICE NYM CHCGO | 19 | .1125 | US | |
| | | | | | BLOCK TRANSACTION | | | | |
| 10/06/1 | | F2 | 31 | | MAR 13 ICE NYM CHCGO | 19 | .0905 | US | |
| 10/10/1 | | F2 | 31 | | MAR 13 ICE NYM CHCGO | 19 | .0875 | US | |
| 10/24/1 | | F2 | 93 | | MAR 13 ICE NYM CHCGO | 19 | .1125 | US | |
| | | | | | BLOCK TRANSACTION | | | | |
| 11/03/1 | | F2 | | 279 | MAR 13 ICE NYM CHCGO | 19 | .1250 | US | |
| | | F2 | 279* | 279* | EXCHANGE FEES | | | US | 340.39DR |
| | | F2 | | | TRANSACTION FEES | | | US | 100.44DR |
| | | F2 | | | GROSS PROFIT OR LOSS | | | US | 11,392.50 |
| | | F2 | | | NET PROFIT OR LOSS FROM TRADES | | | US | 10,951.67 |
| | | | | | | | | | |
| 8/18/1 | | F2 | 30 | | APR 13 ICE TETCO SWP | 19 | .2225 | US | |
| | | | | | BLOCK TRANSACTION | | | | |
| 11/03/1 | | F2 | | 30 | APR 13 ICE TETCO SWP | 19 | .2300 | US | |
| | | F2 | 30* | 30* | EXCHANGE FEES | | | US | 35.25DR |
| | | F2 | | | TRANSACTION FEES | | | US | 10.80DR |
| | | F2 | | | GROSS PROFIT OR LOSS | | | US | 562.50 |
| | | F2 | | | NET PROFIT OR LOSS FROM TRADES | | | US | 516.45 |

\* \* \* \* \* \* \* \* \*  O P E N   P O S I T I O N S  \* \* \* \* \* \* \* \* \*

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|-----|-------|-----|--------------|
| 3/28/1 | | F1 | 15 MIL | | LOC CONOCOPHILLIPS PASS THRU | | | US | 15,000,000.00 |
| | | | | | CMB-SVENSKA DUE 3/30/2012 | | | | |
| | | | 15 MIL* | | S011038     MAT- 3/30/12 | S.P. | 100.00 | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | 45,000,000.00 |
| | | | | | CONOCO WITH INTESA SANPAOLO | | | | |
| | | | 45 MIL* | | 083399793   MAT-11/23/11 | S.P. | 100.00 | | |

| | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 577,438.62 | 1,644,442.27 | 2,221,880.89 |
| EXCHANGE FEES | .00 | 10,496.87DR | 10,496.87DR |
| TRANSACTION FEES | .00 | 3,097.44DR | 3,097.44DR |
| TOTAL FEES | .00 | 13,594.31DR | 13,594.31DR |
| GROSS PROFIT OR LOSS | .00 | 407,116.25 | 407,116.25 |
| NET PROFIT/LOSS FROM TRADES | .00 | 393,521.94 | 393,521.94 |

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: NOV 11, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON  TX  77252

INSTRUCT ACCOUNT

PAGE     8

|  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| ENDING BALANCE | 577,438.62 | 2,037,964.21 | 2,615,402.83 |
| TOTAL EQUITY | 577,438.62 | 2,037,964.21 | 2,615,402.83 |
| SETTLED MKT VALUE / SEC ON DEP | 15,000,000.00 | 45,000,000.00 | 60,000,000.00 |
| ACCOUNT VALUE AT MARKET | 15,577,438.62 | 47,037,964.21 | 62,615,402.83 |
| EXCESS EQUITY | 15,577,438.62 | 47,037,964.21 | 62,615,402.83 |

ACCOUNT NUMBER: E  64   240 04840
STATEMENT DATE: NOV 29, 2011

CONOCOPHILLIPS COMPANY (E/S)
ATTN NATURAL GAS DERIVATIVES
PO BOX 2197 CH 3120
HOUSTON  TX  77252

INSTRUCT ACCOUNT

*   *   *   *   *   *   *   *   *   C O N F I R M A T I O N   *   *   *   *   *   *   *   *   *   *
THE FOLLOWING JOURNAL ENTRIES HAVE BEEN POSTED TO YOUR ACCOUNT.

| TRADE | SETTL | AT | JOURNAL DESCRIPTION | CC | DEBIT/CREDIT |
|-------|-------|----|--------------------|----|-----|
| 11/29/1 | 11/01/1 | F1 | INTEREST  MTH ENDING 10/31/11 | US | 13,994.36DR |

*   *   *   *   *   *   *   *   *   O P E N   P O S I T I O N S   *   *   *   *   *   *   *   *   *
| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|-----|-------|----|-----|
| 3/28/1 | | F1 | 15 MIL | | LOC CONOCOPHILLIPS PASS THRU | | | US | 15,000,000.00 |
| | | | | | CME-SVENSKA DUE 3/30/2012 | | | | |
| | | | 15 MIL* | | S011038    MAT- 3/30/12 | S.P. | 100.00 | | |
| 5/29/9 | | F2 | 45 MIL | | LOC DUE 11/23/11 | | | US | .00 |
| | | | | | CONOCO  WITH INTESA SANPAOLO | | | | |
| | | | 45 MIL* | | 083399793   MAT-11/23/11 | S.P. | 0 | | |

|  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|--|---------------------|---------------------|---------------------|
| BEGINNING BALANCE | 577,438.62 | 2,037,964.21 | 2,615,402.83 |
| CASH AMOUNTS | 13,994.36DR | .00 | 13,994.36DR |
| ENDING BALANCE | 563,444.26 | 2,037,964.21 | 2,601,408.47 |
| TOTAL EQUITY | 563,444.26 | 2,037,964.21 | 2,601,408.47 |
| SETTLED MKT VALUE / SEC ON DEP | 15,000,000.00 | .00 | 15,000,000.00 |
| ACCOUNT VALUE AT MARKET | 15,563,444.26 | 2,037,964.21 | 17,601,408.47 |
| EXCESS EQUITY | 15,563,444.26 | 2,037,964.21 | 17,601,408.47 |

# EXHIBIT K

## CONOCOPHILLIPS CANADA
## CUSTOMER CLAIM FORMS

## COMMODITY FUTURES
## CUSTOMER CLAIM FORM
## MF GLOBAL, INC.

Account Name: _ConocoPhillips Canada Marketing & Trading ULC_____

Account Number: _64-1087-04845_____

Address: _401 – 9th Avenue SW_____

_____Calgary, AB  T2P 2H7_____

Taxpayer I.D. Number (Social Security No.): _98-0382754_____

Contact Person: _Mike A. Baker, Vice-President_____

Daytime Phone: _403.233.4107_____

Email: _Mike.A.Baker@ConocoPhillips.com_____

# PLEASE NOTE
## THIS CLAIM FORM SHOULD BE USED IF YOU ARE A CUSTOMER OF MF GLOBAL INC. AND YOU HAVE A CUSTOMER CLAIM BASED ON A COMMODITY FUTURES ACCOUNT

- A SEPARATE CLAIM FORM MUST BE FILED FOR EACH COMMODITY FUTURES ACCOUNT. IF YOUR ACCOUNT IS A "MASTER ACCOUNT" CONSISTING OF SUB-ACCOUNTS, YOU SHOULD CLAIM THE SUB-ACCOUNTS ON A CONSOLIDATED BASIS AND SUBMIT ONE CLAIM FORM FOR THE "MASTER ACCOUNT" BUT NOTE THE EXISTENCE OF THE SUB-ACCOUNTS IN THE INFORMATION REGARDING "RELATED ACCOUNTS" IN ITEM (III.F).

- THE DEADLINE FOR FILING ALL COMMODITY FUTURES CUSTOMER CLAIMS IS JANUARY 31, 2012. NO COMMODITY FUTURES CUSTOMER CLAIM WILL BE ALLOWED IF IT IS RECEIVED AFTER THAT DATE (UNLESS EXTENDED, FOR GOOD CAUSE ONLY). THE JANUARY 31, 2012 DEADLINE FOR FILING A COMMODITY FUTURES CUSTOMER CLAIM CANNOT BE EXTENDED BEYOND JUNE 2, 2012, EVEN FOR GOOD CAUSE. IF RECEIVED BY THE TRUSTEE AFTER JANUARY 31, 2012, BUT ON OR BEFORE JUNE 2, 2012, A COMMODITY FUTURES CUSTOMER CLAIM MAY BE AFFORDED GENERAL CREDITOR STATUS.

- ALL CLAIMS ARE DATED AS OF THE DATE RECEIVED BY THE TRUSTEE. CLAIMS THAT ARE FILED ELECTRONICALLY MUST BE RECEIVED BY 11:59 P.M. (PREVAILING EASTERN TIME) ON THE BAR DATE TO BE CONSIDERED TIMELY.

- YOU MAY FILE YOUR CLAIM ELECTRONICALLY ONLINE AT WWW.MFGLOBALTRUSTEE.COM OR SEND YOUR COMPLETED AND SIGNED CLAIM FORM TO THE TRUSTEE VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE APPROPRIATE ADDRESS BELOW.

- IF YOU REQUIRE ADDITIONAL SPACE TO ANSWER ANY QUESTION, PLEASE ATTACH SEPARATE PIECES OF PAPER AND LABEL THE ANSWERS TO THE CORRESPONDING QUESTIONS FOR THIS CLAIMS FORM. ALL ATTACHMENTS MUST BE SIGNED BY YOU.

- YOU MAY ESTIMATE ANY VALUES/AMOUNTS ASSOCIATED WITH YOUR CLAIM. ANSWER ALL QUESTIONS AS FULLY AS POSSIBLE, TO THE EXTENT YOU KNOW OR CAN ESTIMATE THE INFORMATION REQUESTED. IF YOU ARE PROVIDING AN ESTIMATE, YOU MUST SO INDICATE.

- **IF SOME OR ALL OF THE TRADE EQUITY OR CASH, CASH EQUIVALENTS OR OTHER PROPERTY IN YOUR COMMODITY FUTURES ACCOUNTS HAS BEEN TRANSFERRED TO ANOTHER FUTURES COMMISSION MERCHANT, BUT YOU BELIEVE YOU HAVE A CLAIM FOR MONEY OR PROPERTY OWED TO YOU BY MF GLOBAL INC., YOU MUST FILE A CLAIM TO PROTECT YOUR RIGHTS.**

- **MF GLOBAL INC. IS THE ONLY MF GLOBAL ENTITY THAT IS A DEBTOR IN THIS SIPA LIQUIDATION PROCEEDING. THIS COMMODITY FUTURES CUSTOMER CLAIM FORM APPLIES ONLY TO MF GLOBAL INC. AND DOES NOT APPLY TO ANY OTHER MF GLOBAL ENTITY, INCLUDING ANY ENTITY IN A PROCEEDING UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE, SUCH AS MF GLOBAL HOLDINGS LTD. OR MF GLOBAL FINANCE USA INC.**

This claim form must be completed electronically online at www.mfglobaltrustee.com or mailed promptly, together with supporting documentation, to the following:

*If by first class mail:*
MF Global Inc. Claims Processing Center
c/o Epi q Bankruptcy Solutions, LLC
P.O. Box 3656
Portland, OR 97208-3656

*If by overnight mail:*
MF Global Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

## I.    ACCOUNT BALANCE AS OF OCTOBER 31, 2011

> *NOTE:    If needed, please provide a detailed description on a signed attachment of the basis for your answers below, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

A.    Please state your beginning and ending account balance as of October 31, 2011, including (i) cash, cash equivalents, or other property (including margin), and (ii) open trade equity:

**Are these estimated amounts?**     YES ☐          NO ☒

Beginning balance:  $20,412,436.56

Ending balance:  $23,273,335.06

Account value at market:  $33,856,410.06 * **

1.    Please state the amount of cash, cash equivalents, or other property (including margin) in the account, as of October 31, 2011:
      $23,141,505.06

*\* As per the attached MF Global statement, including Letter of Credit valued at $10,000,000*
*\*\*As per the attached MF Global statement, includes option value of $583,075.00*

*NOTE:  Although the "Account Value At Market" includes the value of a letter of credit, nothing in the claim form shall constitute an admission that such letters of credit, or the proceeds thereof, constitute "customer property" or "property of the estate" for purposes of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa et seq., the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, the Commodity Exchange Act, 7 U.S.C. § 1 et seq., 17 C.F.R. §§ 190.01-190.10, or any other related statutes, rules or regulations, and CP reserves all rights with respect thereto.*

2.    Please state the open trade equity in the account, as of October 31, 2011:
$131,830.00

B.    If your account contained NO open trade equity or cash, cash equivalents, or other
property associated with the margining of Foreign Futures (*i.e.*, futures or options on
futures traded on an exchange located outside of the United States), you may skip the
rest of this question. OTHERWISE:

1.    If, on October 31, 2011, your account contained open trade equity of—or
cash, cash equivalents, or other property (including margin) associated
with—Foreign Futures (*i.e.*, futures or options on futures traded on an
exchange located outside of the United States), please identify the amounts
of equity and cash, cash equivalents, or other property (and specify the
currency and/or convert to USD) for each (use additional paper, as needed):

| **Are these estimated amounts?** | YES ☐ | NO ☐ |

Foreign Futures open trade equity:_____.

Foreign Futures cash, cash equivalents, or other property:_____

_____.

## II.    ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31, 2011

### THE FOLLOWING QUESTIONS ADDRESS ACCOUNT ACTIVITY—EITHER INITIATED BY YOU OR OTHERWISE—THAT AFFECTED YOUR ACCOUNT ON OR AFTER OCTOBER 31, 2011.

