UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK           NOT FOR PUBLICATION

In re:

          MF GLOBAL INC.,           Case No. 11-2790 (MG) SIPA

                            Debtor.

**MEMORANDUM OPINION AND ORDER AUTHORIZING THE TRUSTEE
TO FILE EXHIBIT A TO THE LIMITED AGREEMENT AND RESERVATION
OF RIGHTS BETWEEN THE TRUSTEE AND CME GROUP INC. UNDER SEAL**

A P P E A R A N C E S:

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    James B. Kobak, Esq.

PAUL HAMANN
*Pro Se*
511 Beverly
Lake Forest, Illinois 60045


**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the motion (the "Sealing Motion") of James W. Giddens (the "SIPA Trustee") seeking entry of an order authorizing the SIPA Trustee to file under seal Exhibit A (the "Exchange Membership Exhibit") to the Limited Agreement and Reservation of Rights (the "Agreement") at issue in the Trustee's Sealing Motion for Approval of an Agreement Providing for the Return of MFGI Property, Extinguishment of Duplicate Claims Filed With CME Group Inc., and Allocation of MFGI Property to Customers of the MFGI Estate (the "CME Agreement Motion," ECF Doc. # 2029).  (ECF Doc. # 2146.)  Paul Hamann, a commodities

1

customer of MF Global, Inc., filed an objection to the Sealing Motion as well as the CME Agreement Motion. The Court heard argument of both the Sealing Motion and the CME Agreement Motion on August 8, 2012. The Court indicated it would grant the Sealing Motion; the CME Agreement Motion was taken under submission. For the reasons discussed below, the Court **OVERRULES** Mr. Hamann's objection to the Sealing Motion and **GRANTS** the Sealing Motion. The CME Agreement Motion remains under submission and will be the subject of a separate opinion.

## BACKGROUND

The SIPA Trustee has separately sought court approval of the Agreement that provides for, among other things, sale of the Exchange Memberships. However, according to the SIPA Trustee, the Exchange Membership Exhibit, which is attached to the CME Agreement Motion as Exhibit A, contains commercial information, and its protection provides no limitation on the public's ability to assess the terms of the Agreement or the judicial disposition of the CME Agreement Motion. Accordingly, the Trustee respectfully requests that this Court permit the Exchange Memberships Exhibit to be filed under seal pursuant to Bankruptcy Code § 107(b) and Bankruptcy Rules 9018 and 9037.

The Agreement seeks Court approval of, inter alia, an agreement that provides for: (i) the liquidation and delivery of over $160 million in MFGI property held or controlled by CME Group; (ii) the elimination of a duplicate customer claims process under the Exchange Rules, including the bulk determination, disposition, or limited payment of such claims, and the modification of the automatic stay to the extent necessary; (iii) the subordination and disposition of the CME Claim and the GFX Claims in the SIPA Proceeding; and (iv) the allocation of a portion of the MFGI Property to MFGI's customer estates. (CME Agreement Motion ¶ 19.)

Within the meaning of the term MFGI Property are 35 memberships of various classes on various Exchanges (the "Exchange Memberships," Agreement § 1.1.5), which the Trustee will sell, and the CME will transfer the sale proceeds to the Trustee.  The Exchange Membership Exhibit lists in full detail each of the Exchange Memberships.

Mr. Hamann filed an objection to the Sealing Motion and asserts that the request to seal the Exchange Membership Exhibit is "unconscionable."  (ECF Doc. # 2212, Point 6.)

## DISCUSSION

### A.  Statutory Authority

In limited circumstances, section 107(b) of the Bankruptcy Code empowers a bankruptcy court to seal documents that would normally be available to the public.  Section 107(b) states, in pertinent part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
>
> (1)  Protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b).  Rule 9018 of the Federal Rules of Bankruptcy Procedure establishes the procedures to invoke section 107(b).  In relevant part, section 107(b) states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . contained in any paper filed in a case under the Code.

FED. R. BANKR. P. 9018.  As this Court has held, the moving party bears the burden of showing that the information is confidential.  *See In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007).

3

### B. Presumption Favoring Public Access to Court Records

There is a strong presumption and public policy in favor of public access to court records. *See, e.g.*, *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597-98 (1978); *Neal v. The Kansas City Star (In re Neal)*, 461 F.3d 1048, 1053 (8th Cir. 2006); *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005); *Food Mgmt. Grp.*, 359 B.R. at 553; *In re FiberMark, Inc.*, 330 B.R. 480, 505 (Bankr. D. Vt. 2005). The right of public access is "rooted in the public's First Amendment right to know about the administration of justice." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (public access "helps safeguard 'the integrity, quality, and respect in our judicial system,' and permits the public 'to keep a watchful eye on the workings of public agencies'") (citations omitted). "The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved." *Food Mgmt. Grp., LLC*, 359 B.R. at 553; *Gitto*, 422 F.3d at 7 ("This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."); *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984) ("This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.").

The presumption of open access to court records is codified in section 107 of the Bankruptcy Code. *See* 11 U.S.C. § 107(a). Nevertheless, Congress implemented a statutory exemption to prevent disclosure of commercial information in a bankruptcy case. *See In re Orion Pictures Corp.*, 21 F.3d at 27. Where a party in interest moves to protect "commercial

4

information" from disclosure, the court must grant protection. *See* 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court *shall* . . . (1) protect an entity with respect to . . . commercial information") (emphasis added). Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d at 27 (emphasis in original).

The exception to the general right of access in section 107(b) is narrow. *See id.* ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary."). However, "[i]n most cases a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep this material private. *Id.* (sealing official documents should not be done without a compelling reason) (citing *City of Hartford v. Chase*, 942 F.2d 130, 135-136 (2d Cir. 1991)).

In cases where protection is required, however, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information. *See Gitto*, 422 F.3d at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant."). Redacting documents to remove only protectable information is preferable to wholesale sealing. The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information. *See, e.g., Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978).

5

## CONCLUSION

Here, wholesale sealing of the Exchange Membership Exhibit is warranted. The Exchange Membership Exhibit is, in its entirety, commercial information, as that term is defined under Bankruptcy Code § 107(b), because the public disclosure of its contents would have a "chilling effect on [the Trustee's business] negotiations." *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). The Exchange Membership Exhibit contains detailed information about the Exchange Memberships, specifically the type and number of MFGI's memberships on each of the various exchanges. Public dissemination of these details could negatively affect the sale process, and, therefore, run against the Trustee's goal and duty to maximize the MFGI estate. Mr. Hamann does not rely on any actual facts in his objection and specifically admits that he bases his argument on circumstantial evidence. In light of these facts, the Court **OVERRULES** Mr. Hamann's objection and **GRANTS** the Sealing Motion. Therefore, it is

**ORDERED** that pursuant to Bankruptcy Code § 107(b) and Bankruptcy Rules 9018 and 9037, the Trustee is authorized to file the Exchange Membership Exhibit under seal and the United States Bankruptcy Clerk for the Southern District of New York is directed to accept for filing and seal the Exchange Membership Exhibit; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

\\
\\
\\
\\

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: August 8, 2012
      New York, New York

                                             ___*Martin Glenn*___
                                             MARTIN GLENN
                                     United States Bankruptcy Judge