**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

In re:

MF GLOBAL INC.,

Debtor.

SIPA

Case No. 11-02790 (MG)

## MEMORANDUM OPINION AND ORDER DENYING COMMODITY CUSTOMER COALITION, INC.'S MOTION FOR A RULE 2004 EXAMINATION

Pending before the Court is the *Motion for Rule 2004 Examination* filed by the

Commodity Customer Coalition, Inc. ("CCC") (the "Motion," ECF Doc. # 4592). Several

parties have objected, specifically: (1) the Customer Representatives (ECF Doc # 4890); (2) the

Chapter 11 Trustee (ECF Doc. # 4896); (3) Henri J. Steenkamp, Jon S. Corzine, Edith O'Brien,

Bradley I. Abelow, Laurie R. Ferber, and Christine A. Serwinski, jointly (ECF Doc. # 4894); and

(4) Securities Class Action Lead Plaintiffs (ECF Doc. # 4908). In addition, the SIPA Trustee

filed a statement (ECF Doc. # 4898). For the following reasons, the Motion is **DENIED**.

"On motion of any *party in interest*, the court may order the examination of any entity."

FED. R. BANKR. P. 2004(a) (emphasis added). Parties in interest generally include the trustee,

creditors, the debtor and entities related to the debtor, and persons obligated to the debtor. 9

COLLIER ON BANKRUPTCY ¶ 2004.02[6].

Moreover, "[t]he examination of an entity under this rule . . . may relate only to the acts,

conduct, or property or to the liabilities and financial condition of the debtor, or to any matter

which may affect the administration of the debtor's estate, or to the debtor's right to a

discharge." FED. R. BANKR. P. 2004(b); *see also Longo v. McLaren (In re McLaren)*, 158 B.R.

655, 657 (N.D. Ohio 1992) ("The purpose of a Rule 2004 examination is to allow the court to

gain a clear picture of the condition and whereabouts of the bankrupt's estate") (citations

omitted); *In re Drexel Burnham Lambert Grp., Inc.,* 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991)

(explaining that Rule 2004 allows a trustee in a Chapter 7 case to quickly discover crucial

information regarding the debtor's estate).  Rule 2004 is intended to permit the debtor and other

estate fiduciaries and court-appointed officers, as needed, to determine the extent of the estate's

assets and recover those assets for the benefit of creditors.  *Drexel,* 123 B.R. at 708.  It does not

permit parties in interest to investigate their private (non-estate) claims.  *See, e.g., In re Lufkin*,

255 B.R. 204, 208-09 (Bankr. E.D. Tenn. 2000) ("Rule 2004 examinations should not be

designed to discover information for use in an unrelated case or proceeding").

       In granting a Rule 2004 examination request, the bankruptcy court is required to make a

finding of good cause for the examination.  *ePlus, Inc. v. Katz (In re Metiom, Inc.),* 318 B.R.

263, 268 (S.D.N.Y. 2004).  Good cause is shown if the examination sought is "necessary to

establish the claim of the party seeking the examination, or if denial of such request would cause

the examiner undue hardship or injustice."  *Id.* (citations omitted); *see also In re Express One

Int'l, Inc.,* 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).  The court must also weigh the relevance

of the discovery against the burden it will impose on the producing party.  *In re Coffee

Cupboard*, *Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *see also In re Texaco Inc.*, 79 B.R.

551, 553 (Bankr. S.D.N.Y. 1987) ("[T]he examination should not be so broad as to be more

disruptive and costly to the [producing party] than beneficial to the [requesting party].").  Rule

2004 cannot be used for "purposes of abuse or harassment" and it "cannot stray into matters

which are not relevant to the basic inquiry."  *In re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr. E.D. Wis.

1984).

       As an initial matter, the CCC is not a party in interest within the meaning of the

Bankruptcy Code and therefore has no standing to proceed.  It is not a creditor in this case, but

rather a self-described "watchdog" entity with its own independent goals.  Further, and

impermissibly, the CCC is asking this Court to allow it to take a Rule 2004 examination in

furtherance of its *own* interests, not those of the estate.

Even if the CCC had standing, the so-called "pending proceeding rule" does not permit

Rule 2004 examinations when proceedings are pending in another forum.[1]  *In re Enron Corp.*,

281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("Courts have imposed limits on the use of Rule 2004

examinations . . . under the well-recognized rule that once an adversary proceeding or contested

matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure

and not by Rule 2004.") (collecting cases).  A multi-district litigation proceeding ("MDL"),

pending before Hon. Victor Marrero in the Southern District of New York, is ongoing, and

Magistrate Judge James Francis is overseeing and regulating the conduct of discovery in the

MDL.  This Court previously approved the transfer of the SIPA Trustee's claims against many of

the MDL defendants to the Customer Representatives in the MDL, and, in the consolidated

amended complaint filed in the MDL, those claims are being pursued against many of the

defendants against whom the CCC seeks to take Rule 2004 discovery.  Discovery in support of

the estate's claims, now being prosecuted by the Customer Representatives, is taking place in the

MDL where it now properly belongs.  The CCC has filed pleadings in support of certain of the

plaintiffs in the MDL.  The CCC's motion in the bankruptcy case is a poorly-disguised and

misguided effort to "jump the cue" and take depositions of defendants in the MDL, avoiding the

carefully calibrated discovery schedule ordered by Judge Francis.

---

[1]    Members of the CCC may well be creditors of the debtor.  But a renewed motion on behalf of members of
the CCC would run head-long into the pending proceeding rule and would likely encounter the same fate as the
current Motion.

For all of these reasons, the CCC's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:        January 8, 2013
              New York, New York


                              _Martin Glenn_
                              MARTIN GLENN
                     United States Bankruptcy Judge