**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    MF GLOBAL INC.,

                      Debtor.

**NOT FOR PUBLICATION**

Case No. 11-2790 (MG) SIPA

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ALLOWANCE OF LATE-FILED CLAIM OF LARRY WHITAKER**

Pending before the court is Larry Whitaker's *Letter Regarding Compensation for Losses in MF Global Account* ("the Letter Motion," ECF Doc. #7442), filed with the Court on January 9, 2014. Although not styled as a motion for allowance of a late-filed claim, that is essentially what the Letter Motion is, and that is how the Court will treat it. The Trustee filed an opposition (the "Opposition," ECF Doc. # 7477), supported by the declaration of Mary Adams (the "Adams Decl.," ECF Doc. # 7478). Adams is a Director at Epiq Bankruptcy Solutions, LLC ("Epiq"), the Trustee's claims and noticing agent. The Securities Investor Protection Corporation ("SIPC") filed a memorandum in support of the Trustee's Opposition (the "SIPC Memorandum," ECF Doc. # 7480). For the reasons that follow, the Letter Motion is **DENIED**.

### I.     BACKGROUND

On October 31, 2011 (the "Filing Date"), the Honorable Paul A. Engelmayer, United States District Court Judge for the Southern District of New York, entered an order commencing the liquidation of MFGI pursuant to the provisions of the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa *et. seq*. On November 23, 2011, the Court entered the *Order Granting Trustee's Expedited Application Establishing Parallel Customer Claims Processes and Related Relief* (the "Claims Process Order," ECF Doc. # 423), which, among other things, (1) approved the procedures for filing, determining, and adjudicating claims,

and (2) established January 31, 2012 as the bar date for filing securities and commodity futures customer claims in the SIPA Proceeding (the "Customer Claim Bar Date") and June 2, 2012 as the date by which all claims must be received by the Trustee (the "Final Bar Date").

Larry Whitaker filed the Letter Motion on January 9, 2014, claiming it is "very likely [that] $52,000 was simply taken from [his] account" at MF Global, Inc. (Letter Motion at 1.) Attached to the Letter Motion is a November 10, 2011 letter addressed to "Bradley Abelow, COO/President MF Global" (the "2011 Letter"), in which Whitaker alleges that MF Global engaged in "reckless trading" with the funds in his broker-assisted futures trading account, in direct contravention of his repeated requests for low-risk trades. In the 2011 Letter, which requests compensation for Whitaker's losses, Whitaker states that he would consider a settlement and asks if one can be arranged.

## II.    DISCUSSION

SIPA "creates a new form of liquidation proceeding, applicable only to member firms, designed to accomplish the completion of open transactions and the speedy return of most customer property." *Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412, 416 (1975). In SIPA liquidation cases, once appointed, the trustee "shall cause notice of the commencement of proceedings . . . to be published in one or more newspapers of general circulation in the form and manner determined by the court." SIPA § 78fff-2(a)(1). SIPA further mandates that the trustee shall "cause a copy of such notice to be mailed to each person who, from the books and records of the debtor, appears to have been a customer of the debtor . . . to the address of such person as it appears from the books and records of the debtor." *Id.* It is well established that proper mailing of the notice of a bar date raises a rebuttable presumption of receipt. *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr. S.D.N.Y. 2013).

2

With respect to the time limitations on the filing of claims, SIPA mandates:

> No claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice . . . shall be allowed, except that the court may, upon application within such period and for cause shown, grant a reasonable, fixed extension of time for the filing of a claim by the United States, by a State or political subdivision thereof, or by an infant or incompetent person without a guardian.

SIPA § 78fff-2(a)(3).

Courts have held that "[s]ection 78fff-2(a)(3) is an absolute bar to late filed claims." *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 103 (Bankr. S.D.N.Y. 1997); *see also In re Lehman Bros. Inc.*, 493 B.R. 437, 446 (Bankr. S.D.N.Y. 2013) (noting that the statutory limitations for filing claims in SIPA liquidations are mandatory and strictly enforced.)  In SIPA liquidations, therefore, a court's discretion to extend the claims deadline is "limited to requests made within that period by specified parties and for cause specified in the statute." *Adler, Coleman*, 204 B.R. at 103; *see also Miller v. Austin*, 72 B.R. 893, 896–97 (S.D.N.Y. 1987) (noting that "the six-month time limit for filing is subject to extension at the discretion of the court in only three specified instances[:]" the filing of a claim by (i) a governmental unit, (ii) an infant, or (iii) an incompetent person without a guardian).

Section 78fff-2(a)(3) further states:

> Any claim of a customer for net equity which is received by the trustee after the expiration of such period of time as may be fixed by the court (not exceeding sixty days after the date of publication . . .) need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from moneys advanced by SIPC, it shall be satisfied in cash or securities (or both) as the trustee determines is most economical to the estate.

