UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

        MF GLOBAL INC.,

                          Debtor.

NOT FOR PUBLICATION

Case No. 11-2790 (MG) SIPA

**MEMORANDUM OPINION AND ORDER GRANTING THE TRUSTEE'S FORTY-FIFTH OMNIBUS OBJECTION AS TO CERTAIN LATE-FILED CLAIMS**

*A P P E A R A N C E S:*

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York 10004
By:    Jeffrey S. Margolin, Esq.
          Dina R. Hoffer, Esq.

HERRICK FEINSTEIN LLP
*Counsel for Talha R. Chaudhry*
2 Park Avenue
New York, New York 10016
By:    Hanh V. Huynh, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

        Before the Court is the *Trustee's Forty-Fifth Omnibus Objection to General Creditor Claims (Late-Filed Claims)* (the "Objection," ECF Doc. # 6855). James W. Giddens (the "Trustee"), as trustee for the liquidation of MF Global Inc. (the "Debtor") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), seeks an order expunging certain proofs of claim as untimely filed. The Objection is supported by the Declaration of Laura Fibiger (attached as Ex. B to the Obj.) and the Declaration of Mary Adams (attached as Ex. C to the Obj.). As relevant here, five claimants filed responses: (1) Robert Elliot; (2) Frank D. Cholly; (3) William J. Dixon; (4) James J. Gombas; and (5) Talha R. Chaudhry. The Trustee

filed an Omnibus Reply (the "Reply," ECF Doc. # 7678), supported by a supplemental Declaration of Mary Adams (ECF Doc. # 7679).

On March 13, 2014, the Court held a hearing on the Objection as to those five responses received by the Trustee. At the hearing, the Court directed the parties to submit supplemental declarations relating to the claim filed by Robert Elliot (Claim No. 5610). This Opinion disposes of the claims filed by the four remaining respondents; the Elliot claim will be resolved separately. For the reasons that follow, the Court **SUSTAINS** the Objection as to the claims filed by (1) Frank D. Cholly; (2) William J. Dixon; (3) James J. Gombas; and (4) Talha R. Chaudhry (collectively, the "Respondents"). The Respondents' claims were all received by the Trustee after the Final Bar Date (defined below). The Court does not have the equitable power to extend the statutory time limit for filing claims in a SIPA proceeding, and, even if the Court did, none of the Respondents established that an extension is necessary to avoid manifest injustice.

## I.    BACKGROUND

On October 31, 2011 (the "Filing Date"), the Honorable Paul A. Engelmayer, United States District Court Judge for the Southern District of New York, entered an order commencing the liquidation of the Debtor pursuant to the provisions of SIPA. On November 23, 2011, the Court entered the *Order Granting Trustee's Expedited Application Establishing Parallel Customer Claims Processes and Related Relief* (the "Claims Process Order," ECF Doc. # 423), which, among other things, (1) approved the procedures for filing, determining, and adjudicating claims; and (2) established January 31, 2012 as the bar date for filing securities and commodity futures customer claims in the SIPA Proceeding (the "Customer Claim Bar Date") and June 2, 2012 as the date by which all claims must be received by the Trustee (the "Final Bar Date").

2

Pursuant to the Claims Process Order and the requirements of SIPA, the Trustee mailed notice of the SIPA proceeding and relevant bar dates (the "Bar Date Notice") to all persons identified as potential customers or general creditors. (*See* Affidavit of Service dated December 13, 2011, ECF Doc. # 2028.) It is undisputed that notice of the Final Bar Date was sent to each of the Respondents. The Debtors filed the Forty-Fifth Omnibus Objection seeking to disallow and expunge certain late-filed claims, including those of the Respondents.

### A. The Excusable Neglect Respondents

Three of the Respondents—Cholly, Dixon, and Gombas (collectively, the "Excusable Neglect Respondents")—appear to make equitable arguments, asserting that their failure to file timely proofs of claim was the result of excusable neglect.

