**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MF GLOBAL INC.,<br>　　　　　　　　　　Debtor. | **FOR PUBLICATION**<br><br>Case No. 11-02790 (MG) SIPA |

**MEMORANDUM OPINION AND ORDER OVERRULING IN PART AND
SUSTAINING IN PART OBJECTION TO VACATION PAY CLAIMS**

*A P P E A R A N C E S:*

KLEHR HARRISON HARVEY BRANZBURG LLP
*Attorneys for Todd Thielmann, et al. and*
*Employee Representative Claimants*
1835 Market Street, Suite 1400
Philadelphia, PA 19103
By:　　Charles A. Ercole, Esq.

OUTTEN & GOLDEN LLP
*Attorneys for Todd Thielmann, et al. and*
*Employee Representative Claimants*
3 Park Avenue, 29th Floor
New York, New York 10016
By:　　Jack A. Raisner, Esq.

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the*
*SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York 10004
By:　　Dustin P. Smith, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

　　　　Former employees of MF Global Inc. ("MFGI") filed a putative class claim for damages

under the WARN Act[1] and for unpaid accrued vacation time. Those same employees raised

---

[1]　　For the purposes of this Opinion, the WARN Act refers to the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 (the "Federal WARN Act") and the New York Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860, *et seq.* (the "NY WARN Act").

identical allegations in adversary proceedings filed against MFGI, as well as against MF Global Holdings Ltd., MF Global Finance USA, Inc., and MF Global Holdings USA, Inc. (collectively, the "chapter 11 Debtors"). In two written opinions, the Court dismissed the WARN Act claims asserted in the adversary proceedings, but declined to decide the issue of liability for unpaid accrued vacation time. *See Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd.)*, 481 B.R. 268, 284 (Bankr. S.D.N.Y. 2012) (*Thielmann I*); *Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd)*, Nos. 11-15059, 11-15058, Adv. Pro. No. 11-02880, 2013 WL 4511863, at *4 (Bankr. S.D.N.Y. Aug. 23, 2013) (*Thielmann II*). Familiarity with those opinions is assumed. The SIPA Trustee, however, has conceded liability for the vacation pay claims.

MFGI now objects to the class claim on the grounds that (1) the WARN Act claims are barred by the "law of the case" doctrine and (2) the claim for vacation pay is unnecessary and duplicative and does not meet the requirements for the assertion of a class claim. The class claimants concede that their WARN Act claims are barred by this Court's prior opinions, and that portion of the Objection is **SUSTAINED**. As to their claims for unpaid accrued vacation time, the Court finds that the putative class claim satisfies the requirements for class certification. Further, allowing the claim to proceed as a class claim will result in the most expeditious administration of the MFGI estate. Therefore, the Objection to the vacation pay portion of the claim is **OVERRULED**. The Class Claimants are directed to file a motion seeking class certification as soon as practicable.

## I. BACKGROUND

### A. The WARN Act Adversary Proceedings

On October 31, 2011 (the "Filing Date"), the Honorable Paul A. Engelmayer, United

2

States District Court Judge for the Southern District of New York, entered an order commencing the liquidation of MFGI under the provisions of the Securities Investor Protection Act of 1970 ("SIPA").  In November 2011, former employees of MFGI and the chapter 11 Debtors filed three adversary complaints seeking relief under the WARN Act for termination of their employment without the statutorily required advance notice.  (*See* Adv. Pro. No. 11-02880-mg; Adv. Pro. No. 11-02881-mg; and Adv. Pro. No. 11-02882-mg; collectively, the "Adversary Proceedings").[2] Each of the Individual Claimants was a named plaintiff in the Adversary Proceedings.  The Court consolidated the Adversary Proceedings on January 30, 2012.  On December 12, 2011, the Plaintiffs filed a consolidated Amended Complaint.  (Adv. Pro. Doc. # 4.)  The Amended Complaint included claims for unpaid accrued vacation time under New York and Illinois wage payment laws.

