**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | NOT FOR PUBLICATION |
| MF GLOBAL INC., | Case No. 11-2790 (MG) SIPA |
| Debtor. | |

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CLAIMS**
**FILED BY AMERICAN BULLION EXCHANGE CORP.**

*A P P E A R A N C E S :*

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York  10004
By:    James B. Kobak, Jr., Esq., Esq.
         Christopher K. Kiplok, Esq.
         Amera Z. Chowhan, Esq.
         Pavlos Petrovas, Esq.

SILVERBERG LAW CORPORATION
*Counsel for American Bullion Exchange Corp.*
8778 West Sunset Blvd.
West Hollywood, CA  90069
By:    Peter M. Cho, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Trustee's Objection to the General Creditor Claims of American Bullion Exchange, Corp. (Claim Nos. 4746 & 900020605)* (the "Objection," ECF Doc. # 8101).  The Trustee seeks to disallow and expunge the general creditor claims (the "Claims") filed by American Bullion Exchange, Corp. ("ABEX").  The Trustee objects to the Claims solely on the grounds that they are time barred (but reserves the right to object on other bases).  The Objection is supported by the Declaration of Amera Z. Chowhan (the "Chowhan Decl.," ECF

Doc. # 8102). ABEX filed a response (the "Resp.," ECF Doc. # 8139), supported by the

Declaration of Peter M. Cho (the "Cho Decl.," ECF Doc. # 8140) and the supplemental

Declaration of Peter M. Cho (the "Cho Supp.," ECF Doc. # 8141).[1] The Trustee filed a reply

(the "Reply," ECF Doc. # 8177). The Court heard oral argument on the Objection on August 21,

2014. For the reasons that follow, the Court **SUSTAINS** the Objection and **EXPUNGES** the

Claims.

## I.    BACKGROUND

On October 18, 2007, ABEX's CEO Ryan Nassbridges entered into a customer

agreement with MFGI (the "Customer Agreement"[2]) and opened an MFGI account in the name

of ABEX.[3] Under the Customer Agreement, the parties agreed to a one-year limitations period

for claims arising out of the Agreement. (*See* Customer Agreement ¶ 29.D ("No judicial,

administrative, arbitration or reparations proceeding may be commenced by you or us more than

one (1) year after any claim arises, directly or indirectly, out of this Agreement or the

transactions contemplated thereby.").) The parties also agreed that any dispute arising from the

---

[1]    The two Cho Declarations were actually filed at the same time, but attach different exhibits.

[2]    A copy of the Customer Agreement can be found at page 10 of the Chowhan Declaration.

[3]    The parties dispute whether the account was a futures account or a gold delivery account. In 2008 and 2009, several ABEX customers brought actions against ABEX and Nassbridges for commodities fraud, actual and constructive fraud, breach of fiduciary duty, unfair business practices, conversion, and fraudulent transfer. They alleged that they were unaware that, rather than purchasing physical gold in their names, ABEX was investing their funds in highly leveraged futures contracts through the ABEX account at MFGI. On May 9, 2008, Nassbridges filed a bankruptcy petition in the California Bankruptcy Court. The California Bankruptcy Court ruled that the ABEX customers' claims were non-dischargeable, which decision was affirmed by the Ninth Circuit Bankruptcy Appellate Panel. In addition, the Commodities Futures Trading Commission (the "CFTC") has brought suit against ABEX and Nassbridges in relation to this fraud, alleging that ABEX and Nassbridges solicited approximately $5.5 million from at least eighty customers by fraudulently representing that the participants' funds would be invested in bullion, but instead, ABEX and Nassbridges used a significant portion of the funds to trade commodity futures and options and sustained overall trading losses of approximately $2.2 million. (*See* Obj. at 4 n.3, 6 n.4 (citing cases involving Nassbridges).)

Customer Agreement would be governed and construed in accordance with the law of the State of Illinois, excluding choice of law rules. (*Id.* ¶ 29.A.)

ABEX filed two claims in this SIPA proceeding: (1) general creditor claim 4746, seeking $5 million in damages; and (2) customer claim 900020605, seeking to recover $3.7 million of customer property from the ABEX account at MFGI.[4] The ABEX Claims arise out an allegedly improper margin call made by MFGI on ABEX's account on March 21, 2008. (Resp. ¶ 1.) ABEX contends that MFGI intentionally created the conditions for the margin call on March 18, 2008, by disregarding ABEX's sell stop orders and entering purchase orders for gold totaling $20 million that overleveraged the account, without authorization. (*Id.*) On March 26, 2008, ABEX notified MFGI of its errors and asked for a correction to the account. (*Id.* ¶ 3.)

On April 23, 2008, ABEX filed a chapter 7 bankruptcy petition in the Central District of California. (*Id.* ¶ 4.) In a bankruptcy schedule filed on May 7, 2008, ABEX listed a $5 million claim against MFGI as an asset. (Obj. ¶ 15.) On May 20, 2011, the ABEX chapter 7 trustee filed a report stating that the estate had no assets for distribution and that the case had been fully administered—effectively abandoning the claim against MFGI. (*Id.*; Resp. ¶ 5.) On May 24, 2011, the bankruptcy court closed the case. (Obj. ¶ 15.) ABEX filed its Claims in this proceeding on January 30, 2102.

