**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MF GLOBAL INC.,<br><br>Debtor. | NOT FOR PUBLICATION<br><br>Case No. 11-2790 (MG) SIPA |

**MEMORANDUM OPINION AND ORDER SUSTAINING THE TRUSTEE'S
OBJECTION TO GENERAL CREDITOR CLAIM NUMBER 5361
FILED BY THE PRINCERIDGE GROUP LLC**

Before the Court is the *Trustee's Seventy-Fifth Omnibus Objection to General Creditor Claims (Failed Trade Claims)* (the "Objection," ECF Doc. # 8038),[1] solely as it relates to general creditor claim number 5361 (the "Claim") filed by The PrinceRidge Group LLC ("PrinceRidge"). By the Objection, James W. Giddens (the "Trustee"), as trustee for the liquidation of MF Global Inc. ("MFGI"), seeks an order disallowing and expunging the Claim on the basis that MFGI is not liable for the amount asserted by the Claim. PrinceRidge filed a response to the Objection (the "Response," ECF Doc. # 8566), and the Trustee filed a reply (the "Reply," ECF Doc. # 8623). The Court heard oral argument on the Objection on February 18, 2015.

The Court concludes that PrinceRidge did not meet its burden of establishing the validity of its Claim against MFGI. For that reason, and as explained in greater detail below, the Court **SUSTAINS** the Objection.

---

[1] The Objection is supported by the Declaration of Sara E. Echenique (the "Echenique Declaration," Obj. Ex. C.)

## I. BACKGROUND

On October 31, 2011 (the "Filing Date"), the Honorable Paul A. Engelmayer, entered the Order Commencing Liquidation of MFGI (the "MFGI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act of 1970 ("SIPA"), as amended, 15 U.S.C. section 78aaa *et seq.*, in the case captioned *Securities Investor Protection Corp. v. MF Global Inc.*, Case No. 11-CIV-7750 (PAE) (ECF Doc. # 1).  The MFGI Liquidation Order appointed James W. Giddens as the Trustee for the liquidation of the business MFGI in accordance with SIPA section 78eee(b)(3) and removed the case to this Court as required by section 78eee(b)(4) of SIPA.  As soon as this SIPA proceeding was commenced, all MFGI accounts were "frozen," to allow the Trustee to make an assessment of the securities on hand at the failed broker-dealer and so he could endeavor to return securities to customers in a timely, orderly manner.

The Trustee identifies proofs of claim (collectively, the "Failed Trade Claims" brought by the "Failed Trade Claimants") listed on Exhibits A and B to the Objection, which seek amounts based on various trades that remained open with MFGI and other entities as of October 31, 2011, the date on which Judge Englemayer entered the MFGI Liquidation Order.  (Obj. ¶¶ 2, 5.)  After the Trustee's professionals assessed the Failed Trade Claims, MFGI's books and records, supporting documentation provided by the Failed Trade Claimants, and applicable law, the Trustee determined that (i) the Failed Trade Claims listed on Exhibit A to the Objection should be allowed as general unsecured claims in a modified amount; and (ii) the Failed Trade Claims listed on Exhibit B to the Objection should be disallowed and expunged because the MFGI estate is not liable for the amounts asserted by such claims (collectively, the "No Liability Claims").  (*Id.* ¶ 2.)  PrinceRidge's Claim is identified as a No Liability Claim on Exhibit B to the Objection.

PrinceRidge asserts the Claim "as an alleged subrogee of Henning-Carey Proprietary Trading LLC and/or Bolton LLC (collectively, 'HCPT'), which, on information and belief, previously asserted a customer claim against the Debtor." (Resp. at 1.) PrinceRidge argues that it asserted the Claim "for prophylactic purposes and in response to positions taken by HCPT pursuant to which PrinceRidge is either obligated or entitled to assert the PrinceRidge Claim." (*Id.* at 1–2.) PrinceRidge attaches to the Response its Proof of Claim and addendum. (*See id.* at 4–17.)

The Trustee argues that PrinceRidge's Response fails to provide any basis to support its Claim and instead clarifies that the Claim is merely a backstop claim asserted in the event PrinceRidge is not able to recover directly from HCPT in an action PrinceRidge filed against HCPT in New York state court (the "NY Action"). (Reply ¶ 1.) Moreover, the Trustee asserts that the claim for the failed transaction underlying the Claim has been asserted by HCPT and allowed as a general creditor claim; "such a prophylactic, duplicative claim only serves to hinder the completion of the general creditor claims process and cannot be allowed to remain on the MFGI claims register." (*Id.*)

According to the Trustee, PrinceRidge was not a customer of MFGI and did not have an account agreement or other contractual agreement with MFGI.[2] (*Id.* ¶ 2.) PrinceRidge's Claim instead arises from its relationship with HCPT, which served as PrinceRidge's agent for a two part stock purchase transaction and corresponding short position in the same stock that served as a hedge (the "PrinceRidge Transaction"). (*Id.*) The Trustee contends that HCPT allegedly