A.    If your account had any open commodity contracts as of October 31, 2011, were
any of your open commodity contracts transferred to one or more transferee futures
commission merchants after October 31, 2011?

**Check one:**    YES ☒

**OR**

☐    "No open commodity contracts were transferred from my
account to a transferee futures commission merchant after
October 31, 2011"

*NOTE:    If you selected "YES," please provide the following information in detail on
a signed attachment, and attach any supporting documentation you have. If
you do not provide sufficient details, you may be sent a deficiency letter
seeking additional information.    **SEE ATTACHED***

1.    Identify the name(s) of the transferee futures commission merchant(s);

2.    Summarize the commodity contracts (including futures and options on futures) that were transferred (to each transferee, if more than one); and

3.    Specify the amount of margin (*i.e.*, cash, cash equivalents, or other property), in U.S. dollars, that was transferred along with such commodity contracts, if any.

4.    Please state the open trade equity based on the commodity contracts that were transferred from the account:

(i)    As of the date of the transfer; and

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☒

B.    Did you liquidate any open commodity contracts on or after October 31, 2011?

**Check one:**    YES ☐    NO ☒

*NOTE:  If you selected "NO," you may skip the remainder of this question.  If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.    Summarize the commodity contracts (including futures and options on futures) that you liquidated.

2.    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the commodity contracts that you liquidated:

(i)    As of the date of the liquidation;

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☐

3.    Please indicate whether any of the open commodity contracts you liquidated on or after October 31, 2011 were Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

**Check one:**    YES ☐    NO ☐

*NOTE: If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

(i)     Summarize the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated.

(ii)    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated:

(a)     As of the date of the liquidation;

(b)     As the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) existed in the account on October 31, 2011.

**Are these estimated amounts?**          YES ☐          NO ☐

C.     If your account had any cash, cash equivalents, or other property as of October 31, 2011, was any cash, cash equivalents, or other property transferred from your account to one or more transferee futures commission merchants after October 31, 2011—OTHER THAN margin (*i.e.*, cash, cash equivalents, or other property) that was transferred with open commodity contracts (which you should have identified in Item (II.A), above)?

**Check one:**                    YES ☐
                                      **OR**

☒     "Not including any margin (*i.e.*, cash, cash equivalents, or other property) that may have transferred with open commodity positions, no other cash, cash equivalents, or other property was transferred from my account to a transferee futures commission merchant after October 31, 2011."

*NOTE:   If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.     Identify the name(s) of the transferee futures commission merchant(s); and

2.   Identify the amount of cash, cash equivalents, or other property that was transferred (to each transferee, if more than one).

   **Are these estimated amounts?**   YES ☐   NO ☐

D.   In the aggregate, to the extent that you are able, please estimate what percentage of the value of your account (both open commodity positions and cash, cash equivalents, or other property), if any, was transferred to another futures commission merchant:

_____ .

## III.   DESCRIPTION OF THE ACCOUNT

A.   Please specify the type of account (check all that are applicable):

☐   1. Futures account

☐   2. Foreign futures account

☐   3. Leverage account

☒   4. Option account—exchange-traded

☐   5. Option account—dealer

☐   6. Delivery account*

☒   7. Cleared OTC derivatives account

*A "delivery" account is one which contains only documents of title, commodities, cash, or other property identified to you and deposited for the purposes of making or taking delivery on a commodity underlying a commodity contract or for payment of the strike price upon exercise of an option.

B.   Please specify the capacity in which you hold the account (check all that are applicable):

☐   1. Individual capacity

☐   2. As guardian, custodian, or conservator for the benefit of a ward or a minor under the Uniform Gift to Minors Act

☐   3. As executor or administrator of an estate

☐   4. As trustee for the trust beneficiary

☒   5. In the name of a corporation, partnership, or unincorporated association

☐  6.  As an omnibus customer account of the undersigned futures commission merchant

☐  7.  As part owner of a joint account

☐  8.  In the name of a plan which, on October 31, 2011, had in effect a registration statement in accordance with the requirements of § 1031 of the Employee Retirement Income Security Act of 1974 and the regulations thereunder

☐  9.  As agent or nominee for a principle or beneficial owner (and not described in Items (III.B.1-8))

☐  10. In any other capacity not described above in Items (III.B.1-9) (please specify the capacity):

C.    Is any person (including a general partnership, limited partnership, corporation, or other type of association) on whose behalf the account is held one of the following persons <u>or</u> does one of the following persons, alone or jointly, hold 10% or more of the account? (Check all that are applicable):

☐  1.  MF Global Inc.

☐  2.  Director of MF Global Inc.

☐  3.  Officer of MF Global Inc.

☐  4.  Person in control of MF Global Inc.

☐  5.  Partnership in which MF Global Inc. is a general partner

☐  6.  Owner of ten percent or more of the capital stock of MF Global Inc.

☐  7.  Employee of MF Global Inc. whose duties include (a) the management of the business of MF Global Inc. or any part thereof;
(b) the handling of the trades or customer funds of customers of MF Global Inc.; (c) the keeping of records pertaining to the trades or funds of customers of MF Global Inc.; or (d) the signing or cosigning of checks or drafts on behalf of MF Global Inc.

☐  8.  Managing agent of MF Global Inc.

☐  9.  A spouse or minor dependent living in the same household of ANY OF THE FOREGOING PERSONS (listed in Items (III.C.1-8), above); or any other relative, regardless of residency, defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship with such degree.

☐  10.  "Affiliate" of MF Global Inc.*

☐  11.  Any of the persons listed in Items (III.C.1-8), above, if such person is associated with an affiliate of MF Global Inc. as if the affiliate were MF Global Inc.

*"Affiliate" of MF Global Inc. is defined as:

- An entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by MF Global Inc., or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A person whose business is operated under a lease or operating agreement by MF Global Inc., or person substantially all of whose property is operated under an operating agreement with MF Global Inc.;

- An entity that otherwise, directly or indirectly, is controlled by or is under common control with MF Global Inc.;

- An entity that operates the business of all or substantially all of the property of MF Global Inc. under a lease or operating agreement; or

- An entity that otherwise, directly or indirectly, controls MF Global Inc.

D.    Is this a discretionary account?

      **Check one:**        YES ☐             NO ☒

    *NOTE:  If you selected "YES," specify who has the general authority to buy or sell orders or <u>effectuate</u> transactions for your account:_____.*

E.    Is this a joint account?

      **Check one:**        YES ☐             NO ☒

    *NOTE:  If you selected "YES," specify the amount of your percentage interest in the account, and whether all participants in a joint account are claiming jointly.*

    1. My percentage interest in the account is: _____ %

2. Participants in a joint account    (Check one)
are claiming:

☐   SEPARATELY   ☐   FULLY JOINTLY

F.    Do you have any related accounts?

**Check one:**    YES ☒    NO ☐

*NOTE: If you selected "YES," specify the account numbers of your related accounts.*
*YOU MUST FILE A SEPARATE CLAIM FOR EACH ACCOUNT.*

  64-1087-04846 (funds co-margined) _____

_____

G.    Is your claim based on securities futures products?

**Check one:**    YES ☐      NO ☒

*NOTE:     If you selected "YES," are these securities futures products held in a*
*futures account or a securities account?*

**Check one:**    SECURITIES ☐      FUTURES ☐
ACCOUNT            ACCOUNT

## IV.   DETAILS OF YOUR CLAIM

A.    Does MF Global Inc. have any claims against you not already included in your
statement of account balance provided in Item (I.A) above?

**Check one:**    YES ☐      NO ☒

*NOTE: If you selected "YES," please provide a detailed description in a signed*
*attachment of any such claim or claims, and attach any supporting*
*documentation you have. If you do not provide sufficient details, you may be*
*sent a deficiency letter seeking additional information.*

B.    If your statement of account balance provided in Item (I.A) above does <u>NOT</u> include
any cash, cash equivalents or other property held by or for MF Global Inc. from or for
your account, select this box and skip the rest of this question.

☐    "I am not claiming any cash, cash equivalents, or other property
held by or for MF Global Inc. from or for my account."

*OTHERWISE, please indicate whether any cash, cash equivalents, or other property consists of one of the following (check all that are applicable), and if you check any one or more of the following, please provide a detailed explanation on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

☐   1. Any security deposited as margin which, as of October 31, 2011, was securing an open commodity contract and is (i) registered in your name;

(ii) not transferable by delivery; and (iii) not a short-term obligation.

☐   2. Any fully-paid, non-exempt security held for your account in which there were no open contracts as of October 31, 2011.

☐   3. Any warehouse receipt, bill of lading or other document of title deposited as margin which, as of October 31, 2011, was securing an open commodity contract and can be identified in MF Global Inc.'s records as being held for your account, and is neither in bearer form nor otherwise transferable by delivery.

☐   4. Any warehouse receipt, bill of lading or other document of title, or any commodity received, acquired or held by or for MF Global Inc. to make or take physical delivery or exercise from or for your account and which can be identified in MF Global Inc.'s records as received from or for your account as held specifically for the purpose of delivery or exercise.

☒   5. Any open commodity contract (except as provided in Item (IV.B.7), below) which, as of October 31, 2011, is identified in MF Global Inc.'s records as being held for your account, is a bona fide hedging position or transaction as defined in CFTC Rule 1.3(z) or is a commodity option transaction which has been determined by the exchange to be economically appropriate to the reduction of risks in the conduct and management of a commercial enterprise pursuant to exchange rules, and is in an account designated in MF Global Inc.'s records as a hedging account.

☐   6. Any cash or other property deposited or cash price tendered for any property deposited, prior to October 31, 2011, for the specifically noted purpose of taking or making physical delivery on an options or futures contract, which cash or other property is identified on MF Global Inc.'s records as received from or for your account within three or less days of the notice date or three or less days of the exercise date. **NOTE: If you check this box, the Trustee's Office will contact you to request that you provide specific additional information regarding this type of property.**

☐   7. Open commodity contracts transferred to another futures commission merchant by the Trustee.

<u>OR</u>

☐    My claim is not based on any of the types of cash, cash equivalents, or other property listed in Items (IV.B.1-7), above.

C.    If you checked any boxes in (IV.B.1-7), above, did you separately identify any such potentially "Specifically Identifiable Property" to the Trustee by written or electronic mail on or before November 15, 2011?

        **Check one:**    YES ☐    NO ☒

D.    If you are claiming securities for this account, do you wish to receive payment in kind, to the extent possible?

        **Check one:**    YES ☐    NO ☐

## WHEN COMPLETING THE ABOVE PLEASE KEEP IN MIND:

- If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.
- Proper documentation can speed the review, allowance, and satisfaction of your claim.
- Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.
- If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Please list the full name, address, phone number, and email address of anyone assisting you in the preparation of this claim form:**

Full name:  Kristine Lautermilch

Address:  401 – 9th Avenue SW, PO Box 130, Calgary, Alberta, T2P 2H7

Phone number:  403.233.4224

Email address:  k.lautermilch@conocophillips.com

If more than one person is assisting you, attach additional pages providing the information in the exact format above.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF UP TO $50,000 OR IMPRISONMENT OF UP TO FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date ___Dec /6 /11___                    Signature _____

Date _____            Signature _____

(If ownership of the account is shared (*i.e.*, there is more than one name on the account), all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, agent, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

Backup for Section I

MF Global Inc.
717 Fifth Avenue
9th Floor
New York, NY 10022-8101

# Daily Commodity Statement

Interested Party:IDM760

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: OCT 28, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE   129

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|-------|----|--------------|
| 12/17/0 | | F2 | 300 | | CALL DEC 12 ICE HH EQ OPT 5800 19 | | .5475 | US | 142,875.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 59.7 DQ  .199EX-11/27/12 CLOSE | | .1905 | | 142,875.00 |
| | | | | | AVERAGE LONG:      .547 | | | | |
| 12/17/0 | | F2 | 300 | | CALL APR 13 ICE HH EQ OPT 5500 19 | | .4925 | US | 192,450.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 78.6 DQ  .262EX- 3/26/13 CLOSE | | .2566 | | 192,450.00 |
| | | | | | AVERAGE LONG:      .492 | | | | |
| 12/17/0 | | F2 | 300 | | CALL DEC 13 ICE HH EQ OPT 6100 19 | | .6250 | US | 271,275.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 88.2 DQ  .294EX-11/25/13 CLOSE | | .3617 | | 271,275.00 |
| | | | | | AVERAGE LONG:      .625 | | | | |
| 12/17/0 | | F2 | 240 | | CALL APR 14 ICE HH EQ OPT 5750 19 | | .5450 | US | 236,700.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 240* | | 76.1 DQ  .317EX- 3/26/14 CLOSE | | .3945 | | 236,700.00 |
| | | | | | AVERAGE LONG:      .545 | | | | |
| 12/17/0 | | F2 | 240 | | CALL DEC 14 ICE HH EQ OPT 6300 19 | | .6750 | US | 305,520.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 6/09/1 | | F2 | | 240 | CALL DEC 14 ICE HH EQ OPT 6300 19 | | .7075 | US | 305,520.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 240* | 240* | .0 DQ  .339EX-11/24/14 CLOSE | | .5092 | | .00 |
| | | | | | AVERAGE LONG:      .675 | | | | |
| | | | | | AVERAGE SHORT:      .707 | | | | |
| 11/03/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| 12/18/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| | | | | | DUE 7/25/2012 | | | | |
| | | | 10 MIL* | | S006229        MAT- 7/25/12    S.P.  100.00 | | | | |

|  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|--|---------------------|---------------------|----------------------|
| BEGINNING BALANCE | 638,594.94DR | 23,299,100.00 | 22,660,505.06 |
| CASH AMOUNTS | 849,000.00 | 368,000.00DR | 481,000.00 |
| ENDING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| | | | |
| OPEN TRADE EQUITY | .00 | 2,729,068.50DR | 2,729,068.50DR |
| TOTAL EQUITY | 210,405.06 | 20,202,031.50 | 20,412,436.56 A(1st line) |
| NET MARKET VALUE OF OPTIONS | .00 | 552,325.00 | 552,325.00 |
| SHORT OPTION PROCEEDS | .00 | 1,257,500.00 | 1,257,500.00 |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 210,405.06 | 30,754,356.50 | 30,964,761.56 |
| | | | |
| INITIAL MARGIN REQUIREMENT | .00 | 27,027,559.00 | 27,027,559.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 27,027,559.00 | 27,027,559.00 |
| EXCESS EQUITY | 210,405.06 | 3,726,797.50 | 3,937,202.56 |

E. & O.E.
RETAIN FOR TAX RECORDS.
*Member CBOE/FINRA/SIPC*

SUBJECT TO TERMS AND CONDITIONS
ON REVERSE SIDE.
*CODED SYMBOLS ARE EXPLAINED
ON REVERSE SIDE.