SIPA § 78fff-2(a)(3).

Regarding late filed claims in cases where there is a surplus of assets after all claims are satisfied, Collier notes that "the trustee presumably may treat late-filed claims as general

3

unsecured claims." 6-741 COLLIER ON BANKRUPTCY ¶ 741.06, n.41; *see also In re OTC Net, Inc.*, 34 B.R. 658, 661 (Bankr. D. Colo. 1983) (holding that in order to give full meaning to SIPA 78fff(e)—dealing with distribution of profits from closeout transactions—and Bankruptcy Rules 2002(a) and 3002(c), the trustee may distribute surplus assets to untimely claims of customers of net equity, treating those late-filed claims as unsecured claims.).

The Claims Process Order set January 31, 2012 as the bar date for the claims of commodity futures customers, and June 2, 2012 as the bar date for all claims. (Claims Process Order at 6.) The Claims Process Order further ordered "that claims against the Debtor . . . shall be filed with the Trustee electronically online . . . or sent to the Trustee via certified mail . . . through the Trustee's claims agent . . . ." *Id.* Whitaker's 2011 Letter, addressed to "Bradley Abelow, COO/President MF Global," did not comply with the Claims Process Order. And Whitaker submitted his Letter Motion on January 9, 2014—well after the Customer Claim Bar Date and the Final Bar Date had passed.

Section 78fff-2(a)(3) allows for the extension of a claims deadline only if a request is submitted to the court before the deadline passes, *and* the claimant is (i) a governmental unit, (ii) and infant, or (iii) an incompetent person without a guardian. SIPA § 78fff-2(a)(3). Not only does Whitaker not fall into any of the narrow exceptions outlined in the statute, but he also did not request an extension prior to the filing deadline. Additionally, the 2011 Letter cannot be construed as a timely filed claim because that letter did not comply with the procedures required by the Claims Process Order.

In his Motion, Whitaker does not deny that he received notice of this SIPA liquidation. Further, Ms. Adams states that on December 2, 2011, Epiq mailed (1) a Commencement Notice, (2) a Letter to Commodity Futures Customers, (3) a Commodities Futures Claim Form, (4) a

4

Letter to Creditors, (5) a B-10 Claim Form, and (6) a return envelope, to Mr. Whitaker at his address listed as PO BOX 1638, Rancho Santa Fe, CA, 92067 (Adams Decl. ¶ 4, Ex. I)—the same address listed on Whitaker's Letter Motion. Epiq also maintained a web page dedicated to accepting claims online, and accepted claims via e-mail through the e-mail inbox at "MFGlobalClaims@epiqsystems.com." (Adams Decl. ¶ 9–10.) Additionally, on December 2, 2011, the Trustee published "Notices of Commencement" containing instructions for submitting claims in the MFGI liquidation in the New York Times, the Chicago Tribune, the Financial Times, and The Wall Street Journal. (*See* Omnibus Affidavit of Publication, ECF Doc. # 759.) As noted above, proper mailing of the notice of a bar date raises a rebuttable presumption of receipt. *AMR Corp.*, 492 B.R. at 663–64. The Trustee has raised this presumption of receipt by presenting a detailed account of the notification mailed to Mr. Whitaker. (Adams Decl. ¶ 4, Ex. I.) Mr. Whitaker has not presented any evidence indicating that he did not receive actual notice, and he has therefore not rebutted the presumption.

Further, even if Mr. Whitaker's claim could be construed as a claim for net equity, late claims for net equity may only be allowed as unsecured claims if the claimant comes forward with a claim within sixty days after publication or notice. SIPA § 78fff-2(a)(3). Because Mr. Whitaker's claim was filed more than sixty days after he received notice, his claim may not be allowed as an unsecured claim.

Through his Letter Motion and the attached 2011 Letter, Whitaker alleges that MFGI entered into inappropriate and reckless trades with funds from his account despite his repeated calls for caution. Any complaint of unauthorized or inappropriate trading, however, should have been submitted in a timely fashion, in compliance with the Claim Process Order. *See In re Klein, Maus & Shire, Inc.*, 301 B.R. 408, 419 (Bankr. S.D.N.Y. 2003) (denying late-filed claim where

5

claimant alleged unauthorized trading, noting that "[i]f trades were unauthorized, it was incumbent upon the Claimants to complain in writing and on a timely basis").

### III.    CONCLUSION

SIPA mandates that all claims be filed in a timely manner to ensure that securities investment liquidations produce speedy and orderly returns for creditors, and in the present case, the text of section 78fff, as well as the rationale behind the statute, demand that Whitaker's late filed claim be barred.  *See Barbour*, 421 U.S. at 416.  For the reasons explained above, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: February 20, 2014
       New York, New York

                                        ___*Martin Glenn*___
                                        MARTIN GLENN
                                        United States Bankruptcy Judge