#### 1. Frank D. Cholly (ECF Doc. # 6951)

On June 11, 2012, Cholly filed a $12,991.27 claim for "unpaid commission," asserting that part of the claim is entitled to priority under 11 U.S.C. § 507(a)(4). Cholly filed a response to the Objection *pro se*, stating that he failed to file a timely claim because (1) his daughter was born prematurely in late 2011 (due in part to the stress of being laid off from MF Global in November 2011), which forced him to spend much of early 2012 caring for his daughter and fighting with two insurance companies, both of which refused to pay her medical bills; (2) he spent much of his time leading up to the Final Bar Date trying to rebuild his book of business, negotiating with his bank in order to avoid foreclosure of his home, and working a second job as a bartender; (3) he did not understand that, as an employee of the Debtor, the same bar date that applied to customers and general creditors applied to him as well; (4) he was told that employees were receiving only their last paychecks and that commissions, which were discretionary, were a

3

"lost cause"; and (5) he did not have the resources to hire an attorney to help him understand these issues.

        2.       *William J. Dixon (ECF Doc. # 6981)*

On August 17, 2012, Dixon filed Claim No. 5575 in the amount of $19,975 for "services performed (employee)," asserting that part of the claim is entitled to priority under 11 U.S.C. § 507(a)(4). On August 27, 2013, Dixon filed Claim No. 5631, asserting an administrative expense claim of $11,725 for lost wages. Claim No. 5631 references, and apparently amends, Claim No. 5575. In the Objection, the Debtor seeks disallowance of Claim No. 5575 only. Dixon filed a response *pro se*, stating that he failed to file a timely claim because (1) he attempted to file a timely proof of claim by placing the proof of claim in his current employer's mailbox, but later learned that his employer would not pay the postage for MF Global-related packages; (2) he was out of town when he learned the package had not been sent, so he asked his secretary to mail the package for him, but she unexpectedly passed away; (3) because he had a close relationship with his secretary, he was distraught over her death and did not follow up whether she had mailed the package (she had not); and (4) when he finally attempted to submit the proof of claim himself, he sent it to the wrong address and did not send it by overnight mail.

        3.       *James J. Gombas (ECF Doc. # 6982)*

On June 11, 2012, James J. Gombas filed a $28,729.50 claim for "wages due," asserting that part of the claim is entitled to priority under 11 U.S.C. § 507(a)(4). Gombas filed a response *pro se*, stating that he failed to file a timely claim because he was diagnosed with prostate cancer in March 2012 and had to undergo surgery to remove his prostate. He attaches medical records showing that he was discharged from the hospital on April 28, 2012. Gombas states that he was unable to focus on filing a timely proof of claim since most of his time and energy after his

4

surgery has been spent on his recovery and reestablishing himself at R.J. O'Brien & Associates LLC, which appears to be his current employer.

### B.     The Chaudhry Response (ECF Doc. # 6986)

On June 4, 2012, Talha R. Chaudhry filed five claims against the Debtors:  (1) Claim No. 5514 in the amount of $4,583.36 (for "contribution to employee stock plan[,] the portion that is due back," and entitled to priority under section 507(a)(7)); (2) Claim No. 5515 in the amount of $2,862.63 (for "reimbursement for work-related travel expenses" and entitled to priority under section 507(a)(4)); (3) Claim No. 5516 in the amount of $22,916.67 (for "unpaid vacation time – 4 weeks compensation[,] contractual agreement for services provided," and entitled to priority under section 507(a)(4)); (4) Claim No. 5517 in the amount of $275,000 (for "severance payment per the employment contract[,] agreed contractual payment = 1 yr severance," and entitled to priority under section 507(a)(4)); and (5) Claim No. 5518 in the amount of $5,288.46 (for "unpaid sick days not used company policy (comp for 1 week)," and entitled to priority under section 507(a)(4)).  Chaudhry also filed Claim No. 5617 on May 8, 2013, asserting a $769,980.71 claim against the estate, but the basis of this claim is unclear and it is not subject to the current Objection.