On October 23, 2012, the Court dismissed with prejudice all WARN Act claims against MFGI, holding that the "liquidating fiduciary" principle immunized MFGI from WARN Act liability.  *See Thielmann I*, 481 B.R. at 284.  But the Court specifically declined to rule on the vacation pay portion of the Amended Complaint, stating:

> With respect to the claims for unpaid accrued vacation time and unpaid wages and benefits, Plaintiffs' counsel acknowledged at the hearing that these claims should be asserted in proofs of claim filed in the SIPA and chapter 11 cases, rather than in an adversary complaint.  Plaintiffs' counsel also said they have filed class proofs of claim seeking relief with respect to these claims.  Both Trustees' counsel acknowledged that those claims will be dealt with in the normal claims allowance process.  In dismissing the Amended Complaint, this ruling is without prejudice to the assertion of claims for unpaid accrued vacation or unpaid wages and benefits.

*Id.* at 272 n.1 (internal quotation marks omitted).

The time to appeal *Thielmann I* has passed; that decision is now final.

---

[2]    Unless otherwise noted, references to the docket in the Adversary Proceedings refer to Adv. Pro. No. 11-2880.

3

B.    **The Class Claim**

On June 2, 2012,[3] Todd Thielmann, Pierre-Yvan Desparios, Natalia Sivova, Sandy Glover-Bowles, and Arton Sina (collectively, the "Individual Claimants") filed general creditor claim number 300000720 (the "Thielmann Claim," attached as Ex. A to the Obj.) on behalf of a putative class of all similarly situated employees (the "MFGI Class Claimants"), asserting claims under the WARN Act and for unpaid accrued vacation time.[4] The Thielmann Claim references Adversary Proceeding No. 11-02880 and asserts three distinct claims against MFGI:  (1) an administrative claim for an estimated amount of $25 million for alleged violations of the WARN Act; (2) an unliquidated administrative claim for attorneys' fees under the provisions of the Federal WARN Act; and (3) a wage priority claim for an estimated amount of $5 million for unused employee vacation.

C.    **The Objection**

James W. Giddens (the "Trustee"), as Trustee for the liquidation of MFGI under SIPA, filed the *Objection to the General Creditor Claim of Todd Thielmann, et al. (Claim No. 300000720)* (the "Objection," ECF Doc. # 7818).  The Trustee seeks an order disallowing and

---

[3]    The Claims Process Order entered in this case established January 31, 2012 as the bar date for filing securities and commodity futures customer claims and June 2, 2012 as the date by which all other claims had to be received by the Trustee.  (*See Order Granting Trustee's Expedited Application Establishing Parallel Customer Claims Processes and Related Relief* (the "Claims Process Order," ECF Doc. # 423).

[4]    Each of the Individual Claimants also filed separate claims for vacation pay.  Pierre-Yvan Desparois, Natalia  Sivova, Sandy Bowles, and Arton Sina filed claim numbers 300000550, 300000490, 300000378, and 300000711 respectively (the "Individual Claims"), each asserting an administrative priority claim under the WARN Act and a wage priority claim for their unpaid accrued vacation days.  The Court allowed the vacation portion of each of those claims, but disallowed and expunged the portions of the claims based on the WARN Act.  (*See Order Granting Trustee's Fifty-First Omnibus Objection to General Creditor Claims (Reduced and Partially Allowed Employee Claims)*, ECF Doc. # 7465; *Order Granting Trustee's Fifty-Third Omnibus Objection to General Creditor Claims (Reduced and Partially Allowed Employee Claims)*, ECF Doc. # 7465).  Todd Thielmann filed claim number 500000305 (the "Individual Thielmann Claim"), asserting a claim for $15,144.85.  The Trustee objected to the Individual Thielmann Claim, seeking to allow the claim in the reduced amount of $11,271.75.  (*See Trustee's Sixty-Sixth Omnibus Objection to Claims (Hybrid Employment-Related Claims)*, ECF Doc. # 7834).  That objection remains pending, (ECF Doc. # 8015), but the Trustee filed a Certificate of No Objection on July 16, 2014.  (ECF Doc. # 8077.)  For the avoidance of doubt, the Court makes clear that resolution of the Individual Thielmann Claim will not affect the viability of the Thielmann Claim as a class claim.