The Trustee asserts that the Claims are time-barred by the one-year limitations period in the Contract. ABEX argues that the limitations period was tolled during its bankruptcy, when it lacked standing to bring the Claims. (Resp. ¶ 4.) Alternatively, ABEX contends that the statute

---

[4]    By stipulation dated March 20, 2013, the Trustee and ABEX converted customer claim no. 900020605 to a general creditor claim. (*See* Obj. ¶ 2.) The Trustee asserts that the Claims are entirely duplicative as they were filed by the same claimant and arise from the same facts, underlying contractual obligations, and allegations, differing only in amount sought. (*Id.*) Regardless, the Trustee asserts that both Claims should be disallowed and expunged as time-barred. (*Id.*)

of limitations was equitably tolled while the claim was part of its bankruptcy estate.  (*Id.*)

Accordingly, ABEX asserts that the limitations period ran from March 18, 2008 to April 18,

2008 (32 days), and again from May 20, 2011 to January 30, 2102 (255 days), for a total of only

287 days—less than the one-year contractual limitations period.  (*Id.* ¶ 6.)

## II.    DISCUSSION

ABEX asserts that the limitations period did not run during its bankruptcy proceeding

because it lacked standing to bring the Claims, which belonged to its chapter 7 trustee.  This

position is not supported by the Code or case law.  Bankruptcy Code section 108(a) allows a

trustee of a bankrupt estate a potential two-year extension of time to file a pre-petition claim on

behalf of a debtor.  *See* 11 U.S.C. § 108(a).[5]  "[T]he purpose of the two year extension granted

by section 108 is to preserve the interests of the debtor's estate."  *Natco Indus., Inc. v. Fed. Ins.

Co.*, 69 B.R. 418, 419 (S.D.N.Y. 1987) (citation omitted).  Therefore, courts have held that

debtors, acting on their own behalf, may not invoke section 108.  *Id.* (holding that section 108

does not apply to post-confirmation debtors acting on their own behalf rather than in the interests

of the bankruptcy estate and its creditors); *see also Miller v. Clark Retail Enters., Inc. (In re

Chenault)*, No. BKR 04-91786, 2010 WL 797015, at *3 (Bankr. C.D. Ill. Mar. 4, 2010) (holding

that a debtor's statute of limitations was not extended by section 108(a)).  As explained by one

court:

---

[5]      11 U.S.C. § 108(a) states:

If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an
agreement fixes a period within which the debtor may commence an action, and such
period has not expired before the date of the filing of the petition, the trustee may
commence such action only before the later of—
(1) the end of such period, including any suspension of such period occurring on or after
the commencement of the case; or
(2) two years after the order for relief.

> The benefit of the extension granted by § 108(a) is for the benefit of the estate and is, effectively, personal to the trustee. The debtor does not benefit from it. If the original statute of limitation has not expired when the § 108(a) extension expires or terminates, the debtor may pursue it himself. If it expired during the pendency of the bankruptcy case, it is not revived when it ceases to be property of the estate and the debtor may not pursue the cause of action. . . . The extension does not extend the statute of limitations, it merely grants the trustee—and only the trustee—an extension of time for a period not to exceed two years during which the cause of action is property of the estate.

*Meiburger v. Ocwen Fed. Bank (In re Marshall)*, 307 B.R. 517, 520 (Bankr. E.D. Va. 2003) (citations omitted); *see also* 2 COLLIER ON BANKRUPTCY ¶ 108.02[3] (16th ed. rev. 2014). Thus, because the limitations period had already run when ABEX's chapter 7 trustee abandoned the Claims, ABEX was barred from bringing those Claims.

Nor is the doctrine of equitable tolling applicable here. Illinois courts rarely apply equitable tolling. *See Am. Family Mut. Ins. Co. v. Plunkett*, No. 1-13-1631, 2014 WL 2931480, at *5 (Ill. App. June 27, 2014). In Illinois,

> [e]quitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum. Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence.

*Id.* (internal quotation marks omitted).

Here, ABEX knew of the existence of its Claims before the original one-year limitations period had run. ABEX could have taken action to pursue its rights before that period ran, such as commencing its own action or seeking an order requiring its chapter 7 trustee to abandon the Claims. *See, e.g.*, *Heck-Dance v. Cardona-Jimenez*, 102 F. App'x 171, 172 (1st Cir. 2004) (holding that equitable tolling was not available because, to the extent timing was important, debtor should have moved for an order requiring the trustee to abandon its claim in order to

5

timely assert the claim); *see also* 11 U.S.C. § 554(b) ("On request of a party in interest and after

notice and a hearing, the court may order the trustee to abandon any property of the estate . . . .").

ABEX cites *Barletta v. Tedeschi*, 121 B.R. 669 (N.D.N.Y. 1990), for the proposition that

it would be inequitable to extinguish its claim as the result of its chapter 7 trustee's inaction.  But

that case is easily distinguishable since the debtor in *Bartella*, even though he lacked standing,

had filed an action during the pendency of his bankruptcy, to preserve a claim from expiration.

*See id*. at 674.  The court held that for equitable reasons the trustee's abandonment of the claim

at the close of bankruptcy retroactively ratified the debtor's timely filing of the original action,

which occurred *before* the statute of limitations expired.  *See id.*  Here, however, ABEX did not

file any action before the one year limitations period had run; therefore, *Bartella*'s holding does

not apply.

### III.    <u>CONCLUSION</u>

Under the Bankruptcy Code and relevant case law, the contractual one-year limitations

period to assert the Claims ran during the pendency of ABEX's bankruptcy proceeding.  While a

chapter 7 trustee benefits from a potential two-year extension of the limitations period, the debtor

does not.  ABEX has failed to provide adequate grounds for equitable tolling.  Therefore, the

Claims are time-barred.  The Trustee's Objection is **SUSTAINED** and ABEX's two Claims are

**EXPUNGED**.

**IT IS SO ORDERED.**

Dated: August 27, 2014
       New York, New York.

_Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

6