---

[2] The Trustee asserts that PrinceRidge's predecessor in interest, Cohen & Company Capital Markets LLC, originally asserted two customer claims numbered 700000388 and 700000477, which were denied customer status and reclassified as general creditor claims. (*Id.* ¶ 2 n.3.) According to the Trustee, these two claims were subsequently withdrawn by PrinceRidge as duplicative of the Claim pursuant to a notice of withdrawal (ECF Doc. # 8027). (*Id.*)

3

defaulted at the time of settling the PrinceRidge Transaction, which caused PrinceRidge to liquidate the purchased stock at a loss. (*Id.*) PrinceRidge filed the NY Action to recover damages against HCPT for its failure to complete the PrinceRidge Transaction. (*Id.*)

According to the Trustee, HCPT claims that its failure to complete the PrinceRidge Transaction was caused by the liquidation of MFGI, which served as HCPT's clearing broker. (*Id.* ¶ 3.) HCPT filed customer claim number 700000207 (the "HCPT Claim"), which in part asserted a claim for damages arising from the PrinceRidge Transaction and included as support a demand letter from PrinceRidge to HCPT. (*Id.*) This portion of the HCPT Claim was allowed as a general unsecured claim (the "Allowed HCPT Claim") pursuant to a stipulation that resolved all aspects of the HCPT Claim.[3] (*Id.*) The Trustee notified PrinceRidge of the Allowed HCPT Claim related to the PrinceRidge Transaction. (*Id.*) According to the Trustee, MFGI's liability for the PrinceRidge Transaction has been satisfied by the Allowed HCPT Claim, since HCPT is the only party that dealt with MFGI. (*Id.*)

## II.    DISCUSSION

Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS),

---

[3] According to the Trustee, the Allowed HCPT Claim was assigned claim number 7000207 and was subsequently transferred to Permal Stone Lion Fund Ltd. and SL Liquidation Fund L.P. per Notice of Transfer docketed on December 5, 2012 (ECF Doc. # 4773). (*Id.* at 3 n.3.)

4

2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Federal pleading standards apply when assessing the validity of a proof of claim.  *See, e.g.*, *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014); *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)).  Accordingly, PrinceRidge must allege "enough facts to state a claim for relief that is plausible on its face."  *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).  Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation and internal quotation marks omitted).  The court must accept all factual allegations as true, discounting legal conclusions clothed in factual garb.  *See, e.g.*, *id.* at 677–78; *Kiobel v. Royal Dutch Petroleum*

5

*Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true" (citing *Iqbal*, 556 U.S. at 678)). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

According to the Trustee, "[t]he closest type of claim that the PrinceRidge Claim can be analogized to is [a] claim based on a failure to complete a trade, which is a breach of contract claim." (Reply ¶ 5. (citing *In re Adler Coleman Clearing Corp.*, 195 B.R. 266, 275 (Bankr. S.D.N.Y. 1996) ("Claims arising from a broker's failure to execute a sell order are general unsecured breach of contract claims.")).) However, the Trustee maintains, PrinceRidge has identified no contract between MFGI and PrinceRidge that would support a breach of contract claim and the Trustee is unaware of the existence of any such contract. (*Id.*) Additionally, the

6

Trustee argues that the Claim is barred even if PrinceRidge were able to successfully allege that it is a third-party beneficiary of the contract between MFGI and HCPT, because the Allowed HCPT Claim fully resolved MFGI's liability in connection with the PrinceRidge Transaction. (*See id.* ¶ 6.)  Specifically, the Trustee contends that "while both a promisee and a third party beneficiary may have standing to sue for breach of contract, a recovery by one bars an action for those damages by the other."  (*Id.* (citing 13 WILLISTON ON CONTRACTS § 37:55 (4th ed. 2014); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 11 (2d Cir. 1981)).)

PrinceRidge has not adequately alleged any breach of contract claim against MFGI or submitted any contract upon which a breach of contract claim could be based.  Moreover, PrinceRidge has not adequately alleged that it is a third party beneficiary of any contract entered into between MFGI and HCPT.  *See Madeira v. Affordable Housing Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) ("A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." (citation and internal quotation marks omitted)).  Through the Objection and the Echenique Declaration, the Trustee submitted evidence as to the invalidity of PrinceRidge's Claim, asserting that the Claim seeks amounts in connection with the execution of a contractual relationship between PrinceRidge and a third party (i.e. HCPT).  (*See* Obj. Ex. B; Echenique Decl. ¶ 7.)  The Trustee also provided further details of the relationship between PrinceRidge and HCPT and the basis for PrinceRidge's Claim in his Reply.  The Trustee met his burden of establishing that the Claim is not valid through his Objection, and PrinceRidge has not provided

7

further allegations or evidence supporting its Claim.  While PrinceRidge may have a claim against HCPT, it has not satisfied its burden of alleging any claim against the MFGI estate.

### III.    CONCLUSION

For all of the above reasons, the Objection is **SUSTAINED**.  The Trustee shall submit a proposed order expunging the Claim subject to this Order.

**IT IS SO ORDERED.**

Dated:  March 16, 2015
       New York, New York

                                           *Martin Glenn*
                                         MARTIN GLENN
                           United States Bankruptcy Judge