PLEASE REPORT ANY DIFFERENCES IMMEDIATELY. THE FAILURE TO IMMEDIATELY EXERCISE
YOUR RIGHT TO HAVE ERRORS CORRECTED WILL BE DEEMED YOUR AGREEMENT THAT THIS
STATEMENT IS CORRECT AND RATIFIED.

MF Global Inc.
717 Fifth Avenue
9th Floor
New York, NY 10022-8101

# Daily Commodity Statement

Interested Party:IDM760

ACCOUNT NUMBER: E 64 1087 04845
STATEMENT DATE: OCT 31, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY AB T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE 127

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|-----|-------|-----|--------------|
| 12/17/0 | | F2 | 300 | | CALL APR 12 ICE HH EQ OPT 5200 19 | | .3800 | US | 43,875.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 39.9 DQ  .133EX- 3/27/12 CLOSE | | .0585 | | 43,875.00 |
| | | | | | AVERAGE LONG:  .380 | | | | |
| 10/18/1 | | F2 | | 2,000 | PUT AUG 12 ICE HH EQ OPT 3000 19 | | .0625 | US | 259,500.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | | 2,000* | 206.0 DQ  .103EX- 7/26/12 CLOSE | | .0519 | | 259,500.00DR |
| | | | | | AVERAGE SHORT:  .062 | | | | |
| 12/17/0 | | F2 | 300 | | CALL DEC 12 ICE HH EQ OPT 5800 19 | | .5475 | US | 141,825.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 59.7 DQ  .199EX-11/27/12 CLOSE | | .1891 | | 141,825.00 |
| | | | | | AVERAGE LONG:  .547 | | | | |
| 12/17/0 | | F2 | 300 | | CALL APR 13 ICE HH EQ OPT 5900 19 | | .4925 | US | 191,175.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 78.9 DQ  .263EX- 3/26/13 CLOSE | | .2549 | | 191,175.00 |
| | | | | | AVERAGE LONG:  .492 | | | | |
| 12/17/0 | | F2 | 300 | | CALL DEC 13 ICE HH EQ OPT 6100 19 | | .6250 | US | 267,900.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 300* | | 87.9 DQ  .293EX-11/25/13 CLOSE | | .3572 | | 267,900.00 |
| | | | | | AVERAGE LONG:  .625 | | | | |
| 12/17/0 | | F2 | 240 | | CALL APR 14 ICE HH EQ OPT 5750 19 | | .5450 | US | 234,000.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 240* | | 75.8 DQ  .316EX- 3/26/14 CLOSE | | .3900 | | 234,000.00 |
| | | | | | AVERAGE LONG:  .545 | | | | |
| 12/17/0 | | F2 | 240 | | CALL DEC 14 ICE HH EQ OPT 6300 19 | | .6750 | US | 302,460.00 |
| | | | | | BLOCK TRANSACTION | | | | |
| 6/09/1 | | F2 | | 240 | CALL DEC 14 ICE HH EQ OPT 6300 19 | | .7075 | US | 302,460.00DR |
| | | | | | BLOCK TRANSACTION | | | | |
| | | | 240* | 240* | .0 DQ  .338EX-11/24/14 CLOSE | | .5041 | | .00 |
| | | | | | AVERAGE LONG:  .675 | | | | |
| | | | | | AVERAGE SHORT:  .707 | | | | |
| 11/03/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| 12/18/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| | | | 10 MIL* | | S006229     MAT- 7/25/12   S.P. 100.00 | | | | |
| | | | | | DUE 7/25/2012 | | | | |

| | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| ENDING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 line #1 |
| OPEN TRADE EQUITY | .00 | 131,830.00 | 131,830.00 line #2 |
| TOTAL EQUITY | 210,405.06 | 23,062,930.00 | 23,273,335.06 A (2nd line) |
| NET MARKET VALUE OF OPTIONS | .00 | 583,075.00 | 583,075.00 |
| SHORT OPTION PROCEEDS | .00 | 1,257,500.00 | 1,257,500.00 |

E.& O.E.
RETAIN FOR TAX RECORDS.
Member CBOE/FINRA/SIPC

SUBJECT TO TERMS AND CONDITIONS
ON REVERSE SIDE.
*CODED SYMBOLS ARE EXPLAINED
ON REVERSE SIDE.

PLEASE REPORT ANY DIFFERENCES IMMEDIATELY. THE FAILURE TO IMMEDIATELY EXERCISE
YOUR RIGHT TO HAVE ERRORS CORRECTED WILL BE DEEMED YOUR AGREEMENT THAT THIS
STATEMENT IS CORRECT AND RATIFIED.

MF Global Inc.
717 Fifth Avenue
9th Floor
New York, NY 10022-8101

# Daily Commodity Statement

Interested Party:IDM760

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: OCT 31, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE    128

|  | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 210,405.06 | 33,646,005.00 | 33,856,410.06 A (3rd line) |
| INITIAL MARGIN REQUIREMENT | .00 | 27,034,033.00 | 27,034,033.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 27,034,033.00 | 27,034,033.00 |
| EXCESS EQUITY | 210,405.06 | 6,611,972.00 | 6,822,377.06 |



E. & O.E.
RETAIN FOR TAX RECORDS.

Member CBOE/FINRA/SIPC

SUBJECT TO TERMS AND CONDITIONS
ON REVERSE SIDE.
*CODED SYMBOLS ARE EXPLAINED
ON REVERSE SIDE.

PLEASE REPORT ANY DIFFERENCES IMMEDIATELY. THE FAILURE TO IMMEDIATELY EXERCISE
YOUR RIGHT TO HAVE ERRORS CORRECTED WILL BE DEEMED YOUR AGREEMENT THAT THIS
STATEMENT IS CORRECT AND RATIFIED.

Backup for Section II



**ConocoPhillips**

## II. ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31, 2011

    MF Global (Account E 64 1087 04845)

| | | | | |
|---|---|---|---|---|
| Beginning Account Balance 10/31/2011 (Total Equity) | | 20,412,436.56 | **A** | |
| Change in value of trades 10/31/2011 - 11/03/2011 | | 4,968,905.00 | **8** | *(See Note below)* |
|   Equity 10/28/2011 (OTE) | (2,729,068.50) | | | |
|   Equity 11/03/2011 (OTE) | 2,239,836.50 | **1,2** | | *(See Notes below)* |
| Comm & Fees on Trades | | (317,279.96) | | |
|   Per MF Global Stmt 11/7/2011 | (287,260.92) | **E** | | |
|   Per MF Global Stmt 11/10/2011 | (30,019.04) | **F** | | |
| Interest for Sep 2011 & Oct 2011 | | | | |
|   Per MF Global Stmt 10/04/2011 & 11/29/2011 | | 127.83 | **G** | |
|   Rounding difference | | 941.63 | **I** | |
| Balance due COP from MF Global | | 25,065,131.06 | **H** | |

**Notes:**

**1**    Trades were transferred at settle price,  Equity value transferred was -0- on 11/4/2011.
**2**    No margin was transferred.
**I**    Rounding difference

Mike A. Baker
Vice President
ConocoPhillips Canada Marketing & Trading ULC

ACCOUNT NUMBER: E 64 1087 04845
STATEMENT DATE: OCT 28, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC                 (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

· INSTRUCT ACCOUNT

PAGE   129

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|-----|-------|-----|--------------|
| 12/17/0 | | F2 | 300 | | CALL DEC 12 ICE HH EQ OPT 5800 19 BLOCK TRANSACTION | | .5475 | US | 142,875.00 |
| | | | 300* | | 59.7 DQ .199EX-11/27/12 CLOSE AVERAGE LONG:    .547 | | .1305 | | 142,875.00 |
| 12/17/0 | | F2 | 300 | | CALL APR 13 ICE HH EQ OPT 5500 19 BLOCK TRANSACTION | | .4925 | US | 192,450.00 |
| | | | 300* | | 78.6 DQ .262EX- 3/26/13 CLOSE AVERAGE LONG:    .492 | | .2566 | | 192,450.00 |
| 12/17/0 | | F2 | 300 | | CALL DEC 13 ICE HH EQ OPT 6100 19 BLOCK TRANSACTION | | .6250 | US | 271,275.00 |
| | | | 300* | | 88.2 DQ .294EX-11/25/13 CLOSE AVERAGE LONG:    .625 | | .3617 | | 271,275.00 |
| 12/17/0 | | F2 | 240 | | CALL APR 14 ICE HH EQ OPT 5750 19 BLOCK TRANSACTION | | .5450 | US | 236,700.00 |
| | | | 240* | | 76.1 DQ .317EX- 3/26/14 CLOSE AVERAGE LONG:    .545 | | .3945 | | 236,700.00 |
| 12/17/0 | | F2 | 240 | | CALL DEC 14 ICE HH EQ OPT 6300 19 BLOCK TRANSACTION | | .6750 | US | 305,520.00 |
| 6/09/1 | | F2 | | 240 | CALL DEC 14 ICE HH EQ OPT 6300 19 BLOCK TRANSACTION | | .7075 | US | 305,520.00DR |
| | | | 240* | 240* | .0 DQ .339EX-11/24/14 CLOSE AVERAGE LONG:    .675 AVERAGE SHORT:    .707 | | .5092 | | .00 |
| 11/03/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| 12/18/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA DUE 7/25/2012 | | | US | 5,000,000.00 |
| | | | 10 MIL* | | SG06229    MAT- 7/25/12  S.P. 100.00 | | | | |

|  | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|--|--|--|--|
| BEGINNING BALANCE | 638,594.94DR | 23,299,100.00 | 22,660,505.06 |
| CASH AMOUNTS | · 849,000.00 | 368,000.00DR | 481,000.00 |
| ENDING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| OPEN TRADE EQUITY | .00 | 2,729,068.50DR | 2,729,068.50DR |
| TOTAL EQUITY | 210,405.06 | 20,202,031.50 | 20,412,436.56 |
| NET MARKET VALUE OF OPTIONS | .00 | 552,325.00 | 552,325.00 |
| SHORT OPTION PROCEEDS | .00 | 1,257,500.00 | 1,257,500.00 |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 210,405.06 | 30,754,356.50 | 30,964,761.56 |
| INITIAL MARGIN REQUIREMENT | .00 | 27,027,559.00 | · 27,027,559.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 27,027,559.00 | 27,027,559.00 |
| EXCESS EQUITY | 210,405.06 | 3,726,797.50 | 3,937,202.56 |

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: NOV  3, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC            (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE   129

| | * USD-SEG 1.25(F1) * | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| ENDING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| | | | |
| OPEN TRADE EQUITY | .00 | 2,239,836.50 | 2,239,836.50 B |
| TOTAL EQUITY | 210,405.06 | 25,170,936.50 | 25,381,341.56 |
| NET MARKET VALUE OF OPTIONS | .00 | 387,305.00 | 387,305.00 |
| SHORT OPTION PROCEEDS | .00 | 1,257,500.00 | 1,257,500.00 |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 210,405.06 | 35,558,241.50 | 35,768,646.56 |
| | | | |
| INITIAL MARGIN REQUIREMENT | .00 | 27,307,218.00 | 27,307,218.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 27,307,218.00 | 27,307,218.00 |
| EXCESS EQUITY | 210,405.06 | 8,251,023.50 | 8,461,428.56 |

ACCOUNT NUMBER: E 64 1087 04845
STATEMENT DATE: NOV 7, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE    158

| | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 210,405.06 | 22,931,100.00 | 23,141,505.06 |
| COMMISSION | 11,218.55DR | 1,825.32DR | 13,043.87DR |
| CLEARING/PROCESSING FEES | .00 | 120.08DR | 120.08DR |
| EXCHANGE FEES | .00 | 215,584.15DR | 215,584.15DR |
| BROKERAGE FEES | .00 | 459.00DR | 459.00DR |
| TRANSACTION FEES | 709.52DR | 57,344.30DR | 58,053.82DR |
| TOTAL FEES | 709.52DR | 273,507.53DR | 274,217.05DR |
| GROSS PROFIT OR LOSS | .00 | 1,607,833.50DR | 1,607,833.50DR |
| NET PROFIT/LOSS FROM TRADES | 11,928.07DR | 1,883,166.35DR | 1,895,094.42DR |
| NET MEMO OPTION PREMIUM | .00 | 1,275,750.00DR | 1,275,750.00DR |
| ENDING BALANCE | 198,476.99 | 21,047,933.65 | 21,246,410.64 |
| | | | |
| OPEN TRADE EQUITY | .00 | 3,660,051.25 | 3,660,051.25 |
| TOTAL EQUITY | 198,476.99 | 24,707,984.90 | 24,906,461.89 |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 198,476.99 | 34,707,984.90 | 34,906,461.89 |
| | | | |
| INITIAL MARGIN REQUIREMENT | .00 | 4,533,077.00 | 4,533,077.00 |
| MAINTENANCE MARGIN REQUIREMENT | .00 | 4,533,077.00 | 4,533,077.00 |
| EXCESS EQUITY | 198,476.99 | 30,174,907.90 | 30,373,384.89 |