Chaudhry, through counsel, filed a response (the "Chaudhry Response"), asserting that he failed to file a timely proof of claim because of defects in the Bar Date Notice.  The Chaudhry Response is supported by the Declaration of Talha R. Chaudhry (the "Chaudhry Decl.," ECF Doc. # 6986-1.)  According to Chaudhry, the Bar Date Notice was confusing because it stated that proofs of claim submitted by mail had to be received by the Debtors on the bar date, which was a Saturday, so he elected to have his proofs of claim delivered to the Debtors on the first business day following the Final Bar Date—Monday, June 4, 2012.

## II.  DISCUSSION

### A.  SIPA Bars-Late Filed Proofs of Claim

SIPA provides a strict rule with respect to the time limit for filing claims.  Under SIPA,

> [n]o claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice . . . shall be allowed, except that the court may, upon application within such period and for cause shown, grant a reasonable, fixed extension of time for the filing of a claim by the United States, by a State or political subdivision thereof, or by an infant or incompetent person without a guardian.

15 U.S.C. § 78fff-2(a)(3).

Courts have held that "[s]ection 78fff-2(a)(3) is an absolute bar to late filed claims." *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 103 (Bankr. S.D.N.Y. 1997); *Camp v. Morey (In re Gov't Sec. Corp.)*, 107 B.R. 1012, 1022 (S.D. Fla. 1989) (holding that "the time limits set forth in Section 78fff-2(a)(3) are mandatory, and could not be extended by a bankruptcy court's equitable powers"); *see also In re Lehman Bros. Inc.*, 493 B.R. 437, 446 (Bankr. S.D.N.Y. 2013) (noting that the statutory limitations for filing claims in SIPA liquidations are mandatory and strictly enforced).  "Section 78fff-2(a)(3) allows for the extension of a claims deadline only if a request is submitted to the court before the deadline passes, *and* the claimant is (i) a governmental unit, (ii) an infant, or (iii) an incompetent person without a guardian." *In re MF Global Inc.*, 11-2790 (MG), 2014 WL 657321, at *3 (Bankr. S.D.N.Y. Feb. 20, 2014).  In SIPA liquidations, therefore, a court's discretion to extend the claims deadline is "limited to requests made within that period by specified parties and for cause specified in the statute." *Adler, Coleman*, 204 B.R. at 103; *see also Sec. Investor Prot. Corp. v. Stellatos (In re Blinder, Robinson & Co., Inc.)*, 124 F.3d 1238, 1243 (10th Cir. 1997) (holding that claimant's "hardships caused by the automobile accident in which she was involved are unfortunate, but the fact remains that she was required to apply for an extension within the six-month time period to file

6

her claim" and was therefore not entitled to an extension); *Miller v. Austin*, 72 B.R. 893, 896–97 (S.D.N.Y. 1987) ("[I]t is clear from the face of the statute that the six-month time limit for filing is subject to extension at the discretion of the court in only three specified instances.").

Unlike chapter 11 proceedings, there is no exception for "excusable neglect" in a SIPA proceeding. *See Lehman*, 493 B.R. at 443 ("[E]xtensions of the time period for filing claims in SIPA cases are permitted only when the express statutory requirements are satisfied. This differs from the familiar 'excusable neglect' standard that applies to late filed claims in chapter 11 cases."). "This conclusion is consistent with the wording of the SIPA statute, the legislative history of the provision and SIPA's policy goals." *Id.* at 444. "The standards are designed to be tough, and they are." *Id.* at 440.