4

expunging the Thielmann Claim because (1) the WARN Act claims are barred by the "law of the case" doctrine since the Court already held in *Thielmann I* that MFGI is immune to those claims based on the "liquidating fiduciary" doctrine, and (2) the vacation pay claim is unnecessary and duplicative, and does not meet the requirements for the assertion of a class claim.  The Objection is supported by the Declaration of Kenneth Aulet.  (Obj. Ex. B.)  The Individual Claimants, on behalf of themselves and the MFGI Class Claimants, filed an omnibus response (the "Response," ECF Doc. # 7880), and the Trustee filed a reply (the "Reply," ECF Doc. # 7991).  The Court heard argument on the Objection on June 19, 2014.

The Class Claimants concede (*see* Resp. ¶ 4), and the Court agrees, that the WARN Act claims are barred by the Court's decision in *Thielmann I*.  No further discussion on this issue is required; the Court **SUSTAINS** the Objection to those claims.  The remaining issue is whether the Court should allow the vacation pay portion of the Thielmann Claim to proceed as a class claim.  As explained below, the answer is yes.

## II.    DISCUSSION

Bankruptcy Rule 7023 expressly allows class certification in adversary actions by incorporating Federal Rule of Civil Procedure 23.  *See* FED. R. BANKR. P. 7023.  Application of Rule 23 is extended to contested matters by Bankruptcy Rule 9014, which grants the Court discretion to apply Rule 23 to contested matters, including claims objections.  *In re Kaiser Grp. Int'l, Inc.*, 278 B.R. 58, 62 (Bankr. D. Del. 2002); *see also In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832063, at *2 (Bankr. S.D.N.Y. May 11, 2005) ("Certification of a class claim pursuant to Bankruptcy Rule 7023 is within the discretion of [the] Court.").  While most courts agree that class proofs of claim are allowed in bankruptcy proceedings, *see Kaiser*, 278 B.R. at 62 (collecting cases), "the right to file one is not absolute." *In re Musicland Holding Corp.*, 362

5

B.R. 644, 650 (Bankr. S.D.N.Y. 2007). Three requirements must be met for a class claim to proceed in bankruptcy court: (1) the bankruptcy court must choose to apply Rule 23 to some contested matter, (2) the claim must satisfy the requirements of Rule 23, and (3) "the benefits that generally support class certification in civil litigation must be realizable in the bankruptcy case." *In re Woodward & Lothrop Holdings Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997); *see also Musicland*, 362 B.R. at 650–51; *Worldcom*, 2005 WL 3832063, at *2. In conducting the analysis whether to apply Rule 23 (requirement 1), and whether allowance of the class claim would be superior to the bankruptcy process as required by Rule 23(b) (requirement 2), the Court necessarily considers whether the benefits of the class procedures will be realizable in the bankruptcy case (requirement 3). The exercise, then, is really a two-step process: First, the Court must exercise its discretion whether to apply Rule 23 to the proposed class claim. Second, the Court must determine whether the proposed class claim satisfies the requirements of Rule 23 for class certification. *See In re Motors Liquidation Co.*, 447 B.R. 150, 157 (Bankr. S.D.N.Y. 2011); 10 COLLIER ON BANKRUPTCY ¶ 7023.01 (16th rev. ed. 2013).