E

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: NOV 10, 2011

CONOCO PHILLIPS CANADA MARKETING
&' TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE    13

|                              | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|------------------------------|--------------------:|--------------------:|---------------------:|
| BEGINNING BALANCE            |          198,476.99 |       21,047,933.65 |        21,246,410.64 |
| EXCHANGE FEES                |                 .00 |         23,406.20DR |          23,406.20DR |
| TRANSACTION FEES             |                 .00 |          6,612.84DR |           6,612.84DR |
| TOTAL FEES                   |                 .00 |         30,019.04DR |          30,019.04DR |
| GROSS PROFIT OR LOSS         |                 .00 |        3,848,638.75 |         3,848,638.75 |
| NET PROFIT/LOSS FROM TRADES  |                 .00 |        3,818,619.71 |         3,818,619.71 |
| ENDING BALANCE               |          198,476.99 |       24,866,553.36 |        25,065,030.35 |
| TOTAL EQUITY                 |          198,476.99 |       24,866,553.36 |        25,065,030.35 |
| SETTLED MKT VALUE / SEC ON DEP |               .00 |       10,000,000.00 |        10,000,000.00 |
| ACCOUNT VALUE AT MARKET      |          198,476.99 |       34,866,553.36 |        35,065,030.35 |
| EXCESS EQUITY                |          198,476.99 |       34,866,553.36 |        35,065,030.35 |

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: OCT  4, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC        (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE    10

| TRADE | SETTL | AT | BUY | SELL | CONTRACT DESCRIPTION | EX | TRADE PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|-----|------|---------------------|----|-----------|----|--------------|
| 9/02/1 | | F2 | 124 | | OCT 11 ICE HH NG SWAP | 19 | 3.953 | US | |
| 9/02/1 | | F2 | 124 | | OCT 11 ICE HH NG SWAP | 19 | 3.980 | US | |
| 9/06/1 | | F2 | 620 | | OCT 11 ICE HH NG SWAP | 19 | 3.906 | US | |
| 9/06/1 | | F2 | 62 | | OCT 11 ICE HH NG SWAP | 19 | 3.907 | US | |
| 9/07/1 | | F2 | | 279 | OCT 11 ICE HH NG SWAP | 19 | 3.987 | US | |
| 9/08/1 | | F2 | | 310 | OCT 11 ICE HH NG SWAP | 19 | 3.950 | US | |
| 9/08/1 | | F2 | | 124 | OCT 11 ICE HH NG SWAP | 19 | 3.965 | US | |
| 9/08/1 | | F2 | | 403 | OCT 11 ICE HH NG SWAP | 19 | 3.970 | US | |
| 9/13/1 | | F2 | 31 | | OCT 11 ICE HH NG SWAP | 19 | 3.978 | US | |
| 9/13/1 | | F2 | 62 | | OCT 11 ICE HH NG SWAP | 19 | 3.979 | US | |
| 9/13/1 | | F2 | 155 | | OCT 11 ICE HH NG SWAP | 19 | 3.980 | US | |
| 9/13/1 | | F2 | 713 | | OCT 11 ICE HH NG SWAP | 19 | 4.005 | US | |
| 9/15/1 | | F2 | | 155 | OCT 11 ICE HH NG SWAP | 19 | 3.925 | US | |
| 9/15/1 | | F2 | | 155 | OCT 11 ICE HH NG SWAP | 19 | 3.926 | US | |
| 9/15/1 | | F2 | | 558 | OCT 11 ICE HH NG SWAP | 19 | 3.927 | US | |
| 9/15/1 | | F2 | | 93 | OCT 11 ICE HH NG SWAP | 19 | 3.928 | US | |
| 9/22/1 | | F2 | 310 | | OCT 11 ICE HH NG SWAP | 19 | 3.715 | US | |
| 9/22/1 | | F2 | 186 | | OCT 11 ICE HH NG SWAP | 19 | 3.716 | US | |
| 9/22/1 | | F2 | 124 | | OCT 11 ICE HH NG SWAP | 19 | 3.723 | US | |
| 9/22/1 | | F2 | 434 | | OCT 11 ICE HH NG SWAP | 19 | 3.735 | US | |
| 9/22/1 | | F2 | 341 | | OCT 11 ICE HH NG SWAP | 19 | 3.744 | US | |
| 9/28/1 | | F2 | | 775 | OCT 11 ICE HH NG SWAP | 19 | 3.776 | US | |
| 9/28/1 | | F2 | | 155 | OCT 11 ICE HH NG SWAP | 19 | 3.777 | US | |
| 9/28/1 | | F2 | | 62 | OCT 11 ICE HH NG SWAP | 19 | 3.778 | US | |
| 9/29/1 | | F2 | 231 | | OCT 11 ICE HH NG SWAP | 19 | 3.759 | US | |
| | | | | | DELIVERY TRADE | | | | |
| | | F1 | 9,207* | 9,207* | | | COMMISSION | US | 342.30DR |
| | | F2 | | | | | EXCHANGE FEES | US | 11,846.02DR |
| | | F2 | | | | | TRANSACTION FEES | US | 3,126.32DR |
| | | F2 | | | | | GROSS PROFIT OR LOSS | US | 2,744,617.50 |
| | | F2 | | | | | NET PROFIT OR LOSS FROM TRADES | US | 2,729,302.86 |

THE FOLLOWING JOURNAL ENTRIES HAVE BEEN POSTED TO YOUR ACCOUNT.

| TRADE | SETTL | AT | JOURNAL DESCRIPTION | CC | DEBIT/CREDIT |
|-------|-------|----|--------------------|----|--------------|
| 10/04/1 | | F1 | SEG/FOR | US | 1,854,000.00DR |
| | | | JOURNAL ENTRY | | |
| 10/04/1 | | F1 | WIRE RECEIVED | US | 1,854,000.00 |
| | | | WIRE REC | | |
| 10/04/1 | 10/01/1 | F1 | INTEREST - MTH ENDING 09/30/11 | US | 27.12 |
| 10/04/1 | | F2 | SEG/FOR | US | 1,854,000.00 |
| | | | JOURNAL ENTRY | | |

* * * * * * * * * *  O P E N   P O S I T I O N S  * * * * * * * * * * * *

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|-------|----|--------------|
| 9/02/1 | | F2 | 2 | | 09 SEP 11 ICE NWPSUMASDY | 19 | 3.7600 | US | 125.00 |
| 9/13/1 | | F2 | | 2 | 09 SEP 11 ICE NWPSUMASDY | 19 | 3.7850 | US | .00 |
| | | | | | DELIVERY TRADE | | | | |
| | | | 2* | 2* | | CLOSE | 3.7850 | | 125.00 |
| | | | | | AVERAGE LONG: | 3.760 | | | |
| | | | | | AVERAGE SHORT: | 3.785 | | | |

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: NOV 29, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC‍          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

*  *  *  *  *  *  *  *  *  *  C O N F I R M A T I O N  *  *  *  *  *  *  *  *  *  *
THE FOLLOWING JOURNAL ENTRIES HAVE BEEN POSTED TO YOUR ACCOUNT.

| TRADE | SETTL | AT | JOURNAL DESCRIPTION | CC | DEBIT/CREDIT |
|-------|-------|----|---------------------|----|--------------|
| 11/29/1 | 11/01/1 | F1 | INTEREST - MTH ENDING 10/31/11 | US | 100.71 |

*  *  *  *  *  *  *  *  *  O P E N  P O S I T I O N S  *  *  *  *  *  *  *  *  *

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|----|----|--------------------|----|-------|----|--------------|
| 11/03/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| 12/18/8 | | F2 | 5 MIL | | LOC CONOCO PHILLIPS CANADA | | | US | 5,000,000.00 |
| | | | | | DUE 7/25/2012 | | | | |
| | | | 10 MIL* | | S006229    MAT- 7/25/12  S.P.  100.00 | | | | |

| | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 198,476.99 | 24,866,553.36 | 25,065,030.35 |
| CASH AMOUNTS | 100.71 | .00 | 100.71 |
| ENDING BALANCE | 198,577.70 | 24,866,553.36 | 25,065,131.06 |
| | | | |
| TOTAL EQUITY | 198,577.70 | 24,866,553.36 | 25,065,131.06 |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 198,577.70 | 34,866,553.36 | 35,065,131.06 |
| | | | |
| EXCESS EQUITY | 198,577.70 | 34,866,553.36 | 35,065,131.06 |

Includes rounding of $941.63  G

ACCOUNT NUMBER: E  64  1087 04845
STATEMENT DATE: NOV 30, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

| * * * * * * * * * | O P E N | P O S I T I O N S | * * * * | * * * * * | |
|---|---|---|---|---|---|
| TRADE   SETTL  AT | LONG   SHORT | CONTRACT DESCRIPTION | EX   PRICE | CC | DEBIT/CREDIT |
| 11/03/8    F2 | 5 MIL | LOC CONOCO PHILLIPS CANADA | | US | 5,000,000.00 |
| 12/18/8    F2 | 5 MIL | LOC CONOCO PHILLIPS CANADA | | US | 5,000,000.00 |
| | | DUE 7/25/2012 | | | |
| 10 MIL* | | S006229      MAT- 7/25/12 | S.P.  100.00 | | |

|  | * USD-SEG 1.25(F1)* | * USD-SECURED(F2) * | ** CONVERTED TOTAL * |
|---|---|---|---|
| BEGINNING BALANCE | 198,577.70 | 24,866,553.36 | 25,065,131.06 |
| ENDING BALANCE | 198,577.70 | 24,866,553.36 | 25,065,131.06 |
| | | | |
| TOTAL EQUITY | 198,577.70 | 24,866,553.36 | 25,065,131.06 H |
| SETTLED MKT VALUE / SEC ON DEP | .00 | 10,000,000.00 | 10,000,000.00 |
| ACCOUNT VALUE AT MARKET | 198,577.70 | 34,866,553.36 | 35,065,131.06 |
| | | | |
| EXCESS EQUITY | 198,577.70 | 34,866,553.36 | 35,065,131.06 |

## COMMODITY FUTURES
## CUSTOMER CLAIM FORM
## MF GLOBAL, INC.

Account Name: ConocoPhillips Canada Marketing & Trading ULC

Account Number: 64-1087-04846

Address: 401 – 9th Avenue SW

      Calgary, AB  T2P 2H7

Taxpayer I.D. Number (Social Security No.): 98-0382754

Contact Person: Douglas R. Heinzer, Vice-President

Daytime Phone: 403.233.4124

Email: Doug.Heinzer@ConocoPhillips.com

# PLEASE NOTE
## THIS CLAIM FORM SHOULD BE USED IF YOU ARE A CUSTOMER OF MF GLOBAL INC. AND YOU HAVE A CUSTOMER CLAIM BASED ON A COMMODITY FUTURES ACCOUNT

- A SEPARATE CLAIM FORM MUST BE FILED FOR EACH COMMODITY FUTURES ACCOUNT. IF YOUR ACCOUNT IS A "MASTER ACCOUNT" CONSISTING OF SUB-ACCOUNTS, YOU SHOULD CLAIM THE SUB-ACCOUNTS ON A CONSOLIDATED BASIS AND SUBMIT ONE CLAIM FORM FOR THE "MASTER ACCOUNT" BUT NOTE THE EXISTENCE OF THE SUB-ACCOUNTS IN THE INFORMATION REGARDING "RELATED ACCOUNTS" IN ITEM (III.F).

- THE DEADLINE FOR FILING ALL COMMODITY FUTURES CUSTOMER CLAIMS IS JANUARY 31, 2012. NO COMMODITY FUTURES CUSTOMER CLAIM WILL BE ALLOWED IF IT IS RECEIVED AFTER THAT DATE (UNLESS EXTENDED, FOR GOOD CAUSE ONLY). THE JANUARY 31, 2012 DEADLINE FOR FILING A COMMODITY FUTURES CUSTOMER CLAIM CANNOT BE EXTENDED BEYOND JUNE 2, 2012, EVEN FOR GOOD CAUSE. IF RECEIVED BY THE TRUSTEE AFTER JANUARY 31, 2012, BUT ON OR BEFORE JUNE 2, 2012, A COMMODITY FUTURES CUSTOMER CLAIM MAY BE AFFORDED GENERAL CREDITOR STATUS.

- ALL CLAIMS ARE DATED AS OF THE DATE RECEIVED BY THE TRUSTEE. CLAIMS THAT ARE FILED ELECTRONICALLY MUST BE RECEIVED BY 11:59 P.M. (PREVAILING EASTERN TIME) ON THE BAR DATE TO BE CONSIDERED TIMELY.

- YOU MAY FILE YOUR CLAIM ELECTRONICALLY ONLINE AT WWW.MFGLOBALTRUSTEE.COM OR SEND YOUR COMPLETED AND SIGNED CLAIM FORM TO THE TRUSTEE VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE APPROPRIATE ADDRESS BELOW.

- IF YOU REQUIRE ADDITIONAL SPACE TO ANSWER ANY QUESTION, PLEASE ATTACH SEPARATE PIECES OF PAPER AND LABEL THE ANSWERS TO THE CORRESPONDING QUESTIONS FOR THIS CLAIMS FORM. ALL ATTACHMENTS MUST BE SIGNED BY YOU.