In *Lehman*, the court left open "the possibility that the period for filing a SIPA claim may be extended to prevent manifest injustice in appropriate cases . . . ." *Id.* at 446. But the court held that even if it "were to accept the concept of an equitable remedy to deal with those extremely rare situations that seem to cry out for relief," the claimant had not met that standard based on the facts presented in that case. *Id.* The court stated as follows:

> The Court does not wish to speculate regarding what would need to be shown by a claimant to demonstrate a right to an equitable exception based on manifest injustice. Conceivably, no sufficient showing can ever be made. However, if a case for an exception were to be seriously considered, something truly extraordinary would need to be shown involving an occurrence or circumstance that makes it virtually impossible or impracticable to file the claim on time. An example would be a disruptive event that temporarily impairs the claimant's ability to manage his, her or its affairs (*e.g.,* a life-threatening accident, an unexpected serious medical emergency or a major natural disaster that destroys business records and interrupts ordinary operations of a business).

*Id.* at 446 n.3.

### B. The Excusable Neglect Respondents Cannot Be Granted Extensions

As explained above, there is no excusable neglect exception in SIPA proceedings and the Court does not have the equitable power to extend the statutory bar date for filing claims. Each of the claims filed by the Excusable Neglect Respondents was unquestionably filed after the Final Bar Date of June 2, 2012. Further, even if a manifest injustice exception was available in SIPA proceedings, none of these respondents have alleged facts that would warrant application of such an exception. While their stories are certainly sympathetic, they have not established that they were physically unable to file their claims before the bar date. Cholly's daughter was discharged from the hospital in January 2012—almost six months before the Final Bar Date. Gombas was discharged from the hospital on April 28, 2012—two months before the Final Bar Date. Finally, Dixon has not shown the existence of any facts that were so out of his control as to render him unable to file a timely proof of claim.

### C. The Bar Date Notice Was Clear and Contained a Defined Date

The Trustee received Chaudhry's claims on Monday, June 4, 2012—two days after the Final Bar date of Saturday, June 2, 2012. To determine the actual deadline for filing claims, Chaudhry asserts that the Court should apply Bankruptcy Rule 9006(a), which governs the computation of time when a period to take a specified action is stated in days or a longer unit (such as months, in this case). Under Rule 9006(a), Saturdays and Sundays are not included in the computation when the last day of the specified period falls on one of those days. Included with the Trustee's mailing to general creditors were (1) a commencement notice (the "Commencement Notice," attached as Ex. A to Affidavit of Service dated December 13, 2011, ECF Doc. # 2028) and (2) instructions for filling out a proof of claim form (the "Instructions," *id.* Ex. G). The Commencement Notice states: "All other creditors of the Debtor must file

8

formal claims with the Trustee at the address shown above within **SIX MONTHS** <u>after the date of this Notice</u>. All such claims will be deemed filed only when <u>received</u> by the Trustee." (Commencement Notice at 2.) Similarly, the Instructions state: "The Notice also informs all creditors of the Debtor other than customers or broker-dealers that they must file formal claims with the Trustee within **SIX MONTHS** <u>of the date of the Notice.</u>" (Instructions at 1.) Chaudhry claims that he calculated six months from the December 2, 2011 Bar Date Notice to be Saturday, June 2, 2012, and that he believed that the deadline to file his claims would therefore be Monday, June 4, 2012, because Saturday is not a business day. (Chaudhry Decl. ¶ 4.)

This explanation is untenable. Immediately below the language quoted above, the Commencement Notice states (in all bold):

> **For the avoidance of doubt, (i) claims of commodity futures customers must be received by the Trustee on or before January 31, 2012; (ii) claims of securities customers seeking the maximum protection under SIPA must be received by the Trustee on or before January 31, 2012; and (iii) all claims must be received by the Trustee on or before June 2, 2012, or they will be absolutely barred. No commodity futures customer claim will be allowed unless received by the Trustee on or before January 31, 2012, or unless extended (for good cause only); but, if received by the Trustee after January 31, 2012, but on or before June 2, 2012, a commodity futures customer claim may be afforded general creditor status.**

(Commencement Notice at 2.)