      A.    **Deciding to Apply Rule 23**

While the Bankruptcy Code and Rules do not provide "express guidance" regarding the Court's exercise of its discretion in applying Bankruptcy Rule 7023, "a pervasive theme is avoiding undue delay in the administration of the case. It follows that a court sitting in bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum up the works' of distributing the estate." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (quoting *Woodward & Lothrop*, 205 B.R. at 376). Several factors inform a court's decision whether to extend the application of Rule 23 to a proof of claim, including: "(1) whether the class was certified pre-petition; (2) whether the members of the putative class received notice of

6

the bar date; and (3) whether class certification will adversely affect the administration of the estate." *Musicland*, 362 B.R. at 654–55 (citations omitted).

Some courts have focused on the first two factors only—i.e., prepetition certification and notice of the bar date. *See, e.g.*, *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 620 (Bankr. S.D.N.Y. 2009) ("The filing of a class proof of claim is consistent with the Bankruptcy Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date."), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009). But in the context of a class claim like that of the MFGI Class Claimants—asserted by a debtor's former employees whose jobs were lost, in part, for the same reasons that precipitated the bankruptcy—the issue of prepetition certification loses its relevance, since there will seldom be time to file a class action complaint and certify a class before the petition date. *See Schuman v. The Connaught Grp., Ltd. (In re The Connaught Grp., Ltd.)*, 491 B.R. 88, 98 (Bankr. S.D.N.Y. 2013) ("In essence, this is a class created by the bankruptcy itself. Hence, this factor cannot be entitled to any weight because it would foreclose WARN Act classes in virtually all bankruptcy cases."); *but see In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 23 (Bankr. E.D. Pa. 1995) ("The presence of such a 'virgin class' necessitates heightened analysis of whether [Rule] 23 requirements are satisfied . . . .").

As to the issue of notice of the bar date, all of the potential class claimants received notice of these proceedings and the bar date, and the Trustee received over 275 claims to recover the value of unused vacation days by former employees of MFGI. (*See* Obj. ¶ 23.) The Trustee argues that allowing the Thielmann Claim to proceed as a class claim would result in an enlargement of the bar date for those employees who failed to file timely proofs of claim, at the

7

expense of other creditors. Indeed, notice of the bar date is often critical, because courts have declined to apply Rule 23 on the basis that class certification would constitute an improper extension of the bar date for potential claimants who were served with notice but did not file timely proofs of claim. *See, e.g.*, *Musicland*, 362 B.R. at 656 ("Allowing the class proof of claim would extend the bar date for those creditors who failed to file a timely claim to the prejudice of those creditors who did."); *Bailey v. Jamesway (In re Jamesway Corp.)*, Nos. 95 B 44821 (JLG), 96/8389A, 1997 WL 327105, at *10 (Bankr. S.D.N.Y. June 12, 1997) ("If we certify the class, we will effectively extend the bar date to those employees who have not timely filed WARN Act claims herein, or moved to extend their time to file them, without a showing of excusable neglect."). It was largely this reasoning that led Judge Bernstein in *Musicland* to state that "putative members of an uncertified class who received actual notice of the bar date but did not file timely claims are the least favored candidates for class action treatment." *Musicland*, 362 B.R. at 655 (declining to apply Rule 23 where putative class was not certified prepetition and putative class members received adequate notice).

But Judge Bernstein reached a different conclusion in *Connaught*, where he held that the same tolling rule that applies generally to class actions also applies in bankruptcy, tolling the bar date for members of the putative class. *Connaught*, 491 B.R. at 97. Thus, "[i]f the [class] representative files a timely adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims." *Id.* (citing *Teta v. Chow (In re TWL Corp.)*, 712 F.3d 886, 899 (5th Cir. 2013); *Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir. 2012)). Furthermore, "class members are not required to show that they relied on the class adversary proceeding (or class proof of claim), and penalizing the class members for failing to file individual claims prior to the