- **YOU MAY ESTIMATE ANY VALUES/AMOUNTS ASSOCIATED WITH YOUR CLAIM. ANSWER ALL QUESTIONS AS FULLY AS POSSIBLE, TO THE EXTENT YOU KNOW OR CAN ESTIMATE THE INFORMATION REQUESTED. IF YOU ARE PROVIDING AN ESTIMATE, YOU MUST SO INDICATE.**

- **IF SOME OR ALL OF THE TRADE EQUITY OR CASH, CASH EQUIVALENTS OR OTHER PROPERTY IN YOUR COMMODITY FUTURES ACCOUNTS HAS BEEN TRANSFERRED TO ANOTHER FUTURES COMMISSION MERCHANT, BUT YOU BELIEVE YOU HAVE A CLAIM FOR MONEY OR PROPERTY OWED TO YOU BY MF GLOBAL INC., YOU MUST FILE A CLAIM TO PROTECT YOUR RIGHTS.**

- **MF GLOBAL INC. IS THE ONLY MF GLOBAL ENTITY THAT IS A DEBTOR IN THIS SIPA LIQUIDATION PROCEEDING. THIS COMMODITY FUTURES CUSTOMER CLAIM FORM APPLIES ONLY TO MF GLOBAL INC. AND DOES NOT APPLY TO ANY OTHER MF GLOBAL ENTITY, INCLUDING ANY ENTITY IN A PROCEEDING UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE, SUCH AS MF GLOBAL HOLDINGS LTD. OR MF GLOBAL FINANCE USA INC.**

This claim form must be completed electronically online at www.mfglobaltrustee.com or mailed promptly, together with supporting documentation, to the following:

*If by first class mail:*
MF Global Inc. Claims Processing Center
c/o Epi q Bankruptcy Solutions, LLC
P.O. Box 3656
Portland, OR 97208-3656

*If by overnight mail:*
MF Global Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

## I.    ACCOUNT BALANCE AS OF OCTOBER 31, 2011

NOTE:    *If needed, please provide a detailed description on a signed attachment of the basis for your answers below, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

A.    Please state your beginning and ending account balance as of October 31, 2011, including (i) cash, cash equivalents, or other property (including margin), and (ii) open trade equity:

**Are these estimated amounts?**    YES ☐    NO ☒

Beginning balance:  $1,079,913.52

Ending balance: $1,336,413.52

Account value at market: $1,336,413.52

1.    Please state the amount of cash, cash equivalents, or other property (including margin) in the account, as of October 31, 2011:
  ($86.48)

2.    Please state the open trade equity in the account, as of October 31, 2011:
<u>$1,336,500.00</u>

B.    If your account contained NO open trade equity or cash, cash equivalents, or other property associated with the margining of Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States), you may skip the rest of this question. OTHERWISE:

1.    If, on October 31, 2011, your account contained open trade equity of—or cash, cash equivalents, or other property (including margin) associated with—Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States), please identify the amounts of equity and cash, cash equivalents, or other property (and specify the currency and/or convert to USD) for each (use additional paper, as needed):

**Are these estimated amounts?**      YES ☐                NO ☐

Foreign Futures open trade equity:_____.

Foreign Futures cash, cash equivalents, or other property:_____

_____.

## II.    ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31, 2011

**THE FOLLOWING QUESTIONS ADDRESS ACCOUNT ACTIVITY—EITHER INITIATED BY YOU OR OTHERWISE—THAT AFFECTED YOUR ACCOUNT ON OR AFTER OCTOBER 31, 2011.**

A.    If your account had any open commodity contracts as of October 31, 2011, were any of your open commodity contracts transferred to one or more transferee futures commission merchants after October 31, 2011?

**Check one:**    YES ☒
**OR**

☐    "No open commodity contracts were transferred from my account to a transferee futures commission merchant after October 31, 2011"

*NOTE:    If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.  **SEE ATTACHED***

1.    Identify the name(s) of the transferee futures commission merchant(s);

2.    Summarize the commodity contracts (including futures and options on futures) that were transferred (to each transferee, if more than one); and

3.    Specify the amount of margin (*i.e.*, cash, cash equivalents, or other property), in U.S. dollars, that was transferred along with such commodity contracts, if any.

4.    Please state the open trade equity based on the commodity contracts that were transferred from the account:

(i)    As of the date of the transfer; and

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☒

B.    Did you liquidate any open commodity contracts on or after October 31, 2011?

**Check one:**    YES ☐    NO ☒

*NOTE:*    *If you selected "NO," you may skip the remainder of this question. If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.    Summarize the commodity contracts (including futures and options on futures) that you liquidated.

2.    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the commodity contracts that you liquidated:

(i)    As of the date of the liquidation;

(ii)    As the commodity contracts existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☐

3.    Please indicate whether any of the open commodity contracts you liquidated on or after October 31, 2011 were Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States).

**Check one:**    YES ☐    NO ☐

*NOTE:  If you selected "NO," you may skip the remainder of this question.  If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

    (i)    Summarize the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated.

    (ii)    In order to determine the net profit/loss resulting from these liquidations, summarize the equity of the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) that you liquidated:

        (a)    As of the date of the liquidation;

        (b)    As the Foreign Futures (*i.e.*, futures or options on futures traded on an exchange located outside of the United States) existed in the account on October 31, 2011.

**Are these estimated amounts?**    YES ☐    NO ☐

C.    If your account had any cash, cash equivalents, or other property as of October 31, 2011, was any cash, cash equivalents, or other property transferred from your account to one or more transferee futures commission merchants after October 31, 2011—OTHER THAN margin (*i.e.*, cash, cash equivalents, or other property) that was transferred with open commodity contracts (which you should have identified in Item (II.A), above)?

        **Check one:**        YES ☐
                **OR**

☒    "Not including any margin (*i.e.*, cash, cash equivalents, or other property) that may have transferred with open commodity positions, no other cash, cash equivalents, or other property was transferred from my account to a transferee futures commission merchant after October 31, 2011."

*NOTE:*    *If you selected "YES," please provide the following information in detail on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

1.    Identify the name(s) of the transferee futures commission merchant(s); and

2.    Identify the amount of cash, cash equivalents, or other property that was transferred (to each transferee, if more than one).

**Are these estimated amounts?**    YES ☐    NO ☐

D.    In the aggregate, to the extent that you are able, please estimate what percentage of the value of your account (both open commodity positions and cash, cash equivalents, or other property), if any, was transferred to another futures   commission merchant:

_____.

## III.   DESCRIPTION OF THE ACCOUNT

A.    Please specify the type of account (check all that are applicable):

☐   1.  Futures account

☐   2.  Foreign futures account

☐   3.  Leverage account

☐   4.  Option account—exchange-traded

☐   5.  Option account—dealer

☐   6.  Delivery account*

☒   7.  Cleared OTC derivatives account

*A "delivery" account is one which contains only documents of title, commodities, cash, or other property identified to you and deposited for the purposes of making or taking delivery on a commodity underlying a commodity contract or for payment of the strike price upon exercise of an option.

B.    Please specify the capacity in which you hold the account (check all that are applicable):

☐   1.  Individual capacity

☐   2.  As guardian, custodian, or conservator for the benefit of a ward or a minor under the Uniform Gift to Minors Act

☐   3.  As executor or administrator of an estate

☐   4.  As trustee for the trust beneficiary

☒   5.  In the name of a corporation, partnership, or unincorporated association

  ☐  6.  As an omnibus customer account of the undersigned futures commission merchant

  ☐  7.  As part owner of a joint account

  ☐  8.  In the name of a plan which, on October 31, 2011, had in effect a registration statement in accordance with the requirements of § 1031 of the Employee Retirement Income Security Act of 1974 and the regulations thereunder

  ☐  9.  As agent or nominee for a principle or beneficial owner (and not described in Items (III.B.1-8))

  ☐  10. In any other capacity not described above in Items (III.B.1-9) (please specify the capacity):

C.   Is any person (including a general partnership, limited partnership, corporation, or other type of association) on whose behalf the account is held one of the following persons <u>or</u> does one of the following persons, alone or jointly, hold 10% or more of the account? (Check all that are applicable):

  ☐  1. MF Global Inc.

  ☐  2. Director of MF Global Inc.

  ☐  3. Officer of MF Global Inc.

  ☐  4. Person in control of MF Global Inc.

  ☐  5. Partnership in which MF Global Inc. is a general partner

  ☐  6. Owner of ten percent or more of the capital stock of MF Global Inc.

  ☐  7. Employee of MF Global Inc. whose duties include (a) the management of the business of MF Global Inc. or any part thereof;
     (b) the handling of the trades or customer funds of customers of MF Global Inc.; (c) the keeping of records pertaining to the trades or funds of customers of MF Global Inc.; or (d) the signing or cosigning of checks or drafts on behalf of MF Global Inc.

  ☐  8. Managing agent of MF Global Inc.

  ☐  9. A spouse or minor dependent living in the same household of ANY OF THE FOREGOING PERSONS (listed in Items (III.C.1-8), above), or any other relative, regardless of residency, defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship with such degree.

☐    10. "Affiliate" of MF Global Inc.*

☐    11. Any of the persons listed in Items (III.C.1-8), above, if such person is associated with an affiliate of MF Global Inc. as if the affiliate were MF Global Inc.

*"Affiliate" of MF Global Inc. is defined as:

- An entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by MF Global Inc., or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of MF Global Inc., other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

- A person whose business is operated under a lease or operating agreement by MF Global Inc., or person substantially all of whose property is operated under an operating agreement with MF Global Inc.;

- An entity that otherwise, directly or indirectly, is controlled by or is under common control with MF Global Inc.;

- An entity that operates the business of all or substantially all of the property of MF Global Inc. under a lease or operating agreement; or

- An entity that otherwise, directly or indirectly, controls MF Global Inc.

D.    Is this a discretionary account?

**Check one:**        YES ☐                NO ☒

NOTE:  If you selected "YES," specify who has the general authority to buy or sell orders or _effectuate_ transactions for your account:_____.

E.    Is this a joint account?

**Check one:**        YES ☐                NO ☒

NOTE:  If you selected "YES," specify the amount of your percentage interest in the account, and whether all participants in a joint account are claiming jointly.

1. My percentage interest in the account is: _____%

2. Participants in a joint account        (Check one)
   are claiming:                                                    FULLY
                                   ☐  SEPARATELY  ☐  JOINTLY

F.    Do you have any related accounts?

    **Check one:**        YES    ☒        NO    ☐

*NOTE:  If you selected "YES," specify the account numbers of your related accounts.
YOU MUST FILE A SEPARATE CLAIM FOR EACH ACCOUNT.*

  64-1087-04846 (funds co-margined)

G.    Is your claim based on securities futures products?

    **Check one:**        YES    ☐                NO    ☒

*NOTE:*        *If you selected "YES," are these securities futures products held in a
futures account or a securities account?*

    **Check one:**        SECURITIES        ☐        FUTURES        ☐
                       ACCOUNT                ACCOUNT

## IV.    **DETAILS OF YOUR CLAIM**

A.    Does MF Global Inc. have any claims against you not already included in your
statement of account balance provided in Item (I.A) above?

    **Check one:**        YES    ☐                NO    ☒

*NOTE:  If you selected "YES," please provide a detailed description in a signed
attachment of any such claim or claims, and attach any supporting
documentation you have. If you do not provide sufficient details, you may be
sent a deficiency letter seeking additional information.*

B.    If your statement of account balance provided in Item (I.A) above does <u>NOT</u> include
any cash, cash equivalents or other property held by or for MF Global Inc. from or for
your account, select this box and skip the rest of this question.

    ☐        "I am not claiming any cash, cash equivalents, or other property
held by or for MF Global Inc. from or for my account."

*OTHERWISE, please indicate whether any cash, cash equivalents, or other property consists of one of the following (check all that are applicable), and if you check any one or more of the following, please provide a detailed explanation on a signed attachment, and attach any supporting documentation you have. If you do not provide sufficient details, you may be sent a deficiency letter seeking additional information.*

☐ 1. Any security deposited as margin which, as of October 31, 2011, was securing an open commodity contract and is (i) registered in your name; (ii) not transferable by delivery; and (iii) not a short-term obligation.

☐ 2. Any fully-paid, non-exempt security held for your account in which there were no open contracts as of October 31, 2011.

☐ 3. Any warehouse receipt, bill of lading or other document of title deposited as margin which, as of October 31, 2011, was securing an open commodity contract and can be identified in MF Global Inc.'s records as being held for your account, and is neither in bearer form nor otherwise transferable by delivery.

☐ 4. Any warehouse receipt, bill of lading or other document of title, or any commodity received, acquired or held by or for MF Global Inc. to make or take physical delivery or exercise from or for your account and which can be identified in MF Global Inc.'s records as received from or for your account as held specifically for the purpose of delivery or exercise.

☒ 5. Any open commodity contract (except as provided in Item (IV.B.7), below) which, as of October 31, 2011, is identified in MF Global Inc.'s records as being held for your account, is a bona fide hedging position or transaction as defined in CFTC Rule 1.3(z) or is a commodity option transaction which has been determined by the exchange to be economically appropriate to the reduction of risks in the conduct and management of a commercial enterprise pursuant to exchange rules, and is in an account designated in MF Global Inc.'s records as a hedging account.

☐ 6. Any cash or other property deposited or cash price tendered for any property deposited, prior to October 31, 2011, for the specifically noted purpose of taking or making physical delivery on an options or futures contract, which cash or other property is identified on MF Global Inc.'s records as received from or for your account within three or less days of the notice date or three or less days of the exercise date. **NOTE: If you check this box, the Trustee's Office will contact you to request that you provide specific additional information regarding this type of property.**

☐ 7. Open commodity contracts transferred to another futures commission merchant by the Trustee.

<u>OR</u>

☐    My claim is not based on any of the types of cash, cash equivalents, or other property listed in Items (IV.B.1-7), above.