It is unreasonable that a claimant (who is not a lawyer) would assume that he was entitled to file his claims on a Monday because the six month period stated in the notice ended on a Saturday, notwithstanding the clear instructions in the Commencement Notice for all claims to be received by June 2, 2012. But even if Chaudhry did believe this, that belief was erroneous because Bankruptcy Rule 9006(a) does not apply where a court has established a specific calendar day as a deadline. *See* FED. R. BANKR. P. advisory committee notes to 2009 Amendments ("The time-computation provisions of subdivision (a) apply only when a time

9

period must be computed. They do not apply when a fixed time to act is set."). Here, the Commencement Notice specified that the deadline for filing claims was June 2, 2012. The Debtors' claims agent was open on Saturday, June 2, 2012 (the Final Bar Date), and received more than seventy claims that day. Chaudhry's assertion that he was unaware that the claims agent would be open on that day is irrelevant.

> Similar to the Commencement Notice, the Instructions stated:
>
> Because claims are not deemed filed until received by the Trustee at the above address, if you submit your claim by mail it is strongly recommended that you use certified mail, return receipt requested. **No claim will be allowed unless received by the Trustee on or before June 2, 2012.** Claims that are filed electronically must be received by 11:59 p.m. (Prevailing Eastern Time) on the bar date to be considered timely.

(Instructions at 1.)

Chaudhry claims that this language was unclear and misleading. According to Chaudhry, he believed that only electronically-filed claims were due before midnight on June 2, 2012. He asserts that the Instructions did not contain any corresponding time deadline for filing written claims and did not state that June 2, 2012 was a bar date for written claims. (Chaudhry Decl. ¶ 5.) Chaudhry also argues that because the Instructions did not specify a time deadline for filing written proofs of claim, Bankruptcy Rule 9006(a)(4) should apply. Under that rule, the "last day" for filing by means other than electronically ends when the clerk's office is scheduled to close for that day. FED. R. BANKR. P. 9006(a)(4). Therefore, because the clerk's office is not open on Saturdays or Sundays, the deadline for filing by mail would have been when the clerk's office closed on Monday, June 4, 2012.

This argument also fails. First, as discussed above, Rule 9006(a) does not apply when there is a court-specified date; here, June 2, 2012 was clearly set as the last day for claims to be received. Second, Rule 9006(a)(4) explains when the "last day" for filing ends; here, Chaudhry

10

did not file on the last day, he filed two days later, so that section is inapplicable. Third, Chaudhry's claim was mailed, as the instructions required, to the claims agent and not to the clerk's office, so whether the clerk's office is open on weekends is not relevant to the inquiry.

As a final argument, Chaudhry asserts that his claims must be allowed to prevent manifest injustice. Chaudhry relies on language in *Miller*, where the court described two circumstances in which bankruptcy courts (but never in a SIPA proceeding) have allowed extensions of time: "(i) where the claimant received inadequate notice; and (ii) where an officer of the bankruptcy court committed an error relied upon by the claimant." *Miller*, 72 B.R. at 898. The court found that neither of those circumstances existed in that case. *Id.* at 899. Even if this Court were to accept that these exceptions apply in SIPA proceedings, the Court has already rejected Chaudhry's argument that the bar date notice was inadequate; therefore, it would not be manifestly unjust to disallow Chaudhry's claims.

### III.    CONCLUSION

For all of the foregoing reasons, the Objection is **SUSTAINED** to the claims filed by (1) Frank D. Cholly (Claim No. 5552); (2) William J. Dixon (Claim No. 5575); (3) James J. Gombas (Claim No. 5580); and (4) Talha R. Chaudhry (Claim Nos. 5514, 5515, 5516, 5517, 5518). The claims were all filed after the Final Bar Date, the Court does not have the equitable power to extend the statutory time limit for filing claims in a SIPA proceeding, and even if the Court did, none of the Respondents established that an extension is necessary to avoid manifest injustice.

**IT IS SO ORDERED.**

Dated:    April 1, 2014
         New York, New York                              ___*Martin Glenn*___
                                                          MARTIN GLENN
                                                          United States Bankruptcy Judge