8

bar date would result in 'precisely the multiplicity of activity which Rule 23 was designed to avoid.'" *Id.* at 98 (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974)). Judge Bernstein therefore held that the notice factor should be given minimal weight, since even if he denied the motion for class certification, he would fix a new bar date for individual claimants. *Id.* Judge Bernstein recognized that he had reached a different conclusion in *Musicland*, but explained that the putative class representatives in *Musicland* had not argued that the bar date was tolled or that a new bar date should be set.[5] *Connaught*, 491 B.R. at 98 n.9. Here, counsel for the MFGI Class Claimants explicitly raised this argument at the hearing. (*See* June 19, 2014 Tr. 37:5–39:11.) The Court agrees with Judge Bernstein's analysis in *Connaught*. Even if the Court were to disallow the Thielmann Claim as a class claim, the Court would extend the bar date to allow individuals to file claims for unpaid accrued vacation time. As with the issue of prepetition certification, therefore, the notice factor is of limited utility to the analysis here. Accordingly, much like in *Connaught*, "the principal consideration must be the effect of the class certification on the administration of the estate." *Connaught*, 491 B.R. at 98.

Here, class certification will not adversely affect the administration of the estate. The Court rejects the Trustee's argument that class certification at this stage of the proceedings will adversely affect the case's administration by (1) unreasonably wasting estate assets through

---

[5] Judge Bernstein further distinguished the facts in *Musicland* from those in *Connaught* by explaining that the class representatives in *Musicland* had taken virtually no action in connection with their claim during the pendency of that case. *Connaught*, 491 B.R. at 98–99. The representatives did not seek class certification until ten days after a confirmation hearing had begun, prompting the court to find that "the class claim would seriously delay the administration of the case, a fact exacerbated by the delay in making the certification motion." *Musicland*, 362 B.R. at 656. According to Judge Bernstein, "the combination of the laches, surprise and prejudice doomed the certification motion" in *Musicland*. *Connaught*, 491 B.R. at 99. In *Connaught*, by contrast, the plaintiff had asserted her class claim at the beginning of the case and the debtor and official committee of unsecured creditors were aware of the class claim and the intent to press it. *Id.* Further, "there [were] sufficient funds to pay the claim if they [were] allowed, and [their] allowance [did] not jeopardize the consummation of the plan." *Id.* These considerations go to the third factor in the Court's analysis—i.e., the effect of class certification on the administration of the estate. And as the Court will explain, this case is more closely aligned factually with *Connaught* than with *Musicland* in that class certification will not adversely affect the administration of the estate.

adding layers of procedural and factual complexity and (2) threatening to halt or delay the Trustee's substantial progress in resolving general estate claims. The Adversary Proceedings were filed in November 2011—less than one month after this SIPA proceeding was commenced—and put the Trustee on notice that the MFGI Class Claimants were seeking vacation pay. The Thielmann Claim was timely filed and the Trustee has known for some time of the Claimants' intent to pursue their claims for unpaid accrued vacation time through the claims process. *See Thielmann I*, 481 B.R. at 272 n.1. The Trustee has conceded the issue of liability; the only remaining issue is a determination of the amount of unpaid vacation time to which each former employee is entitled. And even if the Court were to deny class certification, the Court would extend the bar date to allow each of the MFGI Class Claimants to file individual claims, which would result in a greater delay in administration of the case. *See, e.g.*, *Connaught*, 491 B.R. at 99. Thus, under the circumstances of this case, allowing the Thielmann Claim to proceed as a class claim will result in the most expeditious administration of the estate. The Court therefore exercises its discretion in deciding to apply Rule 23 to the Thielmann Claim. The Court will now turn to a discussion of whether the Thielmann Claim satisfies the requirements for a class claim under Federal Rule of Civil Procedure 23.