C.    If you checked any boxes in (IV.B.1-7), above, did you separately identify any such potentially "Specifically Identifiable Property" to the Trustee by written or electronic mail on or before November 15, 2011?

         **Check one:**    YES ☐    NO ☒

D.    If you are claiming securities for this account, do you wish to receive payment in kind, to the extent possible?

         **Check one:**    YES ☐    NO ☐

## WHEN COMPLETING THE ABOVE PLEASE KEEP IN MIND:

- If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please be sure to indicate that your claim is an estimated claim.
- Proper documentation can speed the review, allowance, and satisfaction of your claim.
- Please enclose: copies (not originals) of any documentation or correspondence you believe will be of assistance in processing your claim, including, but not limited to, customer confirmations, account statements, and statements of purchase or sale.
- If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash or other property that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Please list the full name, address, phone number, and email address of anyone assisting you in the preparation of this claim form:**

Full name:  Kristine Lautermilch

Address:   401 – 9th Avenue SW, PO Box 130, Calgary, Alberta, T2P 2H7

Phone number:  403.233.4224

Email address:  k.lautermilch@conocophillips.com

If more than one person is assisting you, attach additional pages providing the information in the exact format above.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF UP TO $50,000 OR IMPRISONMENT OF UP TO FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date ___December, 16, 2011___      Signature _____

Date _____      Signature _____

(If ownership of the account is shared (*i.e.*, there is more than one name on the account), all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, agent, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

<u>Backup for Section I</u>

# Daily Commodity Statement

MF Global Inc.
717 Fifth Avenue
9th Floor
New York, NY 10022-8101

Interested Party:IDM760

ACCOUNT NUMBER: E ·64  1087 04846
STATEMENT DATE: OCT 28, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE     3

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|----|----|--------------|
| 8/26/1 | | F1 | 30 | | SEP 13 NYM CAN HVTCRD | 07 | -20.500 | US | 49,500.00 |
| 10/12/1 | | F1 | | 30 | SEP 13 NYM CAN HVTCRD | 07 | -18.100 | US | 22,500.00 |
| | | | 30* | 30* | | CLOSE | -18.850 | | 72,000.00 |
| | | | | | AVERAGE LONG:      20.500- | | | | |
| | | | | | AVERAGE SHORT:     18.100- | | | | |
| 8/26/1 | | F1 | 30 | | OCT 13 NYM CAN HVTCRD | 07 | -20.500 | US | 34,500.00 |
| 10/12/1 | | F1 | | 30 | OCT 13 NYM CAN HVTCRD | 07 | -18.100 | US | 37,500.00 |
| | | | 30* | 30* | | CLOSE | -19.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:      20.500- | | | | |
| | | | | | AVERAGE SHORT:     18.100- | | | | |
| 8/26/1 | | F1 | 30 | | NOV 13 NYM CAN HVTCRD | 07 | -20.500 | US | 4,500.00 |
| 10/12/1 | | F1 | | 30 | NOV 13 NYM CAN HVTCRD | 07 | -18.100 | US | 67,500.00 |
| | | | 30* | 30* | | CLOSE | -20.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:      20.500- | | | | |
| | | | | | AVERAGE SHORT:     18.100- | | | | |
| 8/26/1 | | F1 | 30 | | DEC 13 NYM CAN HVTCRD | 07 | -20.500 | US | 25,500.00DR |
| 10/12/1 | | F1 | | 30 | DEC 13 NYM CAN HVTCRD | 07 | -18.100 | US | 97,500.00 |
| | | | 30* | 30* | | CLOSE | -21.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:      20.500- | | | | |
| | | | | | AVERAGE SHORT:     18.100- | | | | |

```
                        * USD-SEG 1.25(F1)*   ** CONVERTED TOTAL *
BEGINNING BALANCE                86.48DR                  86.48DR
ENDING BALANCE                   86.48DR                  86.48DR

OPEN TRADE EQUITY           1,080,000.00             1,080,000.00
TOTAL EQUITY                1,079,913.52             1,079,913.52A (1st line)
ACCOUNT VALUE AT MARKET     1,079,913.52             1,079,913.52

INITIAL MARGIN REQUIREMENT  1,245,000.00             1,245,000.00
MAINTENANCE MARGIN REQUIREMENT 1,245,000.00          1,245,000.00
MARGIN DEFICIT/EXCESS         165,086.48DR             165,086.48DR
```

E.& O.E.
RETAIN FOR TAX RECORDS.

Member CBOE/FINRA/SIPC

SUBJECT TO TERMS AND CONDITIONS
ON REVERSE SIDE.
*CODED SYMBOLS ARE EXPLAINED
ON REVERSE SIDE.

PLEASE REPORT ANY DIFFERENCES IMMEDIATELY. THE FAILURE TO IMMEDIATELY EXERCISE
YOUR RIGHT TO HAVE ERRORS CORRECTED WILL BE DEEMED YOUR AGREEMENT THAT THIS
STATEMENT IS CORRECT AND RATIFIED.

# Daily Commodity Statement

MF Global Inc.
717 Fifth Avenue
9th Floor
New York, NY 10022-8101

Interested Party:IDM760

ACCOUNT NUMBER: E  64  1087 04846
STATEMENT DATE: OCT 31, 2011

```
CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA
```

INSTRUCT ACCOUNT

PAGE    3

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|----|----|----|
| 8/26/1 | | F1 | 30 | | SEP 13 NYM CAN HVTCRD | 07 | -20.500 | US | 52,500.00 |
| 10/12/1 | | F1 | | 30 | SEP 13 NYM CAN HVTCRD | 07 | -18.100 | US | 19,500.00 |
| | | | 30* | 30* | | CLOSE | -18.750 | | 72,000.00 |
| | | | | | AVERAGE LONG: | 20.500- | | | |
| | | | | | AVERAGE SHORT: | 18.100- | | | |
| 8/25/1 | | F1 | 30 | | OCT 13 NYM CAN HVTCRD | 07 | -20.500 | US | 37,500.00 |
| 10/12/1 | | F1 | | 30 | OCT 13 NYM CAN HVTCRD | 07 | -18.100 | US | 34,500.00 |
| | | | 30* | 30* | | CLOSE | -19.250 | | 72,000.00 |
| | | | | | AVERAGE LONG: | 20.500- | | | |
| | | | | | AVERAGE SHORT: | 18.100- | | | |
| 8/26/1 | | F1 | 30 | | NOV 13 NYM CAN HVTCRD | 07 | -20.500 | US | 7,500.00 |
| 10/12/1 | | F1 | | 30 | NOV 13 NYM CAN HVTCRD | 07 | -18.100 | US | 64,500.00 |
| | | | 30* | 30* | | CLOSE | -20.250 | | 72,000.00 |
| | | | | | AVERAGE LONG: | 20.500- | | | |
| | | | | | AVERAGE SHORT: | 18.100- | | | |
| 8/26/1 | | F1 | 30 | | DEC 13 NYM CAN HVTCRD | 07 | -20.500 | US | 22,500.00DR |
| 10/12/1 | | F1 | | 30 | DEC 13 NYM CAN HVTCRD | 07 | -18.100 | US | 94,500.00 |
| | | | 30* | 30* | | CLOSE | -21.250 | | 72,000.00 |
| | | | | | AVERAGE LONG: | 20.500- | | | |
| | | | | | AVERAGE SHORT: | 18.100- | | | |

```
                        * USD-SEG 1.25(F1)*   ** CONVERTED TOTAL *
BEGINNING BALANCE                   86.48DR              86.48DR
ENDING BALANCE                      86.48DR              86.48DR   line#1

OPEN TRADE EQUITY             1,336,500.00         1,336,500.00   line#2
TOTAL EQUITY                  1,336,413.52         1,336,413.52  A (2nd line)
ACCOUNT VALUE AT MARKET       1,336,413.52         1,336,413.52  A (3rd line)

INITIAL MARGIN REQUIREMENT    1,245,000.00         1,245,000.00
MAINTENANCE MARGIN REQUIREMENT 1,245,000.00        1,245,000.00
EXCESS EQUITY                    91,413.52            91,413.52
```

E. & O.E.
RETAIN FOR TAX RECORDS.

Member CBOE/FINRA/SIPC

SUBJECT TO TERMS AND CONDITIONS
ON REVERSE SIDE.
*CODED SYMBOLS ARE EXPLAINED
ON REVERSE SIDE.

PLEASE REPORT ANY DIFFERENCES IMMEDIATELY. THE FAILURE TO IMMEDIATELY EXERCISE
YOUR RIGHT TO HAVE ERRORS CORRECTED WILL BE DEEMED YOUR AGREEMENT THAT THIS
STATEMENT IS CORRECT AND RATIFIED.

## Backup for Section II


**ConocoPhillips**

## II.  ACCOUNT ACTIVITY ON OR AFTER OCTOBER 31,2011

**1.**       Transferee commission merchant - Citigroup Global Markets Inc.

**MF Global (Account E 64 1087 04846)**

| | | | | |
|---|---|---|---|---|
| Beginning Account Balance 10/31/2011 (Total Equity) | | 1,079,913.52 | A | |
| | | | | |
| Change in value of trades 10/31/2011 - 11/03/2011 | | 256,500.00 | B | *(See Note below)* |
| Equity 10/28/2011 (OTE) | 1,080,000.00 | | | |
| Equity 11/03/2011 (OTE) | 1,336,500.00  1,2 | | | *(See Notes below)* |
| | | | | |
| Comm & Fees on Trades | | (180,025.20) | E | |
| Per MF Global Stmt 11/3/2011 | (180,025.20)  E | | | |
| | | | | |
| Interest for Sep 2011 & Oct 2011 | | | | |
| Per MF Global Stmt | | | F | |
| | | | | |
| **Balance due COP from MF Global** | | 1,156,388.32 | G | |

**Notes:**

1       Trades were transferred at settle price.  Equity value transferred was -0- on 11/4/2011.
2       No margin was transferred.

Douglas R. Heinzer
Vice President
ConocoPhillips Canada Marketing & Trading ULC

ACCOUNT NUMBER: E  64  1087 04846
STATEMENT DATE: OCT 28, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC         (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE     3

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|----------------------|----|-------|----|--------------|
| 8/26/1 | | F1 | 30 | | SEP 13 NYM CAN HVTCRD | 07 | -20.500 | US | 49,500.00 |
| 10/12/1 | | F1 | | 30 | SEP 13 NYM CAN HVTCRD | 07 | -18.100 | US | 22,500.00 |
| | | | 30* | 30* | | CLOSE | -18.850 | | 72,000.00 |
| | | | | | AVERAGE LONG:     20.500- | | | | |
| | | | | | AVERAGE SHORT:    18.100- | | | | |
| 8/26/1 | | F1 | 30 | | OCT 13 NYM CAN HVTCRD | 07 | -20.500 | US | 34,500.00 |
| 10/12/1 | | F1 | | 30 | OCT 13 NYM CAN HVTCRD | 07 | -18.100 | US | 37,500.00 |
| | | | 30* | 30* | | CLOSE | -19.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:     20.500- | | | | |
| | | | | | AVERAGE SHORT:    18.100- | | | | |
| 8/26/1 | | F1 | 30 | | NOV 13 NYM CAN HVTCRD | 07 | -20.500 | US | 4,500.00 |
| 10/12/1 | | F1 | | 30 | NOV 13 NYM CAN HVTCRD | 07 | -18.100 | US | 67,500.00 |
| | | | 30* | 30* | | CLOSE | -20.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:     20.500- | | | | |
| | | | | | AVERAGE SHORT:    18.100- | | | | |
| 8/26/1 | | F1 | 30 | | DEC 13 NYM CAN HVTCRD | 07 | -20.500 | US | 25,500.00DR |
| 10/12/1 | | F1 | | 30 | DEC 13 NYM CAN HVTCRD | 07 | -18.100 | US | 97,500.00 |
| | | | 30* | 30* | | CLOSE | -21.350 | | 72,000.00 |
| | | | | | AVERAGE LONG:     20.500- | | | | |
| | | | | | AVERAGE SHORT:    18.100- | | | | |

|  | * USD-SEG 1.25(F1)* | ** CONVERTED TOTAL * |
|---|---|---|
| BEGINNING BALANCE | 86.48DR | 86.48DR |
| ENDING BALANCE | 86.48DR | 86.48DR |
| | | |
| OPEN TRADE EQUITY | 1,080,000.00 | 1,080,000.00 B |
| TOTAL EQUITY | 1,079,913.52 | 1,079,913.52 A |
| ACCOUNT VALUE AT MARKET | 1,079,913.52 | 1,079,913.52 |
| | | |
| INITIAL MARGIN REQUIREMENT | 1,245,000.00 | 1,245,000.00 |
| MAINTENANCE MARGIN REQUIREMENT | 1,245,000.00 | 1,245,000.00 |
| MARGIN DEFICIT/EXCESS | 165,086.48DR | 165,086.48DR |

ACCOUNT NUMBER: E  64  1087 04846
STATEMENT DATE: NOV  2, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE    4

| TRADE | SETTL | AT | LONG | SHORT | CONTRACT DESCRIPTION | EX | PRICE | CC | DEBIT/CREDIT |
|-------|-------|----|------|-------|---------------------|----|-------|----|--------------|
| 8/26/1 | | F1 | 30 | | DEC 13 NYM CAN HVTCRD | 07 | -20.500 | US | 30,000.00DR |
| 10/12/1 | | F1 | | 30 | DEC 13 NYM CAN HVTCRD | 07 | -18.100 | US | 102,000.00 |
| | | | 30* | 30* | | CLOSE | -21.500 | | 72,000.00 |