### B. The Rule 23 Requirements for Class Certification

#### 1. Rule 23(a)

Under Rule 23(a), four prerequisites must be met for a suit to proceed as a class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Here, the only factors in

dispute are commonality and adequacy of representation.[6]

          a.    <u>Commonality</u>

Rule 23(a)(2) requires a showing of "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal–Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks omitted). The requirement for establishing commonality sufficient to satisfy Rule 23(a) is quite low: "Commonality is satisfied where a single issue of law or fact is common to the class." *In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 233 (S.D.N.Y. 2012). *See also Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 231 (S.D.N.Y. 2002) (stating that "the commonality requirement of Rule 23(a)(2) is usually a minimal burden for a party to shoulder"). "A court may find a common issue of law even though there exists some factual variation among class members' specific grievances." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) (internal quotation marks omitted).

Here, the issue of entitlement to unpaid accrued vacation time is a common question of law. Contrary to the Trustee's contention, the fact that the Trustee concedes liability on the only legal issue does not support an argument that there are no common questions of law. *See Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CV 8414 (KMW), 2013 WL 4647190, at *6 (S.D.N.Y. Aug. 29, 2013) (holding that conceded issues can satisfy the commonality requirement). Further, that each putative class member may be entitled to recover

---

[6] Even though it is not contested, numerosity is presumed when the class has at least 40 members. *Cons. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Although the exact number of employees with claims for unpaid accrued vacation time who did not file individual proofs of claim is unclear, this threshold number is most likely met. MFGI's counsel acknowledged during argument that 275 individual claims for unpaid vacation time were filed, but did not know how many MFGI employees had accrued vacation time when the business closed. (*See* June 19, 2014 Tr. 26:5–11.) The MFGI Class Claimants have also met the typicality requirement, which "requires that the claims of the class representatives be typical of those of the class, and 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Marisol v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (quoting *In re Drexel Burnham Lambert Grp. Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

11

a different amount of damages does not mean that there are no common issues of fact.  In all likelihood, determining the amount of unpaid accrued vacation pay will be resolved by reviewing MFGI's books and records, with a chance for the former employee to challenge the determination based on his or her own records.

                                 b.         <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that "the representative party will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  This requires two findings:  "First, class counsel must be qualified, experienced and generally able to conduct the litigation.  Second, the class members must not have interests that are antagonistic to one another." *Drexel Burnham*, 960 F.2d at 291.  The Trustee argues that the failure of the MFGI Class Claimants to move for class certification or application of Bankruptcy Rule 7023, despite their burden to do so as early as possible, highlights their inability to represent the interests of the class.  (Reply ¶ 13.)  There is authority in this district that failure to initiate class proceedings or certify a class in a bankruptcy proceeding can support a finding of inadequacy of the class representatives under Rule 23(a)(4). *See, e.g.*, *Lucas v. Dynegy Inc. (In re Dynegy Inc.)*, 12 Civ. 8908 (JGK), 2013 WL 2413482, at *7 (S.D.N.Y. June 4, 2013) ("The appellant's failure to seek the application of a class action rendered him unable to represent a class that had never been designated by the Bankruptcy Court, much less assume the role of representative of such an undesignated class."); *Woodward & Lothrop*, 205 B.R. at 370 (stating that a "class representative's failure to move for class certification is a strong indication that he will not fairly and adequately represent the interests of the class" (citations omitted)).  But far from being dispositive, failure to seek certification is but one factor for the Court to consider.  *See, e.g.*, *Connaught*, 491 B.R. at 95 n.6 (rejecting argument that plaintiff was an inadequate representative because she failed to file a certification

12

motion by a court-ordered deadline). *See also Woodward & Lothrop*, 205 B.R. at 370 ("As a rule, the mere failure to seek certification does not mandate denial in the absence of compelling circumstances. In bankruptcy, however, the delay may impact on the entire case—not just the affected claim—and provides grounds to refuse to make Rule 23 applicable to the claims process." (citations omitted)); *In re Thomson McKinnon Sec., Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) ("The fact that the plaintiffs did not move for class certification promptly after filing their purported class claim detracts from the discretionary factors to be considered in determining class certification . . . .").