AVERAGE LONG:     20.500-
AVERAGE SHORT:    18.100-

* USD-SEG 1.25(F1)*   ** CONVERTED TOTAL *

| | * USD-SEG 1.25(F1)* | ** CONVERTED TOTAL * |
|--|--|--|
| BEGINNING BALANCE | 86.48DR | 86.48DR |
| ENDING BALANCE | 86.48DR | 86.48DR |
| OPEN TRADE EQUITY | 1,336,500.00 | 1,336,500.00 |
| TOTAL EQUITY | 1,336,413.52 | 1,336,413.52 |
| ACCOUNT VALUE AT MARKET | 1,336,413.52 | 1,336,413.52 |
| EXCESS EQUITY | 1,336,413.52 | 1,336,413.52 |

ACCOUNT NUMBER: E  64  1087 04846
STATEMENT DATE: NOV  3, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC          (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

PAGE        6

|                              | * USD-SEG 1.25(P1)* | ** CONVERTED TOTAL * |
|------------------------------|---------------------|----------------------|
| BEGINNING BALANCE            | 86.48DR             | 86.48DR              |
| COMMISSION                   | 180,000.00DR        | 180,000.00DR         |
| NFA FEES                     | 25.20DR             | 25.20DR              |
| TOTAL FEES                   | 25.20DR             | 25.20DR              |
| GROSS PROFIT OR LOSS         | 1,336,500.00        | 1,336,500.00         |
| NET PROFIT/LOSS FROM TRADES  | 1,156,474.80        | 1,156,474.80         |
| ENDING BALANCE               | 1,156,388.32        | 1,156,388.32         |
|                              |                     |                      |
| TOTAL EQUITY                 | 1,156,388.32        | 1,156,388.32         |
| ACCOUNT VALUE AT MARKET      | 1,156,388.32        | 1,156,388.32         |
|                              |                     |                      |
| EXCESS EQUITY                | 1,156,388.32        | 1,156,388.32         |

ACCOUNT NUMBER: E  64  1087 04846
STATEMENT DATE: NOV 30, 2011

CONOCO PHILLIPS CANADA MARKETING
& TRADING ULC      '      (E/S)
401 9TH AVENUE SW
CALGARY  AB  T2P 3C5 CANADA

INSTRUCT ACCOUNT

|  | * USD-SEG 1.25(F1)* | ** CONVERTED TOTAL * |
|---|---|---|
| BEGINNING BALANCE | 1,156,388.32 | 1,156,388.32 |
| ENDING BALANCE | 1,156,388.32 | 1,156,388.32 |
| TOTAL EQUITY | 1,156,388.32 | 1,156,388.32 |
| ACCOUNT VALUE AT MARKET | 1,156,388.32 | 1,156,388.32 |
| EXCESS EQUITY | 1,156,388.32 | 1,156,388.32 |

# EXHIBIT L

# NOTICE OF TRUSTEE'S DETERMINATION OF CONOCOPHILLIPS COMPANY'S CLAIM DATED MAY 22, 2012

**James W. Giddens**
**Trustee for the Liquidation of MF Global Inc.**
**c/o Epiq Bankruptcy Solutions, LLC**
**P.O. Box 5015, FDR Station**
**New York, New York 10150-5015**


**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**


**PLEASE READ THIS DOCUMENT CAREFULLY**


May 22, 2012

**VIA UPS OVERNIGHT**

ConocoPhillips Company
Attn: Roxie A. Legendre
P.O. Box 2197
Houston, Texas 77252

ConocoPhillips Company
Attn: Candace S. Schiffman, Esq.
Attn: Natacha Buchanan
600 N. Dairy Ashford
Houston, Texas 77079


Wachtell, Lipton, Rosen & Katz
Attn: Herbert M. Wachtell, Esq.
51 West 52 Street
New York, New York 10019

              Re:     *In re* **MF Global Inc.**
                      **Case No. 11-2790 (MG) SIPA**
                      **Claim Numbers:     900005801 & 900005800**
                      **Account Numbers:  E 64 240 04840, E 64 240 04842,**
                      **E 64 240 04844, and E 64 240 04847**

Dear Claimant:

          This letter determines the claims that you submitted for the return of property
from the MF Global Inc. account numbers referenced above.

---

### SUMMARY

- Your claim has been **allowed** in the amount of **$267,415,560.00** of which **$195,000,000.00** has already been distributed to you.

---

> • **If you disagree** with this determination, you must file a written opposition in the manner described below within thirty (30) days of the date of this letter.  Otherwise, this determination will be final and binding.
>
> You may also speak with a representative of the Trustee for the liquidation of MF Global Inc. to discuss and possibly resolve any difference between the amount that you claimed and the amount that the Trustee allowed.  **To speak with a representative, please call 888.643.2169 (inside the United States) or 212.837.6038 (outside the United States).**
>
> • **If you agree** with this determination, you must execute and return the enclosed Declaration and Release to receive a pro rata share of the remaining amount allowed.

*The Claims Process.*  On October 31, 2011 (the "Filing Date"), the United States District Court for the Southern District of New York entered an order which, among other provisions, appointed James W. Giddens as the Trustee for the liquidation of MF Global Inc. ("MFGI") and removed the liquidation proceeding to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On November 23, 2011, the Bankruptcy Court entered an order that specified procedures and forms for the filing, determination, and adjudication of claims seeking the return of customer property.

Except to the extent inconsistent with the provisions of the Securities Investor Protection Act, or unless otherwise ordered by the court, the Commodity Futures Trading Commission ("CFTC") regulations for bankruptcy, 17 C.F.R. §§ 190.01 to 190.10, govern the claims process for commodity customers.  The regulations entitle MFGI commodities customers to recover property from several different account classes.  In this proceeding, each commodities customer will receive a separate claim determination for each of three account classes:  (1) futures accounts;[1] (2) foreign futures accounts;[2] and (3) assets held in so-called "delivery accounts."[3]  Should there be a shortfall of assets available in any particular account class at the time of distribution, each commodity customer claimant will receive a pro rata share of the amount allowed the claimant in that account class.  **In other words, the ultimate payment of your claims may not be the full amount allowed below.**

*Distributions will not be made on your claims until the Trustee determines the extent of the allowed claims and available assets.*  The Trustee is eager to make additional distributions to former MFGI customers as soon as possible.  However, he is required by law to hold an appropriate reserve of funds until disputed claims are resolved.  At this time, the Trustee does not know when he will be legally able to make additional distributions.

---

1. This account class represents accounts subject to the segregation requirement set forth in Section 4d(2) of the Commodity Exchange Act (codified in 7 U.S.C. § 6d(a)(2)).

2. This account class represents accounts subject to the segregation requirement set forth in CFTC regulation 17 C.F.R. § 30.7.

3. This account class represents delivery accounts as such accounts are defined under CFTC regulation 17 C.F.R. § 190.05(a)(2).

***The Determination of the Referenced Claims.***  You have submitted claims for the return of customer property from MFGI account numbers E 64 240 04840, E 64 240 04842, E 64 240 04844, and E 64 240 04847.  The determination below addresses only those accounts and any related sub-accounts.  If you filed a claim for the return of property from one or more unrelated accounts, you will receive separate notices of determination for those accounts.  Your claims are determined as follows:

| Account Class | Amount Allowed | Amount Already Transferred to You[4] | Remaining Amount Allowed | Date Valued |
|---|---|---|---|---|
| Section 4d Property[5] | $175,790,952.00 | $135,000,000.00 | $40,790,952.00 | multiple |
| Rule 30.7 Property[6] | $85,755,528.00 | $60,000,000.00 | $25,755,528.00 | multiple |
| Rule 190.05 Property | $5,869,080.00 | | $5,869,080.00 | 11/2/2011 |

**Your claims for customer property are allowed only to the extent indicated in the table above.  Any additional claims that you may have made for the return of customer property from the referenced accounts (and from any related sub-accounts) are denied.**

***Your Right to Object.***  The determination above is based upon MFGI's current books and records.  You have the right to object to this determination and seek a hearing before the Bankruptcy Court.  To object, you **MUST** file an opposition in writing with the Clerk of the United States Bankruptcy Court for the Southern District of New York within **THIRTY (30) DAYS** of the date of this notice letter.  Your opposition **MUST** set forth (1) the claim numbers listed above; (2) a detailed statement of the reasons for your objection to the Trustee's determination; (3) copies of any document that you rely upon; and (4) how to contact you by regular mail, phone, and electronic mail.  **If you do not file opposition papers within thirty (30) days of the date of this letter, the present determination will be considered final.**

If you decide to object, you should file your opposition electronically with the Bankruptcy Court on the docket of *In re* MF Global Inc., Case No. 11-2790 (MG) SIPA in accordance with General Order M-399.[7]  However, only registered users of the Court's case filing system may file papers electronically.  If you do not have means to file your opposition electronically, either on your own or through counsel, you may mail your opposition to:

---

4.  The face value of the letters of credit posted by you with MFGI as margin for futures activity on foreign and domestic exchanges that either expired or were returned to you after the Filing Date is included in the amount already transferred to you.

5.  The Section 4d Property allowed to you includes the face value of the letters of credit identified on Appendix A that were posted by you with MFGI as margin for futures activity on U.S. exchanges.

6.  The Section 30.7 Property allowed to you includes the face value of the letters of credit identified on Appendix A that were posted by you with MFGI as margin for futures activity on foreign exchanges.

7.  This order is available online at http://www.nysb.uscourts.gov/orders/m399.pdf.

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

If you file your opposition papers by mail, you **MUST** serve a full copy of your papers on the Trustee's counsel by mailing the copy to:

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Attn:  MF Global Hearing Request

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of MF Global Inc.

Provided that you file and serve a timely written opposition, the Trustee will take action to resolve the dispute and request a hearing date if necessary.  If, within 120 days of the date that you filed a written opposition, the Trustee does not either request a status conference or set a hearing date (by filing a motion to uphold his determination or otherwise), the Bankruptcy Court's November 23, 2011 Order concerning the claims process allows you to move the Bankruptcy Court to set a time and date for a hearing on the claim determination dispute.  Once a hearing date is set, you must appear at the hearing personally or through counsel.  If you fail to appear, the Bankruptcy Court will confirm the Trustee's determination of your claims.

*If You Agree with the Determination.*  If you accept the Trustee's determination, please sign and date the enclosed Release and have it notarized.  Then please return the executed Release to the following address:

Epiq Bankruptcy Solutions LLC
757 Third Avenue, Suite 302
New York, New York 10017-2063

We recommend that you retain a copy of the Release for your records.

Please read the Release carefully before you sign it.  Among other provisions, the Release requires you to confirm, under penalty of perjury, that you have not received any payments or transfers of the allowed amount except for the amount already transferred to you that is noted above.  **The Trustee will not make further distributions of the amount allowed unless you execute and return the enclosed Release.**

Distributions will be made based on the Trustee's best estimate of available customer property at the time of distribution.  Distributions may take place in multiple installments over time.  To the extent that you receive additional payments or transfers of the amount allowed above through other bulk transfers authorized by the Court, by the Trustee, or due to the expiration or return of any letter of credit, such amount will automatically be deducted from the allowed amount and you may receive an amended notice of the Trustee's determination of your claims and an amended release.

Very truly yours,


James W. Giddens
Trustee for the SIPA Liquidation of
MF Global Inc.

**Appendix A**

Section 4d Property – Letters of Credit.

| Applicant | Beneficiary | Issuer | Number | Amount | Expiration Date |
|---|---|---|---|---|---|
| ConocoPhillips Company | MFGI and Chicago Mercantile Exchange, Inc. | Svenska Handelsbanken | S11038 | $15 million | March 30, 2012 |
| ConocoPhillips Company | MFGI and Chicago Mercantile Exchange, Inc. | Svenska Handelsbanken | S11037 | $50 million | March 30, 2012 |
| ConocoPhillips Company | MFGI and Chicago Mercantile Exchange, Inc. | Standard Chartered Bank | 777-52-0101408-L | $70 million | March 30, 2012 |

Section 30.7 Property – Letters of Credit.

| Applicant | Beneficiary | Issuer | Number | Amount | Expiration Date |
|---|---|---|---|---|---|
| ConocoPhillips Company | MFGI | Intesa Sanpaolo | 083400-793 | $15 million | November 23, 2011 |
| ConocoPhillips Company | MFGI | Intesa Sanpaolo | 083399-793 | $45 million | November 23, 2011 |

*In re* **MF Global Inc.**

**Case No. 11-2790 (MG) SIPA**

**DECLARATION AND RELEASE**

**CLAIMANT:**   **CONOCOPHILLIPS COMPANY**

**CLAIM NOS.**   **900005801 & 900005800**

**ACCOUNT NOS.   E 64 240 04840, E 64 240 04842, E 64 240 04844, and E 64 240 04847**

    The claimant named above ("Claimant"), having submitted the claims referenced above (the "Claims") to James W. Giddens (the "Trustee"), as Trustee for the Liquidation of MF Global Inc. ("MFGI"), hereby declares to the Trustee, under penalty of perjury, that Claimant did not receive any payment or other transfer of the Allowed Amount as described in the Notice of Trustee's Determination of Claim dated May 22, 2012 for the net equity claims and account numbers referenced above (the "Notice") from MFGI, or any entity or other person affiliated with MFGI through the date of this Declaration and Release, except distributions on account of the expiration or return of letters of credit.

    Claimant, on behalf of Claimant and Claimant's heirs, successors and assigns, and contingent only upon receipt of a pro rata share of the Allowed Amount as described in and pursuant to the terms of the Notice (the "Consideration") from the Trustee after receipt by the Trustee of this signed Declaration and Release, hereby remises, releases, and forever discharges the Trustee and his agents, employees, professionals, successors and assigns, the Securities Investor Protection Corporation ("SIPC") and its agents, employees, officers, directors, professionals, successors and assigns, and the MFGI estate (all of the foregoing, collectively, the "Released Persons") of and from any and all net equity claims, but only to the extent of the Consideration actually received by Claimant, arising out of or relating to the Claims, the circumstances that gave rise to the Claims, the accounts referenced above and all related sub-accounts (collectively, the "Accounts"), and any other transactions or dealings with MFGI or any entity or other person affiliated with MFGI relating to the net equity Claims, which the Claimant now has, or hereafter can, shall, or may have, for or by any reason of any cause, matter, or thing whatsoever, prior to and including the date of execution hereof.  Claimant represents and warrants that it is aware of no liens or claims against the Accounts or its contents, and acknowledges and agrees that, to the extent the Accounts or property contained therein may be subject to any liens or claim, delivery of the Consideration will be subject to any such liens or claims.

    Notwithstanding any rights or remedies available to Claimant under applicable law, Claimant acknowledges and agrees to return immediately any property to the MFGI estate that is later found by the Trustee or determined by a court (1) to have been distributed in error, (2) to exceed Claimant's pro rata share of customer property distributed by the MFGI estate, or (3) to be subject to liens or claims of the MFGI estate or any other entity or other person and will indemnify and hold harmless the Released Persons from and against any damages, costs or losses

that may result from any assertion by any such other entity or other person of any such liens or claims.

Claimant further acknowledges the sufficiency of the Consideration and that Trustee may deliver such Consideration in multiple installments.  Notwithstanding anything to the contrary herein, to the extent the Consideration is delivered in multiple installments, the releases set forth herein shall take effect only with respect to the portion of the Claims which has been satisfied by such portion of the Consideration.

I certify under penalty of perjury that the foregoing is true and correct.

_____

By: _____

Title: _____

Executed on:  _____

# EXHIBIT M

# NOTICE OF TRUSTEE'S DETERMINATION OF CONOCOPHILLIPS CANADA'S CLAIM DATED MAY 22, 2012

**James W. Giddens**
**Trustee for the Liquidation of MF Global Inc.**
**c/o Epiq Bankruptcy Solutions, LLC**
**P.O. Box 5015, FDR Station**
**New York, New York 10150-5015**

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

**PLEASE READ THIS DOCUMENT CAREFULLY**

May 22, 2012

**VIA UPS OVERNIGHT**

ConocoPhillips Canada Marketing & Trading ULC
Attn: Douglas R. Heinzer
Attn: Michael A. Baker
401 9th Avenue SW
Calgary, AB T2P 2H7
Canada

ConocoPhillips Company
Attn: Candace S. Schiffman, Esq.
600 N. Dairy Ashford
Houston, Texas 77079

Wachtell, Lipton, Rosen & Katz
Attn: Herbert M. Wachtell, Esq.
51 West 52 Street
New York, New York 10019

|          |                                                         |
|----------|---------------------------------------------------------|
| **Re:**  | *In re* **MF Global Inc.**                              |
|          | **Case No. 11-2790 (MG) SIPA**                          |
|          | **Claim Numbers:**  900005357, 900005358, 900005364, and 900005365 |
|          | **Account Numbers:  64 1087 04845 & 64 1087 04846**     |

Dear Claimant:

This letter determines the claims that you submitted for the return of property from the MF Global Inc. account numbers referenced above.

---

**SUMMARY**

• Your claim has been **allowed** in the amount of **$36,413,371.00** of which **$11,113,709.00** has already been distributed to you.

---

61931555_1

- **If you disagree** with this determination, you must file a written opposition in the manner described below within thirty (30) days of the date of this letter.  Otherwise, this determination will be final and binding.

  You may also speak with a representative of the Trustee for the liquidation of MF Global Inc. to discuss and possibly resolve any difference between the amount that you claimed and the amount that the Trustee allowed.  **To speak with a representative, please call 888.643.2169 (inside the United States) or 212.837.6038 (outside the United States).**

- **If you agree** with this determination, you must execute and return the enclosed Declaration and Release to receive a pro rata share of the remaining amount allowed.

*The Claims Process.*  On October 31, 2011 (the "Filing Date"), the United States District Court for the Southern District of New York entered an order which, among other provisions, appointed James W. Giddens as the Trustee for the liquidation of MF Global Inc. ("MFGI") and removed the liquidation proceeding to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On November 23, 2011, the Bankruptcy Court entered an order that specified procedures and forms for the filing, determination, and adjudication of claims seeking the return of customer property.

Except to the extent inconsistent with the provisions of the Securities Investor Protection Act, or unless otherwise ordered by the court, the Commodity Futures Trading Commission ("CFTC") regulations for bankruptcy, 17 C.F.R. §§ 190.01 to 190.10, govern the claims process for commodity customers.  The regulations entitle MFGI commodities customers to recover property from several different account classes.  In this proceeding, each commodities customer will receive a separate claim determination for each of three account classes:  (1) futures accounts;[1] (2) foreign futures accounts;[2] and (3) assets held in so-called "delivery accounts."[3]  Should there be a shortfall of assets available in any particular account class at the time of distribution, each commodity customer claimant will receive a pro rata share of the amount allowed the claimant in that account class.  **In other words, the ultimate payment of your claims may not be the full amount allowed below.**

*Distributions will not be made on your claims until the Trustee determines the extent of the allowed claims and available assets.*  The Trustee is eager to make additional distributions to former MFGI customers as soon as possible.  However, he is required by law to hold an appropriate reserve of funds until disputed claims are resolved.  At this time, the Trustee does not know when he will be legally able to make additional distributions.

---

1.  This account class represents accounts subject to the segregation requirement set forth in Section 4d(2) of the Commodity Exchange Act (codified in 7 U.S.C. § 6d(a)(2)).

2.  This account class represents accounts subject to the segregation requirement set forth in CFTC regulation 17 C.F.R. § 30.7.

3.  This account class represents delivery accounts as such accounts are defined under CFTC regulation 17 C.F.R. § 190.05(a)(2).

***The Determination of the Referenced Claims.***  You have submitted claims for the return of customer property from MFGI account numbers 64 1087 04845 and 64 1087 04846. The determination below addresses only those accounts and any related sub-accounts.  If you filed a claim for the return of property from one or more unrelated accounts, you will receive separate notices of determination for those accounts.

Your claims are determined as follows:

| Account Class | Amount Allowed | Amount Already Transferred to You[4] | Remaining Amount Allowed | Date Valued |
|---|---|---|---|---|
| Section 4d Property | $1,546,818.00 | $1,113,709.00 | $433,109.00 | multiple |
| Rule 30.7 Property[5] | $34,866,553.00 | $10,000,000.00 | $24,866,553.00 | multiple |

**Your claims for customer property are allowed only to the extent indicated in the table above.  Any additional claims that you may have made for the return of customer property from the referenced accounts (and from any related sub- accounts) are denied.**

***Your Right to Object.***  The determination above is based upon MFGI's current books and records.  You have the right to object to this determination and seek a hearing before the Bankruptcy Court.  To object, you **MUST** file an opposition in writing with the Clerk of the United States Bankruptcy Court for the Southern District of New York within **THIRTY (30) DAYS** of the date of this notice letter.  Your opposition **MUST** set forth (1) the claim numbers listed above; (2) a detailed statement of the reasons for your objection to the Trustee's determination; (3) copies of any document that you rely upon; and (4) how to contact you by regular mail, phone, and electronic mail.  **If you do not file opposition papers within thirty (30) days of the date of this letter, the present determination will be considered final.**

If you decide to object, you should file your opposition electronically with the Bankruptcy Court on the docket of *In re* MF Global Inc., Case No. 11-2790 (MG) SIPA in accordance with General Order M-399.[6]  However, only registered users of the Court's case filing system may file papers electronically.  If you do not have means to file your opposition electronically, either on your own or through counsel, you may mail your opposition to:

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

---

4.   The face value of the letter of credit posted by you with MFGI as margin for futures activity on foreign exchanges that either expired or was returned to you after the Filing Date is included in the amount already transferred to you.

5.   The Section 30.7 Property allowed to you includes the face value of the letter of credit identified on Appendix A that was posted by you with MFGI as margin for futures activity on foreign exchanges.

6.   This order is available online at http://www.nysb.uscourts.gov/orders/m399.pdf.

If you file your opposition papers by mail, you **MUST** serve a full copy of your papers on the Trustee's counsel by mailing the copy to:

> Hughes Hubbard & Reed LLP
> One Battery Park Plaza
> New York, New York 10004
> Attn: MF Global Hearing Request
>
> Attorneys for James W. Giddens,
> Trustee for the SIPA Liquidation of MF Global Inc.

Provided that you file and serve a timely written opposition, the Trustee will take action to resolve the dispute and request a hearing date if necessary. If, within 120 days of the date that you filed a written opposition, the Trustee does not either request a status conference or set a hearing date (by filing a motion to uphold his determination or otherwise), the Bankruptcy Court's November 23, 2011 Order concerning the claims process allows you to move the Bankruptcy Court to set a time and date for a hearing on the claim determination dispute. Once a hearing date is set, you must appear at the hearing personally or through counsel. If you fail to appear, the Bankruptcy Court will confirm the Trustee's determination of your claims.

*If You Agree with the Determination.* If you accept the Trustee's determination, please sign and date the enclosed Release and have it notarized. Then please return the executed Release to the following address:

> Epiq Bankruptcy Solutions LLC
> 757 Third Avenue, Suite 302
> New York, New York 10017-2063

We recommend that you retain a copy of the Release for your records.

Please read the Release carefully before you sign it. Among other provisions, the Release requires you to confirm, under penalty of perjury, that you have not received any payments or transfers of the allowed amount except for the amount already transferred to you that is noted above. **The Trustee will not make further distributions of the amount allowed unless you execute and return the enclosed Release.**

Distributions will be made based on the Trustee's best estimate of available customer property at the time of distribution.   Distributions may take place in multiple installments over time.   To the extent that you receive additional payments or transfers of the amount allowed above through other bulk transfers authorized by the Court, by the Trustee, or due to the expiration or return of any letter of credit, such amount will automatically be deducted from the allowed amount and you may receive an amended notice of the Trustee's determination of your claims and an amended release.

Very truly yours,

James W. Giddens
Trustee for the SIPA Liquidation of
MF Global Inc.

**Appendix A**

Section 30.7 Property – Letter of Credit.

| Applicant | Beneficiary | Issuer | Number | Amount | Expiration Date |
|---|---|---|---|---|---|
| ConocoPhillips Company on behalf of ConocoPhillips Canada Marketing & Trading ULC | MFGI | Svenska Handelsbanken | S06229 | $10 million | July 25, 2012 |

*In re* **MF Global Inc.**

**Case No. 11-2790 (MG) SIPA**

<u>**DECLARATION AND RELEASE**</u>

**CLAIMANT:**      **CONOCOPHILLIPS CANADA MARKETING & TRADING ULC**

**CLAIM NOS.**      **900005357, 900005358, 900005364, and 900005365**

**ACCOUNT NOS.  64 1087 04845 & 64 1087 04846**

The claimant named above ("Claimant"), having submitted the claims referenced above (the "Claims") to James W. Giddens (the "Trustee"), as Trustee for the Liquidation of MF Global Inc. ("MFGI"), hereby declares to the Trustee, under penalty of perjury, that Claimant did not receive any payment or other transfer of the Allowed Amount as described in the Notice of Trustee's Determination of Claim dated May 22, 2012 for the net equity claims and account numbers referenced above (the "Notice") from MFGI, or any entity or other person affiliated with MFGI through the date of this Declaration and Release, except distributions on account of the expiration or return of letters of credit.

Claimant, on behalf of Claimant and Claimant's heirs, successors and assigns, and contingent only upon receipt of a pro rata share of the Allowed Amount as described in and pursuant to the terms of the Notice (the "Consideration") from the Trustee after receipt by the Trustee of this signed Declaration and Release, hereby remises, releases, and forever discharges the Trustee and his agents, employees, professionals, successors and assigns, the Securities Investor Protection Corporation ("SIPC") and its agents, employees, officers, directors, professionals, successors and assigns, and the MFGI estate (all of the foregoing, collectively, the "Released Persons") of and from any and all net equity claims, but only to the extent of the Consideration actually received by Claimant, arising out of or relating to the Claims, the circumstances that gave rise to the Claims, the accounts referenced above and all related sub-accounts (collectively, the "Accounts"), and any other transactions or dealings with MFGI or any entity or other person affiliated with MFGI relating to the net equity Claims, which the Claimant now has, or hereafter can, shall, or may have, for or by any reason of any cause, matter, or thing whatsoever, prior to and including the date of execution hereof.  Claimant represents and warrants that it is aware of no liens or claims against the Accounts or its contents, and acknowledges and agrees that, to the extent the Accounts or property contained therein may be subject to any liens or claim, delivery of the Consideration will be subject to any such liens or claims.

Notwithstanding any rights or remedies available to Claimant under applicable law, Claimant acknowledges and agrees to return immediately any property to the MFGI estate that is later found by the Trustee or determined by a court (1) to have been distributed in error, (2) to exceed Claimant's pro rata share of customer property distributed by the MFGI estate, or (3) to be subject to liens or claims of the MFGI estate or any other entity or other person and will indemnify and hold harmless the Released Persons from and against any damages, costs or

61931555_1

losses that may result from any assertion by any such other entity or other person of any such liens or claims.

Claimant further acknowledges the sufficiency of the Consideration and that Trustee may deliver such Consideration in multiple installments.  Notwithstanding anything to the contrary herein, to the extent the Consideration is delivered in multiple installments, the releases set forth herein shall take effect only with respect to the portion of the Claims which has been satisfied by such portion of the Consideration.

I certify under penalty of perjury that the foregoing is true and correct.

_____

By: _____

Title: _____

Executed on: _____