The Claimants assert that they were not required to seek certification immediately upon filing the Claim; rather, it was appropriate to wait until their claim became subject to objection. Some courts have held that the first opportunity for a claimant to seek application of Rule 7023 occurs when an objection is made to the proof of claim. *See, e.g.*, *In re Charter Co.*, 876 F.2d 866, 873–75 (11th Cir. 1989). But this view was rejected by the Southern District of New York in *Ephedra Products*, 329 B.R. at 6–7, which held that a claimant can file for class certification any time after the chapter 11 case is filed. In any event, the Court holds that a delay in seeking certification of the class claim does not by itself warrant a finding that proposed class counsel is inadequate to represent the interests of the class in this case, especially since the Claimants filed class claims in the Adversary Proceedings mere weeks after the SIPA Filing Date. The Trustee has not made any other arguments regarding the competency of counsel for the proposed class, and the Court finds that this factor is satisfied.

    2.    *Rule 23(b)*

In addition to satisfying the four elements of Rule 23(a), a proposed class must satisfy one of the three prongs of Rule 23(b). Here, the Class Claimants rely on Rule 23(b)(3), which

13

allows a class action to proceed if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

The Trustee contends that this requirement is not met because the class action is not superior to the bankruptcy process for fairly and efficiently adjudicating the controversy. Some courts in this district have held that "superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost." *Ephedra Prods.*, 329 B.R. at 9. *See also In re Blockbuster Inc.*, 441 B.R. 239, 242 (Bankr. S.D.N.Y. 2011) (finding that superiority of class action had not been established where "potential class members had the opportunity to, and the Movants indeed did, file individual proofs of claim in the bankruptcy proceeding to be efficiently administered in accordance with the Bankruptcy Code"); *Bally*, 402 B.R. at 621–22 ("Though class treatment may be beneficial with other civil actions in consolidating the adjudication of common issues, this advantage disappears in the context of a bankruptcy.").

While it is true that "[c]lass claims should be used sparingly in bankruptcy," *Connaught*,

14

491 B.R. at 96, there is no per se rule prohibiting the use of class claims. Rather, the inquiry is fact specific, depending on the circumstances of the case. Many of the same considerations examined in deciding whether to apply Rule 23 are just as relevant in considering whether the class procedure is superior to the bankruptcy process. *See TWL*, 712 F.3d at 897 (holding that "a bankruptcy court assessing Rule 23's superiority prong may take into account certain bankruptcy-related factors"); *see also* 10 COLLIER ON BANKRUPTCY ¶ 7023.01 (16th rev. ed. 2013) ("Although superiority is an element of Rule 23(b)(3), courts have, with increasing frequency, considered whether a class action would be superior to the claims allowance process when deciding whether to apply Rule 7023 to class proofs of claim."). As the Court discussed above, allowing the Thielmann Claim to proceed as a class claim is superior to other methods available, such as extending the bar date to allow individual claimants to file proofs of claim. Since the Trustee has conceded liability on the vacation pay claims, there is no reason to delay the calculation of the amount of unpaid accrued vacation pay to which each claimant is entitled. As to the issue of fairness, the Court notes that the experienced counsel for the MFGI Class Claimants represented that they will not seek any compensation for services in connection with the vacation pay claim, so allowing the claim to proceed as a class claim will not unfairly prejudice other creditors by adding additional costs to be borne out of the estate. (*See* June 19, 2014 Tr. 39:16–22.)

/////

/////

/////

/////

/////

15

### III.   CONCLUSION

For all of the foregoing reasons, the Objection is **OVERRULED IN PART** and **SUSTAINED IN PART**.  The Court **SUSTAINS** the Objection to the WARN Act claims, and **OVERRULES** the Objection to the claim for unpaid accrued vacation time.  The MFGI Class Claimants are directed to file a motion for class certification as soon as practicable.

**IT IS SO ORDERED.**

Dated:  July 17, 2014
           New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge